UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | Civil Action No. 4:22-CV-02006 |
| § | | |
| **JULIO GARZA,** § | | |
| § | | |
| *Defendant.* § | | |

### PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TEMPORARY RESTRAINING ORDER, AND IN THE ALTERNATIVE, AN EMERGENCY MOTION FOR HEARING ON PLAINTIFF'S APPLICATION FOR TEMPORARY INJUNCTION

National Oilwell Varco, L.P. ("NOV") files its Emergency Motion for an Extension of the Temporary Restraining Order under Fed. R. Civ. P. 65(b)(2), and in the Alternative, an Emergency Motion for Hearing on Plaintiff's Application for Temporary Injunction because, at approximately 8:00 PM, the day before the parties were set for a hearing on NOV's Application for Temporary Injunction against Defendant Julio Garza ("GARZA"), Defendant Garza filed a Notice of Removal so that Defendant Garza can remain in contempt of Grimes County District Court Judge David Moorman's order granting expedited forensic examination ***and*** so that the current Temporary Restraining Order expires on its terms. In support thereof, NOV will show the Court as follows:

### SUMMARY FOR THE NEED FOR EMERGENCY RELIEF

1. At the 7:57 PM:, the day before NOV and Garza were set for hearing on NOV's Application for Temporary Injunction**, a day on which Defendant Garza agreed to be heard**, Defendant Garza removed this case to federal court in a clear attempt to avoid an adverse ruling on NOV's Application for Temporary Injunction. This is nothing more than legal gamesmanship to avoid having to admit the truth – Defendant Garza stole NOV's confidential and trade secret

information. Because of Garza's gamesmanship, NOV is no closer than it was on June 3, 2022, in determining the ramifications to NOV of Garza's theft.

2. On Friday, June 3, 2022, NOV filed its Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction ("Original Petition"). NOV also filed an Emergency Motion for Expedited Computer Forensic Imagining, an Emergency Motion for Expedited Discovery, and an Emergency Motion for Entry of a Protective Order.

3. In granting an *ex parte* Temporary Restraining Order against both Garza and his new employer, Array Technologies, Inc. ("Array") shortly after NOV filed its Original Petition, Grimes County District Court Judge David Moorman made the following findings:

   a) There is a reasonable probability that Plaintiff will establish that Defendant GARZA breached his Confidentiality Agreement with Plaintiff and that Defendants unlawfully converted, misappropriated, and retained Plaintiff's proprietary, confidential information and trade secrets, that the Defendants have been receiving and using proprietary, confidential information and trade secrets of Plaintiff, that Defendants have tortuously interfered with Plaintiff's business and contractual relationships, and that Plaintiff will suffer immediate and irreparable harm if the restraining order is not entered; and

   b) Unless Defendants are immediately restrained and ordered as set forth below, harm to Plaintiff is imminent and Plaintiff will be irreparably injured because Defendants will continue to: posses, use and disclose Plaintiff's proprietary, confidential information and trade secrets and interfere with and injure Plaintiff's business and contractual relationships; and

   c) Providing notice to Defendants would encourage the behavior this Temporary Restraining Order is designed to prevent; and

   d) If Defendants are not directed to take the actions ordered herein, Plaintiff will suffer irreparable injury in that GARZA will disclose Plaintiff's Confidential Information, Plaintiff will lose the exclusive use of its Confidential Information and trade secrets, and consequently the value and potential value of this information will be permanently harmed; Defendants will make use of Plaintiff's Confidential Information and trade secrets to Plaintiff's detriment and to improperly compete with Plaintiff; Defendants will destroy goodwill developed by Plaintiff with its customers; Plaintiffs will suffer monetary damages that are difficult if not

impossible to quantify; and Defendants will destroy evidence of Defendants' unlawful activity.

*See* **Exhibit A**, June 3, 2022, Temporary Restraining Order. Judge Moorman then set the Temporary Injunction hearing for June 17, 2022 at 1:30 PM. *Id*.

**Contempt of Forensic Imaging**

4.  Judge Moorman also granted on June 3, 2022 NOV's Emergency Motion for Expedited Computer Forensic Imaging & Analysis and Motion for Entry of a Protective Order, and on June 6, 2022 granted NOV's Emergency Motion for Expedited Discovery. *See* **Exhibit B, June 3, 2022 Order Granting NOV's Motion for Expedited Computer Forensic Imaging & Analysis**. Under the expedited computer forensic imaging order, Garza was required to give all Subject Electronic Devices – which includes all laptops or other electronic storage devices in Garza's possession, custody or control to which Garza has had access – to CyberEvidence, Inc. ("CyberEvidence") or otherwise provide CyberEvidence with access to such Subject Electronic Devices along with any necessary user names, logins, or passwords necessary to access any of the Subject Electronic Devices. *Id*. Under the Court's Order, Defendants were supposed to provide said Subject Electronic Devices to CyberEvidence no later than Wednesday, June 8, 2022. *Id*.

5.  On June 6, 2022, at approximately 11:52 PM, Garza filed, along with two other motions, a Motion to Dissolve Forensic Imaging Order ("Motion to Dissolve") and requested an emergency hearing for June 7, 2022.

6.  Rather than await the Court's ruling, Garza filed its oddly and incorrectly titled Defendants' Partial Opposed Joint Motion to Extend or Modify the Deadline to Comply with Forensic Imaging Order ("Motion to Modify Compliance Deadline"). Setting aside the fact that Defendants misrepresented the context of their conference with NOV and NOV's position regarding said Motion, Defendants Motion to Modify Compliance Deadline requested three things:

(1) set a deadline of 12:00 p.m. CST on Friday, June 10, 2022 for NOV to respond to the motions Defendants filed on June 6, 2022;
(2) set a hearing on Defendants' motions sometime between Friday, June 10, 2022 and Tuesday, June 14, 2022; and
(3) modify or extend Defendants' deadline to comply with the Forensic Imaging Order to Wednesday, June 15, 2022.

*See* **Exhibit C,** Defendants' Partially Opposed Joint Motion to Extend or Modify the Deadline to Comply with Forensic Imaging Order.

7.  Two hours later, at 4:58 PM on June 7, 2022, Court Coordinator Melissa Fuentes sent an email to NOV's counsel and counsel for Defendants' stating the following:

> From: Melissa Fuentes
> To: Steely, Rachel Powitzky; Ryan, Michael F.
> Cc: Braithwaite, Jared J.; Wright, Dave; Momanaee, Audrey F.; Becktell, Kathy Hall; Stuart Lapp; Josh Redelman; Bret Davis
> Subject: RE: Cause No. 035732 - NOV v. Garza and Array; 12th Judicial District Court of Grimes County; Court Hearing Request
> Date: Tuesday, June 7, 2022 4:58:45 PM
>
> Good Afternoon All-
> Judge has reviewed the motions and correspondence in this case and made the following ruling-
> Plaintiff's will have until 06/10/22 to respond to Defendant's motions.
> The electronic devices are to be delivered to defense counsel by 06/10/22.
> Due to the court's schedule the next few weeks, Judge Moorman is unable to conduct a hearing until 06/21/22 at 1:30 PM. If a setting request will be emailed to me, I can set the requested motions for hearing on that day.
>
> *Melissa Fuentes*
> 12th Judicial District Court Coordinator
> Madison and Grimes Counties
>
> 1100 University Avenue, Suite 303
> Walker County, Texas
> 936-436-4681 (Direct)
> 936-436-4915 (Office)
> 936-435-8025 (Fax)
>
> 12th Judicial District Court website

*See* **Exhibit D, Email from Judge Moorman's Court Coordinator.** As is clear from the plain language of Ms. Fuentes' email, the Court made the following rulings:

(1) NOV will have until June 10, 2022 to respond to Garza's motions;
(2) Defendants must deliver the Subject Electronic Devices – as that term is defined in the Forensic Examination Order – to Garza's counsel by June 10, 2022; and
(3) **The Court will not hear any of Garza's remaining motions until June 21, 2022**.

4

The Court extended *only* Garza's deadline to collect the Subject Electronic Devices and subsequently provide those devices to CyberEvidence. The Court did not provide Garza relief from complying with the Court's Forensic Order. However, despite this clear language, Defendant Garza has refused to deliver any of these electronic devices to CyberEvidence.

8. Accordingly, on June 16, 2022, NOV sent an email to counsel for Array Technologies, Inc. ("Array"), a party which NOV subsequently non-suited, and counsel for Defendant Garza to inquire whether the parties intended to comply with Judge Moorman's order. Counsel for Array responded on behalf of both Array and Defendant Garza stating that neither Array nor Garza would comply with Judge Moorman's order regarding expedited forensic examination. That is, despite the clear language in the email Judge Moorman's Court Coordinator, Defendant Garza refuses to comply with a lawful court order and remains in contempt of the order.

9. On June 17, 2022, NOV filed a motion for contempt for Array's and Defendant Garza's noncompliance with Judge Moorman's order on forensic examination.

**Agreed Extension of TRO and TI Hearing**

10. On June 13, 2021, four days before the hearing on NOV's Application for Temporary Injunction against Garza and Array, counsel for Array inquired if NOV intended to move forward with its TI hearing set for June 17th. Counsel for Array explained that counsel needed to know so that counsel could arrange her travel plans as she returned from vacation. In response and to work around Array's counsel's schedule, NOV's counsel offered to move the temporary injunction hearing set for June 17, 2022 to June 21, 2022 to be heard in conjunction with all of the Defendants' pending motions. Both Array and Defendant Garza agreed to this extension. **Exhibit E, Email string agreeing to extension.** Accordingly, on June 17, 2022, Judge Moorman granted

5

the Order Extending Temporary Restraining Order and set the temporary injunction hearing for June 21, 2022 at 1:30 PM.

**Eleventh Hour Removal to Federal Court**

11. On June 20, 2022, at 7:57 PM, the night before the hearing on NOV's Application for Temporary Injunction, Defendant Garza filed the Notice of Removal. Of course, Defendant Garza has known since June 6, 2022 that diversity jurisdiction existed, but waited until the eve of the TI hearing to remove the case. **Exhibit F, Defendant Garza's Declaration.** By removing the case to Federal Court at such a late juncture, the Temporary Restraining Order restraining Garza from using or destroying NOV's confidential and trade secret information will expire on its own terms.

12. NOV knows from Defendant Garza's responses to NOV's First set of Interrogatories (served just before Garza's Notice of Removal) that Defendant Garza downloaded NOV's information. Indeed, Defendant Garza's only stated explanation about why it was okay for Defendant Garza to download NOV's information is Defendant Garza's unsubstantiated assertion that other NOV employees used USB devices to store electronic information. **Exhibit G, Defendant Garza's Answer to Interrogatory No. 10.** Conspicuously omitted from Defendant Garza's answer is any claim that other NOV employees download NOV's confidential and trade secret information and then share that information with NOV's competitors. NOV now also know that Defendant Garza, by his own admission, has plugged two USB devices into Array's computers. What he may have downloaded is unknown. Hence the need for forensic examination of the Subject Electronic Storage Devices identified in the Order Granting Plaintiff's Emergency Motion for Expedited Forensic Imaging & Analysis.

13. Because of Defendant Garza's demonstrated recalcitrance for his legal responsibility to protect and not disseminate NOV's confidential and trade secret information, there remains a substantial risk that if the Temporary Restraining Order is not granted that Defendant Garza will continue to behave in the very ways prohibited by Judge Moorman's Temporary Restraining Order. That is, Defendant Garza's own actions and responses have demonstrated Defendant Garza poses an imminent threat to NOV.

14. Accordingly, for the good cause shown above, NOV respectfully requests the Court extend Judge Moorman's Temporary Restraining Order signed on June 17, 2022 and set a temporary injunction hearing within the next 14 days.

## ARGUMENT AND AUTHORITIES

15. Under FED. R. CIV. P. 65(b)(2), a TRO "expires at the time after entry – not to exceed 14 days – that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." FED. R. CIV. P. 65(b)(2). There is little case law addressing what constitutes "good cause" under Rule 65(b)(2). 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2953 (3d ed. 2022 Update). However, courts have found good cause to extend TROs, for example "where the grounds for originally granting the temporary restraining order continue to exist." *See Xtria, LLC v. Int'l Ins. All, Inc.,* No. 3:09-CV-2228-G, 2009 WL 4756365, at *5 (N.D. Tex. Dec. 11, 2009) (observing that in considering plaintiffs motion to extend a TRO entered by a state court prior to removal, the court was not charged with determining "whether the TRO originally should have issued" but whether good cause existed for extension); *RA Glob. Servs., Inc. v. Apps*, No. 3:07-CV-1562-L, 2007 WL 9717686, at *1 (N.D. Tex. Sept. 20, 2007) (finding good cause where the circumstances supporting the state court's grant of a TRO had not changed so as to justify a refusal to extend).

16. Here, as stated *supra*, there is clearly good cause to extend the state court's TRO. But for Defendant Garza's gamesmanship, the parties would be proceeding with the temporary injunction hearing set for tomorrow. At this hearing, NOV anticipated eliciting testimony from its witnesses that Defendant Garza stole NOV's documents containing confidential information and trade secret information when Defendant Garza downloaded said documents in violation of Defendant Garza's agreement with NOV and in violation of numerous state and federal laws. Simply put, nothing has changed – including Defendant Garza's understanding of his legal obligations and the threat Defendant Garza poses to NOV. Therefore, NOV respectfully requests this Court, like the Court in *Xtria, LLC v. Int'l Ins. All, Inc.,* extend the TRO for 14 days.

**REQUESTED EMERGENCY RELIEF**

17. In order to preserve the status quo, NOV seeks a temporary restraining order and temporary and permanent injunction against GARZA, ordering that Garza be:

  i. enjoined from, directly or indirectly, destroying or disposing of: any documents or information that in any way relate to the allegations in this Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction; any evidence that is in any way related or connected to such allegations; any documents or information that are the property of Plaintiff, including any proprietary, confidential and/or trade secret information of Plaintiff; and any documents or information that evidence or reflect, or are in any way related or connected to, the allegations of fraud, breach of contract, breach of fiduciary duty, or the allegations of misappropriation or use of Plaintiff's proprietary, confidential and/or trade secret information, by Defendants or those in active concert with Defendants. The foregoing applies regardless of the form of the documents or information, whether in electronic, magnetic or other form;

  ii. enjoined from, directly or indirectly, using, disclosing, receiving, transmitting, or transferring Plaintiff's confidential information and trade secret information, including but not limited to any information of or relating to: (1) Plaintiff's solar racking systems, solar arrays, solar trackers, solar tracking software, or solar energy technology, including but not limited to, Plaintiff's ArcMin$^{PV}$ line of solar fixed tilt racking, solar trackers, and digital solar tracker technology; (2) Plaintiff's marketing strategies, prices, margins, discounts, vendors, customers, bids, quotes, charges, equipment, services, sales history and performance; (3) the performance, use, manufacture, engineering, design, research, use, analysis, performance, sales,

  marketing, rental, product development, business development, strengths and weaknesses of products and services in Plaintiff's solar product line; (4) the specific customers who use or have used each such product; (5) Plaintiff's revenue, costs, profits, and profit margins associated with products for customers in the specific area served by the Plaintiffs; (6) Plaintiff's sales and profit goals and plans to achieve such goals; (7) Plaintiff's annual or other budgets for any of its solar business lines; and (8) specific sales opportunities learned about while working for Plaintiffs ("Confidential Information"); and

 iii. enjoined from, directly or indirectly, providing services to ARRAY in any capacity related to the construction, erection, manufacture, engineering, design, research, use, analysis, performance, sales, marketing, product development, or business development of products, services, or technologies for use or potential use in or in connection with the design, manufacture, construction, or repair of solar racking systems, solar arrays, solar trackers, solar tracking software, or solar energy technology, including but not limited to, solar tracker technology, or any other services which could pose an inherent threat of disclosure or use of NOV's Confidential Information and trade secrets.

18. In the alternative, NOV respectfully requests the Court set for hearing NOV's Application for Temporary Injunction, for tomorrow June 21, 2022, sometime before 1:30 PM so that Judge Moorman's June 17, 2022 Temporary Restraining Order does not expire on its own terms.

## PRAYER

 Plaintiff NOV respectfully prays that the Court grant its Emergency Motion for an Extension of the Temporary Restraining Order under Fed. R. Civ. P. 65(b)(2), and in the Alternative, grant its Emergency Motion for Hearing on Plaintiff's Application for Temporary Injunction, and award any other relief to which NOV may be entitled.

  Respectfully submitted,

  STIBBS & CO., P.C.

  /s/ *Stuart W. Lapp*
  Stuart W. Lapp
  State Bar No. 11946100
  slapp@stibbsco.com
  Bret W. Davis
  State Bar No. 05462100

bdavis@stibbsco.com
Joshua A. Redelman
State Bar No. 24099269
jredelman@stibbsco.com
750 William D. Fitch Pkwy.
Suite 210
College Station, Texas 77845
Telephone: (281) 367-2222

**ATTORNEYS FOR PLAINTIFFS
NATIONAL OILWELL VARCO, LP**

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of *Plaintiff's Emergency Motion for Extension of Temporary Restraining Order, and in the Alternative, an Emergency Motion for Hearing on Plaintiff's Application for Temporary Injunction* on counsel of record on June 20, 2022, through the ECF filing system, as follows.

Audrey F. Momanaee
amomanaee@balch.com
**BALCH & BINGHAM, LLP**
811 Louisiana St., Suite 1010
Houston, Texas 77002

**ATTORNEY FOR DEFENDANT JULIO GARZA**

*/s/ Stuart W. Lapp*
Stuart W. Lapp

## CERTIFICATE OF CONFERENCE

Due to the emergency nature of this filing counsel for NOV was unable to confer with counsel for Defendant Garza prior to filing this Motion.

*/s/ Stuart W. Lapp*
Stuart W. Lapp