FILED AT 3:57 PM
DIANE LeFLORE DIST. CLERK

JUN 0 3 2022

GRIMES COUNTY, TEXAS
BY _____ DEPUTY

CAUSE NO. 035732

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | GRIMES COUNTY, TEXAS |
| | § | |
| JULIO GARZA, and ARRAY | § | |
| TECHNOLOGIES, INC. | § | |
| *Defendants.* | § | 12TH JUDICIAL DISTRICT COURT |

## TEMPORARY RESTRAINING ORDER

On this day, came to be heard the Application for Temporary Restraining Order of Plaintiff, National Oilwell Varco, LP ("NOV" or "Plaintiff").

The Court, after examining Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction against Defendants, Julio Garza ("GARZA") and Array Technologies, Inc. ("ARRAY") (collectively "Defendants"), the pleadings and all other matters properly before it, finds there is credible evidence that:

a) There is a reasonable probability that Plaintiff will establish that Defendant GARZA breached his Confidentiality Agreement with Plaintiff and that Defendants unlawfully converted, misappropriated, and retained Plaintiff's proprietary, confidential information and trade secrets, that the Defendants have been receiving and using proprietary, confidential information and trade secrets of Plaintiff, that Defendants have tortuously interfered with Plaintiff's business and contractual relationships, and that Plaintiff will suffer immediate and irreparable harm if the restraining order is not entered; and

b) Unless Defendants are immediately restrained and ordered as set forth below, harm to Plaintiff is imminent and Plaintiff will be irreparably injured because Defendants will continue to: posses, use and disclose Plaintiff's proprietary, confidential information and trade secrets and interfere with and injure Plaintiff's business and contractual relationships; and

c) Providing notice to Defendants would encourage the behavior this Temporary Restraining Order is designed to prevent; and

EXHIBIT A

d) If Defendants are not directed to take the actions ordered herein, Plaintiff will suffer irreparable injury in that GARZA will disclose Plaintiff's Confidential Information, Plaintiff will lose the exclusive use of its Confidential Information and trade secrets, and consequently the value and potential value of this information will be permanently harmed; Defendants will make use of Plaintiff's Confidential Information and trade secrets to Plaintiff's detriment and to improperly compete with Plaintiff; Defendants will destroy goodwill developed by Plaintiff with its customers; Plaintiffs will suffer monetary damages that are difficult if not impossible to quantify; and Defendants will destroy evidence of Defendants' unlawful activity.

IT IS THEREFORE ORDERED that:

Defendants, JULIO GARZA and ARRAY TECHNOLOGIES, INC., their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise are hereby:

i. enjoined from, directly or indirectly, destroying or disposing of: any documents or information that in any way relate to the allegations in this Plaintiff's Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction; any evidence that is in any way related or connected to such allegations; any documents or information that are the property of Plaintiff, including any proprietary, confidential and/or trade secret information of Plaintiff; and any documents or information that evidence or reflect, or are in any way related or connected to, the allegations of fraud, breach of contract, breach of fiduciary duty, or the allegations of misappropriation or use of Plaintiff's proprietary, confidential and/or trade secret information, by Defendants or those in active concert with Defendants. The foregoing applies regardless of the form of the documents or information, whether in electronic, magnetic or other form;

ii. enjoined from, directly or indirectly, using, disclosing, receiving, transmitting, or transferring Plaintiff's confidential information and trade secret information, including but not limited to any information of or relating to: (1) Plaintiff's solar racking systems, solar arrays, solar trackers, solar tracking software, or solar energy technology, including but not limited to, Plaintiff's ArcMin$^{PV}$ line of solar fixed tilt racking, solar trackers, and digital solar tracker technology; (2) Plaintiff's marketing strategies, prices, margins, discounts, vendors, customers, bids, quotes, charges, equipment, services, sales history and performance; (3) the performance, use, manufacture, engineering, design, research, use, analysis, performance, sales, marketing, rental, product development, business development, strengths and weaknesses of products and services in Plaintiff's solar product line; (4) the specific customers who use or have used each such product; (5) Plaintiff's revenue, costs,

profits, and profit margins associated with products for customers in the specific area served by the Plaintiffs; (6) Plaintiff's sales and profit goals and plans to achieve such goals; (7) Plaintiff's annual or other budgets for any of its solar business lines; and (8) specific sales opportunities learned about while working for Plaintiffs ("Confidential Information").

IT IS FURTHER ORDERED that:

Defendant JULIO GARZA and all persons in active concert or participation with Defendant JULIO GARZA who receive actual notice of this Order by personal service or otherwise are hereby:

i. enjoined from, directly or indirectly, providing services to ARRAY in any capacity related to the construction, erection, manufacture, engineering, design, research, use, analysis, performance, sales, marketing, product development, or business development of products, services, or technologies for use or potential use in or in connection with the design, manufacture, construction, or repair of solar racking systems, solar arrays, solar trackers, solar tracking software, or solar energy technology, including but not limited to, solar tracker technology, or any other services which could pose an inherent threat of disclosure or use of NOV's Confidential Information and trade secrets.

This Order expires fourteen (14) days from the date of this Order.

The Court further orders the clerk to issue notice to Defendants JULIO GARZA and ARRAY TECHNOLOGIES, INC. that the hearing on Plaintiff's Application for Temporary Injunction is set for the 17th day of June, 2022, at 9:00 a.m./p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits; and

The Court sets bond (or cash, or law firm check, in lieu thereof) at $ 5,000.00.

SIGNED this 2 day of June, 2022, at 3:36 a.m./p.m.

JUDGE PRESIDING