# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **NATIONAL OILWELL VARCO, L.P.**  Plaintiff,  v.  **JULIO GARZA**  Defendant. | Civil Action No. 4:22-CV-02006 |

## DEFENDANT JULIO GARZA'S RESPONSE TO EMERGENCY TEMPORARY RESTRAINING ORDER

This Response is made by Julio Garza ("Garza") to National Oilwell Varco, LP's ("NOV") Emergency Motion for Extension of the Temporary Restraining Order, filed June 21, 2022.

### I.　SUMMARY

1.　Throughout this case, it has become crystal clear that NOV has one goal in this case: they want to turn a confidentiality agreement into a non-compete and have Garza fired from his job with Array Technologies, Inc. ("Array"), a former party to the now-removed State Court case, who was non-suited yesterday.  Aside from counsel's statements suggesting that the case could go away for Array if they would simply fire Garza, and that NOV seeks to "punish" him, NOV's dismissal of Array from this matter makes plain that NOV does not believe that its information is unprotected but rather, wants to destroy Garza's ability to work for Array.

2.　Garza requests that this Court deny NOV's request for Temporary Restraining because, among other things:

- The requested restriction to keep Garza from working at Array is inconsistent with and unsupported by Texas law;

- Circumstances have changed relative to Garza's access to any of the devices that NOV contends are of concern – that is, Garza is without physical access to the device which is at the center of the dispute and other devices that were collected in connection with the State Court's Forensic Order (described below); and

- Despite purported concerns about the information, without even waiting to receive Array's responses to discovery, NOV non-suited Array from the State Case, apparently acknowledging that NOV has no concern with information having been transmitted from any device in Garza's possession to Array.

## II.     FACTUAL BACKGROUND

3. The following factual background is supported by the Removal filing, and the various documents attached as exhibits to NOV's Motion, all of which are incorporated by references pursuant to Fed.R.Civ.P.10(c).

- April 26, 2022 – Garza's last day at Array. After giving his notice on April 22, 2022, he was asked to leave prior to the conclusion of his two-weeks' notice on April 26, 2022.

- May 6-10, 2022 – NOV conducts its own forensic analysis.

- On June 3, 2022 – Over a month after Garza left the employ of NOV, NOV sought and received an ex parte Temporary Restraining Order (the "TRO") in the 12th District Court of Grimes County ("State Case") in contravention of Texas law regarding the grant of ex parte temporary restraining orders, and in contravention of mandatory venue being in Harris County, Texas both under mandatory venue statutes and the confidentiality agreement which serves as the basis of many of NOV's claims in this case. Also on that date, the Grimes County Court entered an Order Granting Plaintiffs' Emergency Motion for Expedited Computer Forensic Imaging & Analysis (the "Forensics Order") which was wholly improper under Texas law, including that it was overbroad and that it required the turnover of devices to NOV's counsel's appointed forensics service.

- On June 4, 2022 – One day after the improper TRO and the Forensics Order was entered, Array's counsel travelled to Arizona to meet with Garza and collect from him the thumb drive that to Garza's best recollection is the electronic storage device described in NOV's pleadings, along with his Array-issued laptop, and his Array-issued phone. Garza has not had possession of any of these devices since June 4, 2022.

- On June 6, 2022 – Array and Garza filed motions challenging venue, the entry of the TRO and the Forensics Order. Ultimately, NOV did not file any response to the motion challenging the Forensics Order.

- On June 10, 2022 – In accordance with the Court's Order modifying its Forensics Order, Garza provided two electronic storage devices and his personal iPhone to the undersigned counsel in an abundance of caution and to comply with the overbroad Forensics Order, as modified by the Court's Order, which required the turnover of all devices "that have been connected to his employment with NOV."

- June 10, 2022 - After numerous discussions regarding the entry into an agreed protocol to replace the improper Forensics Order, counsel for Garza sent the terms of what had been a discussed and verbally agreed-upon protocol to counsel for NOV, who said they would "review with the client and get back..." Counsel for NOV has not done so, and as such, to Garza's knowledge, NOV has done no forensic work on any of Garza's electronic storage device, or the Array-issued laptop, or the Array-issued phone which all remain in the possession of Array's counsel as of this filing.

- June 20, 2022 - NOV filed a late-day non-suit as to Array, and during a conversation with counsel for NOV following the same, he stated to the below-signed counsel that he is taking a "leap of faith" that the information on the electronic storage device at the center of this case has not made its way onto Array's systems. In so doing, NOV did not even wait until it received the discovery from Array to file its non-suit, begging the question of why they were brought into the case at all if not just to damage Garza. This non-suit of Array, who NOV had asserted in its pleadings was based in Texas, made clear that diversity jurisdiction exists and that removal was proper.

- June 21, 2022 – Before removal, two pending motions were set before the Grimes County Court: a motion to transfer venue to Harris County, and a motion to dissolve the Forensic Order, along with the hearing on the Temporary Injunction.

### III.   ARGUMENT AND AUTHORITIES

4.      NOV cites to a number of cases to attempt to support of the idea that this Court should simply extend the TRO under a finding of good cause. But, no good cause exists in this case and it is not that simple. The TRO was improperly issued, overbroad, and is inconsistent with Texas law. Further, and importantly, circumstances have changed since the time the State Court TRO was issued – that is, Garza has no access to the electronic storage device that is at the center of NOV's claims in this case, or to any other device which NOV has or could have any concerns about. The TRO is not required to preserve the status quo, and no irreparable harm will be meted out to NOV without entry of the same. Fed. R. Civ. P. 65.

3

5. Here, the Court should determine the propriety of the extension or entry of a TRO based on the facts as they presently exist, and based on the applicable standards. *See Hill v. Chester White Record Assn.*, No. 5:21-CV-274-M-BQ, 2021 WL 5446511 (N.D. Tex. 2021) (considering motion to extend TRO and applying analyses of elements for same in denying motion to extend TRO). Those four elements that must be demonstrated by the party seeking a TRO or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any prejudice the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Further, the Court should consider that injunctive relief, particularly at the preliminary stages of litigation, is an extraordinary remedy that requires an unequivocal showing of the need for the relief to issue. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). Thus, injunctive relief should only be granted where the movant has "clearly carried the burden of persuasion." *Bluefield Water Ass'n*, 577 F.3d at 252–53; *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

**A. Circumstances have changed since the time the Original TRO was issued.**

6. In NOV's own filing, they acknowledge that changed circumstances constitute a basis for the denial of an extension of a TRO. *See RA Glob. Servs., Inc. v. Apps.,* No. 3:07-CV-1562-L, 2007 WL 9717686, at *1 (N.D. Tex. Sept. 20, 2007)(extending a TRO and finding good cause "as the circumstances have not changed to justify a refusal to extend the TROs). As set out previously, Garza does not have access to the electronic storage device that is at the center of NOV's claims in this case, or – because of his compliance with the modified Forensics Order – to any other devices that may have been "connected to his employment with NOV" or which were

4

used once he arrived at Array. He quite simply has no access to the information and files that NOV complains of.

7. Further, despite overwhelming willingness of both Garza and Array to cooperate and reach agreement with NOV about a protocol that is workable and lawful related to the forensics work that NOV purports to be concerned about, NOV has not engaged on this front.

8. Finally, and importantly, NOV has dismissed its claims against Array, Garza's employer with zero discovery, zero forensics work, and zero other information, NOV has thus acknowledged that there has been no leakage of any NOV information to Array.

9. One cannot square the idea that NOV dismissed Array under these circumstances and yet wants Garza to continue to be under a restriction from work. Further, one cannot square the idea that any injunctive relief is appropriate here where NOV has acknowledged that Garza has no access and there has been no leakage of any NOV information to Array.

**B. The State Court TRO that NOV wants continued is overbroad and inconsistent with Texas law.**

10. The effect of NOV's requested TRO would be to restrict Garza from doing any engineering work for Array at all. That restriction would be wholly improper and the Court should deny the proposed TRO on that basis. Specifically, the State Court TRO which NOV seeks to have this Court extend improperly restricts Garza from providing any services to Array, based solely on the inevitable disclosure doctrine that is not generally recognized by Texas courts. *See M-I L.L.C. v. Stelly,* 2009 WL 2355498 (S.D. Tex. 2009) ("Texas Courts have not expressly adopted the inevitable disclosure doctrine, and it is unclear to what extent Texas courts might adopt it or might view it as relieving an injunction applicant of showing irreparable injury); *DGM Servs., Inc. v. Figueroa*, Cause No. 01-16-00186-CV, 2016 WL 7473947 at *5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2016, no pet.) (denying injunctive relief and concluding that the inevitable

disclosure doctrine has not been adopted by Texas courts). The restriction in the proposed TRO, which is the equivalent of enforcing a non-competition agreement against Garza even where no such restrictive covenant exists in this case is improper.

11. Here, NOV cannot make any showing through pleadings, the record, or otherwise, adequate to support a TRO restricting Garza's work.

### C. The State Court TRO was procedurally improperly issued.

12. Where a TRO was improperly issued, a TRO should be dissolved. Here, given the expiration of the current TRO, no motion to dissolve necessary, but this Court should consider the impropriety of the issue of the TRO in its decision of whether to extend it. *See for example, Myers v. Frontier PMS*, No. 4:21-cv-436-ALM-KPJ, 2021 WL 2906065, at *6 (E.D. Tex. June 15, 2021), *R. & R.* adopted by 2021 WL 2894096 (E.D. Tex. July 9, 2021); *see also Dixie Brewing Co. v. Dep't of Veterans Affs.*, No. 13–6605, 2013 WL 6715921, at *3 (E.D. La. Dec. 18, 2013) ("The motion to dissolve is treated like a motion for reconsideration, and should be granted where the temporary restraining order was improperly issued.").

13. Here, the TRO was improperly obtained for the following reasons described further in the record, which is again incorporated herein by reference pursuant to Fed. R. Civ. P. 10(c):

- In obtaining the TRO, NOV ignored the mandatory venue provision in the Agreement which serves as the basis for its claims in this case.

- In obtaining the TRO, NOV ignored the mandatory venue provision in Section 65 of the Texas Civil Practices and Remedies Code.

- In obtaining the TRO, NOV relied on a deficient affidavit.

### D. If the Court is inclined to issue a TRO, it should be limited to a restriction on the destruction disposal use, disclosure or transmission of NOV trade secret, confidential or proprietary information.

14.     Though injunctive relief is not necessary in this case, should the Court be inclined to grant it, the Court should enter an Order which solely limits the destruction, disposal, use, disclosure, transmission or transfer of the specific NOV information which NOV can identify to be a trade secret, confidential, or proprietary information subject to the terms of the Agreement. No TRO should issue restricting Garza's ability to work for the foregoing reasons.

## IV.     **PRAYER**

Defendant Garza requests that the Court deny the requested extension of the State Court Temporary Restraining Order and such other and further relief to which he has shown himself entitled.

Respectfully submitted,

*/s/ Audrey F. Momanaee*
Audrey F. Momanaee
State Bar No. 24055993
amomanaee@balch.com
BALCH & BINGHAM, LLP
811 Louisiana Street, Suite 1010
Houston, Texas 77002
Tel: 713.362.2557

**Attorney for Defendant**
**Julio Garza**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served pursuant to the Federal Rules of Civil Procedure on June 21, 2022, to the following counsel of record:

Stuart W. Lapp
Bret W. Davis
Joshua A. Redelman
STIBBS & CO., P.C.
750 William D. Fitch, Suite 210
College Station, Texas 77845
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com

*Attorneys for Plaintiff*
*National Oilwell Varco, L.P.*

*/s/ Audrey F. Momanaee*
Audrey F. Momanaee