# EXHIBIT A

Filed 6/6/2022 11:49 PM
Diane LeFlore
District Clerk
Grimes County, Texas
Received By: Ana Gonzalez

CAUSE NO. 035732

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. § | | IN THE DISTRICT COURT OF |
| *Plaintiff*, § | | |
| § | | |
| v. § | | GRIMES COUNTY, TEXAS |
| § | | |
| JULIO GARZA, and ARRAY § | | |
| TECHNOLOGIES, INC. § | | |
| *Defendants.* § | | 12th JUDICIAL DISTRICT |

**DEFENDANTS' JOINT MOTION TO TRANSFER VENUE**

Defendants Array Technologies, Inc. ("Array") and Julio Garza ("Garza") (collectively, the "Defendants") file this Joint Motion to Transfer Venue, and would respectfully show as follows:

### I.  Motion to Transfer Venue

1. Consistent with Texas Rule of Civil Procedure 86, Defendants jointly file this motion to transfer venue prior to any other plea, pleading, or motion, including Defendants' first responsive pleading. *See* TEX. R. CIV. P. 86(1)-(2).

2. Grimes County is not the proper venue in this case because of two mandatory venue provisions: (1) the mandatory venue provision of NOV's own contract that serves as the basis of the breach of contract and tortious interference claims (Intellectual Property, Confidential Information and Non-Solicitation Agreement (the "Agreement")) requires venue in Harris County, Texas; and (2) based on the allegations on the face of the Petition, section 65.023 of the Texas Civil Practice and Remedies Code makes Harris County, not Grimes County, the proper venue under the mandatory venue provision for writs of injunction.

### II.  Argument and Authorities

**A. The Mandatory Venue Provision Of NOV's Agreement With Garza Requires The Lawsuit To Be Brought In Harris County.**

3. NOV's Agreement with Garza contains a mandatory forum selection clause

1

plainly requires venue for this matter in Harris County, Texas.

4. The Texas Supreme Court has held that the **<u>failure to enforce a contractual forum-selection clause is a clear abuse of discretion</u>**. *See In re Automated Collection Tech., Inc.*, 156 S.W.3d 557, 558 (Tex. 2004).

5. Here, NOV asserts various claims against both Defendants based on the Agreement, which contains a mandatory venue provision specifying Harris County as the proper and mandatory venue. *See* Ex. A to NOV's Petition. More acutely, the Agreement expressly contemplates that NOV might seek equitable relief to enforce the Agreement – as it has done here – and requires that such claims for equitable relief be brought "<u>solely and exclusively</u>" in Harris County, Texas:

> The interpretation, application and effect of this Agreement shall be governed by the laws of the State of Texas and the Agreement shall be binding upon my heirs, executors, administrators or other legal representatives or assigns. Any disputes and claims arising from this Agreement, apart from Company-initiated claims seeking equitable relief, fall under the purview of the Company's Employee Dispute Resolution Program ("EDR Program") and must be resolved in accordance thereto. I agree that claims not covered by the EDR Program shall be litigated solely and exclusively in the state or federal courts located in the Harris County, Texas and that such courts are convenient forums. I further submit to the personal jurisdiction of such courts for purposes of any such claims, actions or proceedings.

6. Thus, based on the mandatory venue provision of NOV's own Agreement, Grimes County is not the proper venue for this dispute, and this case must be transferred to a district court for Harris County, Texas.

**B. Based On The Facts Pled In NOV's Petition, NOV Knew Or Should Have Known Grimes County Is Not The Proper Venue For This Suit Of Injunction, Which Should Be Transferred To A Court In Harris County.**

7. Within two hours of filing the Petition, NOV sought and secured injunctive relief against Defendants in Grimes County, Texas. In the Petition, NOV does not allege any facts to support that either of the Defendants is domiciled in Grimes County, Texas. Thus, based on the requirements of the mandatory venue provision for writs of injunction as applied to NOV's own allegations, NOV knew or should have known that it could not properly file this case in Grimes

County.

8. Section 65.023 of the Texas Civil Practice and Remedies Code states that **<u>a writ of injunction against a party who is a resident of Texas shall be tried in a district or county court in the county in which the party is domiciled</u>**. *See* TEX. CIV. PRAC. & REM. CODE ANN. §65.023(a). The statute, which places venue in an injunction suit in the county of a defendant's domicile, <u>is mandatory</u>. *In re Continental Airlines, Inc.*, 988 S.W.2d 733, 735 (Tex. 1998). In making this determination, the Court must consider the nature of the principal right asserted and the relief sought for the breach. *Brown v. Gulf Television Co.*, 306 S.W.2d 706, 708 (1957); *In re Dole Food Co., Inc.*, 256 S.W.3d 851, 854 (Tex. App.—Beaumont, 2008) (orig. proceeding). In cases where the plaintiff alleges it has no adequate remedy at law and hence is entitled to injunctive relief, the plaintiff has chosen the equitable relief as his primary remedy and <u>venue is controlled by the injunction statute</u>. *Dole Food Co.*, 256 S.W.3d at 854, *Brown*, 988 S.W.2d. at 709.

9. In this case, NOV's suit is primarily injunctive in nature and is thus subject to the mandatory venue statute. *In re Continental Airlines, Inc.*, 988 S.W.2d at 735. NOV clearly alleges in the Petition that Garza is domiciled in Harris County, Texas, and does not assert that either of the Defendants is domiciled in Grimes County. Thus, at the time the Petition was filed, NOV knew or should have known that it could not properly file the Petition and seek injunctive relief in Grimes County based on the mandatory venue provisions of Chapter 65 of the Texas Civil Practice and Remedies Code. Combining the mandatory venue provision in the Agreement, which specifies venue in Harris County, with NOV's suit of injunction against Garza based on NOV's own assertion that he is domiciled in Harris County, the end result is clear that this case should have been filed in, and should be transferred to, Harris County.

3

### C. NOV Fails To Provide Venue Facts Sufficient To Overcome The Two Mandatory Venue Provisions.

10. Generally, the Texas Rules of Civil Procedure provide that the plaintiff chooses the venue by filing suit in a proper county. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008); *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999). However, when the plaintiff fails to file in a proper county, the Texas Rules of Civil Procedure permit the defendant to challenge plaintiff's choice of venue through a motion to transfer venue. TEX. R. CIV. P. 86(1); *Wichita Cty. v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996). Where plaintiff's venue choice is challenged, the plaintiff has the burden of presenting "prima facie" proof that venue is proper in the chosen county. *Gerdes v. Kennamer*, 155 S.W.3d 523, 529 (Tex. App.—Corpus Christi 2004, pet. denied). Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading. TEX. R. CIV. P. 87(3)(a). Exceptions to the venue statute, such as a permissive venue provision like Section 15.002, "must be strictly construed in favor of the defendant." *See Chavez v. Murrel's Welding Works, Inc.*, 585 S.W.2d 787, 789 (Tex. App.—San Antonio 1979, no writ) (emphasis added); *see also Nat'l Life Co. v. Rice*, 140 Tex. 315, 322, 167 S.W.2d 1021, 1025 (Comm'n App. 1943) (explaining that venue exceptions "must be strictly construed and clearly established before a citizen can be deprived of his right under that article to be sued in the county of his domicile.").

11. Here, NOV asserts only that venue is proper in Grimes County, Texas based on a vague assertion that a substantial portion of the events or omissions giving rise to the lawsuit arose or occurred in Grimes County, Texas – without additional facts supporting this statement. *See* Petition at p. 4, ¶ 8. Defendants expressly deny that all or a substantial portion of the events or omissions giving rise to the lawsuit occurred in Grimes County, Texas. Garza specifically

4

avers that he lived in Harris County, Texas during his employment with NOV, and that his primary office for NOV was in Harris County, Texas.[1] Therefore, any of the alleged activity that gives rise to the claims in this matter occurred in Harris County, Texas.

12. Because Defendants have objected to venue in Grimes County, Texas, NOV is required to provide prima facie evidence that venue is proper in Grimes County, Texas, which NOV simply cannot do.

### III.   Conclusion

For the foregoing reasons, Defendants Array Technologies, Inc. and Julio Garza respectfully request that the Court grant Defendants' Joint Motion to Transfer Venue, transfer this case to a district court for Harris County, Texas, and for such other and further relief, whether legal or equitable, to which it may show itself to be justly entitled.

Respectfully submitted,

FOLEY & LARDNER LLP

By: /s/ *Rachel Powitzky Steely*
    Rachel Powitzky Steely
    State Bar No. 00792770
    rsteely@foley.com
    Michael F. Ryan
    State Bar No. 24098362
    mryan@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas  77002
Tel:    (713) 276-5500
Fax:   (713) 276-5555

ATTORNEYS FOR DEFENDANT
ARRAY TECHNOLOGIES, INC.

---

[1] *See* Exhibit A, Declaration of Julio Garza.

5

4864-6632-5540.4

                                            BALCH & BINGHAM, LLP

                                            By: /s/ *Audrey F. Momanaee*
                                                 Audrey F. Momanaee
                                                 State Bar No. 24055993
                                                 amomanaee@balch.com
                                       811 Louisiana Street, Suite 1010
                                       Houston, Texas 77002
                                       Tel:    (713) 362-2557

                                       ATTORNEY FOR DEFENDANT
                                       JULIO GARZA

CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document has been served by one of the means permitted by Rule 21a, including through the Clerk's electronic filing service (if applicable), by in person delivery, mail, commercial delivery service, facsimile, or e-mail on June 6, 2022 to:

Stuart W. Lapp
Bret W. Davis
Joshua A. Redelman
Stibbs & Co., P.C.
750 William D. Fitch, Suite 210
College Station, Texas 77845
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com

*Attorneys for Plaintiff*
*National Oilwell Varco, L.P.*

                                            /s/ *Rachel Powitzky Steely*
                                               Rachel Powitzky Steely

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Ryan on behalf of Michael Ryan
Bar No. 24098362
mryan@foley.com
Envelope ID: 65180728
Status as of 6/8/2022 11:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Stuart W. Lapp | 11946100 | Slapp@stibbsco.com | 6/6/2022 11:49:15 PM | SENT |
| Foley Docketflow | | docketflow@foley.com | 6/6/2022 11:49:15 PM | SENT |
| Bret Davis | 5462100 | bdavis@stibbsco.com | 6/6/2022 11:49:15 PM | SENT |
| Kathy Becktell | | kbecktell@foley.com | 6/6/2022 11:49:15 PM | SENT |
| Rachel Steely | | rsteely@foley.com | 6/6/2022 11:49:15 PM | SENT |
| Michael Ryan | | mryan@foley.com | 6/6/2022 11:49:15 PM | SENT |
| Joshua Redelman | | jredelman@stibbsco.com | 6/6/2022 11:49:15 PM | SENT |
| Audrey Momanaee | | amomanaee@balch.com | 6/6/2022 11:49:15 PM | SENT |
| Jared Braithwaite | | JBraithwaite@foley.com | 6/6/2022 11:49:15 PM | SENT |
| Dave Wright | | DRWright@foley.com | 6/6/2022 11:49:15 PM | SENT |

CAUSE NO. 035732

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. <br> *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § § | GRIMES COUNTY, TEXAS |
| JULIO GARZA, and ARRAY TECHNOLOGIES, INC. <br> *Defendants.* | § § § | 12th JUDICIAL DISTRICT |

## DECLARATION OF JULIO CESAR GARZA

| | |
|---|---|
| THE STATE OF ARIZONA | § § |
| COUNTY OF MARICOPA | § |

My name is Julio Cesar Garza. I am over twenty-one years of age, am of sound mind, have personal knowledge of the matters herein, and am fully competent to testify to the matters herein stated. Every statement made herein is true and correct.

I was employed by National Oilwell Varco, L.P. ("NOV") from May 2019 until May 2022 as an engineer. During my entire employment with NOV, I lived in and was domiciled in Harris County, Texas. Also during my entire employment with NOV, I worked primarily out of the NOV office located at 10353 Richmond Avenue, Houston, Texas 77042, sometimes referred to as NOV Tower.

My name is Julio Cesar Garza, my date of birth is December 29, 1984, and my address is 1277 W. Myrna Lane, Tempe, AZ 85284 and United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Maricopa County, State of Arizona on the 6th day of June, 2022.

_____
Julio Cesar Garza, Declarant