# EXHIBIT B

Filed 6/6/2022 11:43 PM
Diane LeFlore
District Clerk
Grimes County, Texas
Received By: Krystal Jarvis

CAUSE NO. 035732

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. § | | IN THE DISTRICT COURT OF |
| *Plaintiff*, § | | |
| § | | |
| v. § | | GRIMES COUNTY, TEXAS |
| § | | |
| JULIO GARZA, and ARRAY § | | |
| TECHNOLOGIES, INC. § | | |
| *Defendants.* § | | 12th JUDICIAL DISTRICT |

**DEFENDANTS' JOINT MOTION TO DISSOLVE FORENSIC IMAGING ORDER SUBJECT TO DEFENDANT'S JOINT MOTION TO TRANSFER VENUE**

Defendants Array Technologies, Inc. ("Array") and Julio Garza ("Garza") (collectively, "Defendants") file this Joint Motion to Dissolve the June 3, 2022 Order (the "Forensic Imaging Order") Granting Plaintiff National Oilwell Varco, L.P.'s ("NOV") Emergency Motion for Expedited Computer Forensic Imaging & Analysis (the "Forensic Imaging Motion"), which is filed subject to Defendants' Joint Motion to Transfer Venue, and in support thereof would show as follows:

### I.   Summary of the Motion

1.   The Forensic Imaging Order must be dissolved because NOV intentionally omitted from its Forensic Imaging Motion any discussion of the central holding in *In re Weekley Homes*, namely that as a threshold matter, and before judicially-ordered forensic imaging would possibly be permissible, "**the requesting party must show that the responding party has somehow defaulted in its obligation to search its records and produce the requested data**." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 317 (Tex. 2009). By securing the Forensic Imaging Order through an improper *ex parte* hearing less than two hours after the Petition was filed, NOV further denied Defendants their right to notice and an opportunity to be heard, which also justifies dissolving the order. By willfully failing to appraise the Court of *In re Weekley Homes'* foundational principles, and preventing Defendants from raising this deficiency to the Court,

1

4861-1440-1572.1

NOV invited error on the Court and subverted controlling Texas law. Because the Forensic Imaging Order is improper on this record, it should be dissolved.

2.   Additionally, even a cursory evaluation of the merits of NOV's Forensic Imaging Motion reveals multiple clear deficiencies, namely that NOV failed to demonstrate good cause by failing to specifically identify the electronic devices sought to be forensically imaged or the search terms purported to be used in the process. Because Courts have a duty to avoid sanctioning an improper fishing expedition, and judicially-ordered forensic imaging is an intrusive and highly disfavored remedy, NOV's failure to meet its good cause burden further necessitates dissolution of the Forensic Imaging Order.

## II.   Argument and Authorities

### A. NOV Invited Error On The Court When It Sought The Forensic Imaging Order In An *Ex Parte* Hearing And Failed To Address *In Re Weekley Homes'* Principle, Threshold Issue.

3.   NOV intentionally failed to appraise the Court through its Forensic Imaging Motion that NOV is not entitled to the forensic imaging discovery it seeks prior to requesting such information through discovery (expedited or otherwise) and thereafter making a showing that Defendants defaulted on their discovery obligations. NOV clearly knew it could not make this showing in a hearing two hours after the Petition was filed, so NOV invited further error on the Court by seeking the Forensic Imaging Order through an unjustified *ex parte* proceeding, intentionally ensuring Defendants would have no notice or an opportunity to be heard and defend themselves. For both of these reasons, the Forensic Imaging Order must be dissolved.

4.   The Texas Supreme Court's 2009 decision of *In re Weekley Homes* is the bedrock and controlling authority in a case such as this where NOV seeks intrusive forensic examination of Defendants' electronic devices. *See* 295 S.W.3d at 309. Critically, the Texas Supreme Court makes clear in multiple sections of the *In re Weekley Homes* decision that a request to

2

forensically image an opposing party's electronic devices should not be ordered **until or unless such discovery has been requested and the responding party has defaulted on their obligations**. *Id*. at 317 ("[a]s a threshold matter, the requesting party *must show* the responding party has somehow defaulted in its obligation to search its records and produce the requested data.") (emphasis added); *see also id*. at 322 (summarizing the proper procedure for requesting forensic imaging, beginning with a request for production pursuant to Tex. R. Civ. P. 196.4 and concluding five steps later with a *showing* of good cause, namely that "the benefit of production outweigh the burdens imposed."). This is an evidentiary burden. *Id*. at 317. Where the threshold and good cause showings are not met, the requested order should be denied. *Id*. at 323. If a court orders such forensic imaging without holding a hearing or providing the responding party sufficient notice and an opportunity to be heard, the order granting forensic imaging is impermissible and should be dissolved. *See In re Crowder*, No. 03-21-00604-CV, 2022 WL 1479474 at *6 (Tex. App.—Austin May 11, 2022, no pet. h.).

5.  Here, NOV sought and secured the Forensic Imaging Order by taking two clearly impermissible steps that invited error on this Court. First, NOV sought the order less than two hours after it filed the Petition and before any discovery had or could have taken place, which is squarely at odds with the first principles espoused in the *In re Weekley Homes* decision. Then, in the Forensic Imaging Motion itself, NOV discussed *In re Weekley Homes* but intentionally omitted any mention that the Texas Supreme Court requires the requesting party to show that the responding party defaulted on its discovery obligations prior to such intrusive discovery being permissible. *See* Forensic Imaging Motion at p. 3. By intentionally omitting mention of this threshold principle, NOV secured the Forensic Imaging Order in contravention of controlling Texas law.

6. All of the cases cited by NOV, which are mostly federal cases decided before *In re Weekley Homes*, are consistent with this bedrock principle that the Defendants must first default on their discovery obligations to merit judicially-ordered forensic imaging. In *In re Waste Management*, the forensic discovery was granted after three years of discovery and a fight over the turnover of metadata. *See In re Waste Mgmt. of Texas, Inc.*, 392 S.W.3d 861, 874 (Tex. App.—Texarkana, 2013, orig. proceeding). In *Cenveo v. Slater*, the forensic imaging was ordered six months into discovery and through a motion to compel after the plaintiff requested but was denied forensic imaging in written discovery requests. *See Cenveo Corp. v. Slater*, C.A. No. 06-CV-2632, 2007 WL 442387, at *1 (E.D. Pa. Jan. 31, 2007). In *Balboa v. Stucky*, the parties engaged in paper discovery and were in the process of negotiating a forensic discovery protocol when the plaintiff asked the court to order a particular scope and method. *See Balboa v. Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *3 (D. Kan. Mar. 24, 2006). In *Ameriwood Industries v. Liberman*, the forensic imaging was ordered in response to a motion to compel compliance with the plaintiff's written discovery requests. *See Ameriwood Indus. Inc. v. Liberman*, No. 4:06CV524-DJS, 2006 WL 3825291, at *1 (E.D. Mo. Dec. 27, 2006). As such, NOV provided the Court with no authority that would permit judicially-ordered forensic imaging before Defendants even had notice that the Petition was filed.

7. Second, and likely because it knew it could not secure such intrusive and improper discovery if Defendants were permitted to be heard on the issue, NOV secured the Forensic Imaging Order via an *ex parte* proceeding. Where the responding party is not provided notice and an opportunity to be heard, this constitutes independently sufficient grounds to deny the requested forensic imaging. *See In re Crowder*, 2022 WL 1479474 at *6. Indeed, one of the key steps outlined in *In re Weekley Homes* to make a showing of good cause is that the parties

4

must make reasonable efforts to resolve discovery disputes without court intervention. *See In re Weekley Homes, L.P.*, 295 S.W.3d 322 (citing TEX. R. CIV. P. 191.2). NOV not only did not make reasonable efforts to seek this discovery without court intervention, it sought judicial intervention as a *first* resort, and denied Defendants an opportunity to even be heard during that process. For this additional reason, the Forensic Imaging Order was secured improperly and must be dissolved.

    **B. NOV Does Not Have Good Cause To Support The Forensic Imaging Order Where It Is Impermissibly Vague And Fails To Identify The Devices Sought To Be Imaged Or Search Terms Proposed To Be Used.**

    8.    Even ignoring that NOV intentionally and impermissibly avoided the threshold showing required by *In re Weekley Homes*, and that it denied Defendants their due process rights at the same time, the Forensic Imaging Order is still improper because it is impermissibly vague on its face. Specifically, in the Forensic Imaging Motion, NOV failed to specify: (1) what electronic devices it sought to have searched and what alleged "direct relationship between the electronic storage device and the claim itself" existed; and (2) what search terms NOV purported to use to search those unspecified electronic devices. Both are required showings to demonstrate good cause, and the lack of good cause further merits dissolution of the Forensic Imaging Order.

    9.    Texas law prohibits the use of discovery in order to undertake a fishing expedition. *See In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). For this reason, the Texas Supreme Court in *In re Weekley Homes* was careful to circumscribe unbounded judicially-ordered forensic imaging that could easily create an impermissible fishing expedition. *See In re Weekley Homes, L.P.*, 295 S.W.3d at 318. Accordingly, the requesting party must usually identify with specificity the devices sought to be searched and demonstrate a direct connection between those devices and the allegations made the basis of the lawsuit. *Id.*

10. In the Forensic Imaging Motion, NOV repeatedly alleges that "GARZA used electronic storage devices" but does not provide any information that would identify those devices. *See* Forensic Imaging Motion at pp. 1, 3-4. NOV does not indicate how many devices it is referring to nor identify their make, model, serial number, or other identifying characteristics. Nevertheless, NOV asked the Court to enter the Forensic Imaging Order, which authorizes NOV to forensically image ***every single electronic storage device that "ha[s] been connected to [Garza's] employment with NOV***." *See* Forensic Imaging Order at p. 1, ¶ 1(a)(i). In this way, NOV turned the legal inquiry on its head. NOV shifted the burden to Defendants to identify what, if any, electronic storage devices are "connected to Garza's employment with NOV" – which lasted more than three years – and turn them over for intrusive forensic imaging regardless when they were last used, what they might contain, or what connection they might have to the claims NOV is making in the Petition. This is the definition of an impermissible fishing expedition, and therefore the Forensic Imaging Motion should be dissolved.

11. Moreover, the Texas Supreme Court in *In re Weekley Homes* further articulated that judicially-ordered forensic imaging would be improper if it gave "an expert carte blanche authorization to sort through the responding party's electronic storage device[s]." *See* 295 S.W.3d at 319. For this reason, the requesting party in *In re Weekley Homes* identified a 21-term list of search terms that it would use to conduct the forensic imaging and searching, and even still the Texas Supreme Court did not permit the requested discovery. *Id*.

12. Here, NOV identified no purported search terms it intends to use in either the motion or the order, instead drafting the Forensic Imaging Order to state, without limitation, that "CyberEvidence will use search terms provided by NOV." *See* Forensic Imaging Order at p. 2, ¶ 2(a). On this record, it is entirely unclear what terms NOV will provide, how many there will be,

6

and what relevance, if any, they will have to the claims being made in the Petition. This equally epitomizes a classic fishing expedition and cannot be condoned. The Forensic Imaging Order must be dissolved.

### III.  Conclusion

For the foregoing reasons, Defendants Array Technologies, Inc. and Julio Garza respectfully request that the Court grant this Joint Motion and dissolve the June 3, 2022 Order Granting Plaintiff's Emergency Motion for Expedited Computer Forensic Imaging & Analysis, and for such other and further relief, whether legal or equitable, to which they may show themselves to be justly or equitably entitled.

      Respectfully submitted,

      FOLEY & LARDNER LLP

      By: /s/ *Rachel Powitzky Steely*
         Rachel Powitzky Steely
         State Bar No. 00792770
         rsteely@foley.com
         Michael F. Ryan
         State Bar No. 24098362
         mryan@foley.com
      1000 Louisiana Street, Suite 2000
      Houston, Texas  77002
      Tel:    (713) 276-5500
      Fax:   (713) 276-5555

      ATTORNEYS FOR DEFENDANT
      ARRAY TECHNOLOGIES, INC.

BALCH & BINGHAM, LLP

By: /s/ *Audrey F. Momanaee*
    Audrey F. Momanaee
    State Bar No. 24055993
    amomanaee@balch.com
811 Louisiana Street, Suite 1010
Houston, Texas 77002
Tel:    (713) 362-2557

ATTORNEY FOR DEFENDANT
JULIO GARZA

CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing document has been served by one of the means permitted by Rule 21a, including through the Clerk's electronic filing service (if applicable), by in person delivery, mail, commercial delivery service, facsimile, or e-mail on June 6, 2022 to:

Stuart W. Lapp
Bret W. Davis
Joshua A. Redelman
Stibbs & Co., P.C.
750 William D. Fitch, Suite 210
College Station, Texas 77845
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com

*Attorneys for Plaintiff*
*National Oilwell Varco, L.P.*

    /s/*Rachel Powitzky Steely*
    Rachel Powitzky Steely

8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Ryan on behalf of Michael Ryan
Bar No. 24098362
mryan@foley.com
Envelope ID: 65180704
Status as of 6/13/2022 3:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stuart W. Lapp | 11946100 | Slapp@stibbsco.com | 6/6/2022 11:43:43 PM | SENT |
| Foley Docketflow | | docketflow@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Bret Davis | 5462100 | bdavis@stibbsco.com | 6/6/2022 11:43:43 PM | SENT |
| Kathy Becktell | | kbecktell@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Rachel Steely | | rsteely@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Michael Ryan | | mryan@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Joshua Redelman | | jredelman@stibbsco.com | 6/6/2022 11:43:43 PM | SENT |
| Audrey Momanaee | | amomanaee@balch.com | 6/6/2022 11:43:43 PM | SENT |
| Jared Braithwaite | | JBraithwaite@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Dave Wright | | DRWright@foley.com | 6/6/2022 11:43:43 PM | SENT |