# EXHIBIT C

Filed 6/6/2022 11:43 PM
Diane LeFlore
District Clerk
Grimes County, Texas
Received By: Krystal Jarvis

CAUSE NO. 035732

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | GRIMES COUNTY, TEXAS |
| | § | |
| JULIO GARZA, and ARRAY | § | |
| TECHNOLOGIES, INC. | § | |
| *Defendants.* | § | 12th JUDICIAL DISTRICT |

## DEFENDANTS' JOINT MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER SUBJECT TO DEFENDANTS' JOINT MOTION TO TRANSFER VENUE

Defendants Array Technologies, Inc. ("Array") and Julio Garza ("Garza") file this Joint Motion to Dissolve the June 3, 2022 Temporary Restraining Order (the "TRO"), which is filed subject to Defendants' Joint Motion to Transfer Venue, and in support thereof would show as follows:

### I.    Summary of the Motion

1.    Pursuant to Texas Rule of Civil Procedure 680, Defendants move to dissolve the TRO because NOV knowingly subverted its own mandatory venue provision in the agreement made the basis of this lawsuit and ignored the mandatory venue provision in Section 65 of the Texas Civil Practices and Remedies Code that requires requests for temporary restraining orders to be filed in the county in which the restrained party was domiciled, all of which points to proper venue in Harris County, Texas.  NOV ignored the mandatory venue provisions because Harris County courts do not allow *ex parte* TRO hearings.

2.    In addition, the recent Texas Supreme Court case of *In re Abbott* prohibits *ex parte* TRO proceedings like the one initiated by NOV. Texas law and NOV's own agreement require additional proof to support the need for *ex parte* proceedings.  NOV provided absolutely no evidence that an *ex parte* proceeding was warranted – instead, providing only an affidavit

1

based on improper "information and belief" statements. Therefore, the TRO should be dissolved so that the Defendants have the opportunity to be heard in the proper venue.

## II. Argument and Authorities

**A. Harris County, Not Grimes County, Is The Proper Venue For This Dispute.**

3. Harris County maintains a process requiring plaintiffs to contact opposing parties prior to TRO hearings to avoid *ex parte* hearings. NOV obviously sought to avoid the necessity of contacting the Defendants by filing this action in Grimes County in the face of two mandatory venue provisions.

4. This Motion is filed subject to Defendants' Joint Motion to Transfer Venue (the "Motion to Transfer") because the proper and mandatory venue for this dispute is Harris County, Texas. For the reasons articulated more fully in the Motion to Transfer, NOV's decision to seek the TRO in Grimes County was improper where a mandatory venue statute and a mandatory venue clause in NOV's own agreement with defendant Garza dictate that this case should be brought, if at all, in Harris County, Texas. Seeking the TRO in an improper venue merits the TRO's dissolution.

5. In brief, section 65.023 of the Texas Civil Practice and Remedies Code specifies that **a writ of injunction against a party who is a resident of Texas <u>shall</u> be tried in a district or county court in the county in which the party is domiciled**. *See* TEX. CIV. PRAC. & REM. CODE ANN. §65.023(a) (emphasis added). In this case, NOV's own Petition asserts that Garza is a resident of Harris County, and asserts no facts to support that either of the Defendants is a resident of Grimes County. Moreover, NOV asserts multiple claims against Defendants based on NOV's own Intellectual Property, Confidential Information and Non-Solicitation Agreement (the "Agreement") that contains a mandatory venue provision, expressly

2

contemplating that NOV might seek equitable relief to enforce the Agreement, and requiring such claim be brought "solely and exclusively" in Harris County, Texas:

> The interpretation, application and effect of this Agreement shall be governed by the laws of the State of Texas and the Agreement shall be binding upon my heirs, executors, administrators or other legal representatives or assigns. Any disputes and claims arising from this Agreement, apart from Company-initiated claims seeking equitable relief, fall under the purview of the Company's Employee Dispute Resolution Program ("EDR Program") and must be resolved in accordance thereto. I agree that claims not covered by the EDR Program shall be litigated solely and exclusively in the state or federal courts located in the Harris County, Texas and that such courts are convenient forums. I further submit to the personal jurisdiction of such courts for purposes of any such claims, actions or proceedings. [1]

6. Based on both the mandatory venue statute and mandatory venue provision of the Agreement, Grimes County is not the proper venue for this dispute, NOV improperly secured the TRO in Grimes County, and the TRO should be dissolved.

### B. The TRO Was Impermissibly Acquired, *Ex Parte*, Based On A Deficient Affidavit.

7. The TRO should further be dissolved because NOV improperly secured the TRO through an unjustified *ex parte* proceeding, based on a deficient affidavit, in contravention of the Texas Rules of Civil Procedure.

8. "[E]x parte hearings are disfavored in this State as a rule." *In re Abbott*, 628 S.W.3d 288, 299 (Tex. 2021) (quoting *Feldman v. Marks*, 960 S.W.2d 613, 615 (Tex. 1996)). In Texas, "[n]o temporary restraining order shall be granted without notice to the adverse party unless it ***clearly appears from specific facts shown*** by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant ***before notice can be served and a hearing had thereon***." *See* TEX. R. CIV. P. 680 (emphasis added). "Because an adversarial process is always preferable when it is possible, even in emergencies, the rules of procedure require the district court to explain, in the TRO, 'why the order was granted without notice' to the opposing party." *See In re Abbott*, 628 S.W.3d at 299 (quoting TEX. R. CIV. P.

---
[1] *See* Ex. A to Plaintiff's Petition.

680). Where proceeding *ex parte* is unjustified, the Texas Supreme Court has ordered lower courts to rescind improvidently granted temporary restraining orders. *Id.*

9. Furthermore, "[t]he necessity for a proper affidavit is particularly important where the affiant is seeking a temporary restraining order, which (if issued) will curtail a person's freedom to engage in certain conduct." *Ex Parte Rodriguez*, 568 S.W.2d 894, 897 (Tex. Civ. App.—Fort Worth 1978, no writ). "**Under [Rule 682] affidavits which are based upon 'information and belief' are insufficient.**" *Id.* (emphasis added); *Schwartz v. Travelers Ins. Companies*, No. B14-88-00614-CV, 1989 WL 81325, at *3 (Tex. Civ. App.—Houston [14th Dist.] Jul. 20, 1989, no writ) (same); *see also In re William B. Wilson Mfg. Co.*, 50 B.R. 535, 539 (Bankr. W.D. Tex. 1986) ("being based upon information and belief, the affidavit has no probative value and is the <u>same as no evidence</u>.").

10. Here, NOV secured the TRO in an *ex parte* proceeding less than two hours after the Petition and accompanying affidavit of Bradley Ortego were filed, even though Ortego's affidavit lacks the specific facts required to justify proceeding *ex parte*. Indeed, the Petition reflects that NOV only requested that the TRO "issue *ex parte*, **if necessary**" without putting forth any facts or argument as to why such disfavored and extraordinary relief might actually be necessary in this case.[2] Rather, the Petition and supporting affidavit contain only assertions of speculative fear of irreparable harm and statements made upon "information and belief," not specific facts.

11. For example, Ortega asserts in his affidavit that "[u]ntil NOV completes this review, all of NOV's information is **at risk** for Garza's use and disclosure for his benefit and **potentially** ARRAY's benefit to NOV's detriment."[3] Similarly, Ortega improperly speculates

---

[2] *See* Petition at p. 23, ¶ 74 (emphasis added).
[3] *See* Declaration of Bradley P. Ortego at p. 3, ¶ 12 (emphasis added).

4

"**on information and belief**, that GARZA has disclosed and has used, and is disclosing and is using, NOV's Confidential Information and trade secrets with ARRAY's knowledge, aid and encouragement."[4] NOV puts forth no specific facts or actual evidence of use or disclosure, and the statements asserted upon information and belief are tantamount to no evidence at all. *Schwartz*, 1989 WL 81325, at *3. Thus, there was no basis to believe that irreparable harm would occur to NOV before notice could be given to Defendants and a hearing held on NOV's request for a temporary restraining order, meaning the TRO should not have been granted via an *ex parte* proceeding.

12. This case has the same timing and insufficient evidence issues recently addressed by the Texas Supreme Court in *In re Abbott. See* 628 S.W.3d 288. In that decision, the Texas Supreme Court admonished the district court for conducting an *ex parte* hearing on a temporary restraining order based solely on the plaintiff's assertion of exigency and that the opposing attorneys could not be expected to respond in time. *Id*. The Texas Supreme Court rejected the claim of exigency where the complained-of threat had existed for nearly a month at the time the application for a temporary restraining order was filed, and found a claim that the opposing side could not be expected to respond quickly enough "entirely unconvincing." *Id*. In ordering the trial court to rescind the TRO, the Supreme Court held that "[i]t is perhaps understandable that, based solely on the self-serving presentation of one party, the district court came to see some potential merit in that party's position. It is not understandable; however, that the district court chose to base its view of the law on an *ex parte* presentation when there was no valid basis on which to refuse to hear the contrary view from the defendants." *Id.*

13. Here, and even more egregiously than in *In re Abbott*, the TRO was granted in an *ex parte* proceeding even where the Petition contains no specific facts to support – or even

---

[4] *Id*. at ¶ 13 (emphasis added).

5

4866-2098-7684.2

suggest – that providing notice to Defendants would cause irreparable harm to NOV, meaning it does not even attempt to meet Rule 680's requirements to justify proceeding *ex parte*. *See* TEX. R. CIV. P. 680. Instead, the Petition actually sets forth allegation supporting that any exigency was of NOV's own making. Specifically, the Petition states that Garza resigned his employment on April 21, 2022, and that NOV began an immediate investigation starting on April 27, 2022.[5] The Petition does not make any attempt to explain why NOV waited more than a month thereafter to file the lawsuit on June 3, 2022, or what exigency necessitated an *ex parte* proceeding within two hours of that filing. *See In re Abbott*, 628 S.W.3d at 299 (holding that, even assuming an immediate need for relief existed, proceeding *ex parte* was still improper where the plaintiff failed to provide any "compelling reason why they could not have presented their petition to the district court days or weeks earlier, which would have afforded the defendants ample time to respond.").

14. Curiously, despite no argument in support of an *ex parte* hearing in NOV's papers, the TRO submitted by NOV and entered by the Court at the *ex parte* hearing contains an unsubstantiated finding of fact that "providing notice to Defendants would encourage the behavior this Temporary Restraining Order is designed to prevent."[6] Ostensibly, this statement was included in the TRO to justify proceeding *ex parte*, but there was no "credible evidence" in the affidavit or NOV's Petition that could possibly have led the Court to make this finding. Moreover, if proceeding *ex parte* merely required a plaintiff to allege that giving notice to a defendant would permit it to continue engaging in the complained-of conduct, proceeding *ex parte* would quickly become the rule, not a highly disfavored exception.

15. The Ortega affidavit suffers from a further flaw in that, beyond building on his

---

[5] *See* Petition at p. 8, ¶ 20.
[6] *See* June 3, 2022 Temporary Restraining Order at p. 1, ¶ c.

6

speculative belief, Ortega also avers that "Garza's use and disclosure of NOV's Confidential Information is **inevitable** in the course of his work for ARRAY."[7] This assertion compounds speculation on speculation, and is further improper because the inevitable disclosure doctrine is not recognized by the Houston Court of Appeals. *See DGM Servs., Inc. v. Figueroa*, Cause No. 01-16-00186-CV, 2016 WL 7473947 at *5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2016, no pet.) (denying injunctive relief and concluding that the inevitable disclosure doctrine has not been adopted by Texas courts).[8] In sum, and even when NOV's allegations are viewed in the most favorable possible light, NOV has put forth only a subjective fear of possible use or disclosure, not the evidence of irreparable harm necessary to support an *ex parte* proceeding prior to giving Defendants notice and an opportunity to be heard.

16. For all of the reasons listed, it was improper to ask the Court to proceed *ex parte*, the TRO was improvidently granted, and the TRO should therefore be dissolved.

**C. The TRO Improperly Restricts Garza As If He Were Subject To A Non-Competition Agreement, Based Solely On The Inevitable Disclosure Doctrine.**

17. It was further improper to restrict Garza in the TRO from providing any services to Array, based solely on the inevitable disclosure doctrine that is not recognized by Texas courts. *See DGM Servs., Inc.*, 2016 WL 7473947 at *5. This restriction in the TRO, which is the equivalent of enforcing a non-competition agreement against Garza even where no such restrictive covenant exists in this case, further merits dissolution of the TRO because the restrictions are unsupported by NOV's pleading and broader than is necessary or permissible under Texas law. *Id.* (affirming denial of injunctive relief where plaintiff sought to rely on the inevitable disclosure doctrine to prove irreparable harm). For this additional reason, the TRO

---

[7] *Id.* at p. 4, ¶ 13.
[8] *See also Greenville Automatic Gas Co. v. Automatic Propane Gas & Supply LLC*, 465 S.W.3d 778, 787-88 (Tex. App.—Dallas 2015, no pet.) (refusing Greenville's contention that former employee "must have used the names and addresses of the customers" when there was no evidence of the use of confidential information).

7

should be dissolved as unsupported by NOV's pleading.

### III. Conclusion

For the foregoing reasons, Defendants Array Technologies, Inc. and Julio Garza respectfully request that the Court grant Defendants' Joint Motion to Dissolve the June 3, 2022 temporary restraining ordered entered against Defendants, and for such other and further relief, whether legal or equitable, to which Defendants may show themselves to be justly or equitably entitled.

Respectfully submitted,

FOLEY & LARDNER LLP

By: /s/ *Rachel Powitzky Steely*
   Rachel Powitzky Steely
   State Bar No. 00792770
   rsteely@foley.com
   Michael F. Ryan
   State Bar No. 24098362
   mryan@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas  77002
Tel:   (713) 276-5500
Fax:   (713) 276-5555

ATTORNEYS FOR DEFENDANT
ARRAY TECHNOLOGIES, INC.

BALCH & BINGHAM, LLP

By: /s/ *Audrey F. Momanaee*
   Audrey F. Momanaee
   State Bar No. 24055993
   amomanaee@balch.com

811 Louisiana Street, Suite 1010
Houston, Texas  77002
Tel:   (713) 362-2557

ATTORNEY FOR DEFENDANT
JULIO GARZA

8

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served by one of the means permitted by Rule 21a, including through the Clerk's electronic filing service (if applicable), by in person delivery, mail, commercial delivery service, facsimile, or e-mail on June 6, 2022 to:

Stuart W. Lapp
Bret W. Davis
Joshua A. Redelman
Stibbs & Co., P.C.
750 William D. Fitch, Suite 210
College Station, Texas 77845
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com

*Attorneys for Plaintiff*
*National Oilwell Varco, L.P.*

/s/ *Rachel Powitzky Steely*
Rachel Powitzky Steely

4866-2098-7684.2

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Ryan on behalf of Michael Ryan
Bar No. 24098362
mryan@foley.com
Envelope ID: 65180704
Status as of 6/13/2022 3:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Stuart W. Lapp | 11946100 | Slapp@stibbsco.com | 6/6/2022 11:43:43 PM | SENT |
| Foley Docketflow | | docketflow@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Bret Davis | 5462100 | bdavis@stibbsco.com | 6/6/2022 11:43:43 PM | SENT |
| Kathy Becktell | | kbecktell@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Rachel Steely | | rsteely@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Michael Ryan | | mryan@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Joshua Redelman | | jredelman@stibbsco.com | 6/6/2022 11:43:43 PM | SENT |
| Audrey Momanaee | | amomanaee@balch.com | 6/6/2022 11:43:43 PM | SENT |
| Jared Braithwaite | | JBraithwaite@foley.com | 6/6/2022 11:43:43 PM | SENT |
| Dave Wright | | DRWright@foley.com | 6/6/2022 11:43:43 PM | SENT |