UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | Civil Action No. 4:22-CV-02006 |
| § | | |
| **JULIO GARZA,** § | | |
| § | | |
| *Defendant.* § | | |

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL,
AND MOTION FOR ENTRY OF FORENSIC PROTOCOL
AND EXTENSION OF THE TEMPORARY RESTRAINING ORDER**

National Oilwell Varco, L.P. ("Varco") files its Emergency Motion to Compel Defendant Julio Garza's ("Garza") compliance with the Court's June 29, 2022 Expedited Discovery Order and respond fully and completely, **by no later than 1:00 PM on July 8, 2022**, to the interrogatories and requests for production Varco served on Garza on July 1, 2022. Varco also moves the Court to extend the June 29, 2022 Order and its associated briefing schedule by 21 days until Friday, August 19, 2022, and enter an order granting forensic examination of the accounts and devices in Defendant's possession, custody, or control which Defendant has claimed Defendant might have used while working for Varco.

**SUMMARY FOR THE NEED FOR EMERGENCY RELIEF**

1. Without Defendant Garza's consent Varco cannot obtain access to any of the electronic devices or the digital forensic images of those devices that contain Varco's confidential and trade secret information. Defendant Garza has objected to all such requests.

2. Moreover, without access to these devices, Varco has no way to verify where Defendant Garza transferred said information after Defendant Garza downloaded it from Varco's system. Accordingly, without this emergency relief, Varco will not be able to adequately prepare to take

Defendant Garza's deposition set for July 9, 2022, or obtain the evidence that Varco needs for its supplementary brief to bolster the existing evidence supporting the entry of a preliminary injunction, which is due on July 17, 2022.

## FACTUAL BACKGROUND

3. In accordance with the Court's June 29, 2022, Order mandating Varco depose Defendant Garza by no later than July 10, 2022, the parties agreed, on July 1, 2022, to take Defendant Garza's deposition on July 9, 2022. Varco's express purpose of setting Defendant Garza's deposition for July 9th was to ensure Varco had the benefit of Defendant Garza's full and complete responses to Varco's discovery. Varco's counsel relayed this to Defendant Garza's counsel multiple times during telephone conversations as Varco's counsel attempted to work around Defendant Garza's counsel's pre-booked vacation.

4. On July 1, 2022, Varco sent 14 interrogatories and 12 request for production. These interrogatories and requests sought information related to Defendant Garza's use of electronic storage devices, Defendant Garza's knowledge of his obligations to protect Varco's confidential information, Defendant Garza's training at Array and agreements with Array, and production for inspection and forensic imaging the electronic storage devices Defendant Garza provided to FTI consulting and used while Defendant Garza worked for Varco or Array Technologies, and his cloud based storage accounts.

5. On July 6, 2022, Defendant Garza responded to Varco's 14 interrogatories and 12 requests for production with numerous unfounded objections. Notably, Defendant Garza refused to grant Varco access to the very electronic storage devices that Defendant Garza represented to have used while working for Varco and which are in FTI Consulting's possession, and refused to grant Varco access to the digital forensic images that FTI consulting made of said devices. This

refusal comes on the heels of Defendant Garza's counsel's representation to the Court that Jared Trent from FTI Consulting had previously made a digital forensic image of the subject electronic device and, as Mr. Trent admitted in open court, conducted a "spot check" to see if the device contained any files. At the June 29, 2022, hearing this Court even told Defendant's counsel to turn over the file list.

6. It is apparent now that Defendant Garza does not want Varco to see what is contained on the electronic storage devices because the evidence of Defendant Garza's knowing and intentional retention and misappropriation of Varco's confidential, proprietary, and trade secret information will be overwhelming. However, despite Defendant Garza's objections, the Federal Rules entitle Varco to discovery of everything that is relevant to a claim or defense asserted in this case and, as such, Varco is entitled to review the digital trail Defendant Garza left behind. Accordingly, Varco pleads to this Court to end Defendant Garza's recalcitrance and order Defendant Garza to respond fully and completely to Varco's July 1, 2022 discovery requests and turn over for forensic examination Defendant Garza's electronic storage devices, cloud-based storage accounts, hotmail.com and gmail.com email accounts, and personal cell phone and laptop.

## ARGUMENT AND AUTHORITIES

**A. Defendant Garza Refuses to Comply with this Court's June 29, 2022 Order.**

7. On June 21, 2022, the Court entered an Order stating that "no interrogatories, requests for admission, or depositions may be set without court approval," and that the "failure to comply with this order may result in sanctions, including dismissal of the action, assessment of expenses, and prolonged tirades by the court."

8. On June 29, 2022, this Court specifically authorized the parties to engage in discovery stating the "parties are limited to 15 interrogatories and thirty requests for production" and ordered

3

that the party from whom a document is requested must produce the requested documents within five days of service of the request. The Court's June 29, 2022 Order did not make any mention of any previous discovery permitted under an expedited discovery order entered in the State Court action in Grimes County, Texas. Accordingly, and in accordance with the Court's June 29, 2022 Order, Varco served 14 Interrogatories on Defendant Garza.

9. However, rather than respond to all 14 Interrogatories as required by both the Federal Rules of Civil Procedure and this Court's June 29, 2022 Order, Defendant Garza stopped after responding to the first five Interrogatories Varco propounded on Defendant Garza. Specifically, Defendant Garza stated as follows:

> ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order. Garza objects to this request to the extent that it seeks to have Garza marshal his evidence. Further, Garza objects to this request as it seeks that Garza recite a legal conclusion.
>
> If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

**See Exhibit B, Defendant Garza's Responses to Varco's Interrogatories.** While admittedly, the Interrogatories are styled as Varco's Second Interrogatory Requests and numbered as nos. 11-24, Varco propounded only 14 interrogatory requests on Defendant Garza following the Court's entry of its June 29, 2022 Order. Thus, Defendant Garza's objection to Varco Interrogatory nos. 16 through 24 claiming Varco exceeded the number of requests – 15 – permitted under the Court's June 29, 2022 Order is nonsensical.

10. Moreover, Defendant Garza's attempted reservation of objections in case the Court grants Varco "leave to have the request responded to" is ineffective and not permitted under the Federal Rules of Civil Procedure. "As a general rule, when a party fails to object timely to interrogatories, production requests or other discovery efforts, objections thereto are waived." *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also RE/MAX Intern, Inc. v. Trendsetter Realty, LLC*,

4

2008 WL 2036816 at *5 (S.D. Tex. May 9, 2008) (The Honorable Lee Rosenthal, presiding). Accordingly, Varco respectfully requests the Court compel Defendant Garza to answer Varco interrogatory nos. 16 through 24 without objections by no later than 1:00 PM on July 8, 2022 .

> **B. Defendant Garza refuses to permit Varco to inspect and image Defendant Garza's electronic storage devices or examine the forensic images Jared Trent of FTI Consulting made of Defendant Garza's devices.**

11. Varco and Defendant Garza's counsel have worked since June 5, 2022 to agree to a digital forensic protocol. In fact, at the June 21, 2022 hearing, Defendant Garza's counsel represented to the Court that she believed, on June 10, 2022, that the parties had agreed to a final protocol, and was waiting on Varco's counsel to respond and confirm Varco's agreement. *See* **Exhibit A at 6:9-18.** Notably, that protocol provided for the forensic examination of the following devices: (1) the laptop issued to Defendant Garza by Array; (2) the mobile phone issued to Defendant Garza by Array; (3) the USB storage device that Garza used to download the information from Varco's system; and Array's email and storage system for Defendant Garza. *See* **Exhibit C, Email from Audrey Momanaee and attachment.**

12. Subsequent to Ms. Momanaee's email on June 10, 2022, Varco learned, through Defendant Garza's answers to Varco's discovery requests, that Defendant Garza used his hotmail.com email account, his personal cell phone, and the following electronic storage devices while working for NOV: (1) his personal iPhone 11; (2) a grey/blue and silver USB with slide-on lid; (3) a black and metallic flip drive; and (4) a black and dark grey USB with a slide-on lid. Accordingly, on July 1, 2022 Varco sent a revised digital forensic protocol to Defendant Garza's counsel to include those devices. *See* **Exhibit D, Email from Stuart Lapp to Audrey Momanaee and accompanying forensic protocol.** Defendant Garza's counsel did not respond other than to point out a scrivener's error.

13.     At the June 29, 2022 hearing, Defendant Garza's counsel represented to the Court that all of the devices that might contain Varco's confidential information were in the possession of Jared Trent of FTI Consulting. Moreover, Jared Trent of FTI Consulting represented that he had forensically imaged at least one of the devices and performed a "spot check" and determined there were files on the subject device. In response, the Court suggested that Trent turn over the file listing to Varco's counsel. Apparently, the Court's suggestion fell on deaf ears because Defendant Garza never produced a file listing or forensic image of the USB Device in Trent's possession.

14.     On July 1, 2022, following this Court's order permitting Varco to propound 30 requests for production on Defendant Garza, Varco requested the devices and their forensic images, if any. *See* **Exhibit E, Defendant Garza's Responses to Varco's Second Request for Production.** Specifically, in request nos. 15 through 21, Varco requested either Defendant Garza produce for inspection and digital forensic imaging or the digital forensic image itself for the following devices and accounts:

(1) Defendant Garza's personal iPhone 11,
(2) the grey/blue and silver USB with slide-on lid,
(3) the black and metallic flip drive, the black and dark grey USB with a slide-on lid,
(4) Defendant Garza's Array Technologies issued laptop and cell phone; and
(5) Defendant Garza's cloud-based storage accounts and hotmail.com and gmail.com email accounts.

Varco also sent a revised forensic protocol to image the devices it requested in Varco's request nos. 15 through 21. A copy of the proposed forensic protocol is attached as **Exhibit D.**

15.     On July 6, 2022, rather than produce the devices for inspection and forensic imaging – to be conducted in accordance with the steps outlined in the proposed forensic protocol that Varco sent on July 1, 2022 – Defendant Garza objected to Varco's requests nos. 15 through 21. **Exhibit E.** Notably, request No. 15 requested only the devices and forensic images of said devices that

Defendant Garza relinquished to Jared Trent of FTI Consulting. Moreover, request Nos. 19 and 21 requested the Defendant Garza's Array Technologies issued laptop and cell phone – devices which Defendant Garza agreed to have forensically imaged and examined back on June 10, 2022. **See Exhibit A, at 6:9-19.**

16. Importantly all these devices – Defendant Garza's personal iPhone 11, the grey/blue and silver USB with slide-on lid, the black and metallic flip drive, the black and dark grey USB with a slide-on lid, Defendant Garza's Array Technologies issued laptop and cell phone – are devices that Defendant Garza admits to having used while working for NOV or Array Technologies. **See Exhibit B at p. 4.** That is, all these devices *likely* contain Varco's confidential information and, collectively, these devices contain the digital evidence that Varco needs to determine the extent of the damage caused by Defendant Garza's wrongful retention and misappropriation of Varco's confidential, proprietary, and trade secret information.

   1. **All of Defendant Garza's objections can be cured with the proposed forensic protocol, which Varco proposed on July 1, 2022 at the same time it sent discovery requests.**

17. The crux of Defendant Garza's objection to Varco's request to inspect the devices identified *supra* boils down to Defendant Garza's privacy concerns. Defendant Garza cites cases where courts have refused to grant direct access to a defendant's electronic devices. In those cases, the court refused to grant direct access unless a third-party forensic expert examined the devices, *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2007), or when direct access to the devices raised a significant risk of the requesting party discovering confidential and private information unrelated to the litigation, *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015).

18. However, the cases Defendant Garza cites are inapplicable because Varco is proposing that a third-party forensic expert – Pathway Forensics, a digital forensics company that comes highly

7

recommended and whom Stibbs & Co P.C. has never retained – examine the devices. *See* **Exhibit D.** Moreover, as demonstrated in the attached forensic protocol, which Varco sent to Defendant Garza on July 1, 2022, Pathway Forensics would forensically image all the devices identified *supra* and examine the digital forensic image in the following manner:

(1) PATHWAY will forensically image the [device] and conduct a search of the electronic files of the [device] using the Search Terms and the File Names on or before [insert date].

(2) PATHWAY will produce a file list and a copy of all files located during PATHWAY's search of the [device] to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel will designate each file that is a Garza or Array file as Personal, Confidential or Highly Confidential – Attorney's Eyes Only.

(3) Within two calendar days from Defendant's counsel's designation, PATHWAY shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, PATHWAY located during PATHWAY's search

*See* **Exhibit D.**

19.     Varco previously produced to Defendant Garza a list of search terms, a copy of which is attached to this motion as **Exhibit G**, and the File Names identified are the file names shown on Exhibit C to Varco's Original Petition. As is clear from the proposed forensic protocol, there is simply no threat to Defendant Garza's privacy or threat of disclosure of interested party Array Technologies' confidential or trade secret information. Moreover, there is no risk that Pathway Forensic will locate a file that is unrelated to this action because Pathway Forensics will produce *only* the files that return a positive hit to the search terms or file names. Thus, the case cited in support of Defendant Garza's objections are wholly inapplicable.

20.     Simply put, this is a trade secret case and the information necessary to show the exfiltration of Varco's data is contained *only* on the devices and obtainable *only* through a digital forensic examination of those devices. **Exhibit F, Declaration from Luiz Osborn**. Because Varco's discovery request is narrowly tailored to serve this purpose, Varco is entitled to this information and Varco requests the Court overrule Defendant Garza's unfounded objections.

2. **Varco is entitled to the forensic examination of Defendant Garza's devices because Defendant Garza has repeatedly failed to comply with his discovery obligations and has mislead counsel for Varco and this Court.**

   a. **The allegations and evidence in the record before the Court entitles Varco to direct access to Defendant Garza's devices, email accounts, and Array Technologies issued laptop**

21.  "It is not unusual for a court to enter an order requiring the mirror imaging of the hard drives of any computers that contain documents responsive to an opposing party's request for production of documents." *Balboa Threadworks, Inc. v. Stucky*, Case No. 05-1157-JTM-DWB, 2006 WL 763668, at *7 (D. Kan. March 24, 2006). Indeed, "federal courts have been more likely to order direct access to a responding party's electronic storage devices when there is some direct relationship between the electronic storage device and the claim itself." *In re Weekly Homes, L.P.*, 295 S.W.3d 309, 318 (Tex. 2009) citing *Cenveo Corp. v. Slater*, No. 06-CV-2632, 2007 WL 4428387, at *2 (E.D. Penn. Feb. 2, 2007), *Frees, Inc. v. McMillian*, Civ. Act. No. 05-1979, 2007 WL 184889 at *3 (E.D. La. Jan. 22, 2007), *Ameriwood Indus., Inc. v. Liberman*, No. 4:06-CV-524-DJS, 2006 WL 3825291, at *1 (E.D. Mo. Dec. 27, 2006), and *Balboa Threadworks, Inc.*, 2006 WL 763668, at *4.

22.  Similarly, in this division in *M-I LLC v. Stelly*, Civ. Act. No. H-09-1552, 2011 WL 12896025 at *5 (S.D. Tex. Nov. 21, 2011) (The Honorable Keith Ellison, presiding), Judge Ellison permitted a plaintiff to forensically image and examine said digital forensic images of computers and devices after the plaintiff presented sufficient information showing the defendant transferred the plaintiff's confidential information to defendant's electronic storage devices. *Id.* As is clear from Defendant Garza's response to Varco's interrogatories, Defendant Garza has admitted to plugging two electronic storage devices into Defendant Garza's Array Technologies issued laptop.

> To the best of my recollection, the only electronic storage devices which I plugged into the computer which Array provided to me, are: (i) that electronic storage device currently in the custody of Array's counsel described as a black and dark grey USB with a slide-on lid, and (ii) that electronic storage device currently in the custody of my counsel described as a grey/blue and silver USB with snap-on lid (has "Stress Engineering Services" label).

*See* **Exhibit H, Defendant Garza's responses to Varco's state court interrogatory requests.**

23. This means, that the record currently before the Court is as follows: (1) Defendant Garza used his personal iPhone 11, three USB Storage Devices, and his hotmail.com email account to perform work for Varco, *See* **Exhibit B** (2) Defendant Garza used a USB Device to download approximately 94 files, most of which Varco alleges contain confidential and trade secret information *See* **Exhibit C to Plaintiff's Original Petition**; (3) Defendant Garza then took the very same device Defendant Garza used to download information from Varco's system and an additional USB device that Defendant Garza used while working for Varco and plugged those devices into Defendant Garza's Array Technologies issued laptop *See* **Exhibit H**; and (4) Array Technologies admitted to having located in its system at least one of the files Varco listed in Exhibit C to Varco's Original Petition, *See* **Exhibit A at 12:5-13** .

24. Accordingly, at the very least, Varco is entitled to the forensic imaging and examination of the two electronic storage devices identified below, Defendant Garza's hotmail.com email account, ***and*** Defendant Garza's Array Technologies issued laptop. *C.f. M-I LLC*, 2011 WL 1286025, at *5 (The Honorable Keith Ellison, presiding).

      **b. Defendant Garza failure to comply with his discovery obligations necessitates that Varco forensically image and examine his devices and accounts.**

25. As shown *infra*, Defendant Garza has, in the past month, made several incomplete and inconsistent responses to Varco's discovery requests and informal inquiries regarding Defendant Garza's employment status with Array Technologies. Most concerning to Varco, however, is

10

Defendant Garza's incomplete and inconsistent responses regarding Defendant Garza's use of his hotmail.com email account, and Defendant Garza's incomplete and inconsistent responses regarding which electronic storage devices Defendant Garza used while working at Varco and which contain Varco's confidential and trade secret information. *See Jacobson v. Starbucks Coffee Co.*, 2006 WL 3146349, at *8 (D. Kan. Oct. 31, 2005) (Although noting that "production of a computer for inspection is unusual," finding that the record "reflects a history of incomplete and inconsistent responses to plaintiff's production requests" permits the production of the defendant's electronic storage devices.)

26. Specifically, Defendant Garza has made the following misstatement of facts:

**Defendant Garza's Misstatement of Facts to Date[1]**

**Misstatement of Fact #1 – Defendant Garza Did Not Use His Personal Email Account for Work at Varco**

> REQUEST FOR PRODUCTION NO. 3: Produce all communications between You and any Person that is not Your attorney or an NOV or Defendant Array employee between January 1, 2022 through the date of trial mentioning the following words or phrases: "NOV, NOV Rig Technologies, National Oilwell Varco,"," "leave or leave of absence," "bonus," "salary," "money," "work," "Array or Array Technologies," "Tempe," "Navasota," "Houston," "document(s)," "confidential," "proprietary," "STC," "solar array," "solar tracking," "solar racking or racking," "CPP or CPP Inc.," "tracker or tracker study," "CFD" "wind tunnel," "balance of system or balance of system costs," "1P or 1IP or one in portrait", "2P or 2IP or two in portrait," "winch," "bloom," "butterfly," "prototype," "STC or Springett Technology Center," "purlin," "sunlink or sun link," "corosolar," "geopro," "techtrack," "ambertrack," "cost or costs," "confidential," "secret," "proprietary," "modify or change," and "weight or weights."

"One of the discovery requests that Varco sent to Mr. Garza was to run searches of his – of ever – well, I could find the request; but anyway they asked to run searches for 58 terms, 58 search terms. I personally ran those searches. I personally have looked at this email account…"

"But I personally went through Mr. Garza's email. That's what I produced from it. He did use his email for personal reasons. He did not use it for work. I looked at it. I'll just say that."

*See* **Exhibit A, Transcript of June 21, 2022 Hearing** at 23:1-7,17-21.

---

[1] "Oh, what a tangled web we weave, when first we practice to deceive!" Sir Walter Scott, 1808.

11

27.     In response to Request for Production No. 3, Defendant Garza produced two emails from Defendant Garza's hotmail.com email account. Following the hearing, Varco's counsel requested Varco to run a search of Defendant Garza's Varco email account, using the search terms listed above, to determine if Varco could find any other emails Defendant Garza sent to his hotmail.com email account that Defendant Garza's counsel represented to the Court was used for "personal reasons." Much to Varco's surprise, Varco located five additional emails. *See* **Exhibit I, Five Emails Defendant Garza Sent to Hotmail.Com Email Account.**

28.     Contrary to Defendant Garza's characterization of Defendant Garza's use of his purported "personal email" accounts, Defendant Garza used his personal emails for work. Moreover, Defendant Garza's counsel's search of Defendant Garza's purported email was clearly not thorough.

**Misstatement of Fact #2 – Defendant Garza Is Out of Work and Cannot Provide for His Family**

> "They want Mr. Garza to remain out of work for another two weeks. He's already been out of work since June 3rd…"
>
> "But they want this injunction in place, this TRO, to keep him out of work; and it's improper under Texas law, Your Honor…"
>
> "They just want to keep him out of work, Your Honor; and that's improper…"

*See* **Exhibit A, Transcript of June 21, 2022 Hearing** at 23:1-7,17-21.

29.     Contrary to Defendant Garza's characterization of Defendant Garza being "out of work," Mr. Garza is very much gainfully employed as a Senior Solar Engineer at Array Technologies, Inc. In fact, as Defendant Garza admitted in his July 6, 2022 responses to Varco's Interrogatory No. 2, Defendant Garza is on **paid administrative leave.**

> INTERROGATORY NO. 12: Identify the terms and conditions of your administrative leave from Array Technologies, Inc.
>
> ANSWER: Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules. In particular, the terms of Garza's administrative leave from Array is irrelevant to the claims and defenses in this case and as such, the production of such information is not proportional to the needs of the case, given the issues at stake in the action, the parties' resources, and the importance of the discovery in resolving the issues. Subject to and without waiving such objections, Garza responds as follows:
>
> I am currently on administrative leave. I received the document produced herewith and identified as GARZA_000200 pertaining to my administrative leave.

*See* **Exhibit B.**

That is, despite Defendant Garza's counsel's emotional appeal about Defendant Garza moving his family to Arizona for his job at Array, and the claim that Defendant Garza "does not make a ton of money," even though Defendant Garza makes $125,000 per year[2], Defendant Garza can very much provide for his family.

30.    Moreover, Defendant Garza's claim that the harm that would result from granting an injunction would "chill" his ability to work and provide for his family rings hollow. As stated *supra*, Defendant Garza is on **paid administrative leave,** and based on his non-disclosure of any other terms means that Defendant Garza has no evidence Array Technologies will fire Defendant Garza if the Court grants a preliminary injunction against Defendant Garza. His claim is nothing but pure speculation. Thus, there is no "chilling effect" an injunction restricting Defendant Garza from using Varco's confidential information could possibly have on Defendant Garza's employment.

---

[2] The median household income in Arizona is $61,529. The median household income in Tempe, Arizona, where Defendant Garza lives, is $61,290. The average household income is $79,039.

*See* https://www.census.gov/quickfacts/fact/table/AZ/HCN010217 and *https://www.incomebyzipcode.com/arizona* last visited on July 7, 2022.

13

**C.     Defendant Garza's Objections to Varco's Interrogatory No. 12 and Request for Production Nos. 23 through 27 are unfounded and improper boilerplate objections**

31.     The Fifth Circuit requires that "the party resisting discovery must show specifically how each request is not relevant or how each question is overly broad, burdensome or oppressive." *McCleod, Alexander, Powel & Apfel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (cleaned up). "The burden is on the party who opposes its opponent's request for production to show ***specifically*** how each request is not relevant or who each request is overly broad, burdensome or oppressive." *S.E.C. v. Brady*, 238 F.R.D. 429, 436 (N.D. Tex. 2006). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014).

32.     In response to Varco's Interrogatory No. 12 and Varco's Request for Production Nos. 23 through 27, Defendant Garza objected stating

> Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules. In particular, the [insert information requested] is irrelevant to the claims and defenses in this case and as such, the production of such information would not be proportional to the needs of the case, given the issues at stake in the action, the parties' resources, and the importance of the discovery in resolving the issues.

*See* **Exhibit B and Exhibit E.**

33.     Notably, Defendant Garza's objections are nothing more than a carbon copy of the language listed in Fed. R. Civ. P. 26(b)(1). In clear violation of his discovery obligations, Defendant Garza provides no explanation as to how the information is not relevant to a claim or defense asserted in this case or why the information sought is not proportional to the needs of the case. *C.f. City of Dallas*, at 490-491. Moreover, the information sought is certainly relevant to the claims and defenses asserted in this case.

34. Specifically, interrogatory No. 12 and request for production No. 23 request information regarding Defendant Garza's employment status at Array Technologies. Defendant Garza made this inquiry relevant when his counsel argued that granting an injunction would have a chilling effect on Defendant Garza ability to work. This information is also relevant because it requests information Varco needs to show that Defendant Garza's threat to Varco is imminent. Request for Production Nos. 24 through 26 request information regarding Defendant Garza's job duties at Array Technologies and the representations Defendant Garza made to Array Technologies regarding the information Defendant Garza downloaded from Varco. Again, the information requested by these requests is directly relevant to the harm Defendant Garza poses to Varco if Defendant Garza returns to work and uses Varco's confidential information.

35. Thus, Defendant Garza's objections are unsupported boilerplate objections and simply incorrect. Accordingly, Varco respectfully requests the Court compel Defendant Garza to answer fully and completely, without objection, Varco's interrogatory No. 12 and Varco's requests for production Nos. 23 through 27.

## REQUESTED EMERGENCY RELIEF

36. Through his dilatory tactics and abuse of the discovery process, Defendant Garza has frustrated the purpose of the Court's June 29, 2022 Order granting expedited discovery to discovery facts and elicit testimony Varco needs bolster the existing record and obtain a preliminary injunction against Defendant Garza. As stated *supra*, without the relief requested herein, Varco will not be able to adequately prepare to take Defendant Garza's deposition set for July 9, 2022, or obtain the evidence that Varco needs for its supplementary brief in support of a preliminary injunction, which is due on July 17, 2022.

37. Accordingly, Varco respectfully requests the following relief:

a. Order Defendant Garza to respond fully and completely, without objection, to Varco's interrogatories Nos. 12 and 15 through 24 and Varco's requests for productions Nos. 23 through 27 by no later than 1:00 PM on July 8, 2022;

b. Extend the June 29, 2022 order and its associated briefing schedule by 21 days until Friday, August 19, 2022;

c. Enter an order granting forensic examination of the following accounts and devices: (1) the three USB devices Defendant Garza identified, (2) Defendant Garza's personal iPhone11; (3) Defendant Garza's hotmail.com email account, (4) Defendant Garza's Array Technologies issued laptop.

## PRAYER

Plaintiff Varco respectfully prays that the Court grant its Emergency Motion and award any other relief to which NOV may be entitled.

Respectfully submitted,

**STIBBS & CO., P.C.**

/s/ *Stuart W. Lapp*
Stuart W. Lapp
State Bar No. 11946100
slapp@stibbsco.com
Bret W. Davis
State Bar No. 05462100
bdavis@stibbsco.com
Joshua A. Redelman
State Bar No. 24099269
jredelman@stibbsco.com
750 William D. Fitch Pkwy.
Suite 210
College Station, Texas 77845
Telephone: (281) 367-2222

**ATTORNEYS FOR PLAINTIFFS NATIONAL OILWELL VARCO, LP**

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of *Plaintiff's Emergency Motion to Compel, Entry of a Forensic Protocol, and Extension of the Temporary Restraining Order* on counsel of record on July 7, 2022, through the ECF filing system, as follows.

Audrey F. Momanaee
amomanaee@balch.com
**BALCH & BINGHAM, LLP**
811 Louisiana St., Suite 1010
Houston, Texas 77002

**ATTORNEY FOR DEFENDANT JULIO GARZA**

*/s/ Stuart W. Lapp*
Stuart W. Lapp

## CERTIFICATE OF CONFERENCE

Due to the emergency nature of this filing counsel for NOV was unable to confer with counsel for Defendant Garza prior to filing this Motion.

*/s/ Stuart W. Lapp*
Stuart W. Lapp