# Tracy Sebesta

| | |
|---|---|
| **From:** | Stuart Lapp |
| **Sent:** | Friday, July 1, 2022 2:15 PM |
| **To:** | amomanaee@balch.com; rbaxley@balch.com |
| **Cc:** | Josh Redelman; Bret Davis; Tracy Sebesta |
| **Subject:** | NOV v. Garza (2151.013) |
| **Attachments:** | 2022.07.01_SAC Edit Final Offer and Negotiation - Proposed Framework(15600863.1).docx |

Audrey:

Per our discussion, please see the attached proposal.

**Stuart W. Lapp**
*Managing Partner*
**Stibbs & Co., P.C., Attorneys**
819 Crossbridge Dr., Spring, Texas 77373
**P:** 281-367-2222  **F:** 281-681-2330
**D:** 281-323-6040  **C:** 713-416-6233

slapp@stibbsco.com | www.stibbsco.com





 Please consider the environment before printing this e-mail

**Stibbs & Co. team members are intentionally copied on this email. Please "reply all" to all such team members. Failure to do so may cause delay.**

IMPORTANT/CONFIDENTIAL:  This transmission from the law firm of Stibbs & Co., P.C. is intended only for the use of the addresses shown.  It contains information that may be privileged, confidential, and/or exempt from disclosure under applicable law.  If you are not the intended recipient of this transmission, you are hereby notified that the copying, use, or distribution of any information or materials transmitted herewith is strictly prohibited.  If you have received this e-mail by mistake, please immediately respond to this e-mail to notify the sender.

**EXHIBIT D**

Protocol for Forensic Examination of Devices

The purpose of this protocol (the "Protocol") is to set out the provisions governing the imaging, searching for, and delivery, of documents, data, files, and other information obtained from Julio Garza's devices.

1) The Forensic Vendor will be Pathway Forensics ("PATHWAY")

2) The "Search Terms" referenced throughout are those terms on Exhibit 1 hereto;

3) The "File Names" referenced throughout are those file paths on Exhibit 2 hereto;

4) To the extent that disputes arise with respect to carrying out the terms of this Protocol, the Parties shall meet and confer in an effort to resolve those disputes. The existence of one or more disputes shall not be grounds to change or defer the timetables set forth herein.

5) The USB electronic storage devices.

   a. If not already in the possession of FTI, Garza will turn over following devices (collectively, the "USB Drives") to FTI who will turn the devices over to PATHWAY for forensic preservation and searching as set forth herein on or before 6/24/2022:

      i. a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label);

      ii. a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label); and

      iii. a black and dark grey USB with a slide-on lid (the "Subject Device").

   **Commented [JR1]:** Dates are highlighted because they need adjusted to reflect new dates.

   b. PATHWAY will forensically image the USB Drives and conduct a search of the electronic files on each of the USB Drives for the Search Terms and the File Names on or before June 29, 2022.

   c. PATHWAY will produce a file list and a copy of all files located during PATHWAY's search of the USB Drives to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel will designate each file that is a Garza or Array file as Personal, Confidential or Highly Confidential – Attorney's Eyes Only.

   d. Within two calendar days from Defendant's counsel's designation, PATHWAY shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, PATHWAY located during PATHWAY's search.

    e. The parties will confer in good faith regarding further steps or destruction of information, if any.

6) Personal iPhone 11 ("Personal iPhone").

    a. Garza has turned over his Personal iPhone 11 to FTI and it remains in FTI's possession;

    b. FTI will immediately turn over the Personal iPhone 11 to Pathway.

    c. PATHWAY will forensically image the Personal iPhone and conduct a search of the electronic files of the Personal iPhone using the Search Terms and the File Names on or before June 29, 2022.

    d. PATHWAY will produce a file list and a copy of all files located during PATHWAY's search of the Personal Phones to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel will designate each file that is a Garza or Array file as Personal, Confidential or Highly Confidential – Attorney's Eyes Only.

    e. Within two calendar days from Defendant's counsel's designation, PATHWAY shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, PATHWAY located during PATHWAY's search.

    f. The parties will confer in good faith regarding further steps or destruction of information, if any.

7) Array Cell Phone ("Array Phone").

    a. Garza has turned over his Array Phone to Array's counsel and it remains in Array's counsel's possession;

    b. Array's counsel will immediately turn over the Array Phone to Pathway.

    c. PATHWAY will forensically image the Array Phone and conduct a search of the electronic files of the Array Phone using the Search Terms and the File Names on or before June 29, 2022.

    d. PATHWAY will produce a file list and a copy of all files located during PATHWAY's search of the Array Phone to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel will designate each file that is a Garza or Array file as Personal, Confidential or Highly Confidential – Attorney's Eyes Only.

    e. Within two calendar days from Defendant's counsel's designation, PATHWAY shall produce to NOV's counsel a file list and a copy of all files, except copies of

   the files designated as Personal, PATHWAY located during PATHWAY's search.

  f. The parties will confer in good faith regarding further steps or destruction of information, if any.

8) Asus Personal Laptop ("Personal Computer").

  a. Garza has turned over his Personal Computer to FTI and it remains in FTI's possession;

  b. FTI will immediately turn over the Personal Computer to Pathway.

  c. On or before June 29, 2022, PATHWAY will examine user activity artifacts (LNK files, Jump Lists, Shell Bags, UserAssist, MRU Records, etc.) on Garza's Personal Computer to confirm whether the Subject Device was attached to the Personal Computer after April 1, 2022.

  d. If PATHWAY does not determine from its examination in (a) that the Subject Device was attached to the Personal Computer after April 1, 2022, then PATHWAY will conduct no further searches on the Personal Computer.

  e. If PATHWAY determines from its examination in (a) that the Subject Device was attached to the Personal Computer after April 1, 2022, then PATHWAY will conduct a search of the user-created electronic files using the Search Terms and File Names on or before June 29, 2022..

  f. PATHWAY will produce a file list and a copy of all files located during PATHWAY's search of the Personal Computer to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel will designate each file that is a Garza or Array file as Personal, Confidential or Highly Confidential – Attorney's Eyes Only.

  g. Within two calendar days from Defendant's counsel's designation, PATHWAY shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, PATHWAY located during PATHWAY's search.

  h. The parties will confer in good faith regarding further steps or destruction of information, if any.

9) Array Technologies Issued Laptop ("Array Computer").

  a. Garza has turned over his Array Phone to Array's counsel and it remains in Array's counsel's possession;

  b. Array's counsel will immediately turn over the Array Phone to Pathway.

    c. On or before June 29, 2022, PATHWAY will examine user activity artifacts (LNK files, Jump Lists, Shell Bags, UserAssist, MRU Records, etc.) on Garza's Personal Computer to confirm whether the Subject Device was attached to the Personal Computer after April 1, 2022.

    d. If PATHWAY does not determine from its examination in (a) that the Subject Device was attached to the Array Computer after April 26, 2022, then PATHWAY will conduct no further searches on the Array Computer.

    e. If PATHWAY determines from its examination in (a) that the Subject Device was attached to the Personal Computer after April 26, 2022, then PATHWAY will conduct a search of the user-created electronic files using the Search Terms and File Names on or before June 29, 2022..

    f. PATHWAY will produce a file list and a copy of all files located during PATHWAY's search of the Array Computer to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel will designate each file that is a Garza or Array file as Personal, Confidential or Highly Confidential – Attorney's Eyes Only.

    g. Within two calendar days from Defendant's counsel's designation, PATHWAY shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, PATHWAY located during PATHWAY's search.

    h. The parties will confer in good faith regarding further steps or destruction of information, if any.

10) Hotmail.com and Gmail.com accounts.

    a. On or before June 29, 2022, PATHWAY will forensically preserve and conduct a search Garza's personal Hotmail.com and Gmail.com email for NOV documents using the Search Terms and the File Names.

    b. PATHWAY will produce a file list and a copy of all emails located during PATHWAY's search of the Hotmail.com and Gmail.com account to Defendant's counsel. Within three calendar days of the search, Defendant's counsel will designate each file as Personal, Confidential, or Highly Confidential – Attorney's Eyes Only.

    c. Within two calendar days from Defendant's counsel's designation, PATHWAY shall produce to NOV's counsel a file list and a copy of all email, except copies of the emails designated as Personal, PATHWAY located during PATHWAY's search.

    d. The parties will confer in good faith regarding further steps or destruction of information, if any.

11) Dropbox, iCloud, and WhatsApp ("Electronic Storage Accounts").

    a. On or before June 29, 2022, PATHWAY will forensically preserve and conduct a search Garza's personal Electronic Storage Accounts for NOV documents using the Search Terms and the File Names.

    b. PATHWAY will produce a file list and a copy of all files located during PATHWAY's search of the Electronic Storage Accounts to Defendant's counsel. Within three calendar days of receipt of the file list and files, Defendant's counsel will designate each file that is a Garza or Array file as Personal, Confidential, or Highly Confidential – Attorney's Eyes Only.

    c. Within two calendar days from Defendant's counsel's designation, PATHWAY shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, PATHWAY located during PATHWAY's search.

    d. The parties will confer in good faith regarding further steps or destruction of information, if any.

12) The parties agree that all Motions to Seal documents are unopposed. Likewise, the parties agree that NOV claiming a particular document or documents contains trade secret or confidential information for the purposes of a Motion to Seal shall not be dispositive of the legal nature of such document and shall not prejudice Defendant's ability to challenge NOV's designation.

13) Nothing shall prevent PATHWAY from delivering examination results on a rolling basis.