UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL OILWELL VARCO, L.P.<br><br>  Plaintiff,<br><br>v.<br><br>JULIO C. GARZA<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 4:22-CV-02006<br>§<br>§<br>§<br>§<br>§ |

<u>JULIO GARZA'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION</u>

TO:   National Oilwell Varco, L.P., by and through its attorneys of record, Stuart W. Lapp, Bret W. Davis and Joshua A. Redelman, Stibbs & Co., P.C., 750 William D. Finch, Suite 210, College Station, Texas 77845.

Defendant Julio Garza, pursuant to the Federal Rules of Civil Procedure and the Expedited Discovery Order, dated June 29, 2022 (Dkt. 24) entered in this case, responds to Plaintiff's Second Requests for Production by National Oilwell Varco, L.P. ("<u>NOV</u>").  Garza is making a production of responsive documents concurrent with the service of this Response, and will supplement with further production of documents in accordance with the Rules.

Respectfully submitted,

BALCH & BINGHAM LLP

/s/ *Audrey F. Momanaee*
Audrey F. Momanaee
amomanaee@balch.com
Texas Bar No. 24055993
811 Louisiana St., Suite 1010
Houston, Texas 77002
Telephone: 713-362-2557

ATTORNEY FOR DEFENDANT
JULIO C. GARZA

EXHIBIT E

CERTIFICATE OF SERVICE

  I certify that I served a true and correct copy of the foregoing on counsel of record on July 6, 2022, via email.

Stuart W. Lapp
Joshua A. Redelman
Bret W. Davis
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com
STIBBS & Co., P.C.
750 William D. Fitch Pkwy Suite 210
College Station, Texas 77845

ATTORNEY FOR PLAINTIFFS
NATIONAL OILWELL VARCO, LP

         /s/ *Audrey F. Momanaee*
         Audrey F. Momanaee

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Garza objects to the Instructions included in Plaintiff's Second Requests for Production to the extent that they exceed the requirements of the applicable Rules of Civil Procedure. Garza will comply with the applicable Rules in providing his responses to the Plaintiff's Second Requests for Production.

Garza objects to the definition provided by Plaintiff of the term "Array" in that it is overly broad and confusing and renders requests containing such term overly broad. Specifically, Garza objects to the use of the term "Array" to include "all other persons… employing Defendant Julio C. Garza." In responding to these requests, Garza will apply the definition of Array as he understands it.

Garza objects to the definitions provided by Plaintiff of the terms "Document," "Electronic or magnetic data," "relate," "concern," "explain," "identify," and "describe," as such definitions are overly broad and would render the requests unduly burdensome, and in that such definitions would cause the requests to exceed the requirements of the applicable Rules of Civil Procedure.

GARZA'S RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 15: Produce for inspection and copying each digital forensic image FTI Consulting made for each device identified on GARZA_000193 to GARZA_000199.

>    RESPONSE:  Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules.  Specifically, there is no basis for the inspection and copying of each digital forensic image that FTI Consulting made for each device identified on GARZA_000193-199 as many of such devices were collected out of an abundance of caution under the terms of an improperly entered forensic order that was reversed by this Court, and not because the documents and information contained thereon have any relation to the claims and defenses of this case.  Further, the request for inspection and copying of forensic images is intrusive and harassing, overly burdensome and overly broad.  *See Carlson v. Lapuszynski*, 2011 WL 613513 at * 2 (W.D. Tex. Feb. 15, 2011) (holding that the plaintiff "failed to demonstrate that [the] request [was] sufficiently likely to result in discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records . . . [and] requiring their production would be unreasonable and unduly burdensome, and potentially harassing"); *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) ("The Defendant, citing invasion of privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. . . . In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit."); *Areizaga v. ADW Corp.*, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request"); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) ("The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."); *John B. v. Goetz*, 531 F.3d 448, 457–58 (6th Cir. 2008) (noting that "imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [ ] litigation"); *Salazar v. Bocanegra*, 2012 WL 12893938, at *2 (D.N.M. July 27, 2012) (noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses).  Finally, this request does not properly identify the requested documents with sufficient specificity as required by the Rules, but amounts to an improper fishing expedition.  *See, e.g.*, *Benge v. Highgate Holdings*, 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011) (holding that a third-party request for a party's entire phone records instead of records relating directly to individuals plaintiff had testified as to contacting was an unduly burdensome fishing expedition); *Nunn v. State Farm Mut. Auto. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding that discovery seeking all phone records should be limited to phone calls discussed in deposition and that information about any other phone calls would merely be a "fishing expedition").

REQUEST FOR PRODUCTION NO. 16: Produce for inspection and digital forensic imaging each device identified on GARZA_000193 to GARZA_000199.

>RESPONSE: Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules. Specifically, there is no basis for the inspection and copying of each device identified on GARZA_000193-199 as many of such devices were collected out of an abundance of caution under the terms of an overly broad forensic order that was reversed by this Court, and not because the documents and information contained thereon have any relation to the claims and defenses of this case. Further, the request for inspection and copying of forensic images is intrusive and harassing, unduly burdensome and overly broad. *See Carlson v. Lapuszynski*, 2011 WL 613513 at * 2 (W.D. Tex. Feb. 15, 2011) (holding that the plaintiff "failed to demonstrate that [the] request [was] sufficiently likely to result in discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records . . . [and] requiring their production would be unreasonable and unduly burdensome, and potentially harassing"); *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) ("The Defendant, citing invasion of privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. . . . In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit."); *Areizaga v. ADW Corp.*, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request"); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) ("The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."); *John B. v. Goetz*, 531 F.3d 448, 457–58 (6th Cir. 2008) (noting that "imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [ ] litigation"); *Salazar v. Bocanegra*, 2012 WL 12893938, at *2 (D.N.M. July 27, 2012) (noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses). Finally, this request does not properly identify the requested documents with sufficient specificity as required by the Rules, but amounts to an improper fishing expedition. *See, e.g.*, *Benge v. Highgate Holdings*, 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011) (holding that a third-party request for a party's entire phone records instead of records relating directly to individuals plaintiff had testified as to contacting was an unduly burdensome fishing expedition); *Nunn v. State Farm Mut. Auto. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding that discovery seeking all phone records should be limited to phone calls discussed in deposition and that information about any other phone calls would merely be a "fishing expedition").

REQUEST FOR PRODUCTION NO. 17: Produce for inspection and digital forensic imaging Defendant Garza's Asus laptop previously identified by Defendant Garza's counsel.

>RESPONSE: Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules. Specifically, there is no basis for the inspection and copying of Garza's personal computer, the request for which is intrusive and harassing, unduly burdensome and overly broad. *See Carlson v. Lapuszynski*, 2011 WL 613513 at * 2 (W.D. Tex. Feb. 15, 2011) (holding that the plaintiff "failed to demonstrate that [the] request [was] sufficiently likely to result in discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records . . . [and] requiring their production would be unreasonable and unduly burdensome, and potentially harassing"); *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) ("The Defendant, citing invasion of privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. . . . In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit."); *Areizaga v. ADW Corp.*, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request"); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) ("The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."); *John B. v. Goetz*, 531 F.3d 448, 457–58 (6th Cir. 2008) (noting that "imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [ ] litigation"); *Salazar v. Bocanegra*, 2012 WL 12893938, at *2 (D.N.M. July 27, 2012) (noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses). Garza's personal laptop is used exclusively for personal purposes. Finally, this request does not properly identify the requested documents with sufficient specificity as required by the Rules, but amounts to an improper fishing expedition. *See, e.g.*, *Benge v. Highgate Holdings*, 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011) (holding that a third-party request for a party's entire phone records instead of records relating directly to individuals plaintiff had testified as to contacting was an unduly burdensome fishing expedition); *Nunn v. State Farm Mut. Auto. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding that discovery seeking all phone records should be limited to phone calls discussed in deposition and that information about any other phone calls would merely be a "fishing expedition").

<u>REQUEST FOR PRODUCTION NO. 18</u>: Produce for inspection and copying the digital forensic image of Defendant Garza's Asus laptop previously identified by Defendant Garza's counsel.

>RESPONSE: Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules. Specifically, there is no basis for the inspection and copying of a forensic image of Garza's personal computer, the request for which is intrusive and harassing, unduly burdensome and overly broad. *See Carlson v. Lapuszynski*, 2011 WL 613513 at * 2 (W.D. Tex. Feb. 15, 2011) (holding that the plaintiff "failed to demonstrate that [the] request [was] sufficiently likely to result in

discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records . . . [and] requiring their production would be unreasonable and unduly burdensome, and potentially harassing"); *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) ("The Defendant, citing invasion of privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. . . . In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit."); *Areizaga v. ADW Corp.*, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request"); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) ("The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."); *John B. v. Goetz*, 531 F.3d 448, 457–58 (6th Cir. 2008) (noting that "imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [ ] litigation"); *Salazar v. Bocanegra*, 2012 WL 12893938, at *2 (D.N.M. July 27, 2012) (noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses). Garza's personal laptop is used exclusively for personal purposes. Finally, this request does not properly identify the requested documents with sufficient specificity as required by the Rules, but amounts to an improper fishing expedition. *See, e.g.*, *Benge v. Highgate Holdings*, 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011) (holding that a third-party request for a party's entire phone records instead of records relating directly to individuals plaintiff had testified as to contacting was an unduly burdensome fishing expedition); *Nunn v. State Farm Mut. Auto. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding that discovery seeking all phone records should be limited to phone calls discussed in deposition and that information about any other phone calls would merely be a "fishing expedition").

REQUEST FOR PRODUCTION NO. 19: Produce for inspection and digital forensic imaging, Defendant Garza's Array Technologies, Inc. issued laptop previously identified by Defendant Garza's counsel.

RESPONSE: Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules. Specifically, there is no basis for the inspection and copying of Garza's Array-issued computer, the request for which is intrusive and harassing, unduly burdensome and overly broad. *See Carlson v. Lapuszynski*, 2011 WL 613513 at * 2 (W.D. Tex. Feb. 15, 2011) (holding that the plaintiff "failed to demonstrate that [the] request [was] sufficiently likely to result in discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records . . . [and] requiring their production would be unreasonable and unduly burdensome, and potentially harassing"); *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) ("The Defendant, citing invasion of

privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. . . . In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit."); *Areizaga v. ADW Corp.*, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request"); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) ("The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."); *John B. v. Goetz*, 531 F.3d 448, 457–58 (6th Cir. 2008) (noting that "imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [ ] litigation"); *Salazar v. Bocanegra*, 2012 WL 12893938, at *2 (D.N.M. July 27, 2012) (noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses). Garza objects to the request to the extent that he has no possession, custody or control over the Array-issued computer. Finally, this request does not properly identify the requested documents with sufficient specificity as required by the Rules, but amounts to an improper fishing expedition. *See, e.g.*, *Benge v. Highgate Holdings*, 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011) (holding that a third-party request for a party's entire phone records instead of records relating directly to individuals plaintiff had testified as to contacting was an unduly burdensome fishing expedition); *Nunn v. State Farm Mut. Auto. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding that discovery seeking all phone records should be limited to phone calls discussed in deposition and that information about any other phone calls would merely be a "fishing expedition").

REQUEST FOR PRODUCTION NO. 20: Produce for inspection and copying the digital forensic image of Defendant Garza's Array Technologies, Inc. issued laptop previously identified by Defendant Garza's counsel.

RESPONSE: Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules. Specifically, there is no basis for the inspection and copying of the forensic image of Garza's Array-issued computer, the request for which is intrusive and harassing, unduly burdensome and overly broad. *See Carlson v. Lapuszynski*, 2011 WL 613513 at * 2 (W.D. Tex. Feb. 15, 2011) (holding that the plaintiff "failed to demonstrate that [the] request [was] sufficiently likely to result in discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records . . . [and] requiring their production would be unreasonable and unduly burdensome, and potentially harassing"); *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) ("The Defendant, citing invasion of privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would

    be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. . . . In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit."); *Areizaga v. ADW Corp.*, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request"); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) ("The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."); *John B. v. Goetz*, 531 F.3d 448, 457–58 (6th Cir. 2008) (noting that "imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [ ] litigation"); *Salazar v. Bocanegra*, 2012 WL 12893938, at *2 (D.N.M. July 27, 2012) (noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses). Garza objects to the request to the extent that he has no possession, custody or control over the Array-issued computer or any forensic images thereof. Finally, this request does not properly identify the requested documents with sufficient specificity as required by the Rules, but amounts to an improper fishing expedition. *See, e.g.*, *Benge v. Highgate Holdings*, 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011) (holding that a third-party request for a party's entire phone records instead of records relating directly to individuals plaintiff had testified as to contacting was an unduly burdensome fishing expedition); *Nunn v. State Farm Mut. Auto. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding that discovery seeking all phone records should be limited to phone calls discussed in deposition and that information about any other phone calls would merely be a "fishing expedition").

REQUEST FOR PRODUCTION NO. 21: Produce for inspection and copying the digital forensic image of Defendant Garza's Array Technologies, Inc. issued cell phone previously identified by Defendant Garza's counsel.

    RESPONSE:  Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules.  Specifically, there is no basis for the inspection and copying of the forensic image of Garza's Array-issued phone, the request for which is intrusive and harassing, unduly burdensome and overly broad.  *See Carlson v. Lapuszynski*, 2011 WL 613513 at * 2 (W.D. Tex. Feb. 15, 2011) (holding that the plaintiff "failed to demonstrate that [the] request [was] sufficiently likely to result in discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records . . . [and] requiring their production would be unreasonable and unduly burdensome, and potentially harassing"); *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) ("The Defendant, citing invasion of privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. . . . In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit."); *Areizaga v. ADW Corp.*, 2016 WL 9526396, at *3

(N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality concerns implicated by [defendant]'s request"); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) ("The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."); *John B. v. Goetz*, 531 F.3d 448, 457–58 (6th Cir. 2008) (noting that "imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [ ] litigation"); *Salazar v. Bocanegra*, 2012 WL 12893938, at *2 (D.N.M. July 27, 2012) (noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses). Garza objects to the request to the extent that he has no possession, custody or control over the Array-issued phone or any forensic images thereof. Finally, this request does not properly identify the requested documents with sufficient specificity as required by the Rules, but amounts to an improper fishing expedition. *See, e.g.*, *Benge v. Highgate Holdings*, 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011) (holding that a third-party request for a party's entire phone records instead of records relating directly to individuals plaintiff had testified as to contacting was an unduly burdensome fishing expedition); *Nunn v. State Farm Mut. Auto. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding that discovery seeking all phone records should be limited to phone calls discussed in deposition and that information about any other phone calls would merely be a "fishing expedition").

REQUEST FOR PRODUCTION NO. 22: Produce for inspection and digital forensic imaging, Defendant Garza's Array Technologies, Inc. issued cell phone previously identified by Defendant Garza's counsel.

RESPONSE: Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules. Specifically, there is no basis for the inspection and copying of Garza's Array-issued phone, the request for which is intrusive and harassing, unduly burdensome and overly broad. *See Carlson v. Lapuszynski*, 2011 WL 613513 at *2 (W.D. Tex. Feb. 15, 2011) (holding that the plaintiff "failed to demonstrate that [the] request [was] sufficiently likely to result in discoverable evidence to outweigh the invasion of privacy that occurs when an individual is compelled to produce his phone records . . . [and] requiring their production would be unreasonable and unduly burdensome, and potentially harassing"); *Sony BMG Music Entm't v. Arellanes*, 2006 WL 8201075, at *1 (E.D. Tex. Oct. 27, 2006) ("The Defendant, citing invasion of privacy concerns, opposes the inspection of her computer hard drive by anyone other than a neutral third party expert. She contends that her computer contains personal information, such as personal correspondence, household financial matters, school homework, and perhaps attorney-client privileged information, which would be compromised by allowing the Plaintiffs' expert to mirror-image the entire hard drive. . . . In order to balance the legitimate interests of both sides, the court is of the opinion that the Defendant's suggestion has merit."); *Areizaga v. ADW Corp.*, 2016 WL 9526396, at *3 (N.D. Tex. Aug. 1, 2016) (denying request to inspect plaintiff's personal computer, smart phone, and other electronic devices because the request "is not proportional to the needs of the case at this time, when weighing [defendant]'s explanation and showing as to the information that it believes might be obtainable and might be relevant against the significant privacy and confidentiality

concerns implicated by [defendant]'s request"); *John Crane Grp. Corp. v. Energy Devices of Tex., Inc.*, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) ("The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns."); *John B. v. Goetz*, 531 F.3d 448, 457–58 (6th Cir. 2008) (noting that "imaging of these computers and devices will result in the duplication of confidential and private information unrelated to the [ ] litigation"); *Salazar v. Bocanegra*, 2012 WL 12893938, at *2 (D.N.M. July 27, 2012) (noting that forensic images, due to their broad nature, may include information irrelevant to the parties' claims or defenses).  Garza objects to the request to the extent that he has no possession, custody or control over the Array-issued phone. Finally, this request does not properly identify the requested documents with sufficient specificity as required by the Rules, but amounts to an improper fishing expedition.  *See, e.g.*, *Benge v. Highgate Holdings*, 2011 WL 13290463, at *3 (N.D. Tex. Apr. 5, 2011) (holding that a third-party request for a party's entire phone records instead of records relating directly to individuals plaintiff had testified as to contacting was an unduly burdensome fishing expedition); *Nunn v. State Farm Mut. Auto. Co.*, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010) (holding that discovery seeking all phone records should be limited to phone calls discussed in deposition and that information about any other phone calls would merely be a "fishing expedition").

REQUEST FOR PRODUCTION NO. 23: Produce all communications between You and Defendant Array regarding the terms of Your administrative leave.

> RESPONSE:  Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules.  In particular, the terms of Garza's administrative leave from Array is irrelevant to the claims and defenses in this case and as such, the production of such information would not be proportional to the needs of the case, given the issues at stake in the action, the parties' resources, and the importance of the discovery in resolving the issues.
>
> Subject to and without waiving such objections, please see document produced herewith.

REQUEST FOR PRODUCTION NO. 24: Produce a copy of Your job description for Your position at Array Technologies, Inc.

> RESPONSE:  Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules.  In particular, the terms of Garza's administrative leave from Array is irrelevant to the claims and defenses in this case and as such, the production of such information would not be proportional to the needs of the case, given the issues at stake in the action, the parties' resources, and the importance of the discovery in resolving the issues.
>
> Subject to and without waiving such objections, none.

REQUEST FOR PRODUCTION NO. 25: Produce a copy of all documents identifying all projects or products You have worked on for Array Technologies, Inc. This request seeks only documents sufficient to identify the general nature and design of the project and does not seek any confidential or trade secret information belonging to Array Technologies, Inc.

RESPONSE: Garza objects to this request as it is confusing and contradictory in that it seems to request "all documents identifying all projects and products" Garza has worked on for Array and then proceeds to request "only documents sufficient to identify the general nature and design of the project…" Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules to the extent it requests "all documents identifying all projects or products…" and also to the extent is requests documents which "identify the … design of the project." Some of the requested information is irrelevant to the claims and defenses in this case and as such, the production of such information would not be proportional to the needs of the case, given the issues at stake in the action, the parties' resources, and the importance of the discovery in resolving the issues. Garza objects to the request to the extent that he has no possession, custody or control over the requested information.

Subject to and without waiving such objections, none.

REQUEST FOR PRODUCTION NO. 26: Produce a copy of Array Technologies' Confidential Information, Non-Disparagement and Non-Solicitation Terms agreement that You signed, and which is identified in the April 22, 2022 offer letter You received from Jennifer Cheraso and produced as GARZA_000004.

RESPONSE: Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules. In particular, Array Technologies' Confidential Information, Non-Disparagement and Non-Solicitation Terms is irrelevant to the claims and defenses in this case and as such, the production of such information would not be proportional to the needs of the case, given the issues at stake in the action, the parties' resources, and the importance of the discovery in resolving the issues. Garza objects to the request to the extent that he has no possession, custody or control over the requested documents.

Subject to and without waiving such objections, none.

REQUEST FOR PRODUCTION NO. 27: To the extent not already produced, produce a copy of any and all agreements You entered into with Array Technologies, Inc.

RESPONSE: Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules. In particular, Garza's agreements with Array are irrelevant to the claims and defenses in this case and as such, the production of such information would not be proportional to the needs of the case, given the issues at stake in the action, the parties' resources, and the importance of the discovery in resolving the issues. Garza objects to the request to the extent that he has no possession, custody or control over the requested documents.

Subject to and without waiving such objections, none.