CAUSE NO. 035732

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | GRIMES COUNTY, TEXAS |
| | § | |
| JULIO GARZA, and ARRAY | § | |
| TECHNOLOGIES, INC. | § | |
| *Defendants.* | § | 12th JUDICIAL DISTRICT |

## JULIO C. GARZA'S RESPONSE TO
## PLAINTIFF'S FIRST INTERROGATORIES

To:    Plaintiff National Oilwell Varco, LP, by and through its attorney of record, Stuart W. Lapp, Stibbs & Co. P.C., 750 William D. Finch Pkwy Suite 210, College Station, Texas 77845.

Defendant Julio Cesar Garza ("Garza") herein responds to Plaintiff National Oilwell Varco, LP's ("NOV") First Interrogatories, in accordance with the Grimes County, Texas Court's June 6, 2022 Order Granting Plaintiff's Emergency Motion for Expedited Discovery, and the Texas Rules of Civil Procedure.

Respectfully submitted,

BALCH & BINGHAM LLP

*/s/ Audrey F. Momanaee*
Audrey F. Momanaee
amomanaee@balch.com
Texas Bar No. 24055993
811 Louisiana St., Suite 1010
Houston, Texas 77002
Telephone: 713-362-2557

ATTORNEY FOR DEFENDANT
JULIO C. GARZA



EXHIBIT
H

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing on counsel of record on June 20, 2022, via email.

Stuart W. Lapp
Joshua A. Redelman
Bret W. Davis
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com
STIBBS & Co., P.C.
750 William D. Fitch Pkwy Suite 210
College Station, Texas 77845

ATTORNEY FOR PLAINTIFFS
NATIONAL OILWELL VARCO, LP

/s/ *Audrey F. Momanaee*
Audrey F. Momanaee

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Garza objects to the Instructions included in Plaintiff's First Set of Interrogatories to the extent that they exceed the requirements of the applicable Rules of Civil Procedure.  Garza will comply with the applicable Rules in providing his responses to the Plaintiff's First Set of Interrogatories.

Garza objects to the definition provided by Plaintiff of the term "Array" in that it is overly broad and confusing and renders requests containing such term overly broad.  Specifically, Garza objects to the use of the term "Array" to include "all other persons... employing Defendant Julio C. Garza." In responding to these requests, Garza will apply the definition of Array as he understands it.

Garza objects to the definitions provided by Plaintiff of the terms "Document," "Electronic or magnetic data," "relate," "concern," "explain," "identify," and "describe," as such definitions are overly broad and would render the requests unduly burdensome, and in that such definitions would cause the requests to exceed the requirements of the applicable Rules of Civil Procedure.

15548056.1

## GARZA'S RESPONSES TO FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in general the factual bases for Your assertion [sic] that You did not download NOV's confidential and trade secret information for Your economic benefit or Array Technologies' economic benefit.

> **RESPONSE:** Garza objects to this interrogatory in that it requests that Garza provide legal contentions or explanations of his legal contentions regarding the confidentiality or trade secret nature of NOV's information, in part because NOV has not identified its alleged confidential and trade secret information outside of Exhibit C to the Plaintiff's Original Petition, which NOV has since admitted contains information and documents which are not confidential or subject to trade secret protection. Further, Garza does not have access to the documents listed on Exhibit C to Plaintiff's Original Petition. Garza objects to this interrogatory as it assumes that he downloaded NOV's confidential and trade secret information and that he has made the specific assertion set forth in the interrogatory. Garza objects to this interrogatory as confusing in that it appears to request an explanation for Garza's intent and that it is unlimited in time. Subject to and without waiving such objections, Garza responds as follows:

> I did not download any NOV confidential or trade secret information for my own economic benefit or for the economic benefit of Array Technologies at any time.

**INTERROGATORY NO. 2:** Describe in general the factual bases for Your assertion [sic] that You did not intend to injure or believe you would injure NOV when you downloaded NOV's confidential and trade secret information.

> **RESPONSE:** Garza objects to this interrogatory in that it requests that Garza provide legal contentions or explanations of his legal contentions regarding the confidentiality or trade secret nature of NOV's information, in part because NOV has not identified its alleged confidential and trade secret information outside of Exhibit C to the Plaintiff's Original Petition, which NOV has since admitted contains information and documents which are not confidential or subject to trade secret protection. Further, Garza does not have access to the documents listed on Exhibit C to Plaintiff's Original Petition. Garza objects to this interrogatory as it assumes that he downloaded NOV's confidential and trade secret information and that he has made the specific assertion set forth in the interrogatory. Garza objects to this interrogatory as it is unlimited in time. Subject to and without waiving such objections, Garza responds as follows:

> I did not download any NOV confidential or trade secret information with the intent to injure NOV or with any belief that I would injure NOV at any time.

**INTERROGATORY NO. 3:** Describe in detail the steps You will take to ensure that You do not use any NOV confidential information or trade secret information in the course of Your employment at Array Technologies.

> **RESPONSE:** Garza objects to this interrogatory in that NOV has not identified its alleged confidential and trade secret information outside of Exhibit C to the Plaintiff's Original

4

Petition, which NOV has since admitted contains information and documents which are not confidential or subject to trade secret protection. Further, Garza does not have access to the documents listed on Exhibit C to Plaintiff's Original Petition. Garza also objects to this request as it appears to request that Garza outline prospective actions, rather than respond regarding discoverable information under Rules, and is thus outside the scope of permissible discovery. Subject to and without waiving such objections, Garza responds as follows:

To the extent that NOV claims that its confidential and trade secret information is reflected on Exhibit C to the Plaintiff's Original Petition, I do not have access to the electronic storage device which I believe to be the device referenced in Exhibit C to the Plaintiff's Original Petition such that I could use any such information in the course of my employment for Array Technologies, or otherwise.

INTERROGATORY NO. 4: Identify each file path listed on Exhibit C to the Petition that You believe may contain documents which contain NOV's confidential or trade secret information. To the extent You believe a particular file path listed on Exhibit C to the Petition includes documents which do not contain NOV's confidential or trade secret information, explain why.

RESPONSE: Garza objects to this interrogatory to the extent that it appears to request that he marshal his proof. Garza objects to this interrogatory in that it requests that Garza provide legal contentions or explanations of his legal contentions regarding the confidentiality or trade secret nature of NOV's information, in part because NOV has not identified its alleged confidential and trade secret information outside of Exhibit C to the Plaintiff's Original Petition, which NOV has since admitted contains information and documents which are not confidential or subject to trade secret protection. Further, Garza objects to this request as it would require him to speculate as to the nature of the documents referenced on Exhibit C to the Plaintiff's Original Petition because Garza does not have access to the documents listed on Exhibit C to Plaintiff's Original Petition. For these reasons, it would be unduly burdensome for him to respond to the request. Subject to and without waiving such objections, Garza responds as follows:

I do not presently have access to the electronic storage device which I believe to be the one referenced as Exhibit C to Plaintiff's Original Petition, or the files which are reflected on Exhibit C to Plaintiff's Original Petition.

INTERROGATORY NO. 5: Identify all electronic storage devices currently in Your possession.

RESPONSE: Garza objects to this interrogatory to the extent that it requests information regarding electronic storage devices which were never used by him in connection with his work for NOV or Array and which contain personal and private information. Garza further objects to this request as it appears to be for information which is neither relevant nor likely to lead to the discovery of admissible evidence and not discoverable under the Rules. Given that, it would be unduly burdensome for him to respond to the request, given the lack of importance of the information in resolving the issues, and that the burden of the proposed discovery outweighs its likely benefit. Garza further objects to this request since the prior Forensic Order, and the subsequent modification to the same required that he turn over to defendants' counsel "all electronic storage devices that have been connected to his

employment with NOV." Subject to and without waiving such objections, Garza responds as follows:

The electronic storage devices which are currently in the custody of my counsel are: (i) my personal iPhone 11; (ii) a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label); and (iii) a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label).

The electronic storage device which is currently in the custody of Array's counsel is: (i) a black and dark grey USB with a slide-on lid.

INTERROGATORY NO. 6: Identify all of Your cloud-based storage accounts, including but not limited to Dropbox and email accounts.

RESPONSE: Garza objects to this interrogatory to the extent that it requests information regarding electronic storage devices which were never used by him in connection with his work for NOV or Array and which contain personal and private information. Garza further objects to this request as it appears to be for information which is neither relevant nor likely to lead to the discovery of admissible evidence and not discoverable under the Rules. Given that, it would be unduly burdensome for him to respond to the request, given the lack of importance of the information in resolving the issues, and that the burden of the proposed discovery outweighs its likely benefit. Garza further objects to this request since the prior Forensic Order, and the subsequent modification to the same required that he turn over to defendants' counsel "all electronic storage devices that have been connected to his employment with NOV." Subject to and without waiving such objections, Garza responds as follows:

I have the following personal cloud-based storage accounts: Dropbox, iCloud, WhatsApp, gmail.com email account, and Hotmail.com email account. These accounts are exclusively personal.

INTERROGATORY NO. 7: Identify all electronic storage devices that you plugged into any electronic device that Defendant Array provided to You.

RESPONSE: Garza objects to this interrogatory to the extent that it appears to request that he marshal his proof in contravention of the Rules. Garza further objects that this request is not limited in time, and thus, would be unduly burdensome to continue to supplement in the future. Subject to and without waiving such objections, Garza responds as follows:

To the best of my recollection, the only electronic storage devices which I plugged into the computer which Array provided to me, are: (i) that electronic storage device currently in the custody of Array's counsel described as a black and dark grey USB with a slide-on lid, and (ii) that electronic storage device currently in the custody of my counsel described as a grey/blue and silver USB with snap-on lid (has "Stress Engineering Services" label).

**INTERROGATORY NO. 8:** Describe in detail the training You participated in while employed at Defendant Array regarding the disclosure and protection of confidential and trade secret information.

> RESPONSE: Garza objects to this interrogatory to the extent that it appears to request that he marshal his proof in contravention of the Rules. Garza further objects to this request as it appears to be for information which is neither relevant nor likely to lead to the discovery of admissible evidence. Given that, it would be unduly burdensome for him to respond to the request, given the lack of importance of the information in resolving the issues, and that the burden of the proposed discovery outweighs its likely benefit. Subject to and without waiving such objections, Garza responds as follows:

> To the best of my recollection, during my onboarding process, I participated in several training courses, and was provided with information regarding confidentiality, including information regarding protection of electronic information through the use of strong passwords.

**INTERROGATORY NO. 9:** Describe in detail why You downloaded electronic documents and electronic files stored in NOV's electronic file storage systems onto an external electronic storage device before You left the employ of NOV in April 2022.

> RESPONSE: Garza objects to this interrogatory to the extent that it appears to request that he marshal his proof. Garza objects to this request as it is overbroad and unduly burdensome in that it is unlimited in time. Garza further objects to this request as it appears to be for information which is neither relevant nor likely to lead to the discovery of admissible evidence. Given that, it would be unduly burdensome for him to respond to the request, given the lack of importance of the information in resolving the issues, and that the burden of the proposed discovery outweighs its likely benefit. Specifically, as described below, Garza used electronic storage devices during the time that he was employed by NOV as part of his normal and typical completion of his job duties. Garza objects to this request to the extent the term "electronic file storage systems" is vague and unclear, thus rendering the request overly broad and unduly burdensome. Subject to and without waiving such objections, Garza responds as follows:

> I used electronic storage devices (thumb drives or USB drives) during the time I was employed by NOV as part of my normal and typical completion of my job duties. I kept many publically available reference materials both on my NOV OneDrive account and on my electronic storage devices which I used as part of my normal and typical completion of my job duties, and I would save them and copy them from time to time. It was typical for me to share information stored on my electronic storage devices with others on my team in connection with our work for NOV. Others in the NOV engineering group used electronic storage devices for the transfer and storage of information, and such use was generally known and widely accepted.

INTERROGATORY NO. 10: Describe in detail each and every reason You believe that You were allowed to download electronic files stored in NOV's electronic file storage systems and take them with You when You left the employ of NOV.

> RESPONSE: Garza objects to this interrogatory to the extent that it appears to request that he marshal his proof. Garza objects to this request as it is overbroad and unduly burdensome in that it is unlimited in time. Garza further objects to this request as it appears to be for information which is neither relevant nor likely to lead to the discovery of admissible evidence. Given that, it would be unduly burdensome for him to respond to the request, given the lack of importance of the information in resolving the issues, and that the burden of the proposed discovery outweighs its likely benefit. Specifically, as described below, Garza used electronic storage devices during the time that he was employed by NOV as part of his normal and typical completion of his job duties. Garza objects to this request to the extent the term "electronic file storage systems" is vague and unclear, thus rendering the request overly broad and unduly burdensome. Subject to and without waiving such objections, Garza responds as follows:
>
> I used electronic storage devices (thumb drives or USB drives) during the time I was employed by NOV as part of my normal and typical completion of my job duties. I kept many publically available reference materials both on my NOV OneDrive account and on my electronic storage devices which I used as part of my normal and typical completion of my job duties, and I would save them and copy them from time to time. It was typical for me to share information stored on my electronic storage devices with others on my team in connection with our work for NOV. Others in the NOV engineering group used electronic storage devices for the transfer and storage of information, and such use was generally known and widely accepted.

## DECLARATION

STATE OF ARIZONA        §
                                §
COUNTY OF MARICOPA     §

     I, Julio Cesar Garza, state that I have read the foregoing Response to Plaintiff's First Interrogatories; that I know the contents thereof; that said answers were prepared with the assistance of counsel; that the answers set forth therein are based on my personal knowledge; and that the factual, not legal, responses to the interrogatories are true and correct to my knowledge and to the best of my recollection as of the date hereof.

     My name is Julio Cesar Garza, my date of birth is December 29, 1984, and my address is 1277 W. Myrna Lane, Tempe AZ 85284 and United States of America. I declare under penalty of perjury that the foregoing is true and correct.

     Executed in Maricopa County, State of Arizona on the 20th day of June, 2022.

_____
Julio Cesar Garza