IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

\- - -

THE HONORABLE LYNN N. HUGHES, JUDGE PRESIDING

| | |
|---|---|
| NATIONAL OILWELL VARCO LP,<br>Plaintiff,<br>v.<br>JULIO GARZA,<br>Defendant, | CRIMINAL ACTION NO. 4:22-CV-2006 |

**MOTION HEARING**

OFFICIAL REPORTER'S TRANSCRIPT OF PROCEEDINGS

Houston, Texas

June 21, 2022

APPEARANCES:

For the Plaintiff: Stuart W. Lapp, Esq.
Bret Davis, Esq.
Joshua Allen Redelman, Esq.

For the Defendant: Audrey F. Momanaee, Esq.

For Array Technologies: Rachel P. Steely, Esq.

Reported by: Mary Nancy Capetillo, CSR, RPR, TRR
Official Court Reporter
United States District Court
Southern District of Texas
mary_capetillo@txs.uscourts.gov

Proceedings reported by computerized stenotype machine.

EXHIBIT

A

**PROCEEDINGS**

02:16:45 THE COURT: Good afternoon.

02:16:56 MR. LAPP: Good afternoon, Your Honor.

02:16:57 THE COURT: To the extent that afternoons here wouldn't be anybody's first choice recreationally.

02:17:49 All right. Who is here for Varco?

02:17:55 MR. LAPP: Your Honor, Stuart Lapp, L-A-P-P, for National Oilwell Varco. My co-counsel Joshua Redelman and Bret Davis.

02:18:06 MR. DAVIS: Good afternoon, Your Honor.

02:18:07 THE COURT: Is it okay if I just call it Varco?

02:18:12 MR. LAPP: Yes, sir, or you can call it NOV which is how they -- but whatever you prefer, Your Honor.

02:18:16 THE COURT: Well, there are too many initials and things, right, that have to be there. Let's just call your client Varco.

02:18:30 MR. LAPP: Yes, Your Honor. And, Your Honor, if we could also introduce -- we brought our two summer associates with us today, law students at University of Houston, Nicholas Boden and Victoria Lujan. They're just here to observe.

02:18:44 THE COURT: I would suggest that they sit in the jury box because they'll be closer, and from

order. He later modified the order to require that instead of the forensics being done in accordance with that order that the actual electronic storage devices be turned over to Defendant's counsel's possession. There is no further order for any forensics work. So we did that.

02:24:30 THE COURT: Can you all work out a forensics order?

02:24:37 MS. MOMANAEE: Yes, Your Honor, I think we can. We got to the point where I thought we had. Back on June 10th, Your Honor, I sent a revised version of an agreed protocol that we had all discussed amongst ourselves and I believed to be final. Array's counsel believed it to be final; and we had had discussions, multiple discussions about the terms of that. They had redlined it. I thought it was done. That was on June 10th. It was sent to counsel. Counsel said that they would talk to NOV about it, and it never got returned or dealt with.

02:25:08 Since that time, Your Honor, importantly, very importantly, yesterday Varco dismissed Array from the case which caused us to, in that event, realize that removal was absolutely proper here; and that's why we're in front of you today, because they had alleged improperly but they had alleged that Array was a Texas

corporation; and, therefore, there was no diversity.

02:25:36 THE COURT: Was what?

02:25:37 MS. MOMANAEE: A Texas corporation. It was incorrect. It was an incorrect allegation; but when they nonsuited Array who -- again, Array's counsel has possession of the devices that they're so concerned about. When they nonsuited Array, clearly the TRO as to Array went away; and we removed the case. And so, yes, I do think we can achieve an agreement with regard to a protocol; but there is a large issue that we cannot agree on.

02:26:05 They want Mr. Garza to remain out of work for another two weeks. He's already been out of work since June 3rd. There is -- there is no way that they can argue, although I'm sure that they will, to this Court that he has access to any of the data that they're so concerned about. I don't know what I'm going to hear; but I'm telling you, Your Honor, I have control of two devices that per the forensics order that was improperly entered are in my possession; and I have his personal cell phone.

02:26:41 Array's counsel has possession of, again, the thumb drive that they're so concerned about, his work computer and his work cell phone. He simply doesn't have access to any of the information. And what

they want to do in this case is they want you to enter a order that precludes him from working which equates to a non-compete where he only has a confidentiality agreement, Your Honor. And so I think that's going to be where the main issue is between the two of us.

02:27:12 It's our view, my view, that he shouldn't be precluded from working because there is no imminent threat. Obviously, they've nonsuited the company that all their allegations are surrounding, that Mr. Garza had pulled all of this information in order to -- in cahoots with Array to somehow, you know, give it all to Array. That's not the case, and that's become crystal clear. But they want this injunction in place, this TRO, to keep him out of work; and it's improper under Texas law, Your Honor.

02:27:48 THE COURT: Is it okay if Ms. Steely talks?

02:27:57 MS. MOMANAEE: Of course.

02:27:59 MR. LAPP: Your Honor, a point of -- or Ms. Steely represents Array who is no longer a party to this case.

02:28:05 THE COURT: She's still knowledgeable about what you made her learn.

02:28:09 MR. LAPP: Yes, sir.

02:28:11 MS. STEELY: Good afternoon, Your Honor.

some type of technology that they may want, which is absolutely wrong which they can see now that they have nonsuited us because we've been doing it for so long. That's not what he's brought in for.

02:32:24 There's been nothing found on the system. As a matter of fact, there was one document; and I think everyone has agreed that that's not trade secret/confidential information of NOV, and we've been taken out of the lawsuit. So the threat of any type of injury, if Mr. Garza is working for us, we believe is gone as Ms. Momanaee had just talked about earlier. And, listen, I'll just say this: Array doesn't want their information.

02:32:57 THE COURT: Pardon?

02:32:57 MS. STEELY: Array doesn't want NOV information. That's not why Mr. Garza was hired.

02:33:06 MS. MOMANAEE: Yes, Your Honor?

02:33:07 THE COURT: What are your thoughts on what you've learned while they were talking?

02:33:12 MS. MOMANAEE: Well, I mean, what Ms. Steely says is dead-on; and I think to echo the point, Array has been in business for a long time. In fact, the project that Mr. Garza was working on for NOV was called a "me too" project. He was trying to develop something like what Array does. It's not like he was

expedited discovery. One of the discovery requests that Varco sent to Mr. Garza was to run searches of his -- of every -- well, I could find the request; but anyway they asked to run searches for 58 terms, 58 search terms. I personally ran those searches. I personally have looked at his email account. I personally produced that document because it said NOV on it, Your Honor.

02:48:43 There is not -- I think that they think that -- I actually don't think that they think that there is stuff there; but even if they did, I can tell the Court, I've reviewed it. I produced documents last night to them. I'm still waiting on documents from them including, Your Honor, the 200 documents that they say are this confidential information. I haven't gotten it because they haven't even produced to us the confidential information which is the basis for the claims in this case, not received. But I personally went through Mr. Garza's email. That's what I produced from it. He did use his email for personal reasons. He did not use it for work. I looked at it. I'll just say that.

02:49:25 Your Honor, with regard to the venue issue, you asked a question of Mr. Lapp earlier: Why was it brought in Grimes County? It's because the proper venue under the agreement that they're now

Array in some limited capacity speaks to the exact point which is they don't really have a concern here. They just want to keep him out of work, Your Honor; and that's improper.

02:59:20 THE COURT: Do you have anything? Do you want to contribute, Mr. Davis?

02:59:25 MR. DAVIS: I'd love to contribute, but I believe Mr. Lapp is more articulate; and if I can listen and then help him with suggestive questions or responses, I would much prefer that position, Your Honor.

02:59:37 THE COURT: Mr. Redelman, is it?

02:59:43 MR. REDELMAN: I don't really have anything to add, Your Honor. I can provide a little bit more context on the motion to transfer venue and why venue is proper in Grimes County, if Your Honor would like to hear that information.

02:59:54 THE COURT: There's not a Federal court in Grimes County. All right. Go up there.

02:59:59 MR. REDELMAN: Yes, Your Honor, and I can provide some further context if the Court needs it. I think the important point here today, Your Honor, is not that Varco is trying to punish Mr. Garza. The important point is NOV -- or Varco is trying to protect its information from disclosure; and until we have that