UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:22-CV-02006 |
| JULIO C. GARZA | § | |
| | § | |
| Defendant. | § | |
| | § | |

JULIO GARZA'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

TO: National Oilwell Varco, L.P., by and through its attorneys of record, Stuart W. Lapp, Bret W. Davis and Joshua A. Redelman, Stibbs & Co., P.C., 750 William D. Finch, Suite 210, College Station, Texas 77845.

Defendant Julio Garza, pursuant to the Federal Rules of Civil Procedure and the Expedited Discovery Order, dated June 29, 2022 (Dkt. 24) entered in this case, responds to Plaintiff's Second Set of Interrogatories by National Oilwell Varco, L.P. ("NOV").

Respectfully submitted,

BALCH & BINGHAM LLP

/s/ *Audrey F. Momanaee*
Audrey F. Momanaee
amomanaee@balch.com
Texas Bar No. 24055993
811 Louisiana St., Suite 1010
Houston, Texas 77002
Telephone: 713-362-2557

ATTORNEY FOR DEFENDANT
JULIO C. GARZA

1



## CERTIFICATE OF SERVICE

     I certify that I served a true and correct copy of the foregoing on counsel of record on July 6, 2022, via email.

Stuart W. Lapp
Joshua A. Redelman
Bret W. Davis
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com
STIBBS & Co., P.C.
750 William D. Fitch Pkwy Suite 210
College Station, Texas 77845

ATTORNEY FOR PLAINTIFFS
NATIONAL OILWELL VARCO, LP

                  /s/ *Audrey F. Momanaee*
                  Audrey F. Momanaee

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Garza objects to the Instructions included in Plaintiff's Second Set of Interrogatories to the extent that they exceed the requirements of the applicable Rules of Civil Procedure. Garza will comply with the applicable Rules in providing his responses to the Plaintiff's Second Set of Interrogatories.

Garza objects to the definition provided by Plaintiff of the term "Array" in that it is overly broad and confusing and renders requests containing such term overly broad. Specifically, Garza objects to the use of the term "Array" to include "all other persons… employing Defendant Julio C. Garza." In responding to these requests, Garza will apply the definition of Array as he understands it.

Garza objects to the definitions provided by Plaintiff of the terms "Document," "Electronic or magnetic data," "relate," "concern," "explain," "identify," and "describe," as such definitions are overly broad and would render the requests unduly burdensome, and in that such definitions would cause the requests to exceed the requirements of the applicable Rules of Civil Procedure.

PLAINTIFF'S SECOND SET OF INTERROGATORIES

INTERROGATORY NO. 11: Identify all electronic storage devices that are currently in Your possession, Your counsel's possession, Array Technologies' counsel's possession, or Jared Trent's possession that You used while at NOV or Array Technologies, Inc.

ANSWER: Garza objects to this request as it is unduly burdensome and overly broad in that it requests information that is not discoverable under the Rules. Specifically, there is no basis for the identification of all electronic storage devices that he ever used at NOV or Array Technologies, the request for which is intrusive and harassing, unduly burdensome and overly broad. Garza objects to this request as it is duplicative of prior requests propounded by NOV in this case, and to which Garza responded. Garza also objects to this request to the extent the information is outside of his possession, custody and control. Subject to and without waiving such objections, Garza responds as follows:

I may have used the following electronic storage devices while at NOV or Array Technologies, Inc., which are currently in the custody of FTI Consulting are: (i) my personal iPhone 11; (ii) a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label); (iii) a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label); and (iv) a black and dark grey USB with a slide-on lid.

I am unaware what electronic storage devices might be in the possession of counsel for Array Technologies.

INTERROGATORY NO. 12: Identify the terms and conditions of your administrative leave from Array Technologies, Inc.

ANSWER: Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules. In particular, the terms of Garza's administrative leave from Array is irrelevant to the claims and defenses in this case and as such, the production of such information is not proportional to the needs of the case, given the issues at stake in the action, the parties' resources, and the importance of the discovery in resolving the issues. Subject to and without waiving such objections, Garza responds as follows:

I am currently on administrative leave. I received the document produced herewith and identified as GARZA_000200 pertaining to my administrative leave.

INTERROGATORY NO. 13: Describe generally each project or product You have worked on for Array Technologies, Inc., and Your involvement with said projects or products. This request seeks only information sufficient to identify the general nature of the projects and does not seek any confidential or trade secret information belonging to or about Array Technologies, Inc.

ANSWER: My primary responsibilities involved in design review and analysis of an existing design for a component, including the running of final FEA analyses. I was also tasked with a project to prepare computation of fluid dynamics for the analysis of an existing

4

system design.  Finally, I spent minimal time on a project where I was involved in design improvement for an existing component.

INTERROGATORY NO. 14: Identify the general factual and legal bases for Your contention that the document identified as NOV 002338 to NOV 002340 does not contain confidential or trade secret information.

> ANSWER:  The document identified NOV002338-2340 is a free calculator that I found on the internet, and which I never used for my work with NOV.  It notes on NOV002340 that it is "is free software; you can redistribute it and/or modify it under the terms of the GNU General Public License as published by the Free Software Foundation." It does not include any confidential, proprietary or trade secret data or information from NOV, as is evident from NOV002339 which reflects zeros and cells with errors.  The same data is publicly available on the internet, such as at https://newtonexcelbach.com/2009/09/26/lpile-analysis-of-lateral-loads-on-piles/.

INTERROGATORY NO. 15: Identify the general factual and legal bases for Your contention in paragraph 7 of Your Original Answer that NOV failed to take reasonable measures under the circumstances to keep the information secret.

> ANSWER:  Garza objects to this request to the extent that it seeks to have Garza marshal his evidence.  Further, Garza objects to this request as it seeks that Garza recite a legal conclusion.  Subject to and without waiving such objections, Garza responds as follows:
>
> While NOV apparently required my signature on the Confidentiality Agreement, there was not continued education or training on NOV's expectations under the terms of the Confidentiality Agreement, nor periodic reminders of employees' agreement to the same or obligations thereunder.
>
> NOV had no actual restrictions on the use of thumb drives and other electronic storage devices, such that engineers in my group regularly used thumb drives and other electronic storage devices as part of their normal and typical completion of their job duties.  It was typical for me and others to share information stored on electronic storage devices with others on the engineering team in connection with our work for NOV.  Engineers in the NOV engineering group used electronic storage devices for the transfer and storage of information, and such use was generally known and widely accepted.
>
> NOV took no steps to inquire of me upon my departure about whether I retained from my employment information which NOV believed to be subject to that Confidentiality Agreement, or which it believed to be its confidential, or proprietary information. Additionally, at the time of my resignation, NOV took no steps to alert me of any obligations it intended I comply with under the Confidentiality Agreement or otherwise, or to even remind me of the fact that I had a Confidentiality Agreement in place.  NOV human resources conducted no exit interview with me.  Likewise, neither my direct supervisor, Isaac Childress nor Ed Whitnell, both of whom I spoke with to inform them of my resignation, mentioned anything to me or inquired with me about the terms of the Confidentiality Agreement, any obligations NOV may contend I have to the company, or

5

about the return of any NOV information, despite the fact that they had knowledge that I regularly used a thumb drive in connection with my work for NOV (as did other engineers). Nobody else at NOV made any of these inquiries of me, or talked with me about any obligations NOV intended I comply with under the Confidentiality Agreement or otherwise, or to remind me of the fact that I had a Confidentiality Agreement in place.

Rather than talking with me or informing me about any of these matters, in person, by phone, by letter or otherwise, NOV sued me thirty-eight days (38) after I left the employ of the company, and forty-two (42) days after I announced my resignation.

NOV apparently does not regularly work to detect the migration of its information out of the company, or if it does, I am unaware of the same. Based on the documents and information that was produced by NOV in this case, it appears that an investigation into alleged download activity which is the subject of this case was commenced weeks after I left the company, and weeks after my direct boss, Isaac Childress and Ed Whitnell knew I was leaving NOV for a competitor.

INTERROGATORY NO. 16: Identify the general factual and legal bases for Your contention in paragraph 8 of Your Original Answer that NOV failed to take reasonable steps to protect the information and/or documents as trade secret or confidential information.

    ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order. Garza objects to this request to the extent that it seeks to have Garza marshal his evidence. Further, Garza objects to this request as it seeks that Garza recite a legal conclusion.

    If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

INTERROGATORY NO. 17: Identify the specific legal justifications and/or privileges You have for downloading NOV's information to a USB storage device as alleged in paragraph 9 of your Original Answer.

    ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order. Garza objects to this request to the extent that it seeks to have Garza marshal his evidence. Further, Garza objects to this request as it seeks that Garza recite a legal conclusion.

    If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

INTERROGATORY NO. 18: Identify with specificity each and every file path listed on Exhibit C to Plaintiff's Original Petition, attached to this interrogatory request, that You believe does not contain NOV's confidential or trade secret information.

    ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order. Garza objects to this

request to the extent that it seeks to have Garza marshal his evidence. Further, Garza objects to this request as it seeks that Garza recite a legal conclusion.

If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

INTERROGATORY NO. 19: Re-state what You told Defendant Array about the information You downloaded from NOV to Your electronic storage device.

ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order.

If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

INTERROGATORY NO. 20: Identify each engineer and scientist with whom You worked while at Array Technologies, Inc. For each person identified in response to this interrogatory, include in this response the person's job title and contact information, if known or available, including personal cell phone numbers.

ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order. Garza objects to this Interrogatory as it is overbroad and unduly burdensome and in that it seeks information which is not relevant, and is intended to be harassing. In particular, there is no basis for an inquiry as to every person with whom Garza worked where there is zero evidence that any NOV confidential, proprietary, or trade secret information was shared with any such individuals.

If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

INTERROGATORY NO. 21: Re-state what Array Technologies, Inc. told You about Your employment status with Array Technologies, Inc. during the pendency of this action.

ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order. Garza objects to this request as it is unduly burdensome and overly broad as it requests information that is not discoverable under the Rules.

INTERROGATORY NO. 22: Identify each Array Technologies, Inc. employee with whom you interviewed for a position at Array.

ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order. Garza objects to this Interrogatory as it is overbroad and unduly burdensome and in that it seeks information which is not relevant, and is intended to be harassing. In particular, there is no basis for an inquiry as to every person with whom Garza interviewed where there is zero evidence that

any NOV confidential, proprietary, or trade secret information was shared with any such individuals.

If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

INTERROGATORY NO. 23: Identify the specific date You applied for a position at Array Technologies, Inc.

ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order.

If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

INTERROGATORY NO. 24: Identify the specific date an Array Technologies, Inc. employee told You that Array Technologies, Inc. intended to make You an offer of employment.

ANSWER: Garza objects as this Interrogatory clearly exceeds the number of interrogatories allowed by the Court (15) under the Expedited Discovery Order.

If NOV seeks and obtains leave to have this request responded to, Garza may have further objections to same.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 4:22-CV-02006 |
| JULIO C. GARZA | § § § | |
| Defendant. | § § § | |

## DECLARATION OF JULIO GARZA

STATE OF ARIZONA          §
                          §
COUNTY OF MARICOPA        §

I, Julio Cesar Garza, declare in accordance with 28 U.S.C. § 1746 that the following is true and correct:

1. My name is Julio Cesar Garza. I am over 21 years of age and of sound mind. The facts set forth in this declaration are based upon my personal knowledge.

2. I have read the foregoing Response to Plaintiff's Second Set of Interrogatories; that I know the contents thereof; that said answers were prepared with the assistance of counsel; that the answers set forth therein are based on my personal knowledge; and that the factual, not legal, responses to the interrogatories are true and correct to my knowledge and to the best of my recollection as of the date hereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Maricopa County, State of Arizona on the 6th day of July, 2022.

_____
Julio Cesar Garza