UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action No. 4:22-CV-02006 |
| | § | |
| JULIO GARZA, | § | |
| | § | |
| *Defendant.* | § | |

## DECLARATION OF LUIZ OSBORN

1.      My name is Luiz Osborn. My date of birth is January 7, 1988. My address is 14514 Moss Valley Dr., Cypress, Texas 77429. I am of sound mind, and I have personal knowledge of the facts set forth in this Declaration. The facts set forth in this Declaration are true and correct.

2.      I was the digital forensic examiner for Varco's investigation into Defendant Julio Garza's theft of Varco's confidential and trade secret information. I have experience conducting digital forensic investigations for Varco and have received training on all of the tools I used to examine Defendant Garza's Varco issued devices and associated accounts. I also have experience and training on the digital footprints that users leave behind and which show the user's activity on each electronic device or cloud-based account.

3.      A file listing showing the files contained on a particular electronic storage device does not display enough information to determine the date the particular electronic storage device was used or the files accessed during said usage. A digital forensic examiner can only determine this information if the digital forensic examiner has access to the information produced from the examination of the forensic image of the electronic storage device.

4.      Moreover, a forensic image of an electronic storage device does not record sufficient information or data to determine the devices or other electronic systems to which the user connected the USB storage device. A forensic image of the electronic storage device will also not tell you what files the user downloaded or sent to another electronic storage system like a personal computer, cloud-based storage account, or email.

5.      Without access to the forensic image of each electronic storage device, including the computers and email accounts the user represents having used, no digital forensic examiner will ever be able to determine where the information that the user downloaded to an electronic storage device went. Moreover, without a hash of each file contained on each electronic storage device, no forensic examiner will ever be able to tell whether the user altered the file.

1

**EXHIBIT F**

6. Accordingly, to complete a thorough investigation and put a fence around a company's information, a third-party forensic examiner, at the very least, must have access to the forensic image of all electronic storage devices and accounts the user represents having used while working for their former company and current company, if any.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Houston, Harris County, Texas, on the 7th day of July, 2022.

_____
Luiz Osborn