**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:22-CV-02006** |
| | § | |
| **JULIO GARZA,** | § | |
| | § | |
| *Defendant.* | § | |

**ORDER GRANTING AGREED COMPUTER**
**FORENSIC IMAGING & ANALYSIS PROTOCOL**

In accordance with Plaintiff National Oilwell Varco, L.P.'s and Defendant Julio C. Garza's agreement, the Court enters this Order granting the parties' Agreed Computer Forensic Imaging & Analysis Protocol and orders that expedited computer forensic imaging and analysis be allowed as set out herein.

Protocol for Forensic Examination of Devices

The purpose of this protocol (the "Protocol") is to set out the provisions governing the imaging, searching for, delivery and destruction of documents, data, files, and other information obtained from Julio Garza's devices. This Protocol has been agreed by the parties, and is not to be modified, expanded or otherwise changed without agreement of the parties or by order of the Court upon a showing of good cause.

1) The forensic vendor will be XXX ("XXX") which has been agreed by the parties;

2) NOV agrees to pay all costs and expenses incurred in connection with this Protocol for work which is conducted by XXX. This provision for payment to XXX is not to be construed as an indication that such expenses are or are not recoverable costs in this or any other suit;

3) The "Search Terms" referenced throughout are those terms on Exhibit 1 hereto;

4) The "File Names" referenced throughout are those file paths on Exhibit 2 hereto;

5) The term "Privileged" shall mean any documents or communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege recognized under the Texas Rules of Evidence or the Federal Rules of Evidence.

16392736.1



6)  The term "Personal" shall mean any information, data, and documents, photographs, video recordings, voice recordings, text messages, voicemails, emails, direct messages, no matter the format or file type, which is not or does not contain (i) NOV information, data or documents, or communications with NOV employees; (ii) information, data or documents pertaining to engineering or the solar energy industry; (iii) NOV information, data or documents which originated from a third-party that NOV retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that NOV retained about NOV information, data or documents; or (v) Array Information.

7)  The term "Array Information" shall mean any (i) Array information, data or documents with created date or last edit date on or after May 9, 2022 unless NOV's information was used to create the Array information, data or documents, (ii) any communications with Array employees sent, received or dated on or after May 9, 2022 unless the communication relates to NOV; (iii) Array information, data or documents with created date or last edit date on or after May 9, 2022 which originated from a third-party that Array retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that Array retained about Array information, data or documents which communications were sent, received or dated on or after May 9, 2022.

8)  To the extent that disputes arise with respect to carrying out the terms of this Protocol, the Parties shall meet and confer in an effort to resolve those disputes. The existence of one or more disputes shall not be grounds to change or defer the timetables set forth herein.

9)  The USB electronic storage devices.

    a.  Garza will cause the forensic images of the following devices (collectively, the "USB Drives") to be turned over from FTI Consulting to XXX for searching as set forth herein on or before July 19, 2022:

        i.   a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label);

        ii.  a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label); and

        iii. a black and dark grey USB with a slide-on lid (the "Subject Device").

    b.  On or before July 22, 2022, XXX will examine the forensic image of each of the USB Drives, recover all reasonably accessible data and documents from the forensic image, and create a file listing of all files contained on each USB Drive. XXX will then conduct a search of the electronic files on each of the forensic images of the USB Drives for the Search Terms and the File Names with a creation date or a last edit date of February 1, 2020 to present.

    c.  .

2

d.  With regard to any files which XXX locates on the forensic images of the USB Drives from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any.  Any destruction or further steps shall be conducted by July 30, 2022.

e.  XXX will download to a USB device all files from the forensic image of the USB Drives that do not return a positive hit to the Search Terms and File Names searches. XXX will send the USB Drives to Garza so that Garza has access to all of his Personal information contained on the USB Drives.

10) Personal iPhone 11 ("Personal iPhone").

a.  On or before July 19, 2022, Garza will cause to be turned over from FTI Consulting to XXX a copy of the forensic image of the Personal iPhone.

b.  On or before July 22, 2022, XXX will examine the forensic image of , recover all reasonably accessible data and documents from the forensic image and create a file listing report of all files contained on the Personal iPhone. XXX will then conduct a search using the Search Terms and the File Names for those files with a creation date or a last edit date of February 1, 2020 to present.

c.  With regard to any files which XXX locates on the Personal iPhone from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

d.  XXX will download to a USB device all files from the forensic image of the Personal iPhone that do not return a positive hit to the Search Terms and File Names searches. XXX will send the USB device to Garza so that Garza has access to all of his Personal information contained on the Personal iPhone.

3

11) Asus Personal Laptop ("<u>Personal Computer</u>").

    a.  On or before July 19, 2022, Garza will allow remote access to his Personal Computer to allow for the examination set forth herein.

    b.  On or before July 22, 2022, XXX will conduct an examination limited to the artifacts necessary to determine only whether the Subject Device was connected to the Personal Computer after February 22, 2022.  If XXX does not affirmatively determine from such examination that the Subject Device was attached to the Personal Computer after February 22, 2022, then XXX will conduct no further searches on the Personal Computer (and, for clarity, steps 11(c) – (e) of this Protocol will not be undertaken).

    c.  If XXX affirmatively determines from its examination in (b) that the Subject Device was attached to the Personal Computer after February 22, 2022, then, on or before July 22, 2022, XXX will create a forensic image of the Personal Computer, recover all reasonably accessible data and documents from the forensic image, and create a file listing of all files contained on the Personal Computer. XXX will then conduct a search of the user-created electronic files saved to the Personal Computer using the Search Terms and File Names for those files with a creation date or a last edit date of February 1, 2020 to present.

    d.  With regard to any files which XXX locates on the Personal Computer from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

12) Hotmail.com and Gmail.com account.

    a.  On or before July 19, 2022, Garza shall cause to have provided from FTI Consulting to XXX those emails dated February 1, 2020 to present from the forensically preserved contents of Garza's Hotmail.com and Gmail.com account.

    b.  On or before July 22, 2022, XXX shall search the forensically preserved emails from Garza's personal Hotmail.com and Gmail.com account (emails February 1, 2020 to present) for NOV documents using the File Names and Search Terms.

    c.  With regard to any files which XXX locates on the Hotmail.com and Gmail.com from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel.

Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

d.   XXX will download to a USB device all files from the forensic image of the Hotmail.com and Gmail.com email accounts that do not return a positive hit to the Search Terms and File Names searches. XXX will send the USB device to Garza so that Garza has access to all of his Personal information contained in the Hotmail.com and Gmail.com email accounts.

13) Dropbox and iCloud account.

a.   On or before July 19, 2022, Garza shall cause to have provided to XXX the username and password information allowing XXX access to his personal Dropbox and iCloud accounts.

b.   On or before July 22, 2022, XXX shall search all user-created files with a creation date or last edit date February 1, 2020 to present on Garza's Dropbox and iCloud account for NOV documents using the File Names and Search Terms.

c.   With regard to any files which XXX locates on the Dropbox and iCloud account from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

d.   XXX will download to a USB device all files from the forensic image of the Dropbox and iCloud accounts that do not return a positive hit to the Search Terms and File Names searches. XXX will send the USB device to Garza so that Garza has access to all of his Personal information contained in the Dropbox and iCloud accounts.

14) XXX will sign the Protective Order in the case, on or before July 19, 2022.

16392736.1

15) XXX will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine, to the extent possible, whether it was plugged in to any non-NOV issued electronic device after April 1, 2022, and if so, to the extent possible, what device(s) the Subject Device was plugged into.

16) XXX will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine when any of the files listed on Exhibit 2 hereto were last accessed, modified, or deleted.

17) All *ex parte* communication with XXX is prohibited. Communications with XXX regarding the conduct, implementation and completion of this Protocol shall be made jointly by, or by copy to, Plaintiff and Defendant.  It is expressly understood that XXX is an independent third-party and no privileges may attach to any communications between XXX and any party. Nothing herein should limit any protections under Fed. R. Civ. P. 26 with regard to other communications with experts or potential experts.

18) Nothing shall prevent XXX from delivering examination results on a rolling basis.

19) Within seven (7) days of any Final Judgment in this case, all forensic images and other data created or transferred under this Protocol shall be destroyed by the party in possession of same.  Counsel for the parties may keep copies of the lists of documents destroyed which are provided hereunder for their records.

20) All username and password information provided hereunder will be kept confidential. Within seven (7) days of any Final Judgment in this case, all username and password information provided to any party will be destroyed by the party in possession of the same.


DATED: July ___, 2022.


_____
U.S. DISTRICT COURT JUDGE

16392736.1

<u>EXHIBIT 1: Search Terms</u>

1.      "KiloNewton"
2.      " KN " or " kn " or " kN "
3.      "KiloNewton LLC"
4.      "@kilonewtonllc.com"
5.      "Williamson"
6.      "John Williamson"
7.      "Dr. Simma"
8.      "Krishna"
9.      "CPP"
10.     "CPP Inc."
11.     "@cppwind.com"
12.     "Underwriters Laboratory"
13.     "@ul.com"
14.     "Intertek"
15.     "@intertek.com"
16.     "lumped sum model"
18.     "parameter"
19.     "LSM"
21.     "HALT"
22.     "highly accelerated life-cycle testing"
23.     "1P tracker"
24.     "2P tracker"
25.     "AmberTrack"
26.     "Corosolar"
27.     "Sunlink "
28.     "central drive"
29.     "purlins"
30.     "damper"
31.     "damping"
32.     "modal analysis"
33.     "novatrack"
34.     "wind load"
35.     "wind tunnel"
36.     "wind testing"
37.     "dynamic amplification factor"
38.     "DAF"
39.     "15595"
40.     "1857339-CAL"
41.     "ANSYS" or "Ansys"
42.     "RSA"
43.     "Robot Structural Analysis"
44.     "SOL-28-21305"
45.     "14390"
46.     "NOV Solar Tracker"

7

47.    "NOV tracker"
48.    "Amber"
49.    "NOV Rig Technologies"
50.    "National Oilwell Varco"
51.    "@nov.com"
52.    "Array"
53.    "@arraytechinc.com"
54.    "CFD"
55.    "balance of system"
56.    "1P" or "1IP" or "one in portrait"
57.    "2P" or "2IP" or "two in portrait"
58.    "solar array"
59.    "solar tracking"
60.    "solar racking"
61.    "racking"
62.    "tracker"
63.    "tracker study"
64.    "bloom"
65.    "butterfly"
66.    "prototype"
67.    "STC"
68.    "Springett Technology Center"
69.    "Geopro"
70.    "Geo"
71.    "Techtrack"
72.    "Confidential"
73.    "Secret"
74.    "Proprietary"
75.    "steel"
76.    "system weight"
77.    "structure"

EXHIBIT 2: File Names

1.  NOV-Task Summary and Outcomes.pdf

2.  CPP15595 NOV1PTrackerStudy REP_SOLDYN_R00D00.pdf

3.  DAF Spreadsheet and Figures.zip

4.  AISC 360-10 (Direct Analysis Method).pdf

5.  p325-17aw.pdf

6.  EXTERNAL_ Re_ Lump Sum Calculator.msg

7.  Example of Period.png

8.  Modeling Solar Trackers Dynamic Response and Properties V2 release.pdf

9.  Modeling Solar Trackers Dynamic Response and Properties V1 release.pdf

10. Lump Sum Parameter Model_NOV_release2.xlsx

11. 15595_StaticTables_NOV1P_Add04.xlsx

12. Cantilever - 45deg Worst Case DownForce (Done).xmcd

13. Cantilever - 45deg Worst Case Uplift (Done).xmcd

14. Clips - 0deg Survival.xmcd

15. LiXXXng-N-Blooming Tool.xmcd

16. Post Moment - 0deg Survival (Done).xmcd

17. Post Moment - 45deg Worst Case DownForce (Done).xmcd

18. Post Moment - 45deg Worst Case Uplift (Done).xmcd

19. Post Normal - 0deg Survival (Done).xmcd

20. Post Normal - 45deg Worst Case DownForce (Done).xmcd

21. Post Normal - 45deg Worst Case UpLift (Done).xmcd

22. Purlins - 0deg Survival.xmcd

23. Purlins - 45deg Worst Case DownForce.xmcd

24. Purlins - 45deg Worst Case UpLift.xmcd

16392736.1

25.     Solar Panel Analysis - Set Up Data.xmcd

26.     TopHat-SectionProp.xmcd

27.     Cantilever - 0deg Survival (Done).xmcd

28.     1IP Solar Rough Costing.xlsx

29.     1IP Structural Analysis R00.xlsx

30.     2IP Solar Rough Costing.xlsx

31.     2IP Solar Rough Costing-PerMeeting.xlsx

32.     6 Span Indeterminate Beam Calculator.xlsx

33.     130MW Pile Cost.xlsx

34.     15595 Static Loads Tables R00D00.xlsx

35.     BloomWinchCableStudy.xlsx

36.     CableStudy Rev00.xlsx

37.     CableStudy Rev01.xlsx

38.     DamperAnalysis.xlsx

39.     Drive Calcs - 1IP.xlsx

40.     Drive Calcs - JCG.xlsx

41.     InverterSizing.xlsx

42.     Lump Sum Parameter Model_NOV_release.xlsx

43.     MotorCalcs.xlsx

44.     Pile Loads-1IP-Concrete.xlsx

45.     Pile Loads-1IP-Driven.xlsx

46.     PurlinBreakDown-RollerDie.xlsx

47.     Solar Panel Forces - CPP Comparision & 2D CFD.xlsx

48.     Tracker Calcs - Good Copy - After Pluck Test 3 - JC 6.xlsx

49.     Tracker Calcs - Good Copy - After Pluck Test 3.xlsx

50.   Tracker Calculator REV07.xlsx

51.   TrackerMassTonPerMW.xlsx

52.   TrackerSpacingCalculator.xlsx

53.   Costing For 2IP-Solar.xls

54.   D:\Solar\Analysis\Archive\WinchSpeedAnalysis.xmcd

55.   D:\Solar\Analysis\Archive\TorqueAnalysis-SolarPanel.xmcd

56.   D:\Solar\Analysis\Archive\SunPositionCalculator.xlsm

57.   D:\Solar\Analysis\Archive\SolarPanelFrameAnalysis - CPP Loads.xlsx

58.   D:\Solar\Analysis\Archive\SolarPanelFrameAnalysis - CFD Loads.xlsx

59.   D:\Solar\Analysis\Archive\Solar Panel Forces.xlsx

60.   D:\Solar\Analysis\Archive\Solar Panel Forces - CFD Loads.xlsx

61.   D:\Solar\Analysis\Archive\Solar Panel Analysis_JMM.xmcd

62.   D:\Solar\Analysis\Archive\Solar Panel Analysis.xmcd

63.   D:\Solar\Analysis\Archive\Solar Panel Analysis - Set Up Data.xmcd

64.   D:\Solar\Analysis\Archive\Solar Calcs Variable Replace.xmcd

65.   D:\Solar\Analysis\Archive\Shear and Bending Moment Diagrams.xmcd

66.   D:\Solar\Analysis\Archive\Purlins - Worst Case Uplift.xmcd

67.   D:\Solar\Analysis\Archive\Purlins - Worst Case Downforce.xmcd

68.   D:\Solar\Analysis\Archive\Purlins - 0deg Survival.xmcd

69.   D:\Solar\Analysis\Archive\Post Normal - Worst Case Uplift.xmcd

70.   D:\Solar\Analysis\Archive\Post Normal - Worst Case Downforce.xmcd

71.   D:\Solar\Analysis\Archive\Post Normal - 0deg Survival.xmcd

72.   D:\Solar\Analysis\Archive\Post Moment - Worst Case Uplift.xmcd

73.   D:\Solar\Analysis\Archive\Post Moment - Worst Case Downforce.xmcd

74.   D:\Solar\Analysis\Archive\Post Moment - 0deg Survival.xmcd

75.   D:\Solar\Analysis\Archive\Pile Loads.xmcd

76.   D:\Solar\Analysis\Archive\Cantilever - Worst Case Uplift.xmcd

77.   D:\Solar\Analysis\Archive\Cantilever - Worst Case Downforce.xmcd

78.   D:\Solar\Analysis\Archive\Cantilever - 0deg Survival.xmcd

79.   D:\Solar\Analysis\Archive\Book1.xlsx

80.   D:\Solar\Analysis\Archive

81.   D:\Solar\1IP\Lump Sum Parameter Model_NOV_release2.xlsx

82.   D:\Solar\1IP\15595_StaticTables_NOV1P_Add04.xlsx

83.   D:\Solar\1IP\15595 NOV Tracker Study ADD04 Gap Adjustment Factors.xlsx

84.   D:\Solar\1IP\DAF Spreadsheets R01.zip

85.   D:\Solar\2IP\14390 DAF Tables.xlsx

86.   D:\Solar\2IP\14390 Tables - Client Copy.xlsx

87.   D:\Solar\Documents\ASCE_7-10.pdf

88.   D:\Solar\Documents\ASCE 7-16-Unsecure.pdf

89.   D:\Solar\1IP\CPP15595 NOV1PTrackerStudy REP_SOLSTA_R00D00.pdf

90.   D:\Solar\1IP\CPP15595 NOV1PTrackerStudy REP_SOLDYN_R00D00.pdf

91.   D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOLINS_R00D00.pdf

92.   D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOL_R01D00.pdf

93.   D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOL_R00D00.pdf

94.   D:\Solar\2IP\CPP14390_NOVSolarTracker_Dynamics_REP_SOL_R00D00.pdf

95.   D:\Analysis Tools\D7A1EA46.tmp

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:22-CV-02006** |
| | § | |
| **JULIO GARZA,** | § | |
| | § | |
| *Defendant.* | § | |

**ORDER GRANTING AGREED COMPUTER**
**FORENSIC IMAGING & ANALYSIS PROTOCOL**

In accordance with Plaintiff National Oilwell Varco, L.P.'s and Defendant Julio C. Garza's

agreement, the Court enters this Order granting the parties' Agreed Computer Forensic Imaging

& Analysis Protocol and orders that expedited computer forensic imaging and analysis be allowed

as set out herein.

Protocol for Forensic Examination of Devices

The purpose of this protocol (the "Protocol") is to set out the provisions governing the imaging, searching for, delivery and destruction of documents, data, files, and other information obtained from Julio Garza's devices. This Protocol has been agreed by the parties, and is not to be modified, expanded or otherwise changed without agreement of the parties or by order of the Court upon a showing of good cause.

1) The forensic vendor will be XXX ("XXX") which has been agreed by the parties;

2) NOV agrees to pay all costs and expenses incurred in connection with this Protocol for work which is conducted by XXX. This provision for payment to XXX is not to be construed as an indication that such expenses are or are not recoverable costs in this or any other suit;

3) The "Search Terms" referenced throughout are those terms on Exhibit 1 hereto;

4) The "File Names" referenced throughout are those file paths on Exhibit 2 hereto;

5) The term "Privileged" shall mean any documents or communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege recognized under the Texas Rules of Evidence or the Federal Rules of Evidence.

16392736.1

6) The term "Personal" shall mean any information, data, and documents, photographs, video recordings, voice recordings, text messages, voicemails, emails, direct messages, no matter the format or file type, which is not or does not contain (i) NOV information, data or documents, or communications with NOV employees; (ii) information, data or documents pertaining to engineering or the solar energy industry; (iii) NOV information, data or documents which originated from a third-party that NOV retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that NOV retained about NOV information, data or documents; or (v) Array Information.

7) The term "Array Information" shall mean any (i) Array information, data or documents with created date or last edit date on or after May 9, 2022 ==unless NOV's information was used to create the Array information, data or documents==, (ii) any communications with Array employees sent, received or dated on or after May 9, 2022 ==unless the communication relates to NOV==; (iii) Array information, data or documents with created date or last edit date on or after May 9, 2022 which originated from a third-party that Array retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that Array retained about Array information, data or documents which communications were sent, received or dated on or after May 9, 2022.

8) To the extent that disputes arise with respect to carrying out the terms of this Protocol, the Parties shall meet and confer in an effort to resolve those disputes. The existence of one or more disputes shall not be grounds to change or defer the timetables set forth herein.

9) The USB electronic storage devices.

    a. Garza will cause the forensic images of the following devices (collectively, the "<u>USB Drives</u>") to be turned over from FTI Consulting to XXX for searching as set forth herein on or before ==July 19, 2022==:

        i. a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label);

        ii. a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label); and

        iii. a black and dark grey USB with a slide-on lid (the "<u>Subject Device</u>").

    b. On or before ==July 22, 2022==, XXX will examine the forensic image of each of the USB Drives, ==recover all reasonably accessible data== and ==documents from the forensic image, and create a file listing of all files contained on each USB Drive.== ==XXX== will ==then== conduct a search of the electronic files on each of the forensic images of the USB Drives for the Search Terms and the File Names with a creation date or a last edit date of ==February 1, 2020== to present.

    c. .

2

d.  With regard to any files which XXX locates on the forensic images of the USB Drives from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any.  Any destruction or further steps shall be conducted by July 30, 2022.

e.  XXX will download to a USB device all files from the forensic image of the USB Drives that do not return a positive hit to the Search Terms and File Names searches. XXX will send the USB Drives to Garza so that Garza has access to all of his Personal information contained on the USB Drives.

10) Personal iPhone 11 ("Personal iPhone").

a.  On or before July 19, 2022, Garza will cause to be turned over from FTI Consulting to XXX a copy of the forensic image of the Personal iPhone .

b.  On or before July 22, 2022, XXX will examine the forensic image of , recover all reasonably accessible data and documents from the forensic image and create a file listing report of all files contained on the Personal iPhone. XXX will then conduct a search using the Search Terms and the File Names for those files with a creation date or a last edit date of February 1, 2020 to present.

c.  With regard to any files which XXX locates on the Personal iPhone from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

d.  XXX will download to a USB device all files from the forensic image of the Personal iPhone that do not return a positive hit to the Search Terms and File

Names searches. XXX will send the USB device to Garza so that Garza has access to all of his Personal information contained on the Personal iPhone.

11) Asus Personal Laptop ("Personal Computer").

    a.  On or before July 19, 2022, Garza will allow remote access to his Personal Computer to allow for the examination set forth herein.

    b.  On or before July 22, 2022, XXX will conduct an examination limited to the artifacts necessary to determine only whether the Subject Device was connected to the Personal Computer after February 22, 2022.  If XXX does not affirmatively determine from such examination that the Subject Device was attached to the Personal Computer after February 22, 2022, then XXX will conduct no further searches on the Personal Computer (and, for clarity, steps 11(c) – (e) of this Protocol will not be undertaken).

    c.  If XXX affirmatively determines from its examination in (b) that the Subject Device was attached to the Personal Computer after February 22, 2022, then, on or before July 22, 2022, XXX will create a forensic image of the Personal Computer, recover all reasonably accessible data and documents from the forensic image, and create a file listing of all files contained on the Personal Computer. XXX will then conduct a search of the user-created electronic files saved to the Personal Computer using the Search Terms and File Names for those files with a creation date or a last edit date of February 1, 2020 to present.

    d.  With regard to any files which XXX locates on the Personal Computer from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

12) Hotmail.com and Gmail.com account.

    a.  On or before July 19, 2022, Garza shall cause to have provided from FTI Consulting to XXX those emails dated February 1, 2020 to present from the forensically preserved contents of Garza's Hotmail.com and Gmail.com account.

    b.  On or before July 22, 2022, XXX shall search the forensically preserved emails from Garza's personal Hotmail.com and Gmail.com account (emails February 1, 2020 to present) for NOV documents using the File Names and Search Terms.

4

    c.  With regard to any files which XXX locates on the Hotmail.com and Gmail.com from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

    d.  XXX will download to a USB device all files from the forensic image of the Hotmail.com and Gmail.com email accounts that do not return a positive hit to the Search Terms and File Names searches. XXX will send the USB device to Garza so that Garza has access to all of his Personal information contained in the Hotmail.com and Gmail.com email accounts.

    e.  .

13) Dropbox and iCloud account.

    a.  On or before July 19, 2022, Garza shall cause to have provided to XXX the username and password information allowing XXX access to his personal Dropbox and iCloud accounts.

    b.  On or before July 22, 2022, XXX shall search all user-created files with a creation date or last edit date February 1, 2020 to present on Garza's Dropbox and iCloud account for NOV documents using the File Names and Search Terms.

    c.  With regard to any files which XXX locates on the Dropbox and iCloud account from the Search Terms and File Names searches, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

    d.  XXX will download to a USB device all files from the forensic image of the Dropbox and iCloud accounts that do not return a positive hit to the Search Terms and File Names searches. XXX will send the USB device to Garza so that

<mark>has access to all of his Personal information contained in the Dropbox and iCloud accounts.</mark>

14) XXX will sign the Protective Order in the case, on or before <mark>July 19, 2022</mark>.

15) XXX will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine, to the extent possible, whether it was plugged in to any non-NOV issued electronic device after April 1, 2022, and if so, to the extent possible, what device(s) the Subject Device was plugged into.

16) XXX will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine when any of the files listed on Exhibit 2 hereto were last accessed, modified, or deleted.

17) All *ex parte* communication with XXX is prohibited. Communications with XXX regarding the conduct, implementation and completion of this Protocol shall be made jointly by, or by copy to, Plaintiff and Defendant.  It is expressly understood that XXX is an independent third-party and no privileges may attach to any communications between XXX and any party. Nothing herein should limit any protections under Fed. R. Civ. P. 26 with regard to other communications with experts or potential experts.

18) Nothing shall prevent XXX from delivering examination results on a rolling basis.

19) Within seven (7) days of any Final Judgment in this case, all forensic images and other data created or transferred under this Protocol shall be destroyed by the party in possession of same.  Counsel for the parties may keep copies of the lists of documents destroyed which are provided hereunder for their records.

20) All username and password information provided hereunder will be kept confidential. Within seven (7) days of any Final Judgment in this case, all username and password information provided to any party will be destroyed by the party in possession of the same.

DATED: July ____, 2022.

_____
U.S. DISTRICT COURT JUDGE

6

16392736.1

EXHIBIT 1: Search Terms

1.    "KiloNewton"
2.    " KN " or " kn " or " kN "
3.    "KiloNewton LLC"
4.    "@kilonewtonllc.com"
5.    "Williamson"
6.    "John Williamson"
7.    "Dr. Simma"
8.    "Krishna"
9.    "CPP"
10.   "CPP Inc."
11.   "@cppwind.com"
12.   "Underwriters Laboratory"
13.   "@ul.com"
14.   "Intertek"
15.   "@intertek.com"
16.   "lumped sum model"
18.   "parameter"
19.   "LSM"
21.   "HALT"
22.   "highly accelerated life-cycle testing"
23.   "1P tracker"
24.   "2P tracker"
25.   "AmberTrack"
26.   "Corosolar"
27.   "Sunlink "
28.   "central drive"
29.   "purlins"
30.   "damper"
31.   "damping"
32.   "modal analysis"
33.   "novatrack"
34.   "wind load"
35.   "wind tunnel"
36.   "wind testing"
37.   "dynamic amplification factor"
38.   "DAF"
39.   "15595"
40.   "1857339-CAL"
41.   "ANSYS" or "Ansys"
42.   "RSA"
43.   "Robot Structural Analysis"
44.   "SOL-28-21305"
45.   "14390"
46.   "NOV Solar Tracker"

7

47.   "NOV tracker"
48.   "Amber"
49.   "NOV Rig Technologies"
50.   "National Oilwell Varco"
51.   "@nov.com"
52.   "Array"
53.   "@arraytechinc.com"
54.   "CFD"
55.   "balance of system"
56.   "1P" or "1IP" or "one in portrait"
57.   "2P" or "2IP" or "two in portrait"
58.   "solar array"
59.   "solar tracking"
60.   "solar racking"
61.   "racking"
62.   "tracker"
63.   "tracker study"
64.   "bloom"
65.   "butterfly"
66.   "prototype"
67.   "STC"
68.   "Springett Technology Center"
69.   "Geopro"
70.   "Geo"
71.   "Techtrack"
72.   "Confidential"
73.   "Secret"
74.   "Proprietary"
75.   "steel"
76.   "system weight"
77.   "structure"

16392736.1

EXHIBIT 2: File Names

1.     NOV-Task Summary and Outcomes.pdf

2.     CPP15595 NOV1PTrackerStudy REP_SOLDYN_R00D00.pdf

3.     DAF Spreadsheet and Figures.zip

4.     AISC 360-10 (Direct Analysis Method).pdf

5.     p325-17aw.pdf

6.     EXTERNAL_ Re_ Lump Sum Calculator.msg

7.     Example of Period.png

8.     Modeling Solar Trackers Dynamic Response and Properties V2 release.pdf

9.     Modeling Solar Trackers Dynamic Response and Properties V1 release.pdf

10.    Lump Sum Parameter Model_NOV_release2.xlsx

11.    15595_StaticTables_NOV1P_Add04.xlsx

12.    Cantilever - 45deg Worst Case DownForce (Done).xmcd

13.    Cantilever - 45deg Worst Case Uplift (Done).xmcd

14.    Clips - 0deg Survival.xmcd

15.    LiXXXng-N-Blooming Tool.xmcd

16.    Post Moment - 0deg Survival (Done).xmcd

17.    Post Moment - 45deg Worst Case DownForce (Done).xmcd

18.    Post Moment - 45deg Worst Case Uplift (Done).xmcd

19.    Post Normal - 0deg Survival (Done).xmcd

20.    Post Normal - 45deg Worst Case DownForce (Done).xmcd

21.    Post Normal - 45deg Worst Case UpLift (Done).xmcd

22.    Purlins - 0deg Survival.xmcd

23.    Purlins - 45deg Worst Case DownForce.xmcd

24.    Purlins - 45deg Worst Case UpLift.xmcd

16392736.1

25.     Solar Panel Analysis - Set Up Data.xmcd

26.     TopHat-SectionProp.xmcd

27.     Cantilever - 0deg Survival (Done).xmcd

28.     1IP Solar Rough Costing.xlsx

29.     1IP Structural Analysis R00.xlsx

30.     2IP Solar Rough Costing.xlsx

31.     2IP Solar Rough Costing-PerMeeting.xlsx

32.     6 Span Indeterminate Beam Calculator.xlsx

33.     130MW Pile Cost.xlsx

34.     15595 Static Loads Tables R00D00.xlsx

35.     BloomWinchCableStudy.xlsx

36.     CableStudy Rev00.xlsx

37.     CableStudy Rev01.xlsx

38.     DamperAnalysis.xlsx

39.     Drive Calcs - 1IP.xlsx

40.     Drive Calcs - JCG.xlsx

41.     InverterSizing.xlsx

42.     Lump Sum Parameter Model_NOV_release.xlsx

43.     MotorCalcs.xlsx

44.     Pile Loads-1IP-Concrete.xlsx

45.     Pile Loads-1IP-Driven.xlsx

46.     PurlinBreakDown-RollerDie.xlsx

47.     Solar Panel Forces - CPP Comparision & 2D CFD.xlsx

48.     Tracker Calcs - Good Copy - After Pluck Test 3 - JC 6.xlsx

49.     Tracker Calcs - Good Copy - After Pluck Test 3.xlsx

16392736.1

50.     Tracker Calculator REV07.xlsx

51.     TrackerMassTonPerMW.xlsx

52.     TrackerSpacingCalculator.xlsx

53.     Costing For 2IP-Solar.xls

54.     D:\Solar\Analysis\Archive\WinchSpeedAnalysis.xmcd

**Commented [JR1]:** Why are these not culled down to the actual file name?

55.     D:\Solar\Analysis\Archive\TorqueAnalysis-SolarPanel.xmcd

56.     D:\Solar\Analysis\Archive\SunPositionCalculator.xlsm

57.     D:\Solar\Analysis\Archive\SolarPanelFrameAnalysis - CPP Loads.xlsx

58.     D:\Solar\Analysis\Archive\SolarPanelFrameAnalysis - CFD Loads.xlsx

59.     D:\Solar\Analysis\Archive\Solar Panel Forces.xlsx

60.     D:\Solar\Analysis\Archive\Solar Panel Forces - CFD Loads.xlsx

61.     D:\Solar\Analysis\Archive\Solar Panel Analysis_JMM.xmcd

62.     D:\Solar\Analysis\Archive\Solar Panel Analysis.xmcd

63.     D:\Solar\Analysis\Archive\Solar Panel Analysis - Set Up Data.xmcd

64.     D:\Solar\Analysis\Archive\Solar Calcs Variable Replace.xmcd

65.     D:\Solar\Analysis\Archive\Shear and Bending Moment Diagrams.xmcd

66.     D:\Solar\Analysis\Archive\Purlins - Worst Case Uplift.xmcd

67.     D:\Solar\Analysis\Archive\Purlins - Worst Case Downforce.xmcd

68.     D:\Solar\Analysis\Archive\Purlins - 0deg Survival.xmcd

69.     D:\Solar\Analysis\Archive\Post Normal - Worst Case Uplift.xmcd

70.     D:\Solar\Analysis\Archive\Post Normal - Worst Case Downforce.xmcd

71.     D:\Solar\Analysis\Archive\Post Normal - 0deg Survival.xmcd

72.     D:\Solar\Analysis\Archive\Post Moment - Worst Case Uplift.xmcd

73.     D:\Solar\Analysis\Archive\Post Moment - Worst Case Downforce.xmcd

74.     D:\Solar\Analysis\Archive\Post Moment - 0deg Survival.xmcd

16392736.1

75.  D:\Solar\Analysis\Archive\Pile Loads.xmcd

76.  D:\Solar\Analysis\Archive\Cantilever - Worst Case Uplift.xmcd

77.  D:\Solar\Analysis\Archive\Cantilever - Worst Case Downforce.xmcd

78.  D:\Solar\Analysis\Archive\Cantilever - 0deg Survival.xmcd

79.  D:\Solar\Analysis\Archive\Book1.xlsx

80.  D:\Solar\Analysis\Archive

81.  D:\Solar\1IP\Lump Sum Parameter Model_NOV_release2.xlsx

82.  D:\Solar\1IP\15595_StaticTables_NOV1P_Add04.xlsx

83.  D:\Solar\1IP\15595 NOV Tracker Study ADD04 Gap Adjustment Factors.xlsx

84.  D:\Solar\1IP\DAF Spreadsheets R01.zip

85.  D:\Solar\2IP\14390 DAF Tables.xlsx

86.  D:\Solar\2IP\14390 Tables - Client Copy.xlsx

87.  D:\Solar\Documents\ASCE_7-10.pdf

88.  D:\Solar\Documents\ASCE 7-16-Unsecure.pdf

89.  D:\Solar\1IP\CPP15595 NOV1PTrackerStudy REP_SOLSTA_R00D00.pdf

90.  D:\Solar\1IP\CPP15595 NOV1PTrackerStudy REP_SOLDYN_R00D00.pdf

91.  D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOLINS_R00D00.pdf

92.  D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOL_R01D00.pdf

93.  D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOL_R00D00.pdf

94.  D:\Solar\2IP\CPP14390_NOVSolarTracker_Dynamics_REP_SOL_R00D00.pdf

95.  D:\Analysis Tools\D7A1EA46.tmp

16392736.1