```
 1              UNITED STATES DISTRICT COURT
 2            SOUTHERN DISTRICT COURT OF TEXAS
 3                    HOUSTON DIVISION
    _____
 4                                        )
    NATIONAL OILWELL VARCO, L.P.,         )
 5                                        )
           Plaintiff,                     )
 6                                        )   Case No.
    VS                                    )
 7                                        )   4:22-CV-02006
    JULIO GARZA,                          )
 8                                        )
           Defendant.                     )
 9  _____)
10
11
12
13
14
15      VIDEOTAPED ORAL DEPOSITION OF JULIO GARZA
16                    JULY 9, 2022
17
18
19
20
21
22
23
24  REPORTED BY:
25      Lisa J. Brannon, CSR, RPR, CRR
```



800.211.DEPO (3376)
EsquireSolutions.com

EXHIBIT E

```
 1        VIDEOTAPED ORAL DEPOSITION OF JULIO GARZA,
 2  produced as a witness at the instance of the
 3  Plaintiff, and duly sworn, was taken in the
 4  above-styled and above-numbered cause on the 9th
 5  day of July, 2022, from 9:03 a.m. to 12:20 p.m.,
 6  before Lisa J. Brannon, CSR, RPR, CRR, reported
 7  by machine shorthand via Zoom, pursuant to the
 8  Federal Rules of Civil Procedure and the
 9  provisions stated on the record.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



```
 1              A P P E A R A N C E S

 2

   APPEARING ON BEHALF OF PLAINTIFF:
 3
        Stuart Lapp, Esq.
 4      Joshua Redelman, Esq
        STIBBS & CO., P.C.
 5      750 William D. Fitch Parkway
        Suite 210
 6      College Station, Texas  77845
        Telephone:  281-367-2222
 7      Email:      slapp@stibbsco.com
                    jredelman@stibbsco.com
 8

 9
   APPEARING ON BEHALF OF DEFENDANT:
10
        Adam Israel, Esq.
11      BALCH & BINGHAM, LLP
        811 Louisiana Street
12      Suite 1010
        Houston, Texas  77002
13      Telephone:  205-226-3495
        E-mail:     aisrael@balch.com
14

15
   ALSO PRESENT:
16
        Barrett Parker, videographer
17

18

19

20

21

22

23

24

25
```



```
 1                    I N D E X
 2                                             PAGE
 3  Appearances....................................  3
 4  WITNESS:  JULIO GARZA
 5       Examination by Mr. Lapp..................  7
 6  Certification of Deponent.....................112
 7  Reporter's Certificate........................114
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



```
 1         Q.   (BY MR. LAPP)  So you don't dispute in
 2   this case that some of the information that you
 3   took with you when you left NOV is company
 4   confidential information.
 5              MR. ISRAEL:  Object to form.
 6         A.   According to the definition, yes.
 7         Q.   (BY MR. LAPP)  So you don't dispute
 8   that.
 9         A.   No, according to definition.
10         Q.   So what you're disputing is the
11   definition, not the fact that you took the
12   information; is that right?
13         A.   Correct.
14         Q.   Okay.  So if, in fact, it turns out in
15   this case that NOV's definition squares up with
16   the legal definition, your quibble would go away,
17   would it not?
18              MR. ISRAEL:  Object to form.
19         A.   I would have to think about it.  I'm
20   not a lawyer, sir, so it's hard for me to make
21   that judgment.
22         Q.   (BY MR. LAPP)  Okay.  And I'm not
23   asking you to make that judgment.  I'm asking you
24   to answer the question.  The question is that if
25   it turns out that NOV's definition, as you recall
```



```
 1  it, on the intellectual property and
 2  confidentiality agreement that you signed squares
 3  up with the legal definition of confidential
 4  information, you agree that you then took
 5  confidential information from NOV, correct?
 6              MR. ISRAEL:  Object to form.
 7       A.   I would have to agree, yeah.
 8       Q.   (BY MR. LAPP)  You didn't tell anybody
 9  at NOV, Mr. Whitnell, or anybody else, that you
10  were taking that information when you left, did
11  you?
12       A.   No.
13       Q.   You didn't seek permission from NOV to
14  take that information, did you?
15       A.   No.
16       Q.   When you realized that you had that
17  information and that NOV didn't think that was a
18  very good idea, you didn't take any steps to try
19  to give it back, did you?
20       A.   I didn't think about it, sir.  It was
21  information on my thumb drive.  It was still
22  within my possession and it was still
23  confidential because it was not shared.
24       Q.   Now, in fact, you plugged one or two
25  thumb drives that you took with you from NOV into
```

