UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **Civil Action No. 4:22-CV-02006** |
| | § | |
| **JULIO GARZA,** | § | |
| | § | |
| *Defendant.* | § | |

ORDER REGARDING
FORENSIC ANALYSIS PROTOCOL

1. *Purpose*: To set out protocols for forensic analysis of Julio Garza's digital devices and accounts and certain of Array Technology Inc.'s digital devices.

2. *Vendor*: The forensic vendor will be _____ ("Vendor").[1]

3. *Costs*: Varco shall pay all costs and expenses incurred in connection with the work which is conducted by VENDOR. This provision for payment to VENDOR is not to be construed as an indication that such expenses are or are not recoverable costs in this or any other suit.

4. *Definitions*:

    a. "Search Terms" are those listed on Exhibit A hereto.[2]

    b. "File Names" are those file paths on Exhibit B hereto.[3]

    c. "Privileged" shall mean any documents or communications protected by any privilege recognized under the Texas Rules of Evidence or the Federal Rules of Evidence.

    d. "Information" includes data, documents, photographs, video recordings, voice recordings, text messages, voicemails, emails, direct messages, no matter the format or file type, and any other digital media.

    e. "Personal" shall mean any of Garza's information which does *not* contain (i) VARCO specific information or communications with VARCO employees; (ii)

---

[1] The parties have met with two potential forensic vendors, Chorus Consulting (proposed by Varco) and 4Discovery (proposed by Garza), but the parties have not reached agreement on who will perform the searches.
[2] Varco says these search terms are agreed between the parties.
[3] Varco says these file names are agreed between the parties.

16392736.1

  information pertaining to solar engineering, marketing or the solar energy industry; (iii) VARCO information which originated from any third-party that VARCO retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that VARCO retained; or (v) communications of any type with Array or its agents.

 f. "Array Information" shall mean any (i) Array information created or last edited on or after May 9, 2022 unless VARCO's information was used to create the Array information; (ii) any communications with Array employees after May 9, 2022 unless the communication relates to VARCO; (iii) Array information, data or documents with created date or last edit date on or after May 9, 2022 which originated from a third-party that Array retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that Array retained about Array information, data or documents which communications were sent, received or dated on or after May 9, 2022.[4]

5. *Disputes*: The parties shall meet and confer in an effort to resolve any disputes hereunder, but the existence of one or more disputes shall not be grounds to change or defer the timetables set forth herein.

6. *Garza's USB drives and personal iPhone 11:*[5]

 a. Garza and Garza's counsel will cause the following devices to be turned over to VENDOR for searching as set forth herein on or before _____, 2022:

  i. a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label);

  ii. a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label);

  iii. a black and dark grey USB with a slide-on lid (the "Subject Device"); and

  iv. Garza's personal iPhone 11.

 b. Within four days of receipt of the USB devices and iPhone, VENDOR will search for documents, communications, and information using the Search Terms and File Names listed on Exhibits A and B with a creation date, last edit date, or last accessed date of February 1, 2020[6] to present. VENDOR will also recover reasonably accessible data and documents from the forensic images and determine, if and when, any data and documents were deleted.

---

[4] Varco says May 9th and the definition of Array Information are agreed between Varco and Defendant Garza.
[5] Varco says Defendant Garza has agreed to produce the USB Drives. Defendant Garza wishes to restrict the search of the personal iPhone 11 to a file listing and has not agreed to produce the personal iPhone 11.
[6] Varco says this was the date Defendant Garza began working in the Varco solar group. Defendant Garza has not confirmed his agreement to this date.

    c. If VENDOR locates any documents, communications, or information using the Search Terms and File Names listed on Exhibits A and B hereto, the following shall apply:

        i. VENDOR will produce a responsive file list and a copy of those files to Defendant's counsel.

        ii. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only.

        iii. Within two calendar days from Defendant's counsel's designation, VENDOR shall produce to VARCO's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which VENDOR located during VENDOR's search.

        iv. Files designated as Personal, Array Information, or Privileged and not produced to Varco shall be preserved and maintained by counsel pending any necessary review and ruling by the Court.

    d. VENDOR will download to a new USB device all files from Garza's USB drives and personal iPhone that do not return a positive hit to the Search Terms and File Names of Exhibits A and B, and VENDOR will send this new USB device to Garza's counsel so that Garza has access to all of his Personal Information.

    e. Garza's counsel shall maintain custody of Garza's USB drives and personal iPhone pending further order of this court.

7. *Asus Personal Laptop ("Personal Computer").*[7]

    a. Simultaneously with producing the USB drives above Garza will allow remote access to his Personal Computer to allow for the examination set forth herein. VENDOR will conduct an examination limited to determining only whether any of the USB drives above were connected to the Personal Computer on or after February 22, 2022.[8]

    b. If none of the USB devices above were attached to the Personal Computer on or after February 22, 2022, then VENDOR will conduct no further searches on the Personal Computer.

    c. If VENDOR determines that any of the USB devices were attached to the Personal Computer then Garza shall provide his Personal Computer to VENDOR so that VENDOR may search the computer. The protocols and

---

[7] Varco says this Defendant Garza has agreed to produce the Personal Computer.
[8] Varco says this date has been agreed to by Defendant Garza.

3

16392736.1

      deadlines relating to the examination of the USB devices and iPhone above shall apply.

8. Hotmail.com and Gmail.com account.[9]

    a. Simultaneously with producing the USB drives and computer above, Garza shall provide to VENDOR those emails dated February 1, 2020 to present from the previously forensically preserved contents of Garza's Hotmail.com and Gmail.com account.

    b. VENDOR shall search the forensically preserved emails from Garza's personal Hotmail.com and Gmail.com account (emails February 1, 2020 to present) for VARCO documents using the File Names and Search Terms of Exhibits A and B.

    c. If VENDOR locates any documents, communications, or information using the Search Terms and File Names listed on Exhibits A and B hereto, then the protocols and deadlines relating to the examination of the USB devices and iPhone above shall apply.

    d. VENDOR will download to a new USB device all files from the forensic image of the Hotmail.com and Gmail.com email accounts that do not return a positive hit to the Search Terms and File Names searches of Exhibits A and B. VENDOR will send the new USB device to Garza's counsel so that Garza has access to all of his Personal Information contained in the Hotmail.com and Gmail.com email accounts.

9. Dropbox and iCloud account.[10]

    a. Simultaneously with producing the materials set out above, Garza shall provide to VENDOR the username and password information allowing VENDOR access to Garza's personal Dropbox and iCloud accounts.

    b. VENDOR shall search all files on Garza's Dropbox and iCloud account for VARCO documents using the criteria of Exhibits A and B.

    c. If VENDOR locates any documents, communications, or information using the Search Terms and File Names listed on Exhibits A and B hereto, the protocols and deadlines for the USB devices and iPhone shall apply.

    d. VENDOR will download to a new USB device all files from the forensic image of the Dropbox and iCloud accounts that do not return a positive hit to the Search Terms and File Names searches. VENDOR will send the new USB

---

[9] Varco says Defendant Garza has agreed to produce the Hotmail account, but not the Gmail account. The method and scope of the search has not been agreed.

[10] Varco says Defendant Garza has agreed to produce the Dropbox and iCloud account, but the method and scope of the search have not been agreed.

        device to Garza so that Garza has access to all of his Personal information contained in the Dropbox and iCloud accounts.

10. VENDOR will sign the Protective Order in the case before conducting any searches.

11. VENDOR will also conduct additional analysis on the USB drives to determine, to the extent possible, whether any of them were plugged into any non-VARCO issued electronic device after April 1, 2022, and if so, to the extent possible, what device(s) they were plugged into.

12. VENDOR will also conduct additional analysis on the USB drives to determine when any of the files listed on Exhibit B hereto were last accessed, modified, or deleted.

13. All *ex parte* communication with VENDOR is prohibited. Communications with VENDOR regarding the conduct, implementation and completion of this Protocol shall be made jointly by, or by copy to, Plaintiff and Defendant. VENDOR is an independent third-party and no privileges may attach to any communications between VENDOR and any party. Nothing herein shall limit any protections under Fed. R. Civ. P. 26 with regard to other communications with experts or potential experts.

14. Nothing shall prevent VENDOR from delivering examination results on a rolling basis.

15. Within thirty (30) days of the expiration of all appellate rights from any Final Judgment in this case, all forensic images and other data created or transferred under this Protocol shall be destroyed by the party in possession of same. Counsel for the parties may keep copies of the lists of documents destroyed which are provided hereunder for their records.

DATED: July ___, 2022.

 

_____
U.S. DISTRICT COURT JUDGE

EXHIBIT A: Search Terms

1. "KiloNewton"
2. " KN " or " kn " or " kN "
3. "KiloNewton LLC"
4. "@kilonewtonllc.com"
5. "Williamson"
6. "John Williamson"
7. "Dr. Simma"
8. "Krishna"
9. "CPP"
10. "CPP Inc."
11. "@cppwind.com"
12. "Underwriters Laboratory"
13. "@ul.com"
14. "Intertek"
15. "@intertek.com"
16. "lumped sum model"
18. "parameter"
19. "LSM"
21. "HALT"
22. "highly accelerated life-cycle testing"
23. "1P tracker"
24. "2P tracker"
25. "AmberTrack"
26. "Corosolar"
27. "Sunlink "
28. "central drive"
29. "purlins"
30. "damper"
31. "damping"
32. "modal analysis"
33. "Varcoatrack"
34. "wind load"
35. "wind tunnel"
36. "wind testing"
37. "dynamic amplification factor"
38. "DAF"
39. "15595"
40. "1857339-CAL"
41. "ANSYS" or "Ansys"
42. "RSA"
43. "Robot Structural Analysis"
44. "SOL-28-21305"
45. "14390"
46. "VARCO Solar Tracker"

47. "VARCO tracker"
48. "Amber"
49. "VARCO Rig Technologies"
50. "National Oilwell Varco"
51. "@Varco.com"
52. "Array"
53. "@arraytechinc.com"
54. "CFD"
55. "balance of system"
56. "1P" or "1IP" or "one in portrait"
57. "2P" or "2IP" or "two in portrait"
58. "solar array"
59. "solar tracking"
60. "solar racking"
61. "racking"
62. "tracker"
63. "tracker study"
64. "bloom"
65. "butterfly"
66. "prototype"
67. "STC"
68. "Springett Technology Center"
69. "Geopro"
70. "Geo"
71. "Techtrack"
72. "Confidential"
73. "Secret"
74. "Proprietary"
75. "steel"
76. "system weight"
77. "structure"

16392736.1

EXHIBIT B: File Names

1. VARCO-Task Summary and Outcomes.pdf
2. CPP15595 VARCO1PTrackerStudy REP_SOLDYN_R00D00.pdf
3. DAF Spreadsheet and Figures.zip
4. AISC 360-10 (Direct Analysis Method).pdf
5. p325-17aw.pdf
6. EXTERNAL_ Re_ Lump Sum Calculator.msg
7. Example of Period.png
8. Modeling Solar Trackers Dynamic Response and Properties V2 release.pdf
9. Modeling Solar Trackers Dynamic Response and Properties V1 release.pdf
10. Lump Sum Parameter Model_VARCO_release2.xlsx
11. 15595_StaticTables_VARCO1P_Add04.xlsx
12. Cantilever - 45deg Worst Case DownForce (Done).xmcd
13. Cantilever - 45deg Worst Case Uplift (Done).xmcd
14. Clips - 0deg Survival.xmcd
15. LiVENDORng-N-Blooming Tool.xmcd
16. Post Moment - 0deg Survival (Done).xmcd
17. Post Moment - 45deg Worst Case DownForce (Done).xmcd
18. Post Moment - 45deg Worst Case Uplift (Done).xmcd
19. Post Normal - 0deg Survival (Done).xmcd
20. Post Normal - 45deg Worst Case DownForce (Done).xmcd
21. Post Normal - 45deg Worst Case UpLift (Done).xmcd
22. Purlins - 0deg Survival.xmcd
23. Purlins - 45deg Worst Case DownForce.xmcd
24. Purlins - 45deg Worst Case UpLift.xmcd

25. Solar Panel Analysis - Set Up Data.xmcd

26. TopHat-SectionProp.xmcd

27. Cantilever - 0deg Survival (Done).xmcd

28. 1IP Solar Rough Costing.xlsx

29. 1IP Structural Analysis R00.xlsx

30. 2IP Solar Rough Costing.xlsx

31. 2IP Solar Rough Costing-PerMeeting.xlsx

32. 6 Span Indeterminate Beam Calculator.xlsx

33. 130MW Pile Cost.xlsx

34. 15595 Static Loads Tables R00D00.xlsx

35. BloomWinchCableStudy.xlsx

36. CableStudy Rev00.xlsx

37. CableStudy Rev01.xlsx

38. DamperAnalysis.xlsx

39. Drive Calcs - 1IP.xlsx

40. Drive Calcs - JCG.xlsx

41. InverterSizing.xlsx

42. Lump Sum Parameter Model_VARCO_release.xlsx

43. MotorCalcs.xlsx

44. Pile Loads-1IP-Concrete.xlsx

45. Pile Loads-1IP-Driven.xlsx

46. PurlinBreakDown-RollerDie.xlsx

47. Solar Panel Forces - CPP Comparision & 2D CFD.xlsx

48. Tracker Calcs - Good Copy - After Pluck Test 3 - JC 6.xlsx

49. Tracker Calcs - Good Copy - After Pluck Test 3.xlsx

9

16392736.1

50. Tracker Calculator REV07.xlsx
51. TrackerMassTonPerMW.xlsx
52. TrackerSpacingCalculator.xlsx
53. Costing For 2IP-Solar.xls
54. WinchSpeedAnalysis.xmcd
55. TorqueAnalysis-SolarPanel.xmcd
56. SunPositionCalculator.xlsm
57. SolarPanelFrameAnalysis - CPP Loads.xlsx
58. SolarPanelFrameAnalysis - CFD Loads.xlsx
59. Solar Panel Forces.xlsx
60. Solar Panel Forces - CFD Loads.xlsx
61. Solar Panel Analysis_JMM.xmcd
62. Solar Panel Analysis.xmcd
63. Solar Panel Analysis - Set Up Data.xmcd
64. Solar Calcs Variable Replace.xmcd
65. Shear and Bending Moment Diagrams.xmcd
66. Purlins - Worst Case Uplift.xmcd
67. Purlins - Worst Case Downforce.xmcd
68. Purlins - 0deg Survival.xmcd
69. Post Normal - Worst Case Uplift.xmcd
70. Post Normal - Worst Case Downforce.xmcd
71. Post Normal - 0deg Survival.xmcd
72. Post Moment - Worst Case Uplift.xmcd
73. Post Moment - Worst Case Downforce.xmcd
74. Post Moment - 0deg Survival.xmcd

75. Pile Loads.xmcd

76. Cantilever - Worst Case Uplift.xmcd

77. Cantilever - Worst Case Downforce.xmcd

78. Cantilever - 0deg Survival.xmcd

79. Book1.xlsx

80. Archive

81. Lump Sum Parameter Model_VARCO_release2.xlsx

82. 15595_StaticTables_VARCO1P_Add04.xlsx

83. 15595 VARCO Tracker Study ADD04 Gap Adjustment Factors.xlsx

84. DAF Spreadsheets R01.zip

85. 14390 DAF Tables.xlsx

86. 14390 Tables - Client Copy.xlsx

87. ASCE_7-10.pdf

88. ASCE 7-16-Unsecure.pdf

89. CPP15595 VARCO1PTrackerStudy REP_SOLSTA_R00D00.pdf

90. CPP15595 VARCO1PTrackerStudy REP_SOLDYN_R00D00.pdf

91. CPP14390_VARCOSolarTracker_REP_SOLINS_R00D00.pdf

92. CPP14390_VARCOSolarTracker_REP_SOL_R01D00.pdf

93. CPP14390_VARCOSolarTracker_REP_SOL_R00D00.pdf

94. CPP14390_VARCOSolarTracker_Dynamics_REP_SOL_R00D00.pdf

95. D7A1EA46.tmp