# EXHIBIT "B"

CAUSE NO. 035732

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | GRIMES COUNTY, TEXAS |
| | § | |
| JULIO GARZA, and ARRAY | § | |
| TECHNOLOGIES, INC. | § | |
| *Defendants*. | § | 12th JUDICIAL DISTRICT |

## JULIO C. GARZA'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

To:  Plaintiff National Oilwell Varco, LP, by and through its attorney of record, Stuart W. Lapp, Stibbs & Co. P.C., 750 William D. Finch Pkwy Suite 210, College Station, Texas 77845.

Defendant Julio Cesar Garza ("Garza") herein responds to Plaintiff National Oilwell Varco, LP's ("NOV") First Interrogatories, in accordance with the Grimes County, Texas Court's June 6, 2022 Order Granting Plaintiff's Emergency Motion for Expedited Discovery, and the Texas Rules of Civil Procedure.

Respectfully submitted,

BALCH & BINGHAM LLP

/s/ *Audrey F. Momanaee*
Audrey F. Momanaee
amomanaee@balch.com
Texas Bar No. 24055993
811 Louisiana St., Suite 1010
Houston, Texas 77002
Telephone: 713-362-2557

ATTORNEY FOR DEFENDANT
JULIO C. GARZA

15548056.1

employment with NOV." Subject to and without waiving such objections, Garza responds as follows:

The electronic storage devices which are currently in the custody of my counsel are: (i) my personal iPhone 11; (ii) a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label); and (iii) a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label).

The electronic storage device which is currently in the custody of Array's counsel is: (i) a black and dark grey USB with a slide-on lid.

INTERROGATORY NO. 6: Identify all of Your cloud-based storage accounts, including but not limited to Dropbox and email accounts.

RESPONSE: Garza objects to this interrogatory to the extent that it requests information regarding electronic storage devices which were never used by him in connection with his work for NOV or Array and which contain personal and private information. Garza further objects to this request as it appears to be for information which is neither relevant nor likely to lead to the discovery of admissible evidence and not discoverable under the Rules. Given that, it would be unduly burdensome for him to respond to the request, given the lack of importance of the information in resolving the issues, and that the burden of the proposed discovery outweighs its likely benefit. Garza further objects to this request since the prior Forensic Order, and the subsequent modification to the same required that he turn over to defendants' counsel "all electronic storage devices that have been connected to his employment with NOV." Subject to and without waiving such objections, Garza responds as follows:

I have the following personal cloud-based storage accounts: Dropbox, iCloud, WhatsApp, gmail.com email account, and Hotmail.com email account. These accounts are exclusively personal.

INTERROGATORY NO. 7: Identify all electronic storage devices that you plugged into any electronic device that Defendant Array provided to You.

RESPONSE: Garza objects to this interrogatory to the extent that it appears to request that he marshal his proof in contravention of the Rules. Garza further objects that this request is not limited in time, and thus, would be unduly burdensome to continue to supplement in the future. Subject to and without waiving such objections, Garza responds as follows:

To the best of my recollection, the only electronic storage devices which I plugged into the computer which Array provided to me, are: (i) that electronic storage device currently in the custody of Array's counsel described as a black and dark grey USB with a slide-on lid, and (ii) that electronic storage device currently in the custody of my counsel described as a grey/blue and silver USB with snap-on lid (has "Stress Engineering Services" label).

15548056.1