| | |
|---|---|
| **From:** | Momanaee, Audrey F. |
| **To:** | Josh Redelman |
| **Cc:** | Stuart Lapp; Bret Davis; Momanaee, Audrey F. |
| **Subject:** | Protocol, NOV/Garza |
| **Date:** | Friday, July 22, 2022 5:23:13 PM |
| **Attachments:** | 2022-07-22 Proposed Forensic Protocol AFM edits-16555059-v1.docx |
| | Change-Pro Redline - 2022-07-20 Proposed Forensic Protocol AFM edits-16509401-v1 and 2022-07-22 Proposed Forensic Protocol AFM edits-16555059-v1.pdf |

Josh,

See attached per our discussions, which again, reflect on our part, a willingness to agree to the review of a broader set of devices with broader searches than we think would otherwise be permitted in order to get to an agreement.  I understand that you all may still have some disagreements with this.  If you can please identify them for me in an email (or draft edits to the protocol reflecting the same), that would be very helpful.  I remain hopeful that we can get to an agreement, but if there are things that we are just not going to agree upon, we should identify those issues and work through them or bring them to the Court's attention.  As I understand it, one of those things may be that you are unwilling to agree to the destruction of any information from the devices even with the forensic images of the same in the possession of the third-party neutral.  Please tell me if I got that wrong, and again, please identify any other areas of disagreement.

I will be in your office on Monday morning and perhaps we can talk again then. I am also available over the weekend to discuss to get this completed.

Thanks,

Audrey



Audrey F. Momanaee, Partner, Balch & Bingham LLP
811 Louisiana Street • Suite 1010 • Houston, TX 77002
t: (713) 362-2557  f: (866) 230-9950  e: amomanaee@balch.com
**www.balch.com**

---

CONFIDENTIALITY:  This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution.  If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.



**EXHIBIT**

**A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:22-CV-02006** |
| | § | |
| **JULIO GARZA,** | § | |
| | § | |
| *Defendant.* | § | |

## ORDER GRANTING AGREED COMPUTER
## FORENSIC IMAGING & ANALYSIS PROTOCOL

In accordance with Plaintiff National Oilwell Varco, L.P.'s and Defendant Julio C. Garza's agreement, the Court enters this Order granting the parties' Agreed Computer Forensic Imaging & Analysis Protocol and orders that expedited computer forensic imaging and analysis be allowed as set out herein.

<u>Protocol for Forensic Examination of Devices</u>

The purpose of this protocol (the "<u>Protocol</u>") is to set out the provisions governing the imaging, searching for, delivery and destruction of documents, data, files, and other information obtained from Julio Garza's devices. This Protocol has been agreed by the parties, and is not to be modified, expanded or otherwise changed without agreement of the parties or by order of the Court upon a showing of good cause.

1) The forensic vendor will be XXX ("<u>XXX</u>") which has been agreed by the parties;

2) NOV agrees to pay all costs and expenses incurred in connection with this Protocol for work which is conducted by XXX;

3) The "Search Terms" referenced throughout are those terms on <u>Exhibit 1</u> hereto;

4) The "File Names" referenced throughout are those file paths on <u>Exhibit 2</u> hereto;

5) The term "Privileged" shall mean any documents or communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege recognized under the Texas Rules of Evidence or the Federal Rules of Evidence.

6) The term "Personal" shall mean any information, data, and documents, photographs, video recordings, voice recordings, text messages, voicemails, emails, direct messages,


EMAIL ATTACHMENT - 1

no matter the format or file type, which is not or does not contain (i) NOV information, data or documents, or communications with NOV employees; (ii) information, data or documents pertaining to engineering or the solar energy industry; (iii) NOV information, data or documents which originated from a third-party that NOV retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that NOV retained about NOV information, data or documents; or (v) Array Information.

7) The term "Array Information" shall mean any (i) Array information, data or documents with created date or last edit date on or after May 9, 2022, (ii) any communications with Array employees sent, received or dated on or after May 9, 2022; (iii) Array information, data or documents with created date or last edit date on or after May 9, 2022 which originated from a third-party that Array retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that Array retained about Array information, data or documents which communications were sent, received or dated on or after May 9, 2022.

8) To the extent that disputes arise with respect to carrying out the terms of this Protocol, the Parties shall meet and confer in an effort to resolve those disputes. The existence of one or more disputes shall not be grounds to change or defer the timetables set forth herein.

9) The USB electronic storage devices.

    a. Garza will cause the forensic images of the following devices (collectively, the "USB Drives") to be turned over from FTI Consulting to XXX for searching as set forth herein on or before July 19, 2022:

        i. a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label);

        ii. a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label); and

        iii. a black and dark grey USB with a slide-on lid (the "Subject Device").

    b. On or before July 22, 2022, XXX will examine the forensic image of each of the USB Drives, and will conduct a search of the electronic files on each of the forensic images of the USB Drives for the Search Terms and the File Names with a creation date or a last edit date of January 1, 2022 to present.

    c. If any files on the USB Drives are discovered from the File Names search, FTI Consulting will turn over those identified devices to XXX, and any files which XXX locates on the USB Drives from the File Names search will be forensically wiped and destroyed on the USB Drives by XXX, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant on or before July ___, 2022.

2

d. With regard to any files which XXX locates on the forensic images of the USB Drives from the Search Terms search, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any.  Any destruction or further steps shall be conducted by July 30, 2022.

10) Personal iPhone 11 ("Personal iPhone").

a. On or before July 19, 2022, Garza will cause to be turned over from FTI Consulting to XXX a copy of an iPhone file listing report from Garza's Personal iPhone for those files with a creation date or last edit date January 1, 2022 to June 3, 2022.

b. On or before July 22, 2022, XXX will search the Personal iPhone file listing report using the Search Terms and the File Names for those files with a creation date or a last edit date of January 1, 2022 to present.

c. If any documents are located from the searches of Search Terms or File Names in (b), Garza will cause to be turned over from FTI Consulting his Personal iPhone to XXX on or before July 25, 2022, and such documents will be forensically wiped and destroyed on the Personal iPhone by XXX, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant on or before July __, 2022.

11) Asus Personal Laptop ("Personal Computer").

a. On or before July 19, 2022, Garza will allow remote access to his Personal Computer to allow for the examination set forth herein.

b. On or before July 22, 2022, XXX will conduct an examination limited to the artifacts necessary to determine only whether the Subject Device was connected to the Personal Computer after April 1, 2022.  If XXX does not affirmatively determine from such examination that the Subject Device was attached to the Personal Computer after April 1, 2022, then XXX will conduct no further searches on the Personal Computer (and, for clarity, steps 11(c) – (e) of this Protocol will not be undertaken).

c. If XXX affirmatively determines from its examination in (b) that the Subject Device was attached to the Personal Computer after April 1, 2022, then, on or before July 22, 2022, XXX will create a forensic image of the Personal Computer, and will conduct a search of the user-created electronic files saved to the Personal

Computer using the Search Terms and File Names for those files with a creation date or a last edit date of January 1, 2022 to present.

d.  Any files which XXX locates on the Personal Computer from the File Names search will be forensically wiped and destroyed on the Personal Computer by XXX, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant, on or before July __, 2022.

e.  With regard to any files which XXX locates on the Personal Computer from the Search Terms search, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

12) Hotmail.com account.

a.  On or before July 19, 2022, Garza shall cause to have provided from FTI Consulting to XXX those emails dated January 1, 2022 to June 3, 2022 from the forensically preserved contents of Garza's personal Hotmail.com account

b.  On or before July 22, 2022, XXX shall search the forensically preserved emails from Garza's personal Hotmail.com account (emails January 1, 2022 to June 3, 2022) for NOV documents using the File Names.

c.  Any files which XXX locates on the personal Hotmail.com account from the File Names search will be forensically wiped and destroyed by XXX from the Hotmail.com account, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant, on or before July __, 2022.

13) Dropbox and iCloud account.

a.  On or before July 19, 2022, Garza shall cause to have provided to XXX the username and password information allowing XXX access to his personal Dropbox and iCloud accounts.

b.  On or before July 22, 2022, XXX shall search all user-created files with a creation date or last edit date January 1, 2022 to June 3, 2022 on Garza's Dropbox and iCloud account for NOV documents using the File Names.

     c.  Any files which XXX locates on the Dropbox and iCloud account from the File Names search will be forensically wiped and destroyed by XXX, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant.

14) XXX will sign the Protective Order in the case, on or before July 19, 2022.

15) XXX will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine, to the extent possible, whether it was plugged in to any non-NOV issued electronic device after April 1, 2022, and if so, to the extent possible, what device(s) the Subject Device was plugged into.

16) XXX will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine when any of the files listed on Exhibit 2 hereto were last accessed, modified, or deleted.

17) All *ex parte* communication with XXX is prohibited. Communications with XXX regarding the conduct, implementation and completion of this Protocol shall be made jointly by, or by copy to, Plaintiff and Defendant.  It is expressly understood that XXX is an independent third-party and no privileges may attach to any communications between XXX and any party. Nothing herein should limit any protections under Fed. R. Civ. P. 26 with regard to other communications with experts or potential experts.

18) Nothing shall prevent XXX from delivering examination results on a rolling basis.

19) Each device will be returned to Mr. Garza upon completion of the protocols set forth herein with regard to each device.  Devices shall be returned to Mr. Garza on a rolling basis if possible.

20) Within seven (7) days of any Final Judgment in this case, all forensic images and other data created or transferred under this Protocol shall be destroyed by the party in possession of same.  Counsel for the parties may keep copies of the lists of documents destroyed which are provided hereunder for their records.

21) All username and password information provided hereunder will be kept confidential. Within seven (7) days of any Final Judgment in this case, all username and password information provided to any party will be destroyed by the party in possession of the same.

DATED: July ____, 2022.

_____
U.S. DISTRICT COURT JUDGE

5

<u>EXHIBIT 1: Search Terms</u>

1.    "KiloNewton"
2.    " KN " or " kn " or " kN "
3.    "KiloNewton LLC"
4.    "@kilonewtonllc.com"
5.    "Williamson"
6.    "John Williamson"
7.    "Dr. Simma"
8.    "Krishna"
9.    "CPP"
10.   "CPP Inc."
11.   "@cppwind.com"
12.   "Underwriters Laboratory"
13.   "@ul.com"
14.   "Intertek"
15.   "@intertek.com"
16.   "lumped sum model"
18.   "parameter"
19.   "LSM"
21.   "HALT"
22.   "highly accelerated life-cycle testing"
23.   "1P tracker"
24.   "2P tracker"
25.   "AmberTrack"
26.   "Corosolar"
27.   "Sunlink "
28.   "central drive"
29.   "purlins"
30.   "damper"
31.   "damping"
32.   "modal analysis"
33.   "novatrack"
34.   "wind load"
35.   "wind tunnel"
36.   "wind testing"
37.   "dynamic amplification factor"
38.   "DAF"
39.   "15595"
40.   "1857339-CAL"
41.   "ANSYS" or "Ansys"
42.   "RSA"
43.   "Robot Structural Analysis"
44.   "SOL-28-21305"
45.   "14390"
46.   "NOV Solar Tracker"

6

47.     "NOV tracker"
48.     "Amber"
49.     "NOV Rig Technologies"
50.     "National Oilwell Varco"
51.     "@nov.com"
52.     "Array"
53.     "@arraytechinc.com"
54.     "CFD"
55.     "balance of system"
56.     "1P" or "1IP" or "one in portrait"
57.     "2P" or "2IP" or "two in portrait"
58.     "solar array"
59.     "solar tracking"
60.     "solar racking"
61.     "racking"
62.     "tracker"
63.     "tracker study"
64.     "bloom"
65.     "butterfly"
66.     "prototype"
67.     "STC"
68.     "Springett Technology Center"
69.     "Geopro"
70.     "Geo"
71.     "Techtrack"
72.     "Confidential"
73.     "Secret"
74.     "Proprietary"
75.     "steel"
76.     "system weight"
77.     "structure"

7

EXHIBIT 2: File Names

1.    NOV-Task Summary and Outcomes.pdf

2.    CPP15595 NOV1PTrackerStudy REP_SOLDYN_R00D00.pdf

3.    DAF Spreadsheet and Figures.zip

4.    AISC 360-10 (Direct Analysis Method).pdf

5.    p325-17aw.pdf

6.    EXTERNAL_ Re_ Lump Sum Calculator.msg

7.    Example of Period.png

8.    Modeling Solar Trackers Dynamic Response and Properties V2 release.pdf

9.    Modeling Solar Trackers Dynamic Response and Properties V1 release.pdf

10.   Lump Sum Parameter Model_NOV_release2.xlsx

11.   15595_StaticTables_NOV1P_Add04.xlsx

12.   Cantilever - 45deg Worst Case DownForce (Done).xmcd

13.   Cantilever - 45deg Worst Case Uplift (Done).xmcd

14.   Clips - 0deg Survival.xmcd

15.   LiXXXng-N-Blooming Tool.xmcd

16.   Post Moment - 0deg Survival (Done).xmcd

17.   Post Moment - 45deg Worst Case DownForce (Done).xmcd

18.   Post Moment - 45deg Worst Case Uplift (Done).xmcd

19.   Post Normal - 0deg Survival (Done).xmcd

20.   Post Normal - 45deg Worst Case DownForce (Done).xmcd

21.   Post Normal - 45deg Worst Case UpLift (Done).xmcd

22.   Purlins - 0deg Survival.xmcd

23.   Purlins - 45deg Worst Case DownForce.xmcd

24.   Purlins - 45deg Worst Case UpLift.xmcd

25.    Solar Panel Analysis - Set Up Data.xmcd

26.    TopHat-SectionProp.xmcd

27.    Cantilever - 0deg Survival (Done).xmcd

28.    1IP Solar Rough Costing.xlsx

29.    1IP Structural Analysis R00.xlsx

30.    2IP Solar Rough Costing.xlsx

31.    2IP Solar Rough Costing-PerMeeting.xlsx

32.    6 Span Indeterminate Beam Calculator.xlsx

33.    130MW Pile Cost.xlsx

34.    15595 Static Loads Tables R00D00.xlsx

35.    BloomWinchCableStudy.xlsx

36.    CableStudy Rev00.xlsx

37.    CableStudy Rev01.xlsx

38.    DamperAnalysis.xlsx

39.    Drive Calcs - 1IP.xlsx

40.    Drive Calcs - JCG.xlsx

41.    InverterSizing.xlsx

42.    Lump Sum Parameter Model_NOV_release.xlsx

43.    MotorCalcs.xlsx

44.    Pile Loads-1IP-Concrete.xlsx

45.    Pile Loads-1IP-Driven.xlsx

46.    PurlinBreakDown-RollerDie.xlsx

47.    Solar Panel Forces - CPP Comparision & 2D CFD.xlsx

48.    Tracker Calcs - Good Copy - After Pluck Test 3 - JC 6.xlsx

49.    Tracker Calcs - Good Copy - After Pluck Test 3.xlsx

16392736.1

50.     Tracker Calculator REV07.xlsx

51.     TrackerMassTonPerMW.xlsx

52.     TrackerSpacingCalculator.xlsx

53.     Costing For 2IP-Solar.xls

54.     D:\Solar\Analysis\Archive\WinchSpeedAnalysis.xmcd

55.     D:\Solar\Analysis\Archive\TorqueAnalysis-SolarPanel.xmcd

56.     D:\Solar\Analysis\Archive\SunPositionCalculator.xlsm

57.     D:\Solar\Analysis\Archive\SolarPanelFrameAnalysis - CPP Loads.xlsx

58.     D:\Solar\Analysis\Archive\SolarPanelFrameAnalysis - CFD Loads.xlsx

59.     D:\Solar\Analysis\Archive\Solar Panel Forces.xlsx

60.     D:\Solar\Analysis\Archive\Solar Panel Forces - CFD Loads.xlsx

61.     D:\Solar\Analysis\Archive\Solar Panel Analysis_JMM.xmcd

62.     D:\Solar\Analysis\Archive\Solar Panel Analysis.xmcd

63.     D:\Solar\Analysis\Archive\Solar Panel Analysis - Set Up Data.xmcd

64.     D:\Solar\Analysis\Archive\Solar Calcs Variable Replace.xmcd

65.     D:\Solar\Analysis\Archive\Shear and Bending Moment Diagrams.xmcd

66.     D:\Solar\Analysis\Archive\Purlins - Worst Case Uplift.xmcd

67.     D:\Solar\Analysis\Archive\Purlins - Worst Case Downforce.xmcd

68.     D:\Solar\Analysis\Archive\Purlins - 0deg Survival.xmcd

69.     D:\Solar\Analysis\Archive\Post Normal - Worst Case Uplift.xmcd

70.     D:\Solar\Analysis\Archive\Post Normal - Worst Case Downforce.xmcd

71.     D:\Solar\Analysis\Archive\Post Normal - 0deg Survival.xmcd

72.     D:\Solar\Analysis\Archive\Post Moment - Worst Case Uplift.xmcd

73.     D:\Solar\Analysis\Archive\Post Moment - Worst Case Downforce.xmcd

74.     D:\Solar\Analysis\Archive\Post Moment - 0deg Survival.xmcd

75. D:\Solar\Analysis\Archive\Pile Loads.xmcd

76. D:\Solar\Analysis\Archive\Cantilever - Worst Case Uplift.xmcd

77. D:\Solar\Analysis\Archive\Cantilever - Worst Case Downforce.xmcd

78. D:\Solar\Analysis\Archive\Cantilever - 0deg Survival.xmcd

79. D:\Solar\Analysis\Archive\Book1.xlsx

80. D:\Solar\Analysis\Archive

81. D:\Solar\1IP\Lump Sum Parameter Model_NOV_release2.xlsx

82. D:\Solar\1IP\15595_StaticTables_NOV1P_Add04.xlsx

83. D:\Solar\1IP\15595 NOV Tracker Study ADD04 Gap Adjustment Factors.xlsx

84. D:\Solar\1IP\DAF Spreadsheets R01.zip

85. D:\Solar\2IP\14390 DAF Tables.xlsx

86. D:\Solar\2IP\14390 Tables - Client Copy.xlsx

87. D:\Solar\Documents\ASCE_7-10.pdf

88. D:\Solar\Documents\ASCE 7-16-Unsecure.pdf

89. D:\Solar\1IP\CPP15595 NOV1PTrackerStudy REP_SOLSTA_R00D00.pdf

90. D:\Solar\1IP\CPP15595 NOV1PTrackerStudy REP_SOLDYN_R00D00.pdf

91. D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOLINS_R00D00.pdf

92. D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOL_R01D00.pdf

93. D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOL_R00D00.pdf

94. D:\Solar\2IP\CPP14390_NOVSolarTracker_Dynamics_REP_SOL_R00D00.pdf

95. D:\Analysis Tools\D7A1EA46.tmp

16392736.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** | § | |
| *Plaintiff*, | § | |
| | § | |
| **vs.** | § | **Civil Action No. 4:22-CV-02006** |
| | § | |
| **JULIO GARZA,** | § | |
| | § | |
| *Defendant.* | § | |

**ORDER GRANTING AGREED COMPUTER**
**FORENSIC IMAGING & ANALYSIS PROTOCOL**

In accordance with Plaintiff National Oilwell Varco, L.P.'s and Defendant Julio C. Garza's agreement, the Court enters this Order granting the parties' Agreed Computer Forensic Imaging & Analysis Protocol and orders that expedited computer forensic imaging and analysis be allowed as set out herein.

<u>Protocol for Forensic Examination of Devices</u>

The purpose of this protocol (the "Protocol") is to set out the provisions governing the imaging, searching for, delivery and destruction of documents, data, files, and other information obtained from Julio Garza's devices.  This Protocol has been agreed by the parties, and is not to be modified, expanded or otherwise changed without agreement of the parties or by order of the Court upon a showing of good cause.

1) The forensic vendor will be XXX ("XXX") which has been agreed by the parties;

2) NOV agrees to pay all costs and expenses incurred in connection with this Protocol for work which is conducted by XXX;

3) The "Search Terms" referenced throughout are those terms on Exhibit 1 hereto;

4) The "File Names" referenced throughout are those file paths on Exhibit 2 hereto;

5) The term "Privileged" shall mean any documents or communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege recognized under the Texas Rules of Evidence or the Federal Rules of Evidence.

6) The term "Personal" shall mean any information, data, and documents, photographs, video recordings, voice recordings, text messages, voicemails, emails, direct messages,

16392736.1

**EMAIL ATTACHMENT - 2**

no matter the format or file type, which is not or does not contain (i) NOV information, data or documents, or communications with NOV employees; (ii) information, data or documents pertaining to engineering or the solar energy industry; (iii) NOV information, data or documents which originated from a third-party that NOV retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that NOV retained about NOV information, data or documents; or (v) Array Information.

7) The term "Array Information" shall mean any (i) Array information, data or documents, or with created date or last edit date on or after May 9, 2022, (ii) any communications with Array employees sent, received or dated on or after May 9, 2022; (iii) Array information, data or documents with created date or last edit date on or after May 9, 2022 which originated from a third-party that Array retained; or (iiiiv) any communications by, between, or on which Garza was cc'd with any third-party that Array retained about Array information, data or documents which communications were sent, received or dated on or after May 9, 2022.

8) To the extent that disputes arise with respect to carrying out the terms of this Protocol, the Parties shall meet and confer in an effort to resolve those disputes. The existence of one or more disputes shall not be grounds to change or defer the timetables set forth herein.

9) The USB electronic storage devices.

   a. Garza will cause the forensic images of the following devices (collectively, the "USB Drives") to be turned over from FTI Consulting to XXX for searching as set forth herein on or before July 19, 2022:

      i. a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label);

      ii. a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label); and

      iii. a black and dark grey USB with a slide-on lid (the "Subject Device").

   b. On or before July 22, 2022, XXX will create aexamine the forensic image of each of the USB Drives, and will conduct a search of the electronic files on each of the forensic images of the USB Drives for the Search Terms and the File Names with a creation date or a last edit date of January 1, 2022 to present.

   c. AnyIf any files on the USB Drives are discovered from the File Names search, FTI Consulting will turn over those identified devices to XXX, and any files which XXX locates on the USB Drives from the File Names search will be forensically wiped and destroyed on the USB Drives by XXX, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant on or before July ___, 2022.

2

    d.  With regard to any files which XXX locates on the <u>forensic images of the</u> USB Drives from the Search Terms search, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any.  Any destruction or further steps shall be conducted by July 30, 2022.

10) Personal iPhone 11 ("<u>Personal iPhone</u>").

    a.  On or before July 19, 2022, Garza will cause to be turned over from FTI Consulting to XXX a copy of an iPhone file listing report from Garza's Personal iPhone for those files with a creation date or last edit date January 1, 2022 to June 3, 2022.

    b.  On or before July 22, 2022, XXX will search the Personal iPhone file listing report using the Search Terms and the File Names for those files with a creation date or a last edit date of January 1, 2022 to present.

    c.  If any documents are located from the searches of Search Terms or File Names in (b), Garza will cause to be turned over from FTI Consulting his Personal iPhone to XXX on or before July 25, 2022, and such documents will be forensically wiped and destroyed on the Personal iPhone by XXX, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant <u>on or before July ___, 2022</u>.

11) Asus Personal Laptop ("<u>Personal Computer</u>").

    a.  On or before July 19, 2022, Garza will ~~cause~~<u>allow remote access to</u> his Personal Computer to ~~be turned over to XXX.  Notwithstanding the foregoing, if possible,~~<u>allow for</u> the examination set forth herein ~~will be conducted remotely and the Personal Computer will remain in the possession of Garza~~.

    ~~b.~~  On or before July 22, 2022, XXX will ~~examine user activity~~<u>conduct an examination limited to the</u> artifacts ~~(LNK files, Jump Lists, Shell Bags, UserAssist, MRU Records, etc.) on Garza's Personal Computer~~<u>necessary</u> to determine <u>only</u> whether the Subject Device was ~~attached~~<u>connected</u> to the Personal Computer after April 1, 2022.

    ~~c.~~  If XXX does not affirmatively determine from ~~its~~<u>such</u> examination ~~in (b)~~that the Subject Device was attached to the Personal Computer after April 1, 2022, then XXX will conduct no

3

further searches on the Personal Computer (and, for clarity, steps 11(c) – (e) of this Protocol will not be undertaken).

    c. d. If XXX affirmatively determines from its examination in (b) that the Subject Device was attached to the Personal Computer after April 1, 2022, then, on or before July 22, 2022, XXX will create a forensic image of the Personal Computer, and will conduct a search of the user-created electronic files saved to the Personal Computer using the Search Terms and File Names for those files with a creation date or a last edit date of January 1, 2022 to present.

    d. e. Any files which XXX locates on the Personal Computer from the File Names search will be forensically wiped and destroyed on the Personal Computer by XXX, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant, on or before July ___, 2022.

    e. f. With regard to any files which XXX locates on the Personal Computer from the Search Terms search, on or before July 22, 2022, XXX will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, XXX shall produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which XXX located during XXX's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps shall be conducted by July 30, 2022.

12) Hotmail.com account.

    a. On or before July 19, 2022, Garza shall cause to have provided from FTI Consulting to XXX those emails dated January 1, 2022 to June 3, 2022 from the forensically preserved contents of Garza's personal Hotmail.com account

    b. On or before July 22, 2022, XXX shall search Garza's the forensically preserved emails from Garza's personal Hotmail.com account (emails January 1, 2022 to June 3, 2022) for NOV documents using the File Names.

    c. Any files which XXX locates on the personal Hotmail.com account from the File Names search will be forensically wiped and destroyed by XXX from the Hotmail.com account, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant, on or before July ___, 2022.

13) Dropbox and iCloud account.

a. On or before July 19, 2022, Garza shall cause to have provided to XXX the username and password information allowing XXX access to his personal Dropbox and iCloud accounts.

b. On or before July 22, 2022, XXX shall search all user-created files with a creation date or last edit date January 1, 2022 to June 3, 2022 on Garza's Dropbox and iCloud account for NOV documents using the File Names.

c. Any files which XXX locates on the Dropbox and iCloud account from the File Names search will be forensically wiped and destroyed by XXX, which will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant.

14) 13) XXX will sign the Protective Order in the case, on or before July 19, 2022.

15) 14) XXX will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine, to the extent possible, whether it was plugged in to any non-NOV issued electronic device after April 1, 2022, and if so, to the extent possible, what device(s) the Subject Device was plugged into.

16) 15) XXX will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine when any of the files listed on Exhibit 2 hereto were last accessed, modified, or deleted.

17) 16) All *ex parte* communication with XXX is prohibited. Communications with XXX regarding the conduct, implementation and completion of this Protocol shall be made jointly by, or by copy to, Plaintiff and Defendant.  It is expressly understood that XXX is an independent third-party and no privileges may attach to any communications between XXX and any party. Nothing herein should limit any protections under Fed. R. Civ. P. 26 with regard to other communications with experts or potential experts.

18) 17) Nothing shall prevent XXX from delivering examination results on a rolling basis.

19) 18) Each device will be returned to Mr. Garza upon completion of the protocols set forth herein with regard to each device.  Devices shall be returned to Mr. Garza on a rolling basis if possible.

20) 19) Within seven (7) days of any Final Judgment in this case, all forensic images and other data created or transferred under this Protocol shall be destroyed by the party in possession of same.  Counsel for the parties may keep copies of the lists of documents destroyed which are provided hereunder for their records.

21) 20) All username and password information provided hereunder will be kept confidential. Within seven (7) days of any Final Judgment in this case, all username and password information provided to any party will be destroyed by the party in possession of the same.

5

DATED: July ___, 2022.

_____
U.S. DISTRICT COURT JUDGE

6

EXHIBIT 1: Search Terms

1. "KiloNewton"
2. " KN " or " kn " or " kN "
3. "KiloNewton LLC"
4. "@kilonewtonllc.com"
5. "Williamson"
6. "John Williamson"
7. "Dr. Simma"
8. "Krishna"
9. "CPP"
10. "CPP Inc."
11. "@cppwind.com"
12. "Underwriters Laboratory"
13. "@ul.com"
14. "Intertek"
15. "@intertek.com"
16. "lumped sum model"
18. "lumped sum parameter model"
19. "LSM"
21. "HALT"
22. "highly accelerated life-cycle testing"
23. "1P tracker"
24. "2P tracker"
25. "AmberTrack"
26. "Corosolar"
27. "Sunlink "
28. "central drive"
29. "purlins"
30. "damper"
31. "damping"
32. "modal analysis"
33. "novatrack"
34. "wind load"
35. "wind tunnel"
36. "wind testing"
37. "dynamic amplification factor"
38. "DAF"
39. "15595"
40. "1857339-CAL"
41. "ANSYS" or "Ansys"
42. "RSA"
43. "Robot Structural Analysis"
44. "SOL-28-21305"
45. "14390"

7

16392736.1

46. "NOV Solar Tracker"
47. "NOV tracker"
48. "Amber"
49. "NOV Rig Technologies"
50. "National Oilwell Varco"
51. "@nov.com"
52. "Array"
53. "@arraytechinc.com"
54. "CFD"
55. "balance of system"
56. "1P" or "1IP" or "one in portrait"
57. "2P" or "2IP" or "two in portrait"
58. "solar array"
59. "solar tracking"
60. "solar racking"
61. "racking"
62. "tracker"
63. "tracker study"
64. "bloom"
65. "butterfly"
66. "prototype"
67. "STC"
68. "Springett Technology Center"
69. "~Geopro"
70. "Geo"
71. "Techtrack"
72. "Confidential"
73. "Secret"
74. "Proprietary"
75. "steel"
76. "system weight"
77. "techtrackstructure"

> **Momanaee, Audrey F. [MAF1]** July 20,
> 2022 06:03 PM
> To be updated per discussion 7/21

16392736.1

EXHIBIT 2: File Names

1. ~~D:\Solar\Documents\~~NOV-Task Summary and Outcomes.pdf

~~2. D:\Solar\NOV-Task Summary and Outcomes.pdf~~

2. ~~3. D:\Solar\HP\~~CPP15595 NOV1PTrackerStudy REP_SOLDYN_R00D00.pdf

3. ~~4. D:\Solar\HP\~~DAF Spreadsheet and Figures.zip

4. ~~5. D:\Analysis Tools\~~AISC 360-10 (Direct Analysis Method).pdf

5. ~~6. D:\Analysis Tools\~~p325-17aw.pdf

6. ~~7. D:\Solar\HP\~~_EXTERNAL_ Re_ Lump Sum Calculator.msg

7. ~~8. D:\Solar\HP\~~Example of Period.png

8. ~~9. D:\Solar\HP\~~Modeling Solar Trackers Dynamic Response and Properties V2 release.pdf

9. ~~10. D:\Solar\HP\~~Modeling Solar Trackers Dynamic Response and Properties V1 release.pdf

10. ~~11. D:\Solar\Analysis\~~Lump Sum Parameter Model_NOV_release2.xlsx

11. ~~12. D:\Solar\Analysis\~~15595_StaticTables_NOV1P_Add04.xlsx

12. ~~13. D:\Solar\Analysis\~~Cantilever - 45deg Worst Case DownForce (Done).xmcd

13. ~~14. D:\Solar\Analysis\~~Cantilever - 45deg Worst Case Uplift (Done).xmcd

14. ~~15. D:\Solar\Analysis\~~Clips - 0deg Survival.xmcd

15. ~~16. D:\Solar\Analysis\~~LiXXXng-N-Blooming Tool.xmcd

16. ~~17. D:\Solar\Analysis\~~Post Moment - 0deg Survival (Done).xmcd

17. ~~18. D:\Solar\Analysis\~~Post Moment - 45deg Worst Case DownForce (Done).xmcd

18. ~~19. D:\Solar\Analysis\~~Post Moment - 45deg Worst Case Uplift (Done).xmcd

19. ~~20. D:\Solar\Analysis\~~Post Normal - 0deg Survival (Done).xmcd

20. ~~21. D:\Solar\Analysis\~~Post Normal - 45deg Worst Case DownForce (Done).xmcd

21. ~~22. D:\Solar\Analysis\~~Post Normal - 45deg Worst Case UpLift (Done).xmcd

9

16392736.1

22. ~~23. D:\Solar\Analysis\~~Purlins - 0deg Survival.xmcd

23. ~~24. D:\Solar\Analysis\~~Purlins - 45deg Worst Case DownForce.xmcd

24. ~~25. D:\Solar\Analysis\~~Purlins - 45deg Worst Case UpLift.xmcd

25. ~~26. D:\Solar\Analysis\~~Solar Panel Analysis - Set Up Data.xmcd

26. ~~27. D:\Solar\Analysis\~~TopHat-SectionProp.xmcd

27. ~~28. D:\Solar\Analysis\~~Cantilever - 0deg Survival (Done).xmcd

28. ~~29. D:\Solar\Analysis\~~1IP Solar Rough Costing.xlsx

29. ~~30. D:\Solar\Analysis\~~1IP Structural Analysis R00.xlsx

30. ~~31. D:\Solar\Analysis\~~2IP Solar Rough Costing.xlsx

31. ~~32. D:\Solar\Analysis\~~2IP Solar Rough Costing-PerMeeting.xlsx

32. ~~33. D:\Solar\Analysis\~~6 Span Indeterminate Beam Calculator.xlsx

33. ~~34. D:\Solar\Analysis\~~130MW Pile Cost.xlsx

34. ~~35. D:\Solar\Analysis\~~15595 Static Loads Tables R00D00.xlsx

35. ~~36. D:\Solar\Analysis\~~BloomWinchCableStudy.xlsx

36. ~~37. D:\Solar\Analysis\~~CableStudy Rev00.xlsx

37. ~~38. D:\Solar\Analysis\~~CableStudy Rev01.xlsx

38. ~~39. D:\Solar\Analysis\~~DamperAnalysis.xlsx

39. ~~40. D:\Solar\Analysis\~~Drive Calcs - 1IP.xlsx

40. ~~41. D:\Solar\Analysis\~~Drive Calcs - JCG.xlsx

41. ~~42. D:\Solar\Analysis\~~InverterSizing.xlsx

42. ~~43. D:\Solar\Analysis\~~Lump Sum Parameter Model_NOV_release.xlsx

43. ~~44. D:\Solar\Analysis\~~MotorCalcs.xlsx

44. ~~45. D:\Solar\Analysis\~~Pile Loads-1IP-Concrete.xlsx

45. ~~46. D:\Solar\Analysis\~~Pile Loads-1IP-Driven.xlsx

10

46. ~~47. D:\Solar\Analysis\~~PurlinBreakDown-RollerDie.xlsx

47. ~~48. D:\Solar\Analysis\~~Solar Panel Forces - CPP Comparision & 2D CFD.xlsx

48. ~~49. D:\Solar\Analysis\~~Tracker Calcs - Good Copy - After Pluck Test 3 - JC 6.xlsx

49. ~~50. D:\Solar\Analysis\~~Tracker Calcs - Good Copy - After Pluck Test 3.xlsx

50. ~~51. D:\Solar\Analysis\~~Tracker Calculator REV07.xlsx

51. ~~52. D:\Solar\Analysis\~~TrackerMassTonPerMW.xlsx

52. ~~53. D:\Solar\Analysis\~~TrackerSpacingCalculator.xlsx

53. ~~54. D:\Solar\Analysis\~~Costing For 2IP-Solar.xls

54. ~~55.~~ D:\Solar\Analysis\Archive\WinchSpeedAnalysis.xmcd

55. ~~56.~~ D:\Solar\Analysis\Archive\TorqueAnalysis-SolarPanel.xmcd

56. ~~57.~~ D:\Solar\Analysis\Archive\SunPositionCalculator.xlsm

57. ~~58.~~ D:\Solar\Analysis\Archive\SolarPanelFrameAnalysis - CPP Loads.xlsx

58. ~~59.~~ D:\Solar\Analysis\Archive\SolarPanelFrameAnalysis - CFD Loads.xlsx

59. ~~60.~~ D:\Solar\Analysis\Archive\Solar Panel Forces.xlsx

60. ~~61.~~ D:\Solar\Analysis\Archive\Solar Panel Forces - CFD Loads.xlsx

61. ~~62.~~ D:\Solar\Analysis\Archive\Solar Panel Analysis_JMM.xmcd

62. ~~63.~~ D:\Solar\Analysis\Archive\Solar Panel Analysis.xmcd

63. ~~64.~~ D:\Solar\Analysis\Archive\Solar Panel Analysis - Set Up Data.xmcd

64. ~~65.~~ D:\Solar\Analysis\Archive\Solar Calcs Variable Replace.xmcd

65. ~~66.~~ D:\Solar\Analysis\Archive\Shear and Bending Moment Diagrams.xmcd

66. ~~67.~~ D:\Solar\Analysis\Archive\Purlins - Worst Case Uplift.xmcd

67. ~~68.~~ D:\Solar\Analysis\Archive\Purlins - Worst Case Downforce.xmcd

68. ~~69.~~ D:\Solar\Analysis\Archive\Purlins - 0deg Survival.xmcd

69. ~~70.~~ D:\Solar\Analysis\Archive\Post Normal - Worst Case Uplift.xmcd

11

16392736.1

70. ~~71.~~ D:\Solar\Analysis\Archive\Post Normal - Worst Case Downforce.xmcd

71. ~~72.~~ D:\Solar\Analysis\Archive\Post Normal - 0deg Survival.xmcd

72. ~~73.~~ D:\Solar\Analysis\Archive\Post Moment - Worst Case Uplift.xmcd

73. ~~74.~~ D:\Solar\Analysis\Archive\Post Moment - Worst Case Downforce.xmcd

74. ~~75.~~ D:\Solar\Analysis\Archive\Post Moment - 0deg Survival.xmcd

75. ~~76.~~ D:\Solar\Analysis\Archive\Pile Loads.xmcd

76. ~~77.~~ D:\Solar\Analysis\Archive\Cantilever - Worst Case Uplift.xmcd

77. ~~78.~~ D:\Solar\Analysis\Archive\Cantilever - Worst Case Downforce.xmcd

78. ~~79.~~ D:\Solar\Analysis\Archive\Cantilever - 0deg Survival.xmcd

79. ~~80.~~ D:\Solar\Analysis\Archive\Book1.xlsx

80. ~~81.~~ D:\Solar\Analysis\Archive

81. ~~82.~~ D:\Solar\1IP\Lump Sum Parameter Model_NOV_release2.xlsx

82. ~~83.~~ D:\Solar\1IP\15595_StaticTables_NOV1P_Add04.xlsx

83. ~~84.~~ D:\Solar\1IP\15595 NOV Tracker Study ADD04 Gap Adjustment Factors.xlsx

84. ~~85.~~ D:\Solar\1IP\DAF Spreadsheets R01.zip

85. ~~86.~~ D:\Solar\2IP\14390 DAF Tables.xlsx

86. ~~87.~~ D:\Solar\2IP\14390 Tables - Client Copy.xlsx

87. ~~88.~~ D:\Solar\Documents\ASCE_7-10.pdf

88. ~~89.~~ D:\Solar\Documents\ASCE 7-16-Unsecure.pdf

89. ~~90.~~ D:\Solar\1IP\CPP15595 NOV1PTrackerStudy REP_SOLSTA_R00D00.pdf

90. ~~91.~~ D:\Solar\1IP\CPP15595 NOV1PTrackerStudy REP_SOLDYN_R00D00.pdf

91. ~~92.~~ D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOLINS_R00D00.pdf

92. ~~93.~~ D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOL_R01D00.pdf

93. ~~94.~~ D:\Solar\2IP\CPP14390_NOVSolarTracker_REP_SOL_R00D00.pdf

16392736.1

94. 95. D:\Solar\2IP\CPP14390_NOVSolarTracker_Dynamics_REP_SOL_R00D00.pdf

95. 96. D:\Analysis Tools\D7A1EA46.tmp

| Summary report: Litera® Change-Pro for Word 10.10.0.103 Document comparison done on 7/22/2022 5:11:56 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** 2022-07-20 Proposed Forensic Protocol AFM edits-16509401-v1.docx | |
| **Modified DMS:** iw://imanage.balch.com/BALCH/16555059/1 | |
| **Changes:** | |
| Add | 232 |
| Delete | 182 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 414 |