IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL OILWELL VARCO, L.P.<br>    Plaintiff,<br><br>v.<br><br>JULIO GARZA<br>    Defendant. | Civil Action No. 4:22-cv-02006 |

**NON-PARTY ARRAY TECH, INC.'S RESPONSE TO
PLAINTIFF NATIONAL OILWELL VARCO, L.P.'S EMERGENCY MOTION FOR
<u>ENTRY OF FORENSIC PROTOCOL</u>**

Non-Party Array Tech, Inc. f/k/a Array Technologies, Inc. ("Array") files this response to the Emergency Motion for Entry of a Forensic Examination Protocol (ECF 49, hereinafter, "Varco's Motion") filed by Plaintiff National Oilwell Varco, LP ("Varco").

Array is filing a response because it is unclear—even after conferring with Varco's counsel—whether Varco's Motion seeks relief against Array. Whatever the case, Varco's Motion is based on misrepresentations about Array's conduct such that Array files this response.

**I.   NATURE OF VARCO'S MOTION**

Peppered throughout Varco's Motion are statements that Varco seeks direct access to the laptop and mobile phone that Array issued to Garza for performance of his job duties (hereinafter "Array's computing devices").[1] On the first page of Varco's Motion, Issue No. 5 is "Whether and to what extent Varco should be permitted to conduct a forensic examination on certain devices owned by interested party Array Technologies, Inc." (Varco's Motion at 1). Elsewhere Varco's Motion states "Issue Six: Examination of devices owned by Array" and "Varco is entitled to a forensic examination of devices owned by Array." (Varco's Motion at 5, 11). Varco states that

---

[1]   Immediately following Varco's filing of this lawsuit, Array asked Garza to return his Array-issued laptop and mobile phone to Array, and those devices are no longer in Garza's possession.

1

"Court intervention is necessary because Array has refused to provide such discovery to Varco"; "Varco [] attempted to secure such discovery via subpoena"; and "Array refused to comply with the subpoena." (Varco's Motion at 5). Because these statements are untrue, Array requested that Varco confer regarding potential sanctions against it.[2]

On the other hand, the Prayer in Varco's Motion states that it requests entry of Varco's proposed forensic examination protocol and to award any other relief to which Varco may be entitled, and Varco's proposed forensic protocol does not appear to be directed to examination of Array's electronic devices. (Varco's Motion at 13 and Ex. A). A motion requesting access to Array's electronic devices would also require a conference with Array's counsel, and the Certificate of Conference in Varco's Motion shows that the predicate conference was between only Varco's and Garza's counsel. (Varco's Motion at 14).

During the first conference of counsel on July 27, 2022, Varco's counsel stated that Varco's Motion did not claim that Array refused to comply with a subpoena but also stated that Rule 45 for enforcement of subpoenas allowed Varco to seek enforcement of a (withdrawn) subpoena against Array. Two days later, during a follow-up conference of counsel on July 29, 2022 regarding Array's anticipated motion for sanctions, Varco's counsel stated that Varco's Motion was not seeking any discovery from Array or enforcement of any subpoena. Then, two days later, on July 31, Varco filed a document entitled "Fact in Support of Motion for Forensic Exam," which again stated that Varco was seeking direct-access examination of Array's laptop. (ECF 54 at ¶ 17).

---

[2] Array served Varco with its Rule 11 Motion for Sanctions on August 1, 2022. Federal Rule of Civil Procedure 11(c)(2), however, requires Array to wait 21 days after serving the Motion for Sanctions to file it with the Court, unless the Court sets a shorter filing date. Fed. R. Civ. P. 11(c)(2). Thus, Array is simultaneously filing a Motion to Shorten the filing date and files this response subject to its upcoming Motion for Sanctions.

Accordingly, while Varco has repeatedly stated to Array's counsel that Varco's Motion does not seek discovery from Array, Varco's statements to this Court say otherwise, which is why Array has filed this response.

## II.  FACTUAL BACKGROUND[3]

**A.  Varco's Motion stems from an indefensible *ex parte* forensic order, which was dissolved without opposition by Varco.**

Back on June 3, 2022, Varco filed a state court petition and *ex parte* application for temporary restraining order against Array and Defendant Julio Garza in the 12th Judicial District Court in Grimes County, Texas. (ECF 1 at Ex. A-3-1). Along with its petition and request for an *ex parte* TRO, Varco moved for an *ex parte* computer forensic imaging order, which was signed by the Court shortly after filing without Array or Garza's knowledge or opportunity to respond.

Array moved to dissolve the *ex parte* TRO on the basis that it was improperly obtained, to which Varco filed a brief in opposition. Varco ultimately dismissed Array before the hearing on Array's motion for dissolution. (ECF 1 at Ex A-3-4).[4]

At the same time, Array also moved to dissolve the *ex parte* computer forensic imaging order, a motion to which Varco did not even file a nominal response in opposition—presumably because Varco's *ex parte* forensic order was indefensible under Texas law. As Varco knows from the legal authorities cited and relied upon by Varco itself, direct access to another party's computing devices is not permissible absent a showing that the party has defaulted in an obligation to search for and produce documents voluntarily. *In re Weekley Homes, L.P.*, 295 S.W.3d at 317–18 (analyzing federal case law on the point and granting mandamus relief to vacate an order for

---

[3] As stated herein, the facts in this response are supported by the declaration of Jared J. Braithwaite, attached as Exhibit A.

[4] Curiously, despite Varco's voluntary dismissal of Array on the eve of the hearing on Array's motion for dissolution—meaning no claims are asserted against Array, who is a non-party to the litigation—Varco's Motion asserts that the forensic discovery it seeks "goes to the liability of both Garza and Array." ECF 49 at p. 12, ¶ 33.

direct access to another party's computing devices). Nevertheless, Varco's Motion is a resurrection of its prior indefensible *ex parte* forensic imaging order, but there has been no default by Array in responding to any discovery obligation, and no change in the law that would warrant direct-access to Array's computing devices without first seeking information from Array directly.

**B.   Array immediately responded to the lawsuit with voluntary disclosure of information, and Array invited Varco to request further information to show that Array has not used Varco's confidential information—but Varco ignored Array's invitation.**

Following notice of the filing of the state court petition, Array immediately sought to confer with Varco the next day. (Braithwaite Decl. ¶ 2, Ex. A-1). Array was forthright about its own investigation, including the fact that the USB drive at issue had been connected to an Array laptop as well as the fact that only one filename on Array's laptop matched a filename from the USB drive. Both Array and Varco confirmed that the matching filename was with respect to <u>public</u> engineering information regarding stress-strain curve equations from a standards organization (ASME). (Braithwaite Decl. ¶ 3).

Even without pending discovery requests to Array, Array repeatedly asked Varco to provide search terms to help Array search the Array computing devices for potentially relevant documents for production. Varco, on the other hand, never engaged with Array on the voluntary production of information. (Braithwaite Decl. ¶ 4, Ex. A-2).

**C.   Instead of obtaining discovery from Array when it was a party to the lawsuit, Varco voluntarily dismissed Array, delayed seeking discovery from Array, and sought to access Array's computing devices vicariously through a lawsuit against only Garza.**

After Array disclosed that the relevant USB drive had been connected to an Array laptop, made further voluntary efforts to produce additional information, and with a preliminary injunction hearing pending, Varco dismissed Array from the lawsuit before the preliminary injunction

4

hearing.[5]

After dismissal of Array, Varco waited until the Friday evening of the 4th of July weekend to call Array's counsel about whether Array would produce information, and Array's counsel requested a specific description of those documents that Varco wanted to be produced. (Braithwaite Decl. ¶ 7, Ex. A-3). Varco then waited until Saturday, July 9th to respond with a proposed forensic protocol asking Array to surrender its computing devices. (Braithwaite Decl. ¶¶ 8–9, Ex. A-4). Varco's weekend request also demanded that Array agree to the protocol by noon on Monday—**giving Array only about 2 business hours to respond** to Varco's new and belated demands. *Id.*

Array responded to Varco by noting that the surrender of computing devices was unnecessary, that Array was willing to work with Varco on appropriate search terms, that Array would voluntarily produce requested information, and that the urgency of Varco's request was due to its own delays. (Braithwaite Decl. ¶ 10, Exs. A-5 – A-6).

**D.** **Despite Array's willingness to voluntarily produce documents, Varco served a subpoena to Array requesting surrender of Array's computing devices, and Varco withdrew the subpoena upon notice of its impropriety.**

On July 12, 2022, Varco provided Array with a subpoena that again requested surrender of Array's computing devices to a third-party and **demanded compliance at Array's headquarters in New Mexico within only 3 days**. (Braithwaite Decl. ¶ 12, Ex. A-8).

Array responded to the subpoena the next day, noting the subpoena's improper procedure under the rules governing discovery, the unreasonable period to respond, and Varco's pattern of erratic behavior and unreasonable conduct. In light of all the issues with Varco's subpoena to Array, Varco withdrew the subpoena and agreed to work with Array for voluntary production of

---

[5] Varco also served a limited set of document requests to Array in the state court lawsuit, but dismissed Array before Array's responses were due.

documents without requiring surrender of Array's computing devices:

> Jared:
>
> As we discussed on the phone this afternoon, I will withdraw the subpoena that was issued for Array Technologies, Inc. for a deposition and production of documents on July 15, 2022. We will continue to work with you regarding Array's production of documents, forensic information, and a potential 30(b)(6) deposition on a date that does not conflict with your scheduled vacation.
>
> Stuart W. Lapp
> Managing Partner

(Braithwaite Decl. ¶ 14, Ex. A-10). Despite Array urging Varco to provide specific document requests before counsel's scheduled vacation about a week later, Varco did not make any request of Array again until counsel for Array and Varco spoke on July 26th—at which time Varco did not provide any specific document requests regarding Array's computing devices, but instead again demanded surrender of Array's computing devices. (Braithwaite Decl. ¶ 15). Later that day, Varco filed Varco's Motion, accusing Array of not complying with a subpoena (**that Varco withdrew**) as the ostensible basis for requesting direct access to Array's computing devices despite Array not even being a party to the litigation.

For months, Array has been offering to produce documents from Array's computing devices if only Varco will tell Array what it wants produced from those devices. Despite Varco's repeated agreements to eventually make specific requests, Varco has instead repeatedly delayed until the last minute, only to then repeat its demand that Array surrender Array's computing devices based on misrepresentations and without any legal basis for such extreme relief.

### III. ARGUMENT

A. **Varco's Motion states that Array refused to comply with a subpoena, which is incorrect because Varco withdrew its subpoena to Array, and enforcement of the withdrawn subpoena would be improper in this District.**

Varco's Motion states that "Varco then attempted to secure such discovery via subpoena. However, Array refused to comply with the subpoena …." (Varco's Motion at ¶ 12.) Varco knows

6

that this statement is false because Varco's counsel **withdrew** the subpoena to Array:

> Jared:
>
> As we discussed on the phone this afternoon, I will withdraw the subpoena that was issued for Array Technologies, Inc. for a deposition and production of documents on July 15, 2022. We will continue to work with you regarding Array's production of documents, forensic information, and a potential 30(b)(6) deposition on a date that does not conflict with your scheduled vacation.
>
> Stuart W. Lapp
> Managing Partner

(Braithwaite Decl. Ex. A-10.)

Varco's misrepresentation is clearly for the improper purpose of suggesting to the Court that Array has somehow defaulted on a discovery obligation by refusing to comply with the (withdrawn) subpoena.

If Varco seeks enforcement of its withdrawn subpoena against Array, Rule 45(d)(2)(B)(i) (as amended after 2013) would require that a motion to compel compliance be brought in "the court for the district where compliance is required," which is the address listed in the subpoena. *Schnelle v. Swift Technical Services LLC*, 2022 WL 705873, *2 (S.D. Tex. March 9, 2022). The address listed on Varco's subpoena to Array is in Albuquerque, New Mexico, making the District of New Mexico the district where compliance would have been required if Varco had not voluntarily withdrawn the subpoena. (Braithwaite Decl. ¶ 12, Ex. A-8.)

Varco has stated that it is not seeking enforcement of the withdrawn subpoena itself. Assuming that is true, Varco's Motion seeks the equivalent discovery (i.e., surrender and direct examination of Array's computing devices), and Varco's Motion would amount to a motion to compel production of third-party discovery without an underlying subpoena. There is no basis to seek such court-ordered discovery absent an underlying request to Array.

**B.	Varco dismissed Array before Array's responses were due to Varco's request for production of documents—but those requests were not directed to production of documents directly from Array's computing devices in any event.**

Despite Varco's Motion only mentioning a subpoena and there being no mention of the requests for production to Array when Array was still a party to the lawsuit, during the conference of counsel on July 29, 2022, Varco's counsel stated Varco was relying on the document requests served on Array prior to Varco dismissing Array from the lawsuit. Such a position is curious because those pre-dismissal requests are not directed to production of documents directly from Array's computing devices.

Varco dismissed Array, and those document requests are of course moot. Varco lacks any good faith basis for claiming Array failed to respond to moot discovery. After dismissal of Array as a party and before the conference of counsel on July 29, 2022, Varco had also not asked Array to respond to those discovery requests, which is not surprising because they are not directed to production of documents directly from Array's computing devices.

**C.	Varco knows that there is no legal basis to request direct access and surrender of Array's computing devices where Array has voluntarily offered to search and produce information from those devices.**

Before judicially-ordered direct access or imaging of electronic devices, both Texas state law and federal procedure require a threshold showing that "the responding party has somehow defaulted in its obligation to search its records and produce the requested data." *In re Weekley Homes, L.P.*, 295 S.W.3d at 317 (granting petition for writ of mandamus against a forensic order absent the requisite showing of discovery default).

Varco is well aware of the threshold showing commanded by *In re Weekley* and its summary of federal law regarding the prerequisites to obtaining direct access to another's electronic devices, having cited it to this Court in Varco's Motion, and relying on *In re Weekley* in its request for the *ex parte* forensic order to the Texas State Court. Varco just failed to inform this

8

Court or the State Court about the central holding in *In re Weekley*, which required Varco: (1) to direct document requests to Array first; and (2) to show that Array "somehow defaulted in its obligation to search its records and produce the requested data." Thus, for the same reason Array moved to dissolve Varco's *ex parte* forensic order that was **so contrary to the law, that Varco could not muster a good faith argument to oppose its dissolution**, so too should Varco's Motion be denied for lacking any good faith legal basis.

For months now, Array has been inviting Varco to request documents from the Array directly regarding Array's computing devices. Array has asked Varco to describe the documents it wants, Array has asked Varco for search terms to help identify documents that it wants Array to produce, and Array has even offered Varco sworn declarations to describe Array's own search efforts for relevant documents. (Braithwaite Decl. Ex. A-3, Ex. A-6 at p. 5). Varco simply refuses to request specific document production from Array and instead repeatedly demands that Array surrender its computing devices.

Neither Rule 34 nor Rule 45 "give the requesting party the right to conduct the search." *John Crane Grp. Corp. v. Energy Devices of Texas, Inc.*, No. 6:14-CV-178, 2015 WL 11089486, at *3 (E.D. Tex. Feb. 2, 2015) (quoting *In re Ford Motor Co.*, 345 F.3d 1315, 1317 (11th Cir. 2003)); *see also* FED. R. CIV. P. 45, 1970 and 1991 Advisory Committee Notes (noting the scope of Rule 34 and Rule 45 is the same). The court in *John Crane* noted that direct access to a competitor's electronic devices is especially problematic "even if a third party expert serves as an intermediary" *Id*.[6]

---

[6] Array also informed Varco that Array's computing devices contain an immense amount of irrelevant Array business information and privileged documents. Array intends to withhold any and all privileged documents from production. Varco's demand that Array surrender its computing devices to a third party does not account for or respect Array's privileged information.

9

Despite its knowledge of the law and its own failure to make requests for production directly to Array regarding Array's computing devices, Varco again advances a request for surrender of and direct access to Array's computing devices.[7] Varco's prior request for an *ex parte* forensic order seeking the turnover of Array's computing devices was indefensible when Array was still a party to the case because Array had not defaulted on a discovery obligation. Varco's renewed request for forensic imaging order and turnover of Array's computing devices against Array *as a non-party* continues to be indefensible because Array still has not defaulted on a discovery obligation and there has been no change in the law.

## IV. CONCLUSION

Array has not defaulted on any discovery obligation, and there is no underlying discovery obligation on which Array could conceivable have defaulted such that the law requires Varco to seek information from Array directly before seeking direct access to Array's computing devices. As set forth above, Varco voluntarily dismissed Array before Array's responses to Varco's discovery requests were due. Varco also voluntarily withdrew its subpoena to Array, which improperly sough direct access to Array's computing devices. All the while, Array has been willing to search for and produce documents from its computing devices, but Varco has not made any such requests to Array. Accordingly, Varco's Motion regarding direct access to and searching of Array's computing devices is contrary to the law and does not follow the appropriate legal procedure of first requesting the information from Array. The Court should, therefore, deny Varco's Motion as it may pertain to Array and Array's computing devices.

---

[7] Before Varco dismissed Array as a party, Varco served requests for production to Array on June 15, 2022, but those requests were not directed toward a description of or search terms for documents that Varco wanted from Array's computing devices. Notwithstanding, Varco dismissed Array before responses to those production requests were due. After dismissing Array, Varco has requested a total of two specific documents from Array, neither of which pertain to Array's computing devices: (1) the job description for Garza's position and (2) the confidential information agreement between Array and Garza. Array promptly provided both upon Varco's request.

Dated: August 1, 2022.                    Respectfully submitted,

                                                                                 FOLEY & LARDNER LLP

                                        By:   */s/ Rachel Powitzky Steely*
                                                      Rachel Powitzky Steely (attorney-in-charge)
                                                      State Bar No. 00792770
                                                      rsteely@foley.com
                                                      Michael F. Ryan
                                                      State Bar No. 24098362
                                                      mryan@foley.com
                                                      1000 Louisiana Street, Suite 2000
                                                      Houston, Texas 77002
                                                      (713) 276-5500
                                                      (713) 267-5555 (fax)

                                                      Attorneys for Non-Party Array Tech, Inc.

11

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this document was served pursuant to the Federal Rules of Civil Procedure on August 1, 2022, to the following counsel of record:

| | |
|---|---|
| Stuart W. Lapp<br>Bret W. Davis<br>Joshua A. Redelman<br>STIBBS & CO., P.C.<br>750 William D. Fitch, Suite 210<br>College Station, Texas 77845<br>slapp@stibbsco.com<br>bdavis@stibbsco.com<br>jredelman@stibbsco.com | Audrey F. Momanaee<br>BALCH & BINGHAM, LLP<br>811 Louisiana Street, Suite 1010<br>Houston, Texas 77002<br>amomanaee@balch.com<br><br>*Attorney for Defendant*<br>*Julio Garza* |
| Chris A. Stacy<br>Brian A. Baker<br>STACY & BAKER, P.C.<br>5300 Memorial Drive, Suite 270<br>Houston, Texas 77007<br>chris.stacey@stacybakerlaw.com<br>brian.baker@stacybakerlaw.com<br><br>*Attorneys for Plaintiff*<br>*National Oilwell Varco, L.P.* | |

                                                        /s/ *Rachel Powitzky Steely*
                                                        Rachel Powitzky Steely

12
4873-3931-9340.2