IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL OILWELL VARCO, L.P.<br><br>Plaintiff,<br><br>v.<br><br>JULIO GARZA<br><br>Defendant. | Civil Action No. 4:22-CV-02006 |

### DEFENDANT JULIO GARZA'S PARTIAL MOTION TO DISMISS

Defendant Julio Garza ("Garza") hereby moves under Federal Rule of Civil Procedure 12(b)(3) to dismiss National Oilwell Varco, LP's ("Varco") damages claims.

### I. BRIEF SUMMARY

1. Garza seeks the dismissal of Varco's damages claims asserted in this matter on the bases that (i) such claims are subject to a binding agreement between the parties regarding the compliance with and institution of alternative dispute resolution procedures which are applicable to – at least – the damages claims in this case, and (ii) Varco has admitted that it is not seeking damages in this case.[1] In particular, Garza seeks the dismissal of:

---

[1] Garza recognizes that Varco has now apparently taken the position that it "intends to agree to" the amendment of its Complaint in this case in order to withdraw its damages claims. *See* Facts in Support of Motion for Forensic Exam [Dkt 54], at footnote 20. That was not the case as recently as Friday, July 29, 2022. *See* Exhibit E hereto. While Garza does not intend to create extra work for any party, it simply cannot rely on Varco's footnote in an unrelated pleading to satisfy Varco's obligations at this stage. The request to correct the pleading has been outstanding for too long, and even when supposedly corrected, was not.

1

15731924.3

- Any claims for damages asserted by Varco in Count 1 (fraud), Count 2 (fraud by nondisclosure), Count 5 (Texas Uniform Trade Secrets Act), Count 6 (Defend Trade Secrets Act), and Count 7 (Computer Fraud and Abuse Act); and

- The entirety of Count 3 (breach of contract) and Count 4 (breach of fiduciary duty), as Varco's pleadings appear to solely assert claims for damages as to those causes of action.

## II. BACKGROUND

2. As part of Garza's employment with Varco, Garza executed an "Employee Dispute Resolution Program." *See* EDR Program Agreement, attached as <u>Exhibit A</u> at p. 1. That EDR Program explicitly binds both Varco and Garza to its terms. *Id.* ("By accepting employment or by continuing employment with Varco, you agree to be bound by the EDR Program and its Arbitration Agreement… Likewise, NOV agrees to be bound by the EDR Program and its Arbitration Agreement.").

3. The EDR Program first requires both parties to follow informal dispute resolution procedures and undertake mediation before instituting a case. *See id.* at p. 2 ("<u>Arbitration cannot commence prior to mediation</u>. . . . If the parties do not reach an agreement through mediation, then the parties can elect to proceed to arbitration."). If mediation is unsuccessful, under the terms of this "mutual agreement," both parties agreed, with certain limited exceptions "to submit resolution of employment-related legal disputes to arbitration." *Id.* at 1. The EDR Program is intended to be "the only means of resolving certain employment-related legal disputes," and both parties agreed to forego "any rights either party may have to a jury trial, or any court trial, on issues covered by the Agreement." *Id.*

4. The EDR Program explains that it covers "[a]ny and all claims, disputes, or controversies involving legally protected rights that arise out of or relate to your employment . . .

2

15731924.3

and/or the cessation of your employment," and that such claims "must be resolved exclusively by final and binding arbitration, before a neutral arbitrator, pursuant to the Federal Arbitration Act . . . ." *Id.* at 3.[2] Without conceding its application, the EDR Program sets out, in part that "Claims not covered by this Agreement are… (c) claims seeking injunctive relief due to unfair competition, due to the use or unauthorized disclosure of trade secrets or confidential information, or due to the breach of non-disclosure or non-competition covenants." *Id.* at p. 3

5. Despite Varco's knowledge of the existence of its own EDR Program and its terms, it instituted this case, seeking damages. *See* Petition, filed in Grimes County Case [Dkt 1-1].

6. Based on the existence of the EDR Program, Garza made numerous requests to Varco to withdraw its damages claims.

7. Counsel agreed to withdraw Varco's damages claims through the filing of an amended pleading. *See* Correspondence from S. Lapp to A. Momanaee, dated July 1, 2022 attached hereto as <u>Exhibit B</u>.

8. Varco ultimately filed a First Amended Complaint in this matter on July 8, 2022. *See* First Amended Complaint [Dkt 37]. Varco appears in that Complaint, however, to be potentially maintaining causes of action for damages, asserting in its First Amended Complaint its alleged entitlement to "damages" and "exemplary damages." *See Id.*, at Counts 1-7.

---

[2] "Relates to" is broad, and is "intended to encompass <u>all claims that have some possible relationship</u> with the agreement." *JFP Servs., LLC v. Torans*, 2018 WL 3326841, at *7 (W.D. Tex. Apr. 30, 2018) (emphasis added) (quoting *In re Counsel Fin. Servs., L.L.C.*, No. 13-12-151-cv, 2013 WL 3895317, at *5 (Tex App.—Edinburgh, July 25, 2013); *see also RSR Corp. v. Siegmund*, 309 S.W.3d 686, 701 (Tex. App.—Dallas 2010, no pet.) (holding that the language "any action or proceeding arising out of or relating to this Agreement," as "broad and encompass[ing] all claims that have some possible relationship with the agreement").

9. Varco corporate representative testified that Varco does not seek damages in this action, however, Varco has refused to withdraw its damages claims by stipulation or otherwise.[3] *See* Deposition of B. Ortego, excerpts of which are attached hereto as Exhibit C, at pp. 66, 115-119, and Exhibit 10 thereto; *see also* Correspondence from Audrey Momanaee to Stuart Lapp, dated July 26, 2022, attached hereto as Exhibit D; *see also* Correspondence from Stuart Lapp to Audrey Momanaee, dated July 29, 2022, attached hereto as Exhibit E.

10. Garza now requests that this Court dismiss Varco's breach of contract and breach of fiduciary duty claims in their entirety (Counts 3-4) as the sole relief requested as to such claims appears to be damages. *See* Complaint [Dkt 37] at pp. 11-14. It further seeks that this Court dismiss Varco's damages claims as to all remaining asserted causes of action (Counts 1-2, 5-7). *Id.* at pp. 9-11, 14-18.

### III. STANDARD FOR 12(b)(3) MOTION TO DISMISS

11. Because "arbitration clauses are deemed a subset of foreign forum selection clauses in general," a motion to dismiss on the basis of an arbitration agreement is properly brought under Rule 12(b)(3). *Lim v. Offshore Spec. Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005). The Court may consider evidence outside the pleadings in addressing a 12(b)(3) motion, and it "must accept as true all allegations in the complaint and resolve all conflicts in favor of plaintiff." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009).

### IV. ARGUMENT AND AUTHORITIES

12. The parties agreed in the EDR Program that other than as expressly set forth therein, claims, if any, would be brought through arbitration. Varco's damages claims, to the extent they are valid - which is disputed - are within the scope of the EDR Program. *See Kubala v. Sup. Prod.*

---

[3] *See supra* footnote 1.

*Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) ("Determining whether a claim must be arbitrated under the FAA entails a two-step process: (1) there must be a valid agreement to arbitrate; and (2) the particular claims at issue must fall within the scope of that valid agreement."). Further, the parties appear to agree that any damages in this case are improper. *See* Exhibit A-C; *see also* Facts in Support of Motion for Forensic Exam [Dkt 54], at footnote 20. Nevertheless, Varco has yet to dismiss, stipulate or replead to withdraw its damages claims. As such, this Court is requested to dismiss such claims in accordance with Fed. R. Civ. P. 12(b)(3).

## **PRAYER FOR RELIEF**

Garza requests dismissal of all damages claims asserted in this matter by Varco, including:

a) Any claims for damages asserted by Varco in Count 1 (fraud), Count 2 (fraud by nondisclosure), Count 5 (Texas Uniform Trade Secrets Act), Count 6 (Defend Trade Secrets Act), and Count 7 (Computer Fraud and Abuse Act); and

b) The entirety of Count 3 (breach of contract) and Count 4 (breach of fiduciary duty).

Garza further seeks any and all relief which he has shown himself to be entitled.

Respectfully submitted,

*/s/ Audrey F. Momanaee*
Audrey F. Momanaee
State Bar No. 24055993
amomanaee@balch.com
BALCH & BINGHAM, LLP
811 Louisiana Street, Suite 1010
Houston, Texas 77002
Tel: 713.362.2557

ATTORNEY FOR DEFENDANT JULIO GARZA

15731924.3

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of this document was served pursuant to the Federal Rules of Civil Procedure on August 2, 2022, to the following counsel of record:

Stuart W. Lapp
Bret W. Davis
Joshua A. Redelman
STIBBS & CO., P.C.
750 William D. Fitch, Suite 210
College Station, Texas 77845
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com

*Attorneys for Plaintiff*
*National Oilwell Varco, L.P.*

Chris A. Stacy
Brian A. Baker
STACY & BAKER, P.C.
5300 Memorial Drive, Suite 270
Houston, Texas 77007
Brian.baker@stacybakerlaw.com

*Attorney for Plaintiff*
*National Oilwell Varco, L.P.*

                                                   */S/ Audrey F. Momanaee*
                                                   Audrey F. Momanaee

15731924.3