IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NATIONAL OILWELL VARCO, L.P., Plaintiff,

VS. : CIVIL ACTION NO. 4:22-CV-02006

JULIO GARZA, Defendant.

****************************************

ORAL AND VIDEOTAPED 30(b)(6) DEPOSITION OF
NATIONAL OILWELL VARCO, L.P.
BY AND THROUGH
BRADLEY P. ORTEGO
JULY 25, 2022

****************************************

ORAL AND VIDEOTAPED 30(b)(6) DEPOSITION OF NATIONAL OILWELL VARCO, L.P. BY AND THROUGH BRADLEY P. ORTEGO, produced as a witness at the instance of the Plaintiff, and duly sworn, was taken in the above-styled and numbered cause on July 25, 2022, from 11:07 a.m. to 2:23 p.m., before PHYLLIS WALTZ, RMR, CRR, CRC, Texas CSR, TCRR, Louisiana CCR, in and for the State of Texas, recorded by machine shorthand, at the offices of Stibbs & Co., P.C., 819 Crossbridge Drive, Spring, Texas, pursuant to the Federal Rules of Civil Procedure and the provisions stated on the record or attached hereto; that the deposition shall be read and signed before any Notary Public.

EXHIBIT C

A P P E A R A N C E S

COUNSEL FOR PLAINTIFF:

Ms. Audrey F. Momanaee
BALCH & BINGHAM, L.L.P.
811 Louisiana Street, Suite 1010
Houston, Texas 77002
Tel: (713) 362-2557
E-mail: amomanaee@balch.com

COUNSEL FOR DEFENDANT:

Mr. Stuart W. Lapp
STIBBS & CO., P.C.
819 Crossbridge Drive
Spring, Texas 77373
Tel: (281) 323-6040
E-mail: Slapp@stibbsco.com

VIDEOGRAPHER:

Ms. Lauren Huston

INDEX

PAGE

Appearances . . . . . . . . . . . . . . . . . . . . 2
Stipulations . . . . . . . . . . . . . . . . . . . . 126
BRADLEY P. ORTEGO
Examination by Ms. Momanaee . . . . . . . . 5

Signature and changes . . . . . . . . . . . . . . . 128
Reporter's Certificate . . . . . . . . . . . . . . . 130

EXHIBITS

PAGE

EXHIBIT NO. 1 . . . . . . . . . . . . . . . . . . . 15
Defendant Julio Garza's 3-(b)(6) Second Amended Notice of Deposition of Plaintiff National Oilwell Varco, L.P., eight pages

EXHIBIT NO. 2 . . . . . . . . . . . . . . . . . . . 17
Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction, 47 pages

EXHIBIT NO. 3 . . . . . . . . . . . . . . . . . . . 31
Employee file of Garza, Julio Cesar, NOV 000058 - NOV 000082

EXHIBIT NO. 4 . . . . . . . . . . . . . . . . . . . 60
Plaintiff's First Amended Original Complaint, 40 pages

EXHIBIT NO. 5 . . . . . . . . . . . . . . . . . . . 68
Plaintiff's Response to Defendant Julio C. Garza's First Requests for Production, seven pages

EXHIBIT NO. 6 . . . . . . . . . . . . . . . . . . . 98
Plaintiff's Responses to Defendant Julio C. Garza's First Written Interrogatories, six pages

EXHIBIT NO. 7 . . . . . . . . . . . . . . . . . . . 100
Declaration, one page

EXHIBITS (Continued)

PAGE

EXHIBIT NO. 8 . . . . . . . . . . . . . . . . . . . . . . 102
Plaintiff's Responses to Defendant Julio C. Garza's Second Written Interrogatories, ten pages

EXHIBIT NO. 9 . . . . . . . . . . . . . . . . . . . . . . 113
Plaintiff's Response to Defendant Julio C. Garza's Second Requests for Production, five pages

EXHIBIT NO. 10 . . . . . . . . . . . . . . . . . . . . . 115
NOV Employee Dispute Resolution Program, NOV 000125 - NOV 000135

EXHIBIT NO. 11 . . . . . . . . . . . . . . . . . . . . . 122
HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY NOV 002847 - NOV 002848

EXHIBIT NO. 12 . . . . . . . . . . . . . . . . . . . . . 125
HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY NOV 002338 - NOV 002340

THE VIDEOGRAPHER: The date is July 25th, 2022. We are on the record at 11:07 a.m. We are here for the deposition of National Oilwell Varco, L.L.P., in the matter National Oilwell Varco, L.L.P., versus Julio Garza, pending in the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 4:22-CV-02006.

At this time will counsel please introduce themselves for the record and our reporter swear in the witness.

**MR. LAPP:** Stuart Lapp for the Plaintiff National Oilwell Varco.

**MS. MOMANAEE:** Audrey Momanaee for Defendant Julio Garza.

BRADLEY P. ORTEGO,

having been first duly sworn, testified as follows:

E X A M I N A T I O N

BY MS. MOMANAEE:

**Q. Mr. Ortego, I want to make sure I'm pronouncing your name correctly. Ortego? Is that right?**

A. Ortego. Ortego. Ortego. Any way you want to say it is fine.

**Q. Okay. That's how I am, too, so, okay. But I'd like to say it correctly since I'll probably be**

**saying your name quite a bit today. Mr. Ortego.**

**Can you please state your name for the record?**

A. Bradley P. Ortego.

**Q. Okay. And what is your job for NOV?**

11:08 A. I'm the internal audit investigations manager.

**Q. What does that mean?**

A. In the internal audit group -- the internal audit group is split into two sections, and there is a senior manager over each section. One, the other size, 11:09 handles audits. And my side, I'm the senior manager over the investigations part, we handle all investigations of financial fraud, conflicts of interest, things along those -- those lines. We manage the company's hotline reporting system and, you know, a 11:09 variety of other duties.

**Q. Okay. So what if there is an FCPA type violation or an allegation of one, that would come to your group?**

A. FCPA, we have a separate group that handles 11:09 that. That would be our compliance group.

**Q. Okay. Is the compliance group under internal audit?**

A. No, it's not.

**Q. Okay. Is your job as senior manager for** 11:10 **internal audit investigations, does it relate solely to**

A. Say that again.

MS. MOMANAEE: Can you read that back?

(The pending question was read by the reporter.)

12:42 A. That's correct.

Q. (BY MS. MOMANAEE) To the extent that this complaint contains statements about damages, my understanding, based on your prior testimony, is there are no damages that are being sought by NOV in this

12:43 case, correct?

A. That's correct.

Q. So if there is a request for exemplary damages, as I pointed out to you a moment ago, that would be, what, a typographical error or something?

12:43 MR. LAPP: Object to the form.

A. I don't -- I don't know. I didn't -- I didn't write it. I can't answer why it's there.

Q. (BY MS. MOMANAEE) Okay. Now, attached to this complaint, again, is similar to the Original

12:43 Petition that was filed, which is Exhibit 2 that we were looking at a moment ago, there is an Exhibit A, which here is the intellectual property confidential information and non-solicitation agreement, right?

A. Let me get there.

12:44 Q. Okay.

**Q. Do you know the value of that work?**
A. No, I don't.
**Q. Okay, sir, I'm going to hand you Exhibit 10. I'm sorry.**
02:05 A. That's all right.
**Q. Does this look familiar to you, sir?**
A. Yes, it does.
**Q. The Employee Dispute Resolution Program is Exhibit 10.**
02:05 A. Yeah.
**Q. Did you review this in preparation for your deposition here today, sir?**
A. I did.
**Q. Okay. Do you agree that this is a true and** 02:05 **correct copy of the Employee Dispute Resolution Program signed by Mr. Garza in this case?**
A. Yes.
**Q. Do you agree with me that this document binds both Mr. Garza and NOV?**
02:05 A. Yes, it does.
**Q. In fact, it says on the first page, the fourth full paragraph under "DEFINITION AND SCOPE," it says, "By accepting employment or by continuing employment with NOV, you agree to be bound by the EDR Program and** 02:06 **its Arbitration Agreement (collectively, 'The**

that based on your reading of it or what somebody has told you?

A. I would say both.

Q. Okay. If you'll flip over with me to NOV 128, under "MISCELLANEOUS." Are you there?

A. Uh-huh.

Q. Okay. Under 6 it says, "Entire Agreement. This Agreement constitutes the parties' entire agreement as to the subject matter thereof."

Do you see that, sir?

A. I do.

Q. Do you know how long NOV proceeded on its claims for damages in the litigation before it amended its complaint?

MR. LAPP: Object to the form.

A. I don't recall right off. I would have to go back to the documents and see when it was amended.

Q. (BY MS. MOMANAEE) Okay. Presumably, NOV knew of the existence of its own EDR program at the time it filed its lawsuit; is that right?

MR. LAPP: Object to the form.

A. Yes.

Q. (BY MS. MOMANAEE) Okay. Sir, I know earlier I asked you some questions about whether or not you would be able to identify for me the particular

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NATIONAL OILWELL VARCO, L.P., :
Plaintiff, :
VS. : CIVIL ACTION NO. 4:22-CV-02006
JULIO GARZA, :
Defendant. :

I, PHYLLIS WALTZ, a Texas Certified Shorthand Reporter, Texas Certified Realtime Reporter, Louisiana Certified Court Reporter, Registered Merit Reporter, Certified Realtime Reporter, and Certified Realtime Captioner, in and for the State of Texas, do hereby certify the following:

That the witness, BRADLEY P. ORTEGO, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

I further certify that pursuant to FRCP Rule 30(e)(1) that the signature of the deponent:

______ was requested by the deponent or a party before the completion of the deposition and is to be returned within 30 days from the date of receipt of the transcript. If returned, the attached Changes and Signature Page contains any changes and the reasons

therefor;

_____was not requested by the deponent or a party before the completion of the deposition.

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys to the action in which this proceeding was taken. Further, I am not a relative or employee of any attorney of record in this cause, nor am I financially or otherwise interested in the outcome of the action.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, on this, the 27TH day of JULY, 2022.

NDTCA • Signed Electronic Transcript

PHYLLIS WALTZ, RMR, CRR, CRC
Expiration Date: 12/31/22
TEXAS CSR, TCRR NO. 6813
Expiration Date: 10/31/22
LOUISIANA CCR NO. 2011010
Expiration Date: 12/31/22

Worldwide Court Reporters, Inc.
Firm Certification No. 223
3000 Weslayan, Suite 235
Houston, Texas 77027
(713) 572-2000

# Employee Dispute Resolution Program

| Page: 1 of 11 | Last Revision Date: 03/01/2016 | Current Revision Date: 05/01/2021 | Policy/Notice Type: Legal/HR |
|---|---|---|---|

At National Oilwell Varco ("NOV"), we are committed to building positive employee relations, encouraging open communication between employees and the Company, and respecting the rights and dignity of others. Sometimes, despite our best communication efforts, employment disagreements may arise, NOV's Employee Dispute Resolution Program is intended to resolve issues as efficiently and amicably as possible.

**DEFINITION AND SCOPE**

NOV has created and adopted this Employee Dispute Resolution Program, applicable to all full-time and part-time and temporary United States employees in the NOV family of companies, unless: (1) the NOV company that employs you is covered by the Fair Pay and Safe Workplaces Executive Order, or (2) you are covered by a collective bargaining agreement which has not adopted the EDR Program.

The NOV Employee Dispute Resolution Program ("EDR Program") does not replace existing policies and procedures for addressing workplace issues and concerns through your supervisor, manager, and/or the Human Resources Department. However, for disputes that cannot be resolved through these policies and procedures, the EDR Program implements a process whereby mediation may be used and, if necessary, arbitration to expedite dispute resolution at lower cost to employees. Under the EDR Program, disputes may be resolved in weeks or months, instead of years in the court system.

To the extent permitted by law, included in the EDR Program is an arbitration agreement which mandates that employment-related legal disputes will be presented to an outside, impartial arbitrator. All decisions of the arbitrator shall be final and binding on both you (the employee), and NOV.

By accepting employment or by continuing employment with NOV, you agree to be bound by the EDR Program and its Arbitration Agreement (collectively, "The Agreement"). Likewise, NOV agrees to be bound by the EDR Program and its Arbitration Agreement. This mutual agreement to submit resolution of employment-related legal disputes to arbitration under the EDR Program means that both you and NOV are bound to use the Agreement as the only means of resolving certain employment-related legal disputes and to forego any rights either party may have to a jury trial, or any court trial, on issues covered by the Agreement. All remedies that are available to you and NOV by law will be available to you under the Agreement. These documents present the rules that govern the internal and external resolution process for addressing employee issues and concerns. Please read it carefully. It will help you understand your rights and responsibilities under the Agreement. If you have any questions, you may consult with the Human Resources Department or email Dispute.Resolution@nov.com.

The Agreement does not establish any terms of employment other than to act as a mechanism for resolving employment-related disputes. Nothing in the Agreement creates a contract of employment, expressed or implied, for any period of time, nor does it alter the at-will status of your employment with NOV. The Agreement covers all employees of NOV and its family of companies in the United States, except as otherwise noted in this Agreement.

EXHIBIT
10

 **TWO-STEP PROGRAM**

Step One: Internal Dispute Resolution Through Existing NOV Policies and Procedures

If employees have concerns about their employment including but not limited to compensation, benefits, working conditions, or the like, they are encouraged to voice those concerns openly and directly to their immediate supervisors or managers. If the employee is not comfortable resolving the issue directly with management, the employee can contact the Human Resources Department. Employees can also contact the NOV Ethics Hotline at (877) 875-7311, risk.mitigation@nov.com, or http://nov.myethicsline.com to make an anonymous complaint. If an employee chooses to make an anonymous complaint to the NOV Ethics Hotline, the complaint will still be investigated, but it will not be considered initiation of the Step One process for purposes of the EDR Program.

If for any reason the employee is not satisfied with NOV's response to his or her concerns, the employee may submit a Step One Form to initiate the Step One process. You may request a Step One Form from Inside NOV, the Human Resources Department, or by emailing Dispute.Resolution@nov.com. Attached as Attachment A is a copy of the Step One Form.

After the employee submits a completed Step One Form to either the Human Resources Department or Dispute.Resolution@nov.com, the employee will receive confirmation of receipt within five (5) business days. NOV will endeavor to provide a written response to the employee's Step One Form within approximately thirty (30) business days after NOV's acknowledgement of receipt.

Pursuant to the EDR program, the initiation and completion of Step One is required. If an employee does not agree with NOV's response to his or her Step One form, the employee **must** indicate "unsatisfactory" on the form and sign it before he or she can proceed to Step Two: Mediation.

Step Two: Mediation

Prior to commencing arbitration, and after exhausting all internal and external administrative remedies, the parties may mutually agree to attempt in good faith to settle any dispute covered by the Agreement through mediation administered by JAMS. Mediation is non-binding procedure under which parties submit their dispute to an impartial, neutral mediator who will work to achieve with the parties a mutually acceptable resolution of the dispute. An employee can request a non-binding mediation by a neutral third-party by either completing a "Case Submission Form" or by checking the "Mediation in Advance of the Arbitration" box on the JAMS Demand for Arbitration Form.* Within 30 days, the parties shall confer regarding the selection of the third-party mediator. If the parties cannot agree on the selection of a mediator, then JAMS will provide a list of five (5) available mediators and the parties shall attempt to agree to one of the mediators supplied by JAMS. If no such agreement can be reached, then the parties shall select the mediator by alternating strikes, with the employee choosing who exercises the first strike. Arbitration cannot commence prior to mediation.

All expenses of the mediation, including required traveling and other expenses or charges of the mediator, shall be borne by NOV, unless the parties agree otherwise, post-dispute. Any attorney's fees and expenses related to the mediation shall be the responsibility of the Party that incurred such costs or fees. If a matter submitted for mediation is withdrawn or cancelled after the request to initiate mediation is filed but prior to the mediation conference, any cancellation costs shall be borne by the party initiating the cancellation unless the parties agree otherwise. If the parties do not reach an agreement through mediation, then the parties can elect to proceed to arbitration. The purpose of the mediation is to attempt early resolution of any dispute before the more time-consuming arbitration process.

* All administrative prerequisites to pursuing legal claims covered by this Agreement shall be exhausted prior to mediation.

 Arbitration

The rules and specific details regarding the arbitration process are described in Attachment B to this Agreement. Where this Agreement is silent, JAMS's Employment Arbitration Rules and Procedures applicable to mediation and arbitration shall apply. Copies of JAMS's Employment Arbitration Rules and Procedures are available from the Human Resources Department and on JAMS's website (www.jamsadr.com).

**Information on Claims**

1. *Claims Covered*. Any and all claims, disputes, or controversies involving legally protected rights that arise out of or relate to your employment (with the limited exceptions stated below) and/or the cessation of your employment must be resolved exclusively by final and binding arbitration, before a neutral arbitrator, pursuant to the Federal Arbitration Act (9 U.S.C. § 1, et. seq.) and administered by JAMS under its Employment Arbitration Rules and Procedures. All employment-related claims involving legally protected rights against NOV and its owners, parents, subsidiaries, affiliates, supervisors, managers, employees, agents, representatives, officers, insurers, and directors (collectively referred to as "the Company") (with the limited exceptions stated below) must be submitted to arbitration for final and binding resolution including, but not limited to, claims for: unpaid wages or commissions; workplace discrimination or harassment on the basis of race, color, sex (including pregnancy), sexual orientation, age, national origin, religion, disability, failure to accommodate, veteran status or any other basis made unlawful by local, state or federal law; breach of contract; unlawful retaliation; wrongful discharge; defamation; negligence; and employment-related tort claims brought under federal, state, or local law. Binding arbitration shall be the sole and exclusive remedy for the resolution of all such claims.

2. *Claims Not Covered*. Claims not covered by this Agreement are (a) claims for workers' compensation benefits or unemployment benefits; (b) claims for benefits under a benefit plan or program that provides its own process for dispute resolution, such as is the case with many ERISA-governed benefit plans; (c) claims seeking injunctive relief due to unfair competition, due to the use or unauthorized disclosure of trade secrets or confidential information, or due to the breach of non-disclosure or non-competition covenants; (d) actions to enforce this Agreement, compel arbitration, or enforce or vacate an arbitrator's award under this Agreement, or (e) as otherwise required by applicable federal, state, or local law. Claims that are not based in law or equity also are not subject to arbitration, just like they would not be subject to resolution through court litigation.

3. *Class Action, Collective Action, and Representative Action Waiver*. All claims against the Company must be brought in your individual capacity and not as a claimant or class member in any purported class action, collective action, or representative action proceeding. Similarly, any claims asserted by the Company against you may not be brought by it as a claimant or class member in any purported class action, collective action, or representative action proceeding. There is no right or authority for any dispute to be heard or arbitrated on a collective-action basis, class-action basis, as a private attorney general, or on any basis involving claims or disputes brought in a representative capacity on behalf of the general public, on behalf of other Company employees or on behalf of other persons alleged to be similarly situated. There are no bench or jury trials and no class actions or representative actions permitted under the Agreement. The arbitrator shall not have authority to consolidate the claims of other or multiple individuals into a single proceeding or a class, collective, multi-claimant, or representative action or to award relief to a class or group of employees or other persons alleged to be similarly situated. The arbitrator shall not have the power to hear or consider any matter as a class, collective, multi-claimant, or representative action. Notwithstanding anything herein or in JAMS's rules to the contrary, any dispute relating to the interpretation, applicability, and/or enforceability of this paragraph shall be resolved by a court and will not be within the power of the arbitrator. However, except as stated immediately above, the arbitrator shall have the authority to resolve any dispute.

relating to the interpretation, applicability, enforceability, or formation of this Agreement, including without limitation any claim that the Agreement is void or voidable.

MISCELLANEOUS

1. *Administrative Rights Not Affected*. This Agreement does not affect or limit an employee's right to file an administrative charge with, to cooperate with, or to seek relief from a federal, state, or local government agency such as the National Labor Relations Board, the U.S. Department of Labor, the Securities and Exchange Commission, or the Equal Employment Opportunity Commission. Employee is not waiving his or her rights under Section 7 of the National Labor Relations Act and will not be disciplined or threatened with discipline for exercising such rights. However, if you choose to pursue a claim following the exhaustion of administrative remedies at any such agency, that claim is subject to the provisions of this Agreement.

2. *Confidentiality*. The parties shall maintain the confidential nature of the existence and content of informal mediation or arbitral proceedings and any rulings or award except: (1) as may be necessary to prepare for or conduct the mediation and arbitration hearing on the merits; (2) as may be necessary for employee to exercise his or her right to file an administrative charge with, to cooperate with, or to seek relief from a federal, state, or local government agency; (3) to the extent disclosure may be required of a party to fulfill a legal duty, protect or pursue a legal right, or enforce or challenge an award in bona fide legal proceedings before a state court or other judicial authority; and (4) with the written consent of all parties.

3. *At-Will Status*. This Agreement in no way limits, alters, or detracts from NOV's status as an at-will employer and your status as an at-will employee during the term of your employment with the NOV company that employs you.

4. *Good Faith*. An employee will not be penalized or retaliated against for using the EDR Program in good faith for its intended purpose.

5. *Severability*. If any term or provision, or portion of this Agreement is declared void or unenforceable it shall be severed, and the remainder of this Agreement shall be enforceable.

6. *Entire Agreement*. This Agreement constitutes the parties' entire agreement as to the subject matter hereof.

7. *Modification, Effective Date, and Termination*. No waiver or modification of this Agreement is effective unless made in writing and signed by NOV's General Counsel. This Agreement shall be effective on the day it is received by the employee and may be modified or terminated by the Company upon thirty (30) days' written notice. Any modifications or termination shall be prospective only and shall not apply to any claims for which arbitration already has been requested pursuant to the procedures set forth in this Agreement.

CONCLUSION

Your agreement to the terms of and application of the Agreement to employment disputes is a condition of your accepting employment and/or continuing employment with NOV, where permitted by law. Where necessary, NOV has provided other valuable consideration, of which you acknowledge. If any provision of either JAMS rules or the Agreement is determined to be unlawful, invalid, or unenforceable, such provision shall be enforced to the greatest extent permissible under the law and all remaining terms and provisions shall continue in full force and effect. All employees bound by this Agreement must use it as the sole means of dispute resolution of their workplace issues and concerns with NOV. **This EDR Program and Arbitration Agreement shall apply whether or not you sign this document**. Under the Agreement both the Company and you surrender rights to engage in civil litigation and to have a trial by a judge and/or jury of any dispute involving legally protected rights described herein.

 REITERATION OF CLASS ACTION, REPRESENTATIVE ACTION, COLLECTIVE ACTION, GROUP ACTION, MASS ACTION WAIVER:

BECAUSE THIS AGREEMENT IS INTENDED TO RESOLVE THE PARTICULAR DISPUTES BETWEEN EACH EMPLOYEE AND THE COMPANY AS QUICKLY AND INFORMALLY AS POSSIBLE, UNLESS THE PARTIES AGREE OTHERWISE AND JOINTLY MOVE FOR A CONSOLIDATION OF CLAIMS:

THE ARBITRATOR SHALL NOT HAVE THE AUTHORITY TO CONSOLIDATE THE CLAIMS OF OTHER EMPLOYEES OR OTHER PERSONS ALLEGED TO BE SIMILARLY SITUATED INTO A SINGLE PROCEEDING, TO FASHION A PROCEEDING AS A CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION, OR TO AWARD RELIEF TO A CLASS OR GROUP OF EMPLOYEES OR OTHER PERSONS ALLEGED TO BE SIMILARLY SITUATED.

THIS AGREEMENT PROHIBITS THE ARBITRATOR FROM UNILATERALLY DECIDING TO CONSOLIDATE THE CLAIMS OF OTHERS INTO ONE PROCEEDING, TO THE MAXIMUM EXTENT PERMITTED BY LAW. THIS MEANS THAT THE ARBITRATOR SHALL HEAR ONLY INDIVIDUAL CLAIMS AND IS PROHIBITED FROM FASHIONING A PROCEEDING AS A CLASS, COLLECTIVE, REPRESENTATIVE, OR GROUP ACTION OR AWARDING RELIEF TO A GROUP OF EMPLOYEES OR OTHER PERSONS ALLEGED TO BE SIMILARLY SITUATED IN ONE PROCEEDING.

ANY QUESTION OR DISPUTE CONCERNING THE INTERPRETATION, ENFORCEMENT, OR VALIDITY OF THIS WAIVER ON CLASS, COLLECTIVE, REPRESENTATIVE, AND GROUP ACTIONS SHALL BE DECIDED BY A COURT AND NOT THE ARBITRATOR.

I ACKNOWLEDGE THAT I HAVE RECEIVED AND READ OR HAVE HAD THE OPPORTUNITY TO READ THIS AGREEMENT. I UNDERSTAND THAT THIS AGREEMENT IS BINDING AND REQUIRES THAT DISPUTES THAT INVOLVE THE MATTER SUBJECT TO THE AGREEMENT BE SUBMITTED TO ARBITRATION PURSUANT TO THE AGREEMENT RATHER THAN TO A JUDGE AND JURY IN COURT. THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION THAT MAY BE ENFORCED BY THE PARTIES.

 ATTACHMENT "A"

**Employee Dispute Resolution Program**

**STEP ONE: OPEN COMMUNICATION INITIATION FORM**

INSTRUCTIONS:

1. Type or print all information on the first page of this document and email to Dispute.Resolution@nov.com or provide to the Human Resources Department to initiate Step One.
2. The Human Resources Department will work with you to fill in the remainder of the form as you complete Step One.
3. If additional sheets are necessary to complete any section of the form, please use plain white paper and attach a complete set to each copy of form.

| | |
|---|---|
| **EMPLOYEE'S NAME:** | |
| **EMPLOYEE ID:** | **JOB TITLE:** |
| **DEPARMENT:** | **DIVISION:** |
| **LOCATION:** | |
| **BUSINESS TELEPHONE:** | **HOME TELEPHONE:** |
| **DATE INCIDENT OCCURRED CAUSING DISPUTE OR COMPLAINT:** | |
| **DESCRIPTION OF COMPLAINT OR DISPUTE:** | |
| **DATE(S) OF PRIOR DISCUSSIONS WITH MANAGEMENT, HUMAN RESOURCES, OR ETHICS HOTLINE DISCUSSING COMPLAINT OR DISPUTE (PLEASE INCLUDE NAMES OF INDIVIDUALS CONSULTED):** | |
| **DESIRED SOLUTION:** | |
| **EMPLOYEE SIGNATURE:** | |
| **DATE:** | |

 Employee Dispute Resolution Program

| STEP ONE PROCESS: COMMUNICATION WITH NEXT-LEVEL MANAGEMENT AND/OR HUMAN RESOURCES | | |
|---|---|---|
| | | |
| DATE OF DISCUSSION: | DATE OF DECISION: | |
| MANAGEMENT/HUMAN RESOURCES SIGNATURE: | | |
| DECISION (EMPLOYEE CHECK ONE): | SATISFACTORY | UNSATISFACTORY |
| EMPLOYEE SIGNATURE: | | |
| DATE: | | |



**ATTACHMENT "B" – Arbitration Rules and Procedures**

*Fees and Costs*. JAMS's Employment Arbitration Rules and Procedures and Policy on Employment Arbitration Minimum Standards of Procedural Fairness and Rules will govern the allocation of costs (including JAMS's administrative fee, the arbitrator's compensation, and any required deposits) between the parties unless otherwise agreed by the parties. Employee costs shall be set in accordance with JAMS's current rules, which may limit employee costs. NOV agrees to initially pay all costs that are unique to arbitration including arbitration administrative fees, arbitration hearing fees, and arbitrator compensation fees. This does not include attorneys' fees. There are also hardship provisions and other relief from the costs that are outlined in the applicable rules. You should consult these rules to see if you are eligible for such relief.

*Initiating the Arbitration Process*. You begin the arbitration process by contacting JAMS and submitting its "Demand For Arbitration Form". A copy of JAMS's Demand For Arbitration Form must also be sent to National Oilwell Varco, L.P., Attention: General Counsel, 7909 Parkwood Circle Drive, Houston, Texas 77036.

All claims must be filed with JAMS within the legally applicable limitations period(s) and all administrative prerequisites to pursuing claims must be exhausted. The adjudication of all disputes shall take place in the City of Houston, State of Texas, or in the JAMS office that is closest to the location where the employee is/was employed when the events giving rise to the dispute to be arbitrated occurred, unless the Parties agree otherwise.

*Attorney Representation and Fees*: You can seek legal representation. A party who intends to be represented by counsel must, when possible, notify the other party and the arbitrator of the name and address of counsel at least ten (10) days prior to the date set for the hearing or conference at which counsel will first appear.

In general, attorney's fees and costs shall be the responsibility of the Party that incurred such costs or fees unless applicable law provides for prevailing party recovery of such costs and/or fees.

However, if a party who has agreed to arbitrate claims covered by this Agreement files or causes to be filed in court a petition/complaint alleging a claim or cause of action covered by this Agreement, the defendant/respondent will notify the party or the party's attorney of the existence of the Program, and request that the case be dismissed or stayed. If the party does not move to dismiss or stay the action within 10 calendar days of notification, and the defendant/respondent successfully moves to dismiss or stay the case and refer it to arbitration, the defendant/respondent may submit a request for payment of fees and costs to the Arbitrator, who shall award to the defendant/respondent and against the party the defendant/respondent's reasonable costs and attorney fees incurred because of the filing of the petition/complaint.

*Arbitrator Selection*. After arbitration has been requested, you shall select an arbitrator from a list of five (5) JAMS neutral arbitrators that will be provided to you by the Company. The qualifications of each arbitrator shall be either: (1) a former or retired judge; (2) an attorney with a minimum of seven (7) years of practice in handling employment law matters; (3) sole arbitrator in at least 10 arbitrators where an award and written opinion was rendered following a hearing on the merits.

*Conference and Discovery*. Prior to the arbitration hearing, JAMS's Employment Arbitration Rules and Procedures provide for an arbitration management conference within no more than 60 days after arbitrator selection, at which the parties discuss the issues to be arbitrated, the timing and scope of discovery and arbitration deadlines. Consistent with the expedited nature of arbitration, the Arbitrator shall take into account both the needs of the Parties for an understanding of any legitimate issue raised in the Arbitration and the goal of making discovery efficient, cost-effective, and without undue burden. Formal discovery in the Agreement will be subject to the following binding limitations:



- Initial Disclosures: Prior to the arbitration management conference, the parties will exchange: (1) a list of all claims and defenses at issue in the arbitration; (2) list all non-privileged and non-confidential documents they intend to present at the arbitration hearing in support of their claims or defenses; (3) list of all individuals with relevant information or documents supporting their claims or defenses; and (4) a description and computation of any damages they are seeking in the arbitration.
- Written Discovery: Written discovery is limited to interrogatories and requests for production. The parties shall have twenty (20) days following the date the arbitration management conference to serve not more than twenty (20) interrogatories (each subpart will count as one interrogatory) to be answered under oath, and/or twenty (20) requests for production with the requesting party bearing the reasonable cost of compliance with the requests. Requests for documents shall be: limited to documents which are directly relevant to significant issues in the case or to the case's outcome; restricted in terms of time frame, subject matter and persons or entities to which the requests pertain; and shall not include broad language such as "all documents directly or indirectly related to..." All answers, responses, and objections must be made within thirty (30) calendar days of receipt.
- Depositions: Each party may take up to three (3) fact depositions at a mutually agreeable time and place. Each deposition will be limited to six hours of testimony and no speaking objections are allowed with the exception of objections based upon privilege. The party requesting and taking the deposition will be responsible for the costs of the location fee (if any), court reporter, and/or transcript.
- E-Discovery: E-discovery must be requested from the arbitrator who will consider whether the costs of burdens of the request is proportionate to the needs of the matter and amount in controversy. If allowed, production of electronic documents shall be reasonably accessible, used in the ordinary course of business and produced in reasonably usable form. The description of no more than five custodians from whom electronic documents may be collected shall be narrowly tailored to include only those individuals whose electronic documents may reasonably be expected to contain evidence that is material to the dispute. Electronic documents will be gathered from primary storage facilities only; no information is required to be disclosed from back up servers or back up tapes.
- Expert Witnesses: Expert witnesses are not permitted unless the arbitrator determines the expert is necessary for a party to establish a claim or defense and information from the expert cannot be obtained by alternative and less timely expensive means.
- Attorney-Client Privilege and Attorney-Work Product: No documents obtained through inadvertent disclosure of documents covered by the attorney-client privilege or attorney work-product protection may be introduced in evidence and any documents so obtained must upon request of the party holding the privilege or work product protection, be returned forthwith, unless such party expressly waives the privilege or work product protection. The arbitrators should apply the provisions of applicable law that afford the greatest protection of attorney client communications and work product documents.

Upon good cause shown by the requesting party(s), the Arbitrator can modify the scope of discovery available to the parties and the discovery schedule.

In addition to these discovery limitations, the arbitrator will issue a protective order concerning any confidential and/or proprietary information and/or documents that might be exchanged during the course of the arbitration. If the parties cannot agree on the form and content of the protective order, the arbitrator will issue a protective order in a form and content consistent with the Federal Rules of Civil Procedure.

If the parties stipulate that the amount in controversy is less than $25,000.00 and both parties agree, the arbitration may be conducted on an expedited basis with no formal discovery. It is the intent of this provision to provide the parties with the ability to attempt to complete the entire arbitration process within sixty (60) days.

 *Dispositive motions*. Any party wishing to make a dispositive motion shall first submit a brief letter (not exceeding four pages) explaining why the motion has merit and why it expedites the proceeding and make it more cost-effective. The other side shall have a brief period of no more than seven (7) business days within which to respond. Based on the letters and within ten (10) business days, the arbitrator will decide whether to proceed with more comprehensive briefing and argument on the proposed motion. If the arbitrator decides to go forward with the motion, he/she will place page limits on the briefs and set an accelerated schedule for the disposition of the motion.

*Arbitrator Authority and Award*. Any arbitrator selected to hear a dispute shall only be authorized to exercise the powers specifically enumerated in the Agreement and to decide disputes in accordance with the governing principles of law and equity. The arbitrator shall have no authority to alter, amend, or modify the terms of the Agreement.

The arbitrator runs these proceedings that are held privately in an informal setting. The arbitrator is the sole decision-maker. There is no jury. Evidence is presented to the arbitrator, testimony is given, and witnesses are questioned and cross-examined by both you and the Company or by the attorneys representing you and the Company. It is important that you assert at the time of the arbitration any and all claims that you believe you may have against the Company.

Within 40 days of the end of the arbitration, the arbitrator issues a written decision that is binding on both you and the Company ("Award"). The Award must, at a minimum, contain findings of fact, conclusions of law, and reasons supporting the Award. Judgment on any final arbitration award may be entered in any court of competent jurisdiction. Any Award shall remain private and shall not be published. In the interests of privacy, any action initiated to enforce or challenge the Award shall be filed and maintained under seal.

In any arbitration arising out of or related to this Program, the arbitrator is not empowered to award punitive or exemplary damages, except where available and permitted by law, and the parties waive any right to recover any such damages.

In the event that the arbitrator awards reinstatement, and either the employee does not want to return to work at the Company or it is not feasible for the Company to reinstate the employee, the arbitrator, at the request of either party, shall allow the parties to present additional evidence or argument on that issue, and shall include a calculation of reasonable front pay in lieu of reinstatement in accordance with applicable local, state or federal law. Nothing in this Agreement shall restrict the right of the parties to resolve the dispute by mutual agreement either before or after the arbitrator renders an Award.

Notwithstanding any language to the contrary in the contract documents, the parties hereby agree that the arbitrator appointed to resolve disputes covered in the Agreement shall issue a reasoned award and shall not have the power to render a decision (1) that contains material and prejudicial errors of law or (2) that is based upon determinations of fact that are clearly erroneous.

Either party may bring an action in any court of competent jurisdiction to enforce an arbitration award. Any proceeding to vacate the Award shall be subject to Texas state law. If either party brings a post-Award action to enforce or vacate the arbitration award, the prevailing party in any such action shall be entitled to reasonable attorneys' fees and costs to be paid by the losing party as determined by the court.

The interpretation, scope, and enforceability of the Agreement shall be determined by and be subject to the Federal Arbitration Act. For purposes of uniformity and for any proceeding to vacate an Award based upon the Arbitrator's breach of his or her contractual restrictions, or when necessary, to determine the contractual rights and duties of the parties under this Agreement, the law of the state of Texas, e.g. the Texas Arbitration Act will apply.

 **Agreed and Accepted by:**

EMPLOYEE: ______________________

DATE: ______________________

PRINT NAME: ______________________

TITLE: ______________________

Digitally signed by 'CN="Convercent, Inc.", O="Convercent, Inc.", L=Denver, S=Col
Date: 2021.05.04 14:18:36 +00:00
Reason: Policy Attestation
Location: app.convercent.com

Julio Garza