**Momanaee, Audrey F.**

| | |
|---|---|
| **From:** | Pendergrass, Nora |
| **Sent:** | Tuesday, July 26, 2022 2:39 PM |
| **To:** | Josh Redelman; Stuart Lapp; Bret Davis |
| **Cc:** | Momanaee, Audrey F.; Deluna, Lisa |
| **Subject:** | National Oilwell Varco, LP v. Julio C. Garza and Array Technologies, Inc.; Cause No. 035732 |
| **Attachments:** | 2022.07.26 Letter to Stuart Lapp.pdf; Stipulation of Dismissal of Damages Claims NOV Garza(16568235.1).pdf |

Good Afternoon,

Please see attached letter and Stipulation of Dismissal of Damages Claims.

Thank you,

Nora



Nora Pendergrass, Paralegal, Balch & Bingham LLP
919 Congress Avenue • Suite 840 • Austin, TX 78701
t: (512) 583-1714   f: (866) 258-8990   e: npendergrass@balch.com
www.balch.com

CONFIDENTIALITY: This email and any attachments may be confidential and/or privileged and are therefore protected against copying, use, disclosure or distribution. If you are not the intended recipient, please notify us immediately by replying to the sender and double deleting this copy and the reply from your system.

1





AUDREY F. MOMANAEE
t: (713) 362-2557
f: (866) 230-9950
e: amomanaee@balch.com

July 26, 2022

Stuart W. Lapp
Joshua Redelman
Stibbs & Co., P.C.
750 William D. Fitch, Suite 210
College Station, Texas 77845

> Re: *National Oilwell Varco, LP v. Julio C. Garza and Array Technologies, Inc.*; Cause No. 035732, Proceeding in the 12th District County of Grimes County

Dear Counsel,

I am writing to follow up on a number of items that came out of the deposition of National Oilwell Varco LP's corporate representative deposition yesterday, July 25, 2022.

Corporate Representative Deposition – Request for Additional Deponent(s)

First, as you know, Mr. Ortego was unable to answer questions about the nature of the documents that are the subject of this case. While he did testify that NOV's claims relate to 94 files identified on Exhibit C to the Complaint, he testified numerous times that he did not have the capability to answer other questions about the documents at issue, and stated that I should depose others on these issues. As you know, NOV identified Mr. Ortego to respond to each of the matters on which a deposition was requested, and no objections were stated to the requested matters. The original list of matters was provided to you on June 30, 2022, almost a month ago, and was subsequently included in every amendment to the notice that was sent to you. In particular, Topics 1 and 2 are:

Stuart W Lapp
July 26, 2022
Page 2

    1.    The information, documents, and files that serve as the basis of the claims in this case, including the identification of such information, documents, or files NOV contends comprise the alleged confidential information and/or alleged trade secrets which Garza has allegedly misappropriated, improperly retained, disclosed and/or used, and for which it seeks damages and/or injunctive relief in this case,

    2.    All bases for NOV's contention that the alleged confidential information and/or alleged trade secrets are subject to the *Intellectual Property, Confidential Information, and Non-Solicitation Agreement* and/or the TUTSA.

During the deposition, you explained on the record that NOV was presenting someone who could answer to "most" of the topics. As you must know, that is not the requirement of the rules. NOV was obligated to designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf…" I inquired of you last week about who you would present for testimony, and you stated that Mr. Ortego would be presented and that you were "not playing games" by not designating him in writing. Additionally, as you know, we have been working around Mr. Ortego's schedule since July 1 when we first set the depositions of Mr. Garza and the NOV corporate representative. It is wholly unacceptable that your chosen corporate representative could not answer the most basic of questions at the deposition.

I am requesting that NOV provide another 30(b)(6) deponent or multiple additional deponents to answer my questions on Monday, August 1, 2022 or Tuesday, August 2, 2022. I am also requesting that NOV pay the costs associated with the additional deposition(s). Please respond on this important matter today.

Discovery

Second, as you know, I have been inquiring about NOV's responses to discovery for weeks. You have refused to answer many interrogatories and requests for production, standing on improper objections. Based on the deposition testimony of Mr. Ortego, it is plain that NOV failed to conduct the inquiries or searches required of it in connection with either the interrogatories or the requests for production propounded on NOV. Further, despite being required to do so, NOV apparently never verified the first set of interrogatories, and even with regard to the second set, Mr. Ortego made plain that he had not read those responses until

Stuart W Lapp
July 26, 2022
Page 3

well after they were provided to me. Your and NOV's actions in connection with written discovery are in contravention of the Rules, this Court's (and the State Court's) orders, and constitute an absolute breach of your and NOV's obligations. I am requesting that you review all of your discovery responses and update them by July 27, 2022, providing updated and verified answers to interrogatories, and responsive documents.

Stipulation of Dismissal as to Damages Claims

Third, as you know, NOV is not entitled to pursue damages claims in this case. Mr. Ortego confirmed this time and again during his deposition yesterday. You also previously confirmed with me that you were amending your pleadings to address your failure to comply with the terms of Varco's own EDR Program, and after some time and additional inquiry by me, finally filed an Amended Complaint. That Amended Complaint contains claims for damages which are wholly improper and which you agreed to withdraw. Per your agreements, and the terms of the EDR Program, I have prepared the attached Joint Stipulation of Dismissal of Damages Claims, which I attach here for your convenience. While I would not normally do the work to clean up another party's pleadings, it seems that this has become necessary in this case. Please file this stipulation by 5:00 p.m. tomorrow, or I will have no choice but to go to the Court for relief on this important issue which should be non-controversial.

If you would like, I am glad to talk with you about these issues.

Sincerely,

*Momanaee*

Audrey F. Momanaee

AFM:np

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NATIONAL OILWELL VARCO, L.P.** <br><br> Plaintiff, <br><br> v. <br><br> **JULIO GARZA** <br><br> Defendant. | Civil Action No. 4:ta22-CV-02006 |

## NATIONAL OILWELL VARCO, L.P.'S
## STIPULATION OF DISMISSAL AS TO DAMAGES CLAIMS

National Oilwell Varco, L.P. ("Varco") files this Stipulation of Dismissal of its Damages Claims asserted in this case, pursuant to Fed. R. Civ. P. 41(a)(2), with regard to Counts 1-7 of Varco's First Amended Original Complaint [Dkt. 37], filed July 8, 2022.

I.

The parties are subject to the terms of an Employee Dispute Resolution Program which dictates the dispute resolution processes for claims asserted by the parties against one another (the "Program"). Under the terms of the Program, claims for damages are not permitted to be brought in this matter, but must be brought, if at all, in arbitration.

II.

While the prayer for relief in the Complaint does not request monetary damages, certain claims in the Complaint do assert a claim for damages in contravention of the Program. As such, Varco seeks dismissal without prejudice to refiling in arbitration, the following:

1) Count 1 (fraud), Count 2 (fraud by nondisclosure), Count 5 (Texas Uniform Trade Secrets Act), Count 6 (Defend Trade Secrets Act), and Count 7 (Computer Fraud and Abuse Act).

16568235.1

Varco requests dismissal of any claims for damages asserted as to such causes of action without prejudice to refiling in arbitration.

2) Count 3 (breach of contract), Count 4 (breach of fiduciary duty). Varco requests dismissal of all such claims, without prejudice to refiling in arbitration, as they solely assert claims for damages.

III.

As such, Varco stipulates to the dismissal of Counts 3 and 4 and all claims for money damages within the First Amended Complaint, and respectfully request that this Court enter an order dismissing these claims in this action without prejudice.

Respectfully submitted,

/s/ _____
Stuart W. Lapp
State Bar No. 11946100
slapp@stibbsco.com
Bret W. Davis
State Bar No. 05462100
bdavis@stibbsco.com
Joshua A. Redelman
State Bar No. 24099269
jredelman@stibbsco.com
**STIBBS & CO., P.C.**
750 William D. Fitch Pkwy.
Suite 210
College Station, Texas 77845
Tel: (281) 367-2222

**ATTORNEYS FOR VARCO NATIONAL OILWELL VARCO, LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served through the ECF filing system pursuant to the Federal Rules of Civil Procedure on July 27, 2022, to the following counsel of record:

Audrey F. Momanaee
BALCH & BINGHAM, LLP
811 Louisiana St
Suite 1010
amomanaee@balch.com

*Attorney for Defendant Julio Garza.*

/s/_____
Joshua Redelman

16568235.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NATIONAL OILWELL VARCO, L.P.**<br><br>Plaintiff,<br><br>v.<br><br>**JULIO GARZA**<br><br>Defendant. | Civil Action No. 4:ta22-CV-02006 |

## [PROPOSED] ORDER DISMISSING DAMAGES CLAIMS

Pursuant to National Oilwell Varco, L.P.'s Rule 41(a)(2) Stipulation of Dismissal as to Damages Claims, the Court orders as follows:

1) Plaintiff National Oilwell Varco, L.P.'s claims for money damages relative to Count 1 (fraud), Count 2 (fraud by nondisclosure), Count 5 (Texas Uniform Trade Secrets Act), Count 6 (Defend Trade Secrets Act), and Count 7 (Computer Fraud and Abuse Act) are dismissed without prejudice to refiling such claims for damages in arbitration; and

2) Plaintiff National Oilwell Varco, L.P.'s claims reflected in Count 3 (breach of contract), Count 4 (breach of fiduciary duty) are dismissed in their entirety without prejudice to refiling such claims for damages in arbitration.

**IT IS SO ORDERED,** this \_\_\_\_\_ day of _____, 2022.

 

_____
**UNITED STATES DISTRICT COURT
HON. LYNN N. HUGHES**

16568235.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **NATIONAL OILWELL VARCO, L.P.**<br><br>Plaintiff,<br><br>v.<br><br>**JULIO GARZA**<br><br>Defendant. | **Civil Action No. 4:22-CV-02006** |

### [PROPOSED] ORDER DISMISSING DAMAGES CLAIMS

Came on to be heard Defendant Julio Garza's Partial Motion to Dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(3), and having considered the Motion to Dismiss, and any responses and replies thereto, the Court orders as follows:

1) Plaintiff National Oilwell Varco, L.P.'s claims for money damages relative to Count 1 (fraud), Count 2 (fraud by nondisclosure), Count 5 (Texas Uniform Trade Secrets Act), Count 6 (Defend Trade Secrets Act), and Count 7 (Computer Fraud and Abuse Act) are dismissed; and

2) Plaintiff National Oilwell Varco, L.P.'s claims reflected in Count 3 (breach of contract), Count 4 (breach of fiduciary duty) are dismissed in their entirety.

**IT IS SO ORDERED,** this _____ day of _____, 2022.

_____
**UNITED STATES DISTRICT COURT
HONORABLE LYNN N. HUGHES**

16582091.1