# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | **Civil Action No. 4:22-CV-02006** |
| § | | |
| **JULIO GARZA,** § | | |
| § | | |
| *Defendant.* § | | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FORENSIC PROTOCOL**

### I.     REPLY TO GARZA'S RESPONSE

1.  As set forth in Doc. 49 and Doc. 54, among other things:

    (1)  Garza has three USB drives in his possession.[1]

    (2)  Garza admitted to plugging two USB Drives that he used at Varco into Garza's Array issued laptop.[2]

    (3)  Array admitted that Garza plugged a USB device into Array's computer and downloaded at least one file.[3]

    (4)  Garza sent emails from his Varco email to his Hotmail.com email account and to a gmail.com email account associated with Garza.[4]

    (5)  Garza signed a personal device policy that allows Varco to examine the devices Garza used while working for Varco.[5] Garza used his personal iPhone 11 while working for Varco.[6]

---

[1] *See* Exhibit B, Garza's Response to Interrogatory No. 5.
[2] *See* Doc. 49 at ¶14, Doc. 49-6 and Doc. 54 at ¶3.
[3] *See* Doc. 54-2 at p. 3 Interrogatory No. 7.
[4] *See* Exhibit A.
[5] *See* Doc. 49 at ¶22, Doc. 49-7.
[6] *See* Doc. 54-3 Interrogatory No. 11.

2.     Accordingly, Varco seeks forensic examination of the following devices and accounts that are owned by Garza and which Garza has admitted, or Varco has discovered, contain information Garza acquired while working for Varco:

   (1)   Three USB Drives;[7]

   (2)   Garza's iPhone 11;[8]

   (3)   The Hotmail.com account – juliogrz200@hotmail.com; and[9]

   (4)   The gmail.com account – derossogarza@gmail.com.[10]

3.     Moreover, while Varco does not have direct evidence that Garza used his own personal laptop, Dropbox account, or iCloud account to misappropriate data, that evidence is only lacking because Varco does not have the forensic tools to gather said evidence. (Doc. 36-6 at ¶ 4-6). Accordingly, Varco seeks forensic examination of the following devices owned by Garza personally that Garza likely used to store the information Garza misappropriated from Varco:

   (1)   Garza's Asus laptop

   (2)   Garza's Dropbox account

   (3)   Garza's iCloud account

4.     Contrary to Garza's argument, Varco is taking neither a "scorched earth" approach nor is Varco seeking anything to which it is not entitled under federal law.  Indeed, "[i]t is not unusual for a court to enter an order requiring the mirror imaging of the hard drives of any computers that contain documents responsive to an opposing party's request for production of documents."

---

[7] *See* Doc. 54-1, Doc. 54-2 at p. 3, Doc. 54-4 at 25:3-10; *See also* Exhibit B, Garza's Response to Interrogatory No. 9.
[8] *See* Doc. 54-3 Interrogatory No. 11.
[9] *See* Exhibit A. The attachments to the emails included as Exhibit A are not included with this reply because the attachments contain Varco's confidential and trade secret information. Specifically, the document Garza asked his wife to review is a commercial justification of the NOV Solar Business unit which sets forth information regarding NOV's progress and commercialization timeline and opportunities.
[10] *Id.*

2

*Balboa Threadworks, Inc. v. Stucky*, Case No. 05-1157-JTM-DWB, 2006 WL 763668, at *7 (D. Kan. March 24, 2006).

5. In *M-I LLC v. Stelly*, Civ. Act. No. H-09-1552, 2011 WL 12896025 at *5 (S.D. Tex. Nov. 21, 2011), Judge Keith Ellison permitted a plaintiff to forensically image and examine certain computers and other devices after the plaintiff presented evidence showing that the defendant transferred confidential information to defendant's electronic storage devices. *Id.* Similarly, in *Frees, Inc. v. McMillian*, No. 05-1979, 2007 WL 184889 at *1 (W.D. La. Jan. 22, 2007), the court permitted a plaintiff to access the defendant's computer because "if [the plaintiff's] allegations are true, [the computer] is among the most likely places [the defendant would have downloaded or stored the data…" *Id* at *2.

6. Here, Varco clearly demonstrated that Garza transferred Varco's information to Garza's electronic storage devices and email accounts ***and*** Garza's iCloud, Dropbox, and personal laptop – by the very nature of their mass storage capabilities – are the "most likely places" Garza would have downloaded or stored Varco's information. That is, Varco's proposed forensic protocol is tailored to the needs of the case.

7. As evidenced by Varco's proposed order (Doc. 53-1), the independent third party is the only party permitted to search the devices and accounts, and the search must be conducted using the ***agreed upon*** Search Terms and File Names, which are attached as Exhibit A and B to Doc. 53-1. Varco is permitted to review only the documents, communications, and information that return as a positive "hit" on the Search Terms and File Names. Notably, the independent third-party does not even get to examine Garza's personal laptop ***unless it is shown that Garza plugged in any of the three USB devices to Garza's personal laptop on or after February 22, 2022***. (Doc. 53-1 at ¶7(a))

3

8.      Moreover, Garza incorrectly claims that Varco seeks discovery of Garza's "OneDrive" account. (Doc. 55 at ¶19). Garza also incorrectly claims that Garza would be unfairly burdened by Varco's proposal because Garza will have to pay for the cost of the examination. (Doc. 55 at ¶2). Varco seeks nothing of the sort. Varco's proposed forensic examination does not mention any "OneDrive" account. (Doc. 53-1). Instead, as clearly stated in the "Costs" paragraph, Varco proposes that Varco pay for the forensic examination. (Doc. 53-1 at ¶3). That is, Varco's proposed forensic protocol is ***not*** unduly burdensome.

9.      Finally, there is clear evidence that Garza has not been forthcoming about the documents contained on his devices. While Varco appreciates Mr. Trent's clarification that the documents missing from the list Mr. Trent generated are still on the USB device, Varco believed Mr. Trent's list reflected ***all*** the files on the USB device Mr. Trent purportedly imaged. That is, until reading Garza's response, Varco believed Mr. Trent's list reflected all files on the USB device. Despite this newfound clarity, it now appears clear that there are files on the USB device that neither Mr. Trent nor Garza disclosed to Varco. This is more evidence as to why an independent third-party should be permitted to examine all the devices and accounts identified in Varco's proposed order Doc. 53-1 and *supra*.

## II.     REPLY TO ARRAY'S RESPONSE

10.     To be clear, Varco is not seeking enforcement of a subpoena against Interested Party Array Technologies, Inc. — at least not yet.[11] Varco's pleading (Doc. 49) is not seeking any relief against Array, nor does Varco's proposed order (Doc. 53-1) contemplate this Court entering an order that permits Varco direct access to Array's computer. That request is likely coming but it is not here yet.

---

[11] There is no live subpoena on which to seek enforcement, but Varco is making application to the Court for permission to conduct discovery from non-parties and interested parties like Array.

11. Varco disagrees with Array's position that Varco is not permitted to have an independent third-party examine the computer and email account Array issued to Garza. Indeed, on June 6, 2022, when Array was still a party to this case in the state law lawsuit, it agreed to provide the computer and email to an independent third-party for examination, [12] but the parties could not agree on an appropriate protocol.

12. Varco sent a subpoena to Array — which Varco subsequently withdrew after Array's counsel, Jared Braithwaite, threatened to seek sanctions against Varco — for a Rule 30(b)(6) deposition of a corporate representative and inspection of the Array laptop that Array had previously agreed to provide back in June. Varco took this step only after Mr. Braithwaite had refused, for several weeks, to answer the question Mr. Lapp posed to Mr. Braithwaite in mid-June regarding the examination of Garza's Array laptop and email[13] *and* after Mr. Braithwaite and Mr. Lapp exchanged numerous emails regarding the examination of Garza's laptop and emails and for which Mr. Lapp provided search terms and a proposed forensic protocol.[14] Mr. Braithwaite and Mr. Redelman even conferred on the proposed forensic protocol[15] and the very same search terms to be used to search for documents Mr. Braithwaite now claims Varco has never requested.[16]

13. As counsel for Varco explained in his July 11, 2022 email to Mr. Braithwaite, Varco sent the subpoena to Array in accordance with Varco's understanding of this Court's June 29, 2022, *Expedited Discovery Order* (Doc. 24), which permitted the parties to take depositions on three days' notice.[17] At the time, Varco had been ordered to expedite discovery to prepare for briefing

---

[12] *See* Exhibit C, Affidavit of Stuart Lapp at ¶4.
[13] *See* Exhibit C, Affidavit of Stuart Lapp at ¶9 to ¶13.
[14] *See* Exhibit C, Affidavit of Stuart Lapp at ¶14 to ¶15.
[15] Varco crafted the list of search terms and proposed forensic protocol to protect from disclosure both Array Technologies' privileged information and Array Technologies confidential/trade secret information.
[16] *See* Doc. 57 at 9.
[17] The inspection of the devices was to be conducted in accordance with the terms of the very same proposed forensic protocol Mr. Lapp proposed on July 8, 2022.

on a preliminary injunction. (Doc. 24). Varco was ordered to file its supplemental brief with information obtained from discovery by July 17, 2022. *Id*. Array disagreed with Varco's reading of Doc. 24, and Array's disagreement was ultimately one of the bases for Mr. Braithwaite's first sanction threat.[18]

14. Mr. Braithwaite has now threatened to file a motion for sanctions against Varco for a second time after Varco filed Doc. 49, which does nothing more than bring to the Court's attention existing discovery issues between Varco and Array. The primary basis for Mr. Braithwaite's request is twofold: (1) Array alleges Varco made misrepresentations regarding Array's conduct during discovery,[19] and (2) Array's position that there is no legal basis for Varco to gain direct access to examine the Array laptop. Array is wrong.

15. In its response, Array argues that under *In re Weekley Homes, L.P.*, 2985 S.W.3d 309 (Tex. 2009), NOV must show that Array is in default of some discovery obligation before it may be permitted to conduct a forensic examination of any Array-owned devices. Not so. Courts do not require such a showing where the devices sought to be examined were directly involved in the claimed misappropriation. For example, in a factual analogous case, Judge Keith Ellison permitted the plaintiff's expert to conduct a forensic examination on the defendant's computers despite expressly finding "no evidence" that the defendant defaulted on any discovery obligation.

> The Court finds that Plaintiff has presented sufficient information to show that it is entitled to this information. Plaintiff has provided reports showing that confidential information was found on the two USB devices used by Defendant Stelly, and Plaintiff believes that this information was transferred to WES. Therefore, Plaintiff is entitled to discovery in order to determine whether any of its confidential information or trade secrets were uploaded to

---

[18] *See* Exhibit C, Affidavit of Stuart Lapp at ¶15 to ¶16.
[19] As outlined in Mr. Lapp's affidavit attached to this reply at Exhibit C, Array Technologies did refuse to comply with the subpoena because Mr. Braithwaite threated to file a motion to quash and motion for sanctions if Varco did not withdraw the subpoena. Because Varco was no longer under the tight timeline, Varco chose to withdraw the subpoena and continue conversations with Array's counsel once Array's counsel returned from his family vacation.

> Defendant WES's computers. *See Frees, Inc. v. McMillian*, No. 05-1979, 2007 WL 184889, at *2 (W.D. La. Jan. 22, 2007) ("[Plaintiff] is entitled to production of the requested computers because such computers are, if [Plaintiff's] allegations are true, among the most likely places [Defendant] would have downloaded or stored the data allegedly missing from [Plaintiff's] laptop. As such, the request is reasonably calculated to lead to the discovery of admissible evidence."); *Ameriwood Industries, Inc. v. Liberman*, No. 4:06 CV 524-DJS, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006), amended by 2007 WL 685623 (E.D. Mo. Feb. 23, 2007) ("Particularly, allegations that a defendant downloaded trade secrets onto a computer provide a sufficient nexus between plaintiff's claims and the need to obtain a mirror image of the computer's hard drive.").

*M-I L.L.C. v. Stelly*, No. H-09-1552, 2011 WL 12896025, at *5 (S.D. Tex. Nov. 21, 2011); *see Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 WL 763668, at *7 (D. Kan. Mar. 24, 2006) ("It is not unusual for a court to enter an order requiring the mirror imaging of the hard drives of any computers that contain documents responsive to an opposing party's request for production of documents."); *see also Frees*, 2007 WL 184889, at *1 (stating that "a party cannot, by his own self-serving statements, deny the other party access to potentially relevant information.").

16. Moreover, in other cases, courts have entertained the idea of permitting an independent vendor to review a full forensic image of a device to search for pertinent information. *See Boston Scientific Corporation v. Lee*, 2014 WL 3851157 at *6 (N.D. Cal. Aug. 4, 2014). In that case, Boston Scientific sought the forensic examination of a non-party competitor's laptop that the court found contained discoverable information. *Id*. However, because Boston Scientific demanded a full examination of the computer without protecting for privileged communication and irrelevant information from a non-party competitor, the court refused to enter an order permitting an independent vendor to review the forensic image to search a non-party's laptop for pertinent

7

information. *Id.* Unlike the *Boston Scientific* case, here, the proposed protocol that Varco proposed on July 8, 2022 protected from disclosure Array's privileged and trade secret information.

17. Regardless, none of Array's arguments are relevant to any issue currently before the Court. As Varco made clear *supra* and in Doc. 49 and Doc. 53-1, Varco is not seeking any relief at this time from this Court against Array Technologies, yet.

## PRAYER

Plaintiff Varco respectfully prays that the Court enter Varco's proposed forensic examination protocol and award any other relief to which Varco may be entitled.

Respectfully submitted,

**STIBBS & CO., P.C.**

/s/ *Stuart W. Lapp*
Stuart W. Lapp
State Bar No. 11946100
slapp@stibbsco.com
Bret W. Davis
State Bar No. 05462100
bdavis@stibbsco.com
Joshua A. Redelman
State Bar No. 24099269
jredelman@stibbsco.com
750 William D. Fitch Pkwy.
Suite 210
College Station, Texas 77845
Telephone: (281) 367-2222


**STACY & BAKER, P.C.**

By:_____
Chris A. Stacy
State Bar of Texas No. 18988700
chris.stacy@stacybakerlaw.com
Brian A. Baker
State Bar of Texas No. 24082648
brian.baker@stacybakerlaw.com

5300 Memorial Drive, Suite 270
Houston, Texas 77007
Ph: 713-527-9991 | Fx: 713-527-9992

**ATTORNEYS FOR PLAINTIFF NATIONAL OILWELL VARCO, L.P.**

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of *Plaintiff's Reply in Support of its Emergency Motion for Entry of a Forensic Examination Protocol and Request for a Status Conference* on counsel of record on August 3, 2022, through the ECF filing system, as follows.

| | |
|---|---|
| Audrey F. Momanaee<br>amomanaee@balch.com<br>**BALCH & BINGHAM, LLP**<br>811 Louisiana St., Suite 1010<br>Houston, Texas 77002 | Rachel Powitzky Steely<br>rsteely@foley.com<br>**FOLEY & LARDNER LLP**<br>1000 Louisiana St., Suite 2000<br>Houston, Texas 77002 |
| **ATTORNEY FOR DEFENDANT JULIO GARZA** | **ATTORNEY FOR INTERESTED PARTY ARRAY TECHNOLOGIES, INC.** |

*/s/ Stuart W. Lapp*
Stuart W. Lapp

9