UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. § <br> *Plaintiff*, § <br> § <br> vs. § <br> § <br> § <br> JULIO GARZA, § <br> § <br> *Defendant.* § | | Civil Action No. 4:22-CV-02006 |

## DECLARATION OF STUART W. LAPP

I, Stuart W. Lapp, declare as follows:

1. I am the managing partner of the law firm of Stibbs & Co., P.C. and am counsel for Plaintiff National Oilwell Varco, L.P. ("Varco"). I make this declaration based upon my own personal knowledge and based upon records maintained by Stibbs & Co., P.C. in the ordinary course of business, to which I have access and upon which I rely in the course of performing my duties to Stibbs & Co., P.C. and its clients, including Varco. The facts set forth in this declaration are true and correct.

2. This lawsuit was initially filed in the 12th Judicial District Court of Grimes County, Texas on Friday June 3, 2022. On Saturday June 4, 2022 I received an email from Jared Braithwaite requesting a conference to discuss the lawsuit and later that day participated in a telephone conference with Mr. Braithwaite and Ms. Rachel Powitzky Steely who represented to me that they had been retained by Array Technologies, Inc. It was during this initial telephone conference that the subject of the forensic examination of an Array owned laptop was discussed.

3. On Sunday June 5, 2022 I received an email from Ms. Steely which stated in pertinent part:

> *The forensic order – Array requests Plaintiff pull down the forensic order and **is agreeable to negotiating a forensic protocol regarding the devices at issue**.* [Emphasis added].

A true and correct copy of Ms. Steely's June 5, 2022 email is included in the email string attached hereto and identified as Exhibit C-1.

4. On Monday June 6, 2022, after a conference call with counsel for Array and counsel for Julio Garza ("Garza"), I received an email from Mr. Braithwaite that set forth a forensic protocol proposed by Array and Garza. The Array proposed protocol included the following:

> 1. *Counsel for Garza and Array will collect the following electronic devices and storages:*
>    1.1. *The laptop issued to Garza by Array for performance of his job duties for Array.*

1

EXHIBIT C

> 1.2. *The mobile phone issued to Garza by Array for performance of his job duties for Array.*
> 1.3. *The USB storage drive used by Garza that to the best of his knowledge is the drive referenced by Exhibit C to the Petition.*
> 1.4. *Array's email and storage for Garza.*

*By June 8, the parties will agree on a digital forensics vendor to forensically image the laptop, mobile phone, and USB storage with costs for the imaging borne by Plaintiff.* See Exhibit C-1.

5. Later that same day I sent redline changes to the Array proposed protocol to Mr. Braithwaite and the following day, June 7, 2022 Mr. Braithwaite sent an email forwarding his further revisions to the proposed protocol. Mr. Braithwaite email stated in pertinent part:

> *As you will see, **I think the various steps of the protocol are agreed** except for the reference to 2 USB storage devices.* [Emphasis added].

A true and correct copy of Array's proposed revisions to the mutually agreeable forensic examination protocol that was attached to the June 7, 2022 email is attached hereto and is identified as Exhibit C-2.

6. During the time that Array was representing to Varco that there was agreement on the steps of forensic protocol and that the protocol would include the imaging and examination of the Array laptop, the Array cellphone, and Array's email and storage for Garza, Array was simultaneously seeking relief from the state court from complying with the *Order Granting Plaintiff's Emergency Motion for Expedited Computer Forensic Imaging & Analysis* entered by Judge Morman on the state court lawsuit on June 3, 2022 (the "Forensic Order").

7. For a variety of reasons, including my absence between the dates of June 9, 2022 and June 17, 2022 while I was in Colorado attending to family matters following the unexpected death of my father, discussions about the forensic protocol took a back seat to other issues in the case. Those other issues included discussions with counsel about extending the Temporary Restraining Order and resetting the date of hearing the Temporary Injunction to allow adequate time for forensic imaging and examination of the Array devices. Due in part to the court's limited availability to conduct the Temporary Injunction hearing and to hear Defendants' Joint Motion to Dissolve Forensic Imaging Order, Defendants' Joint Motion to Transfer Venue, and Defendants' Joint Motion to Dissolve Temporary Restraining Order, the parties were ultimately unable to agree to an extension of more than a few days to accommodate Ms. Steely's vacation plans.

8. At no time during my absence or in the days leading up to the rescheduled June 21, 2022 Temporary Injunction hearing did Array or its counsel ever communicate that Array was unwilling to agree to a forensic protocol that would allow independent third-party forensic imaging and analysis of the Array laptop. On June 20, 2022, based in part on Array's ongoing representations that it was willing to cooperate with Varco to locate and identify any of Varco's confidential information that Garza may have used while working for Array, Varco chose to nonsuit Array. On June 20, 2022 Garza removed the case to this court. On June 21, 2022 this court entered an Order of Temporary Restraint.

2

9.      On June 22, 2022 I called Mr. Braithwaite to discuss getting access to Garza's Array laptop and cellphone for forensic examination which I understood were still in Mr. Braithwaite's possession as they had been since June 4, 2022. Mr. Braithwaite told me that he would have to discuss the request with his client and that he would "get back to me." Mr. Braithwaite did not get back to me with a response.

10.     On June 29, 2022, this Court entered the Expedited Discovery Order which ordered the parties to expedite discovery to prepare for briefing on a preliminary injunction. The Order allowed for depositions on three days' notice as necessary and reasonable.

11.     Rather than seek to depose an Array corporate representative on three days' notice as allowed by the Court's Order, I called Mr. Braithwaite on July 1, 2022 to again inquire about getting access to Garza's Array laptop and cellphone for forensic examination as he had previously offered. Mr. Braithwaite did not answer my call nor did he return the message I left asking that he do so. Instead, on Tuesday July 5, 2022 he sent me an email requesting "specifics from NOV about what it is requesting." A true and correct copy of the email string that includes the July 5, 2022 email is attached hereto as Exhibit C-3.

12.     I responded to Mr. Braithwaite on July 5, 2022 stating:

*Thank you for your email responding to my phone messages. We appreciate Array's stated willingness to cooperate in discovery.*

*The only question that I asked when you and I spoke two weeks ago is whether Array will agree to allow NOV's forensic expert access to Mr. Garza's Array-issued laptop computer (or to a bit-by-bit forensic image of the contents of the computer) which computer was used by Mr. Garza to download at least one of the documents Mr. Garza took from NOV. You told me that you would discuss the matter with your client and get back with me. I did not hear back from you, hence my follow up call on Friday.*

*The question remains unanswered and the answer to that question will help guide the direction of further discovery.* See Exhibit C-3.

13.     Mr. Braithwaite responded on July 6, 2022, and rather than answer the question I had asked regarding Array's agreement to allow forensic imaging of the Array laptop, he suggested that Varco was making an "unbounded request for everything on or accessible by the laptop." See Exhibit C-3.

14.     I responded to Mr. Braithwaite on July 8, 2022 and reminded him that Garza had admitted that to the best of his recollections he plugged two USB storage devices into the computer that Array provided for his use. I told Mr. Braithwaite that I would provide a forensic protocol that would protect Array's documents or information from being revealed to Varco or to Varco's counsel. I also reminded Mr. Braithwaite that we were operating under a very tight time frame and included the following statement:

3

*As you know, we are under a very tight time frame so I wanted to send you the topics for a 30(b)(6) in the event we need to go that route. I am not suggesting that NOV wants to go that route but in the interest of time I wanted to get this to you for your review and discussion with your client regarding availability for a deposition Wednesday or Thursday next week.* See Exhibits C-3 and C-4.

15. On July 9, 2022 I sent Mr. Braithwaite a proposed forensic protocol and proposed search terms. I also asked Mr. Braithwaite to let me know about the 30(b)(6) deposition and reminded him of the expedited discovery order and the deadlines. See Exhibits C-5, C-6, and C-7. .Mr. Braithwaite responded on July 11, 2022 with a five-page letter threatening sanctions against Varco for alleged "litigation misconduct".

16. Even after receiving the threatening letter from Braithwaite there were further discussions with Braithwaite, in an ongoing effort to reach an agreement for examination of Garza's Array laptop.

17. On July 12, 2022, with the discovery deadline looming and no agreement from Array, Josh Redelman sent Braithwaite an email forwarding a copy of the Expedited Discovery Order, a 30(b)(6) Deposition Notice, and a deposition subpoena. See Exhibits C-8, C-9, C-10, and C-11.

18. On July 13, 2022, Jared Braithwaite sent me an eight-page letter demanding that Varco withdraw the subpoena, threatening to file a motion to quash the subpoena, and again threatening sanctions for Varco's alleged "litigation misconduct". Also on July 13, 2022 this Court entered an Order staying all deadlines in the case thereby relieving Varco of the necessity of proceeding with the deposition for which the subpoena was issued. In a telephone conversation with Mr. Braithwaite I agreed to withdraw the subpoena and to continue conversations about access to Array's laptop after Mr. Braithwaite returned from his family vacation.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Spring, Harris County, Texas, on the 3rd day of August, 2022.

_____
STUART W. LAPP

4