1. Counsel for Garza and Array will collect the following electronic devices and storages:
   1.1. The laptop issued to Garza by Array for performance of his job duties for Array.
   1.2. The mobile phone issued to Garza by Array for performance of his job duties for Array.
   1.3. The USB storage device used by Garza that to the best of his knowledge is the USB storage device referenced by Exhibit C to the Petition.
   1.4. Array's email and storage for Garza.
2. The parties will agree on a digital forensics vendor to forensically image the laptop, mobile phone, and USB storage device with costs for the imaging and examination borne by Defendants. By June 8, 2022, the digital forensic examiner shall create forensically sound images of the laptop, mobile phone, and USB storage device, and once imaged, the laptop, mobile phone, and USB storage device will be returned to counsel for Defendants who shall retain possession of same until the conclusion of this litigation.
3. The parties will immediately confer and agree upon appropriate search terms and phrases designed to target information on the USB drive that Plaintiff contends embody its asserted trade secrets or confidential information, but in any event no later than June 8, 2022. The parties will instruct the retained digital forensics vendor to use agreed search terms and phrases to search the USB drive for any files that contain the agreed search terms and phrases.
4. Within 3 days of forensic imaging of the USB drive, laptop, and mobile phone and an agreement on the list of search terms and phrases, the digital forensics vendor will produce to Plaintiff's counsel a forensically sound copy of those files from the USB storage device that return as positive hits on the list of the agreed search terms and phrases.
5. Within 3 days of production to Plaintiff's counsel of the files from the USB storage device that include the search terms and phrases, Plaintiff will provide its confidentiality designations for those files along with a list of the files that Plaintiff contends embody its asserted trade secrets or confidential information. Within 5 days, Defendants' counsel will use the agreed search terms and phrases to search Garza's laptop, mobile phone, email and storage and provide a search report to Plaintiff's counsel identifying files that match the filename or the MD5 hash of the files that Plaintiff identified.
6. The parties will confer in good faith regarding further steps or destruction of information, if any, and attempted early resolution of the matter.
7. The above procedure, including the production of files and documents, and any disputes regarding the same, will be governed by the provisions of the current Protective Order and the Texas Rules of Civil Procedure. The parties may also confer on an amended and agreed form of protective order to replace the current Protective Order including the following:
   7.1. Instead of only 5 days to designate information in a deposition as confidential or highly confidential, the parties will endeavor to designate a deposition transcript as confidential or highly confidential on the record during the deposition. Notwithstanding, even if a deposition transcript or portions thereof are not designated as confidential or highly confidential at the time of the deposition, a party may designate a deposition transcript or portion thereof as confidential or highly confidential at any time at which point the transcript will be treated as designated until the Court rules on any dispute as to confidentiality.
   7.2. In addition to the permissible recipients in paragraph 4 of the current protective order, highly confidential information may also be made available to any witness during the course of discovery, so long as it is evident from the face of each such document designated highly confidential information that is being disclosed, that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document. Where it is not evident from the face

Attachment **C-2**

of the highly confidential document being disclosed that the witness to whom a party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the party seeking disclosure may nonetheless disclose the highly confidential document to the witness, provided that: (i) the party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the party seeking disclosure provides advance notice to the party that produced the document, and (iii) the party that produced the document does not inform the party seeking disclosure that the person to whom the party intends to disclose the document did not in fact receive or review the documents. Nothing herein shall prevent disclosure at a deposition of a document designated highly confidential information to the officers, directors, and managerial level employees of the party producing such highly confidential information, or to any employee of such party who has access to such highly confidential information in the ordinary course of such employee's employment.

7.3. The parties agree that all 76a sealing orders are unopposed.  Likewise, the assertion of trade secret or confidential information in a 76a motion to seal has no bearing on the legal nature of such documents or the ability to challenge previously designated documents.