UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **Civil Action No. 4:22-CV-02006** |
| | § | |
| JULIO GARZA, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF NATIONAL OILWELL VARCO, L.P.'s NOTICE OF
DEPOSITION FOR INTERESTED PARTY ARRAY TECHNOLOGIES, INC**

Please take notice that, pursuant to the Federal Rules of Civil Procedure 30(b)(6), Plaintiff National Oilwell Varco, L.P. will take the video deposition of a representative or representatives of interested party Array Technologies, Inc. ("Array"). The deposition will take place at 10:00 AM CDT on _____, , 2022, at _____ and will continue until completed.

**Definitions**

1.      "Communication" means any documents or oral transfer of information, no matter the medium.

2.      "Document" refers to anything contemplated by Federal Rule of Civil Procedure 34(a) including, but not limited to, any written or recorded information however produced or reproduced, including writings, drawings, graphs, charts, electronically stored information ("ESI"), e-mails, text messages, smart phone communications applications or platforms including, but not limited to, Direct Message, Facebook, Facebook Messenger, Snapchat, Instagram, WeChat, WhatApp, Telegram, Slack, Zoom, Microsoft Teams, Go to Meeting, video or digital recordings, voice mails, phone records, and other data compilations from which information can be obtained or translated.

**Attachment**

**C-4**

3.      "Array," "you" and "your" shall mean interested party, Array Technologies, Inc,

Array's current and former parent corporations or holding companies, subsidiaries, joint ventures,

affiliates, shareholders, directors, officers, employees, agents, accountants, auditors, and anyone

acting on Array's behalf, including Array's attorneys and anyone acting on behalf of its attorneys.

### Areas of Examination

In accordance with Rule 30(b)(6), you are requested to designate one or more persons who

consent to testify on behalf of Array on the following topics. The person(s) so designated shall

testify as to matters known or reasonably available to Array on the following topics:

1.      The facts, circumstances relating to or regarding Array's forensic imaging, if any, of and

subsequent search, if any, for the documents, files, and folders, identified on Exhibit C to Plaintiff's

Original Petition, a copy of which has been previously served on Array, of the laptop and cell

phone Array assigned to Garza. This will include all information relevant to how the search was

conducted and who conducted the search, including but not limited to, the individual(s) who

participated in or were involved in the search and the planning of the search, the search terms

Array used, the date(s) on which Array conducted the search, the results of the search, and who

Array hired to perform the search, if anyone.

2.      The facts and circumstances relating to or regarding Array's recruitment of Julio Garza,

including, but not limited to Array's job postings, Garza's interviews, and the representations

Garza and Array made to one another during Garza's interview process. NOV specifically seeks

information on the representations which include, but are not limited to, the representations Garza

made about his work at NOV, the projects Garza worked on for NOV, the value Garza can provide

for Array, the explanation(s) as to why Garza wanted to leave NOV and work for Array, the

projects that Array was currently working on, and the projects on which Array intended Garza to work once employed at Array.

3.       Mr. Garza's job duties at Array, including any applicable internal position description(s), the projects Array assigned to Garza, the projects on which Garza worked, the projects on which Array intended Garza to work prior to Array placing Garza on paid administrative leave.

4.       The terms of Array's Confidential Information, Non-Disparagement and Non-Solicitation Terms agreement that is referenced in the offer letter Array sent to Garza.

5.       The terms of Garza's paid administrative leave from Array, including the amount Array is paying Garza while Garza is on paid administrative leave, the circumstances under which Array will permit Garza to return to work during the pendency of this lawsuit, if any, the conditions on which Array will permit Garza to return to work during the pendency of this lawsuit, if any, and the job duties and assignments Array will give to Garza upon a return to work during the pendency of this lawsuit, if any.

6.       Array's intended responses to the Interrogatories NOV served on Array prior to NOV non-suiting Array.

7.       Array's intended responses to the Requests for Production NOV served on Array prior to NOV non-suiting Array.

8.       What Array expects of its employees regarding the protection of alleged confidential information and/or the alleged trade secrets from unauthorized retention, use or disclosure. This includes the security measures Array has in place to monitor its employee's electronic activities and all measures it takes to protect its confidential and trade secrets.

9.      Communications, including in writing, and oral, between Array and Garza regarding the policies and procedures Array has or put into effect by Array in order to safeguard employees from disclosing their former employer's confidential and trade secret information, including to the extent these policies and procedures were communicated to Garza.

10.     Communications, including in writing, and oral, between Array and Garza regarding information and documents NOV contends are trade secret and confidential.

11.     Communications, including in writing, and oral, between Array and Garza regarding Garza's use of USB devices and any representations Garza made to Array regarding the retention of any documents or information Garza acquired at any of his previous employers, including NOV.

12.     The steps Array takes, work performed, and efforts Array takes for the purpose of determining whether a recently departed employee had downloaded any documents during their employment and the circumstances which would lead Array to investigate whether a recently departed employee had downloaded any documents during their employment.

13.     How Array assigns value to its intellectual property and research and development, including how Array accounts for the money it spends on research and development for each product it either works on or brings to market.

Respectfully submitted,

STIBBS & CO., P.C.

/s/ *Stuart W. Lapp*
Stuart W. Lapp
State Bar No. 11946100
slapp@stibbsco.com
Bret W. Davis
State Bar No. 05462100
bdavis@stibbsco.com

4

Joshua A. Redelman
State Bar No. 24099269
jredelman@stibbsco.com
750 William D. Fitch Pkwy.
Suite 210
College Station, Texas 77845
Telephone:  (281) 367-2222

**ATTORNEYS FOR PLAINTIFFS
NATIONAL OILWELL VARCO, LP**

## CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of *Plaintiff's 30(b)(6) Notice of Deposition on Interested Party Array Technologies, Inc.* on counsel of record on _____, 2022, through the ECF filing system, as follows.

Audrey F. Momanaee
amomanaee@balch.com
**BALCH & BINGHAM, LLP**
811 Louisiana St., Suite 1010
Houston, Texas 77002

Rachel Powitzky Steely
rsteely@foley.com
**FOLEY & LARDNER LLP**
1000 Louisiana St., Suite 2000
Houston, Texas 77002

**ATTORNEY FOR DEFENDANT JULIO
GARZA**

**ATTORNEYS FOR INTERESTED
PARTY ARRAY TECHNOLOGIES, INC**

*/s/ Stuart W. Lapp*
Stuart W. Lapp