**Tracy Sebesta**

| | |
|---|---|
| **From:** | Stuart Lapp |
| **Sent:** | Saturday, July 9, 2022 2:57 PM |
| **To:** | Braithwaite, Jared J.; Bret Davis |
| **Cc:** | Momanaee, Audrey F.; Steely, Rachel Powitzky; Josh Redelman |
| **Subject:** | RE: NOV v. Garza |
| **Attachments:** | Exhibit 1 - Proposed Search Terms (Array).docx; Protocol for Forensic Examination of Array Devices.docx |

Jared:

As promised last night, we are sending the attached proposed forensic protocol and exhibit (search terms) mentioned therein. This should address the concerns of "unbounded access" to Array information accessible by the laptop. NOV is willing to let an Array-retained forensic expert make the forensic image of the Array laptop and Array cell phone and send the image to Pathway Forensics. The proposed protocol identifies Pathway Forensics (rather than CyberEvidence) as NOV's forensic expert. This was done to alleviate any concern about CyberEvidence's neutrality in this matter.

Please contact me to discuss any questions or issues. Also, please let me know about the 30(b)(6) deposition. Due to the Court's Expedited Discovery Order and the deadlines set forth therein, I need to know by noon on Monday if Array will agree to the forensic protocol.

Thanks,
Stuart

**Stuart W. Lapp**
*Managing Partner*
**Stibbs & Co., P.C., Attorneys**
819 Crossbridge Dr., Spring, Texas 77373
**P:** 281-367-2222  **F:** 281-681-2330
**D:** 281-323-6040  **C:** 713-416-6233

slapp@stibbsco.com | www.stibbsco.com





 Please consider the environment before printing this e-mail

**Stibbs & Co. team members are intentionally copied on this email. Please "reply all" to all such team members. Failure to do so may cause delay.**

IMPORTANT/CONFIDENTIAL:  This transmission from the law firm of Stibbs & Co., P.C. is intended only for the use of the addresses shown.  It contains information that may be privileged, confidential, and/or exempt from disclosure under applicable law.  If you are not the intended recipient of this transmission, you are hereby notified that the copying, use, or distribution of any information or materials

Attachment **C-5**

transmitted herewith is strictly prohibited.  If you have received this e-mail by mistake, please immediately respond to this e-mail to notify the sender.

---

**From:** Stuart Lapp
**Sent:** Friday, July 8, 2022 9:12 PM
**To:** Braithwaite, Jared J. <JBraithwaite@foley.com>; Bret Davis <bdavis@stibbsco.com>
**Cc:** Momanaee, Audrey F. <amomanaee@balch.com>; Steely, Rachel Powitzky <rsteely@foley.com>; Josh Redelman <jredelman@stibbsco.com>
**Subject:** RE: NOV v. Garza

Jared:

Thank you for your email. I want to avoid getting into a semantics debate, but Mr. Garza has admitted in response to written discovery requests that to the best of his recollection he plugged two USB electronic storage devices into the computer which Array provided to him. It remains to be seen whether anything from either of the USB storage devices was copied or transferred onto the computer which Array provided to Mr. Garza. I will provide you with a proposed protocol tomorrow following the completion of Mr. Garza's deposition. The proposed protocol will protect Array's documents and information from being revealed to NOV or NOV's counsel.

As you know, we are under a very tight time frame so I wanted to send you the topics for a 30(b)(6) in the event we need to go that route. I am not suggesting that NOV wants to go that route but in the interest of time I wanted to get this to you for your review and discussion with your client regarding availability for a deposition Wednesday or Thursday next week.

Thank you for your continued courtesies.

Best regards,
Stuart

**Stuart W. Lapp**
*Managing Partner*
**Stibbs & Co., P.C., Attorneys**
819 Crossbridge Dr., Spring, Texas 77373
**P:** 281-367-2222 **F:** 281-681-2330
**D:** 281-323-6040 **C:** 713-416-6233

**slapp@stibbsco.com** | **www.stibbsco.com**





 **Please consider the environment before printing this e-mail**

**Stibbs & Co. team members are intentionally copied on this email. Please "reply all" to all such team members. Failure to do so may cause delay.**

2

IMPORTANT/CONFIDENTIAL:  This transmission from the law firm of Stibbs & Co., P.C. is intended only for the use of the addresses shown.  It contains information that may be privileged, confidential, and/or exempt from disclosure under applicable law.  If you are not the intended recipient of this transmission, you are hereby notified that the copying, use, or distribution of any information or materials transmitted herewith is strictly prohibited.  If you have received this e-mail by mistake, please immediately respond to this e-mail to notify the sender.

**From:** Braithwaite, Jared J. <JBraithwaite@foley.com>
**Sent:** Wednesday, July 6, 2022 2:30 PM
**To:** Stuart Lapp <slapp@stibbsco.com>; Bret Davis <bdavis@stibbsco.com>
**Cc:** Momanaee, Audrey F. <amomanaee@balch.com>; Steely, Rachel Powitzky <rsteely@foley.com>
**Subject:** RE: NOV v. Garza

Stuart:

First, I dispute that Garza took the "one document" from NOV, which is an ASME stress stain curve and equations. The ASME standards are public information, which we've disclosed to you and discussed previously before NOV dismissed Array from the lawsuit. So, your characterization of information on Array's computers that was "taken" from NOV is inaccurate.

Regarding the discovery that NOV wants, I'm still lacking requisite detail. Your message below asks "whether Array will agree to allow NOV's forensic expert access to Mr. Garza's Array-issued laptop computer." I'm guessing the NOV's actual request is not for unbounded access to all Array information on or accessible by the laptop. What I am asking is for something nearing the reasonable particularity required for a request if it were made under the discovery rules. For example,

- What is the scope of the requested inspection? NOV only has a legitimate interest in inspection of relevant information and not all Array information on or accessible by the laptop. If, instead, NOV is making an unbounded request to inspection all documents and all information on or accessible by the laptop regardless of subject matter, then I need to know that. There is a large amount of Array documents and information on and accessible by the laptop that is unrelated to NOV's claims. Can you identify the information that you want from the laptop with reasonable particularity? It is probably far easier and avoids unnecessarily exposing unrelated Array information, if you just request the information that you want produced—instead of an unbounded request for everything on or accessible by the laptop.
- An unbounded request for all documents and information on or accessible by the laptop likely includes privileged information. Do you have a proposal regarding acceptable removal of privileged information prior to inspection or production. If NOV provides some particularity regarding the information requested then that probably helps avoid the privilege issue as we can just attend to production of the particularly requested information.
- Who is the expert? Is it Charles Hines of CyberEvidence?
- I assume that if we agree to an inspection of the laptop that the inspection will take place in my office. Please confirm.
- For how many days/hours are you asking the laptop to be made available for inspection?
- Are you requesting that the expert be allowed to remove or copy information from the laptop? If so, what are the parameters or procedure?

While I understand that we are trying to cooperate in discovery and there is not an outstanding subpoena under Rule 45, I still need *some* specificity on what NOV is asking to inspect or for Array to produce. If NOV has no particularized request and is actually requesting access to everything on or accessible by the laptop, then I'll discuss that with Array. But such a request seems clearly out of bounds, and I did not assume that is what NOV intended.

Best regards,

**Jared J. Braithwaite**
*Partner*

**Foley & Lardner LLP | Salt Lake City, UT**
Phone 801.401.8920
Visit Foley.com | jbraithwaite@foley.com



**From:** Stuart Lapp <slapp@stibbsco.com>
**Sent:** Tuesday, July 5, 2022 3:03 PM
**To:** Braithwaite, Jared J. <JBraithwaite@foley.com>; Bret Davis <bdavis@stibbsco.com>
**Cc:** Momanaee, Audrey F. <amomanaee@balch.com>; Steely, Rachel Powitzky <rsteely@foley.com>
**Subject:** RE: NOV v. Garza

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Jared:

Thank you for your email responding to my phone messages. We appreciate Array's stated willingness to cooperate in discovery.

The only question that I asked when you and I spoke two weeks ago is whether Array will agree to allow NOV's forensic expert access to Mr. Garza's Array-issued laptop computer (or to a bit-by-bit forensic image of the contents of the computer) which computer was used by Mr. Garza to download at least one of the documents Mr. Garza took from NOV. You told me that you would discuss the matter with your client and get back with me. I did not hear back from you, hence my follow up call on Friday.

The question remains unanswered and the answer to that question will help guide the direction of further discovery.

**Stuart W. Lapp**
*Managing Partner*
**Stibbs & Co., P.C., Attorneys**
819 Crossbridge Dr., Spring, Texas 77373
**P:** 281-367-2222 **F:** 281-681-2330
**D:** 281-323-6040 **C:** 713-416-6233

slapp@stibbsco.com | www.stibbsco.com





 Please consider the environment before printing this e-mail

**Stibbs & Co. team members are intentionally copied on this email. Please "reply all" to all such team members. Failure to do so may cause delay.**

4

IMPORTANT/CONFIDENTIAL:  This transmission from the law firm of Stibbs & Co., P.C. is intended only for the use of the addresses shown.  It contains information that may be privileged, confidential, and/or exempt from disclosure under applicable law.  If you are not the intended recipient of this transmission, you are hereby notified that the copying, use, or distribution of any information or materials transmitted herewith is strictly prohibited.  If you have received this e-mail by mistake, please immediately respond to this e-mail to notify the sender.

**From:** Braithwaite, Jared J. <JBraithwaite@foley.com>
**Sent:** Tuesday, July 5, 2022 10:20 AM
**To:** Stuart Lapp <slapp@stibbsco.com>; Bret Davis <bdavis@stibbsco.com>
**Cc:** Momanaee, Audrey F. <amomanaee@balch.com>; Steely, Rachel Powitzky <rsteely@foley.com>
**Subject:** NOV v. Garza

Stuart:

I received your voice message from Friday evening asking about Array's willingness to cooperate in discovery for the *NOV v. Garza* matter. As stated repeatedly before, Array is willing to cooperate but needs some specifics from NOV about what it is requesting. At no time has Array ever indicated that it was unwilling to cooperate.

Please let me know exactly what NOV is requesting at this point. If you are asking for documents to be produced, then please let me know which ones. If you are asking for a sworn declaration regarding non-possession and non-use of NOV information, then I can attend to that as well. If you are asking for a deposition, then let me know the subject matter so I can inquire of potential deponents.

Best regards,

**Jared J. Braithwaite**
*Partner*

**Foley & Lardner LLP**
299 South Main Street, Suite #2000, Salt Lake City, UT 84111
Phone 801.401.8920
Visit Foley.com | jbraithwaite@foley.com



The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure,

copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.