UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** *Plaintiff*, | § § § § | |
| vs. | § § | Civil Action No. 4:22-CV-02006 |
| **JULIO GARZA,** | § § § | |
| *Defendant.* | § | |

**PLAINTIFF NATIONAL OILWELL VARCO, L.P.'s NOTICE OF
DEPOSITION FOR INTERESTED PARTY ARRAY TECHNOLOGIES, INC**

Please take notice that, pursuant to the Federal Rules of Civil Procedure 30(b)(6) and the attached subpoena, Plaintiff National Oilwell Varco, L.P. will take the video deposition of a representative or representatives of interested party Array Technologies, Inc. ("Array"). The deposition will take place at 10:00 AM CDT on Friday, July 15, 2022, at Array's offices located at 3901 Midway Place NE, Albuquerque, NM 87109 and will continue until completed.

**Definitions**

1. "Communication" means any documents or oral transfer of information, no matter the medium.

2. "Document" refers to anything contemplated by Federal Rule of Civil Procedure 34(a) including, but not limited to, any written or recorded information however produced or reproduced, including writings, drawings, graphs, charts, electronically stored information ("ESI"), e-mails, text messages, smart phone communications applications or platforms including, but not limited to, Direct Message, Facebook, Facebook Messenger, Snapchat, Instagram, WeChat, WhatApp, Telegram, Slack, Zoom, Microsoft Teams, Go to Meeting, video or digital

1

Attachment
**C-10**

recordings, voice mails, phone records, and other data compilations from which information can be obtained or translated.

3. "Array," "you" and "your" shall mean interested party, Array Technologies, Inc, Array's current and former parent corporations or holding companies, subsidiaries, joint ventures, affiliates, shareholders, directors, officers, employees, agents, accountants, auditors, and anyone acting on Array's behalf, including Array's attorneys and anyone acting on behalf of its attorneys.

## Areas of Examination

In accordance with Rule 30(b)(6), you are requested to designate one or more persons who consent to testify on behalf of Array on the following topics. The person(s) so designated shall testify as to matters known or reasonably available to Array on the following topics:

1. The facts, circumstances relating to or regarding Array's forensic imaging, if any, of and subsequent search, if any, for the documents, files, and folders, identified on Exhibit C to Plaintiff's Original Petition, a copy of which has been previously served on Array, of the laptop and cell phone Array assigned to Garza. This will include all information relevant to how the search was conducted and who conducted the search, including but not limited to, the individual(s) who participated in or were involved in the search and the planning of the search, the search terms Array used, the date(s) on which Array conducted the search, the results of the search, and who Array hired to perform the search, if anyone.

2. The facts and circumstances relating to or regarding Array's recruitment of Julio Garza, including, but not limited to Array's job postings, Garza's interviews, and the representations Garza and Array made to one another during Garza's interview process. NOV specifically seeks information on the representations which include, but are not limited to, the representations Garza made about his work at NOV, the projects Garza worked on for NOV, the value Garza can provide

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P. | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CASE NO. 4:22-CV-02006 |
| | § | |
| JULIO GARZA, | § | |
| | § | |
| *Defendant.* | § | |

### EXHIBIT A TO PLAINTIFF'S 30(b)(6) DEPOSITION NOTICE TO ARRAY

### INSTRUCTIONS

1. Unless otherwise specified in a specific interrogatory, these Interrogatories are limited to the timeframe of **January 1, 2022** through and including the present.

2. In answering these Interrogatories, you are requested to respond based on all information available to you, including information in the possession, custody, or control of your attorneys, agents, and all persons acting on your behalf, and not merely such information known to you or of your own personal knowledge. Any interrogatory answer that is not based on your personal knowledge should state the basis for the answer. If you cannot admit or deny any of these Interrogatories in full after exercising due diligence to secure the information, you are required to so state and answer to the extent possible, specifying your inability to answer the remainder, stating what information or knowledge you have concerning the unanswered portions, and why you are unable to answer the unanswered portions.

3. If you object to any interrogatory or any portion of an interrogatory on the grounds of privilege, identify:
   - The nature of the privilege claimed;
   - The person making the communication, whether oral or in writing;
   - If the communication was oral, all persons present while the communication was made;
   - If the communication was written, the author, addresses, and any other recipients of the communication;
   - The relationship of the persons present to the person making the communication;
   - The date and place of the communication; and
   - The general subject matter of the communication.

4.      If, in answering these Interrogatories, you claim an ambiguity in interpreting an instruction, definition, or request, such claim shall not be used as a basis for refusing to respond, but there shall be set forth as part of the response the language deemed to be ambiguous, and the interpretation chosen or used in responding to the request.

5.      These Interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any interrogatory after you have served your Answers to these Interrogatories, you must promptly supplement your Answers to these Interrogatories to provide such information.

6.      The singular form of a word is to be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever is appropriate, so as to bring within the scope of these Interrogatories any information that might otherwise be considered beyond its scope.

7.      The terms "and" and "or" are to be construed either disjunctively or conjunctively, whichever is appropriate, so as to bring within the scope of these Interrogatories any information or documents that might otherwise be considered beyond its scope.

# DEFINITIONS

1. "Defendant Array," "Array," and "Array Technologies" refers to Defendant Array Technologies, Inc. and its agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, and all other persons acting on behalf of Array Technologies or employing Defendant Julio C. Garza.

2. "Defendant Garza" and "Garza" refers to Defendant Julio Cesar Garza born December 29, 1984, who, pursuant to his representations to the court in this Lawsuit lives at 1277 W. Myrna Lane, Tempe, AZ 85284.

3. "Lawsuit" means Cause No. 035732 styled *National Oilwell Varco, LP v. Julio Garza and Array Technologies*, *Inc.* pending in the 12th Judicial District Court in Grimes County, Texas.

4. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity and all predecessors or successors in interest.

5. "Communication" means the transmission of information or data in any form, including, without limitation, written, oral, or electronic transmissions.

6. "Document" as used herein, includes but is not limited to any individual documents and records (including associated metadata) whether on paper, film, or other media, as discrete files stored electronically, optically, or magnetically, or as a record within a database, archive, or container file, including emails, text or instant messages, word processed documents, digital presentations, spreadsheets, database content, social media postings, comments, and messages, facsimiles, calendars, diaries, appointment books, agendas, journals, drafts, voicemail messages, and all other written, graphic, or electronic materials of any nature whatsoever. The term "document" also includes the original, or a duplicate if the original is not available, and each non-identical copy, whether different from the original or another copy by virtue of notes made or otherwise. A document includes all appendices, schedules, exhibits, and other attachments. Documents also include all information posted or published at any time on any internet site or mobile application, including but not limited to all social networking or social media sites such as Facebook, LinkedIn, Twitter, Instagram, YouTube, or other social media platforms, and all related metadata.

7. "Electronic or magnetic data" means electronic information that is store in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch

files; deleted files; temporary files; Internet or web-browser generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g. SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, punched cards, or any other devices used for storage. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

8. The terms "relate" and "concern" includes referring to, alluding to, responding to, relating to, incident to, connected with, commenting on, in respect of, about, regarding, concerning, discussing, showing, recording, describing, mentioning, reflecting, analyzing, evidencing, pertaining to, or to having any legal, logical, or factual connection with the designated matter or topic.

9. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

10. The terms "explain," "identify," or "describe," when used in connection with a natural person, entity, document, or act means, that you must state the following:

    With respect to a natural person, state his/her:

    a. Full name
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone number.
    d. The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular request for admissions.

    With respect to an entity, state its:

    e. Full name
    f. The present or last known address and telephone number of the entity; and,
    g. The officer, employee, or agent most closely connected with the subject matter of the request and the officer who is responsible for supervising that officer, employee, or agent.

    With respect to a document, state:

    h. The nature of the document (*e.g.*, letter, handwritten note).
    i. The title or heading that appears on the document.
    j. The date of the document and the date of each addendum, supplement, or other addition or change.
    k. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

4

l. The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

With respect to an act or instance of conduct, state:

m. A description of all oral or written communication given or exchanged during the course of the act or instance of conduct.
n. The name of the person or persons engaging in the act or instance of conduct.
o. The time of the occurrence of such act or instance of conduct.
p. The geographic location wherein such event occurred.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail the process Defendant Array used to search its electronic databases for information that may belong to NOV. In answering this interrogatory, please identify the individuals who participated in this search, the electronic storage devices searched, and the search terms used.

**ANSWER:**

**INTERROGATORY NO. 2:** Describe in detail the steps Defendant Array takes to ensure new hires do not disclose confidential and trade secret information belonging to the new hires' previous employer.

**ANSWER:**

**INTERROGATORY NO. 3:** Describe in detail the steps Defendant Array takes to ensure its employees do not take Defendant Array's confidential and trade secret information with them when leaving the employ of Array to go work for a different employer.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify and briefly describe the projects that Array assigned Garza to work on for Defendant Array prior to Defendant Array placing Garza on administrative leave.

**ANSWER:**

**INTERROGATORY NO. 5:** Re-state what Defendant Garza told Defendant Array about the information Defendant Garza downloaded from NOV to Defendant Garza's electronic storage device.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify and briefly describe all documents Defendant Array located after it searched Defendant Array's electronic databases and electronic storage devices for information that might belong to NOV.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify each engineer and scientist who works in Defendant Array's research and development and solar racking groups. For each person identified in response to this interrogatory, include in this response the person's job title and contact information, including personal cell phone numbers.

**ANSWER:**

for Array, the explanation(s) as to why Garza wanted to leave NOV and work for Array, the projects that Array was currently working on, and the projects on which Array intended Garza to work once employed at Array. This topic is not intended to elicit any testimony regarding confidential or trade secret information, or any testimony regarding Array's future business plans or products Array intends to bring to market or that Array is currently researching and developing.

3. Mr. Garza's job duties at Array, including any applicable internal position description(s), the projects Array assigned to Garza, the projects on which Garza worked, the projects on which Array intended Garza to work prior to Array placing Garza on paid administrative leave. This topic is not intended to elicit any testimony regarding confidential or trade secret information, or any testimony regarding Array's future business plans or products Array intends to bring to market or that Array is currently researching and developing.

4. The terms of Array's Confidential Information, Non-Disparagement and Non-Solicitation Terms agreement that is referenced in the offer letter Array sent to Garza.

5. The terms of Garza's paid administrative leave from Array, including the amount Array is paying Garza while Garza is on paid administrative leave, the circumstances under which Array will permit Garza to return to work during the pendency of this lawsuit, if any, the conditions on which Array will permit Garza to return to work during the pendency of this lawsuit, if any, and the job duties and assignments Array will give to Garza upon a return to work during the pendency of this lawsuit, if any, and the steps Array will take to ensure that Garza does not use any of NOV's confidential or trade secret information if and/or when Garza returns to work for Array.

6. Array's answers to the Interrogatories NOV served on Array prior to NOV non-suiting Array attached to this notice as **Exhibit A**.

7.   What Array expects of its employees regarding the protection of alleged confidential information and/or alleged trade secrets from unauthorized retention, use or disclosure. This includes the security measures Array has in place to monitor its employee's electronic activities and all measures it takes to protect its confidential information and trade secrets.

8.   Communications, including in writing, and oral, between Array and Garza regarding the policies and procedures Array has or put into effect by Array in order to safeguard employees from disclosing their former employer's confidential and trade secret information, including to the extent these policies and procedures were communicated to Garza.

9.   Communications, including in writing, and oral, between Array and Garza about the lawsuit NOV filed against Garza including what Garza told Array about the following: (1) allegations NOV made against Garza in the lawsuit, (2) the documents/files Garza downloaded while his USB devices were plugged into an NOV computer, (3) the electronic storage devices in Garza's possession that contain the information Garza downloaded to his USB devices while those devices were plugged into an NOV computer, (4) the electronic storage devices Garza plugged into Array's computers, (6) the files on the USB devices containing the information Garza downloaded while his USB devices were plugged into an NOV computer that Garza accessed while those same devices were plugged into an Array computer.

10.   Communications, including in writing, and oral, between Array and Garza regarding Garza's use of USB devices and any representations Garza made to Array regarding the retention of any documents or information Garza acquired at any of his previous employers, including NOV.

11.   The steps Array takes, work performed, and efforts Array takes for the purpose of determining whether a recently departed employee downloaded or transferred to any electronic storage device any documents during their employment and the circumstances which would lead

Array to investigate whether a recently departed employee had downloaded or transferred to any electronic storage device any documents during their employment. This topic includes what Array does after Array discovers a former employee absconded with Array's information, the frequency Array acts following its discovery of a former employee absconding with Array's information, and the relief that Array seeks those situations.

                                              Respectfully submitted,

                                              **STIBBS & CO., P.C.**

                                              /s/ *Stuart W. Lapp*
                                              Stuart W. Lapp
                                              State Bar No. 11946100
                                              slapp@stibbsco.com
                                              Bret W. Davis
                                              State Bar No. 05462100
                                              bdavis@stibbsco.com
                                              Joshua A. Redelman
                                              State Bar No. 24099269
                                              jredelman@stibbsco.com
                                              750 William D. Fitch Pkwy.
                                              Suite 210
                                              College Station, Texas 77845
                                              Telephone:  (281) 367-2222

                                              **ATTORNEYS FOR PLAINTIFFS**
                                              **NATIONAL OILWELL VARCO, LP**

## **CERTIFICATE OF SERVICE**

      I certify that I served a true and correct copy of *Plaintiff's 30(b)(6) Notice of Deposition on Interested Party Array Technologies, Inc.* on counsel of record on July 12, 2022, through the ECF filing system, as follows.

| | |
|---|---|
| Audrey F. Momanaee<br>amomanaee@balch.com<br>**BALCH & BINGHAM, LLP**<br>811 Louisiana St., Suite 1010<br>Houston, Texas 77002 | Rachel Powitzky Steely<br>rsteely@foley.com<br>**FOLEY & LARDNER LLP**<br>1000 Louisiana St., Suite 2000<br>Houston, Texas 77002 |
| **ATTORNEY FOR DEFENDANT JULIO GARZA** | **ATTORNEYS FOR INTERESTED PARTY ARRAY TECHNOLOGIES, INC** |

                                        */s/ Stuart W. Lapp*
                                        Stuart W. Lapp