UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| National Oilwell Varco, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-22-2006 |
| | § | |
| Julio Garza, | § | |
| | § | |
| Defendant. | § | |

## Opinion and Order on Preliminary Injunction

1.     *Background.*

Since 2019, Julio Garza worked as an engineer with National Oilwell Varco, L.P., where he designed a tracker system for solar panels. He signed a confidentiality agreement that prohibited him from removing confidential information or intellectual property from the Company's premises. The contract also prohibited Garza from copying or transmitting confidential information through personal electronic devices or external hard drives.

In 2022, Garza resigned to join Varco's competitor – Array Technologies. It is undisputed that, before leaving Varco, he downloaded confidential or proprietary information from its computers.

On June 20, 2022, Varco sued Garza for: (a) fraud; (b) fraud by nondisclosure; (c) breach of contract; (d) breach of fiduciary duty; and (e) misappropriation of trade secrets under the Texas Uniform Trade Secrets Act. Varco also sued Garza's employer, Array Technologies, and then non-suited its claims against Array.

In the state court proceeding, Varco sought and received a temporary restraining order against Garza to enjoin him from disclosing confidential information and working with Array.

On June 21, 2022, this court amended the order to permit Garza to return to work with Array. Varco seeks a preliminary injunction that prohibits Garza from working for the competitor company, Array. It also wants a forensic

examination of the devices where Garza downloaded confidential information. The parties have also been unable to agree on a forensic protocol.

The temporary restraining order has been extended ad nauseam while the parties have conducted expedited discovery ordered by the court. The temporary order has exceeded the 14 day requirement under the Civil Rules of Produce for good cause. The briefing for the forensic protocol has revealed evidence to support a preliminary injunction.

A ruling on the protocol will be issued separately.

2.    *Preliminary Injunction.*

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be ascertained based on the merits.[1] To preliminary enjoin Julio Garza, Varco must show: (a) a substantial likelihood of success on the merits; (b) a substantial threat of irreparable injury if the injunction is denied; (c) that the threatened injury outweighs the prejudice the injunction might cause the defendant; and (d) that the injunction will not disserve the public interest.[2] Varco carries the burden of persuasion.[3]

A.    *Success on the Merits.*

The court need only consider whether Varco has shown a likelihood of success on merits for at least one of its claims.[4] Varco has shown that it is likely to succeed on its breach of contract claim based on its claim that Garza violated the confidentiality agreement.

Breach of contract requires that Varco show: (1) a valid contract; (2) Varco's performance under the contract; (3) Garza's breach; and (4) results in damages.[5]

---

[1] *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 441 F.2d 560 (5th Cir. 1971).

[2] *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009).

[3] *Buchanan v. U.S. Postal Service*, 508 F.2d 259, 266 (5th Cir. 1975).

[4] *City of Dallas v. Delta Airlines, Inc.*, 2016 WL 98604, at *7 (N.D. Tex. 2016).

[5] *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 993 (5th Cir. 2019).

Garza signed a confidentiality agreement that prohibited removal of Varco's confidential information. It said:

> I agree to not remove from the Company's premises or its control any Company Confidential Information or Company Intellectual Property, unless specifically authorized to do so or as part of my duties at Company. This includes not copying or transmitting such information via personal electronic devices, external hard drives, storage discs, CD's, DVD's, personal email accounts, online storage accounts, and any other similar media.

"Confidential Information" under the contract is defined as:

> Any and all information in any form or format relating to the Company or entrusted to the Company via third party, including but is not limited to... pricing information, information relating to future plans, marketing strategies, new product research, historic or pending projects and proposals, proprietary design processes, research and development strategies, intellectual property considered by the Company to be confidential, including Trade Secrets, unpublished patent applications, and related filings, and similar items regardless of whether or not identified as confidential or proprietary

Based on Garza's deposition, Varco has shown that Garza admits he downloaded files on a USB drive that were considered "confidential information" as defined in the contract. In the preliminary injunction hearing, Varco's corporate representative said that he conducted an internal investigation that revealed 109 files were downloaded from the company's computer system to a USB drive. He said some of those files contained confidential information.

Garza's admission is sufficient to prove a likelihood of success that he violated the contract. Varco also shows potential damages based on Garza's testimony that he plugged two USB devices into an Array issued laptop. Although he said that he did not transfer confidential information from the thumb drive to the laptop, only the forensic protocol will reveal the truth. Varco's confidential information remains a risk that could prove damages.

### B.    *Remaining Injunction Prerequisites.*

The injunction must be narrowly tailored to enjoin the actual or threatened misappropriation of trade secrets to apply only to the use of confidential or trade secret information. The likelihood of success on Varco's breach of contract claim balanced against the comparative injuries of the parties supports the injunction already in place.

 Varco's request that Garza refrain from working at Array technologies is severe and unnecessary. In Texas, the remedy to mitigate harm when a former employee misappropriates trade secrets is to enjoin the use or disclosure of those secrets.[6] Varco has not shown how it could suffer irreparable harm if Garza returns to work without disclosing trade secrets. If Garza strictly adheres to the confidentiality agreement and the confidential information remains out of his reach, the threat of irreparable harm does not warrant a broader injunction.

The agreement already in place protects the public interest of preserving the use and disclosure of trade secrets.

### 3.    *Conclusion.*

Varco has met the requirements to support a limited injunction that prevents the destruction, disposal, use, disclosure, transmission or transfer of Varco's confidential information which it can identify to be a trade secret, confidential, or proprietary information subject to the terms of the Agreement.

---

[6] *Southwest Research Institute v. Keraplast Technologies, Ltd.*, 103 S.W.3d 478, 480-81 (Tex.App.–San Antonio 2003).

Julio Garza is enjoined from:

A.   distributing, transferring, disclosing, selling, publishing, or describing Varco's confidential information and trade secrets to any person or entity:

B.   copying, printing, modifying, or using the confidential and trade secret information in any way; and from opening or viewing the electronic files on any device or electronic storage platform or hard copy. confidential information and trade secrets to any person or entity; and

C.   destroying or disposing of: any documents or information that in relate to the allegations in this case; any documents or information that are Varco's property, including any proprietary, confidential and/or trade secret information.

Signed on August 4, 2022, at Houston, Texas

Lynn N. Hughes
United States District Judge