United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| National Oilwell Varco, L.P., | § § § § § § § § § § | |
|           Plaintiff, | | |
| *versus* | | Civil Action H-22-2006 |
| Julio Garza, | | |
|           Defendant. | | |

# Order on Inspection

1. The court has considered both proposals and crafted its own version, attached as Exhibit A.

2. The parties disagree on the preservation of evidence post-examination. A forensic image of the devices is sufficient to preserve the evidence. National Oilwell Varco, L.P., corporate representative said that holding an original copy was unnecessary if an image exists. Joshua Trent also said that it is not uncommon to wipe data in a dispute after an image has been created. If Varco fears corruption of the data, it may store the image on an external device.

   In anticipation of claims asserted against Array, Varco may use the imaged files. Julio Garza is not seeking a complete destruction of files that have not been imaged – only the files that are covered by the search terms and file names. The protocol reflects this decision.

3. Access to Garza's personal Gmail account is disputed. Varco says that Garza used his Varco email account to send confidential information to a gmail account associated with Garza's wife. Varco does not show

evidence to support this assertion. Bradley Ortega, Varco's internal audit investigations manager, said that the emails to Garza's gmail account did not contain company files. Files, however, are not the only subject of this case. The search terms are also relevant to Varco's trade secrets claim. The search of Garza's gmail account will be limited to the search terms between February 1, 2020, to June 3, 2022.

4. Varco seeks to examine potentially deleted files in Garza's iPhone 11. Gazra does not respond to this issue in its brief. The protocol permits Varco to obtain a listing of all the files on the iPhone to see which correspond with the file names generated by Varco. The search for deleted files is unwarranted at this time.

5. Data can easily be replicated and proliferate across interconnected devices. Varco seeks access to Garza's other personal accounts that could contain trade secret information.

   Garza says that Varco has not identified evidence that show files of concern were sent to other email accounts. It is possible, however, that the files were downloaded to the icloud account from the thumbdrive. Varco's request for the search terms in Garza's iPhone, Dropbox account and iCloud account is not a fishing expedition. It is carefully tailored based on the parties agreed search terms and file names only.

6. Varco's request to search for additional files beyond the file names in the protocol is denied. Its internal auditor identified 109 files were downloaded from Varco's server. It is limited to searching within the bounds of those suspected files.

7. Garza objects to Varco's suggestion of spoilation. He shows that the files that Varco claims are missing exist on the USB. Varco's request for deleted data is denied.

8. Because Garza plugged the USB into a laptop issued by Array Technologies, the information on the laptop is relevant. Array says that Varco withdrew the subpoena it initially requested for production of the laptop. Array has stated it would voluntarily offer to search and produce information from the device. Rather than surrender its laptop, Array will search the file names and produce a list to Varco.

9. The search terms are attached as Exhibit B.

10. The file names are attached as Exhibit C. (49)

Signed on August 4, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge