| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| National Oilwell Varco, L.P., | § § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-22-2006 |
| Julio Garza, | § § § | |
| Defendant. | § | |

## Forensic Protocol

National Oilwell Varco, L.P., and Julio Garza, must follow the protocol below related to the drives and computers – including laptops, tablets, cellular telephones, and associated webmail and cloud based storage accounts – used by Julio Garza.

The purpose of this protocol is to limit the imaging, searching for, delivery and destruction of documents, data, files, and other information obtained from Julio Garza's devices. The proposal is not to be modified, expanded, or otherwise changed without order of the court. These conditions apply:

1. The forensic vendor has been agreed upon by the parties.
2. National Oilwell Varco will pay all costs and expenses incurred in connection with this protocol.
3. The "search term" referenced throughout the proposal refer to terms attached as Exhibit B.
4. The "file names" referenced throughout the proposal refer to file paths attached as Exhibit C.
5. The term "privileged" means any documents or communications protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege recognized under the Texas Rules of Evidence or the Federal Rules of Evidence.

6. The term "personal" means any information, date, and documents, photographs, video recordings, voice recordings, text messages, voicemails, emails, direct messages, no matter the format or file type, which is not or does not contain (i) NOV information, data or documents, or communications with NOV employees; (ii) information, data or documents pertaining to engineering or the solar energy industry; (iii) NOV information, data or documents which originated from a third-party that NOV retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that NOV retained about NOV information, data or documents; or (v) Array Information.

7. The term "Array Information" means any (i) Array information, data or documents with created date or last edit date on or after May 9, 2022, (ii) any communications with Array employees sent, received or dated on or after May 9, 2022; (iii) Array information, data or documents with created date or last edit date on or after May 9, 2022 which originated from a third-party that Array retained; or (iv) any communications by, between, or on which Garza was cc'd with any third-party that Array retained about Array information, data or documents which communications were sent, received or dated on or after May 9, 2022.

8. To the extent that disputes arise with respect to carrying out the terms of this protocol, the parties will meet and confer in an effort to resolve those disputes. The existence of one or more disputes shall not be grounds to change or defer the timetables set forth herein.

9. The USB electronic storage devices.

   a. Garza will copy the forensic images of the following devices (collectively, the "USB Drives") to be turned over from FTI Consulting to the agreed upon forensic vendor for searching as set forth herein on or before August 8, 2022:

      i. a grey/blue and silver USB with slide-on lid (has "Stress Engineering Services" label);

      ii. a black and metallic flip drive (has "PROGRESSION www.progressiontech.com" label); and

      iii. a black and dark grey USB with a slide-on lid (the Subject Device").

b. On or before August 12, 2022, the vendor will examine the forensic image of each of the USB Drives, and will conduct a search of the electronic files on each of the forensic images of the USB Drives for the Search Terms and the File Names with a creation date or a last edit date of February 1, 2020, to June 3, 2022.

c. With regard to any files which the vendor locates on the forensic images of the USB Drives from the Search Terms search, on or before August 12, 2022, the vendor will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, the vendor will produce to Varco's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which the vendor located during the vendor's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps will be decided by the Court.

d. The vendor will download to a USB drive all files from the forensic image of the USB Drives that do not return a positive hit to the Search Terms and File Names searches. The vendor

-3-

        will send the USB drives to Garza so that Garza has access to all of his personal information contained on the USB drives.

10. Personal iPhone 11 ("Personal iPhone").

    a. On or before August 8, 2022, Garza will turn over from FTI Consulting to the vendor a copy of an iPhone file listing report from Garza's Personal iPhone for those files with a creation date or last edit date February 1, 2022, to June 3, 2022.

    b. On or before August 12, 2022, the vendor will search the Personal iPhone file listing report using the Search Terms and the File Names for those files with a creation date or a last edit date of February 1, 2022, to June 3, 2022.

    c. With regard to any files which the vendor locates on the personal iPhone from the Search Terms search, on or before August 12, 2022, the vendor will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, the vendor will produce to Varco's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which the vendor located during the vendor's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any.

    d. If any documents are located from the searches of Search Terms or File Names in (b), Garza will turn over from FTI consulting his Personal iPhone to the vendor on or before August 19, 2022, and such documents will be forensically wiped and destroyed on the Personal iPhone by the vendor, which will

            provide a certificate of destruction, if any, along with a list of files destroyed to counsel for both Plaintiff and Defendant on or before August 23, 2022.

      e.    Garza's Personal iPhone will be returned to him on or before August 26, 2022.

11.    Asus Personal Laptop ("Personal Computer").

      a.    On or before August 8, 2022, Garza will allow remote access to his Personal Computer to allow for the examination set forth herein.

      b.    On or before August 12, 2022, the vendor will conduct an examination limited to the artifacts necessary to determine only whether the Subject Device was connected to the Personal Computer after February 22, 2022. If the vendor does not affirmatively determine from such examination that the Subject Device was attached to the Personal Computer after February 22, 2022, then the vendor will conduct no further searches on the Personal Computer (and, for clarity, steps 11(c) – (e) of this Protocol will not be undertaken).

      c.    If the vendor affirmatively determines from its examination in (b) that the Subject Device was attached to the Personal Computer after February 22, 2022, then, on or before August 12, 2022, the vendor will create a forensic image of the Personal Computer, recover all reasonably accessible data and documents from the forensic image, and create a file listing of all files contained on the Personal Computer. The vendor will then conduct a search of the user-created electronic files saved to the Personal Computer using the Search Terms and File Names for those files with a creation date or a last edit date of February 1, 2020 to June, 3, 2022.

    d.    With regard to any files which the vendor locates on the personal laptop from the Search Terms search, on or before August 12, 2022, the vendor will produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, the vendor will produce to Varco's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which the vendor located during the vendor's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any. Any destruction or further steps will be decided by the Court.

    e.    Garza's Personal Laptop will be returned to him on or before August 19, 2022.

12.    Hotmail.com and Gmail.com account.

    a.    On or before August 8, 2022, Garza will turn over from FTI Consulting to the vendor those emails dated February 1, 2020 to June, 3, 2022, from the forensically preserved contents of Garza's Hotmail.com and Gmail.com account.

    b.    On or before August 12, 2022, the vendor will search the forensically preserved emails from Garza's personal Hotmail.com and Gmail.com account (emails February 1, 2020 to June, 3, 2022) for NOV documents using the File Names and Search Terms.

    c.    With regard to any files which the vendor locates on the Hotmail.com and Gmail.com from the Search Terms and File Names searches, on or before August 12, 2022, the vendor will

        produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, the vendor will produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which the vendor located during the vendor's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any.

    d.    Any files which the vendor locates on the personal Hotmail.com and Gmail.com account from the File names search will be forensically wiped and destroyed by the vendor from the Hotmail.com and Gmail.com account, and the vendor will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for Plaintiff and Defendant, on or before August 12, 2022.

13.    Dropbox and iCloud account.

    a.    On or before August 8, 2022, Garza will give the vendor the username and password information allowing the vendor access to his personal Dropbox and iCloud accounts.

    b.    On or before August 12, 2022, the vendor shall search all user-created files with a creation date or last edit date February 1, 2020 to June 3, 2022, on Garza's Dropbox and iCloud account for NOV documents using the File Names and Search Terms.

    c.    With regard to any files which the vendor locates on the the Dropbox and iCloud account from the Search Terms and File Names searches, on or before August 12, 2022, the vendor will

        produce a file list and a copy of those files to Defendant's counsel. Within three calendar days of receipt of the file list and the files, Defendant's counsel may designate each file as Personal, Array Information, Privileged, Confidential or Highly Confidential – Attorney's Eyes Only. Within two calendar days from Defendant's counsel's designation, the vendor will produce to NOV's counsel a file list and a copy of all files, except copies of the files designated as Personal, Array Information, or Privileged, which the vendor located during the vendor's search. The parties will confer in good faith regarding further steps or destruction of files located from the Search Terms search, if any.

    d.    Any files which the vendor locates on the Dropbox and iCloud account from the File names search will be forensically wiped and destroyed by the vendor from the the Dropbox and iCloud account, and the vendor will provide a certificate of destruction, if any, along with a list of files destroyed to counsel for Plaintiff and Defendant, on or before August 12, 2022.

14. The vendor will sign the Protective Order in the case, on or before August 8, 2022.

15. The vendor will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine, to the extent possible, whether it was plugged in to any non-NOV issued electronic device after April 1, 2022, and if so, to the extent possible, what device(s) the Subject Device was plugged into.

16. The vendor will conduct additional forensic analyses consistent with industry practice on the Subject Device and/or the forensic image of the Subject Device to determine when any of the files listed on Exhibit C hereto were last accessed, modified, or deleted.

17. All ex parte communication with the vendor is prohibited. Communications with the vendor regarding the conduct, implementation and completion of this Protocol shall be made jointly by, or by copy to, Plaintiff and Defendant. It is expressly understood that the vendor is an independent third-party and no privileges may attach to any communications between The vendor and any party. Nothing herein should limit any protections under Fed. R. Civ. P. 26 with regard to other communications with experts or potential experts.

18. Nothing shall prevent the vendor from delivering examination results on a rolling basis.

19. Within seven (7) days of any Final Judgment in this case, all forensic images and other data created or transferred under this Protocol shall be destroyed by the party in possession of same. Counsel for the parties may keep copies of the lists of documents destroyed which are provided hereunder for their records.

20. All username and password information provided hereunder will be kept confidential. Within seven (7) days of any Final Judgment in this case, all username and password information provided to any party will be destroyed by the party in possession of the same.

Signed on August 4, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge