IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL OILWELL VARCO, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:22-CV-02006 |
| | § | |
| JULIO GARZA, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff National Oilwell Varco, L.P. ("Varco") moves for leave to amend its complaint against Defendant Julio Garza ("Garza") to rejoin non-party Array Tech, Inc. f/k/a Array Technologies, Inc. ("Array") as a defendant. In support thereof, Varco states the following:

**I.      INTRODUCTION**

1.      It is now apparent following completion of the forensic inspection that Array should be rejoined as a party to this lawsuit. As detailed below, both while in the process of interviewing with Array and after having already received and accepted a job offer, Garza emailed and/or downloaded from Varco's servers at least ninety highly confidential files related to Varco's proprietary solar tracker system, including a close-up photograph of Varco's prototype solar array mounting system taken at Varco's test facility. Garza then took such information and, likely using his Array-issued laptop, immediately put it to use while acting in the course and scope of his employment with Array. This information is extremely valuable and enables Array to reverse engineer Varco's proprietary solar tracker system, identify product improvements and suppliers, and impair Varco's ability to patent its solar tracker system in many strategically important jurisdictions around the globe — all of which expose Varco to immeasurable harm.

## II.    TIMELINE

2.    The following timeline is largely supported by the attached Declaration of Edward Whitnell, Jr., Varco's Vice President of Renewables, and accompanying exhibits attached thereto.[1] Other information was derived from Garza's deposition testimony, as well as documents produced in connection with this matter, including those produced as a result of the court-ordered forensic inspection.

### *Garza is hired by Varco and works for the company for three years…*

**May 13, 2019:** Garza is hired by Varco. As a requirement of his employment, Garza signs a confidentiality agreement. The agreement requires him to, *inter alia*, "not remove from the Company's premises or its control any Company Confidential Information or Company Intellectual Property, unless specifically authorized to do so…. This includes not copying or transmitting such information via personal electronic devices, external hard drives,… personal email accounts, online storage accounts, and any other similar media."

Over the ensuing three years, Garza works day-to-day with a team of engineers and scientist to design a state-of-the-art solar tracking system. He and his team also design, build, test, and commission a solar racking system used to support structures needed to hold up solar panels on utility-scale solar farms.

**April 5, 2022:** Just weeks before Garza resigns from Varco, Varco is awarded a patent for a state-of-the-art foldable solar panel assembly that enables operators to install solar panel assemblies more easily and cheaply by reducing the manual labor associated with the solar array installation. Garza is credited on the patent as one of the "Inventors."

### *Garza secretly begins interviewing with Array…*

**April 12, 2022:** Unbeknownst to Varco, Garza begins interviewing with Array. Garza also emails a copy of his resume to Adam Kim, a Varco employee with whom Garza worked on the company's solar tracker project. The two would continue to communicate following Garza's departure from Varco. Varco's investigation into the matter is ongoing.

---

[1] *See generally* Ex. A. Attached to the declaration are Exhibits "A-1" through "A-10". These exhibits are described in more detail therein and provide additional support.

**April 13, 2022:** Garza downloads at least seventy-six confidential files related to Varco's solar tracker project.

**April 19–20, 2022:** Garza completes his interviews with Array and receives a verbal offer of employment. Later that day Garza downloads an additional twelve more confidential files.

**April 21, 2022:** Garza tenders his formal resignation from Varco. Garza's last day at Varco is April 26, 2022.

**April 22, 2022:** Using his Varco email account, Garza forwards an email to his personal email account containing communications from Varco's patent attorneys and a draft provisional patent application for a mounting system used on Varco's solar tracker project. The email also includes a file entitled "Solar Panel Single Bolt Clamp." Garza files these documents in a folder entitled "Important Stuff." The provisional patent application and accompanying attachments are not publicly available and contain descriptions and drawings of Varco's proprietary mounting system.

### *Garza starts working for Array…*

**May 9, 2022:** Garza starts working for Array. The first couple of weeks consist mostly of orientation and training. Garza does not begin substantive work until the week of May 23, 2022.

**May 23, 2022:** On his first day of substantive work at Array, Garza sends an email from his personal email account to his Array email account. The email contains a close-up photograph of a prototype proprietary mounting system that is the subject of Varco's provisional patent application discussed above. The photograph of the prototype was taken at Varco's testing facility. The prototype is not publicly available. Nevertheless, a photograph of it is now on Array's server.[2]

Garza's misappropriation of this highly confidential and sensitive photograph is extremely problematic and exposes Varco to immeasurable harm. This is because Garza's dissemination of the photograph is technically a public disclosure of Varco's proprietary technology. This means that in certain strategically important jurisdictions, like China and European countries, Varco has lost its ability to seek patent protection for any design features shown in the photograph but not already disclosed in Varco's provisional patent application.

---

[2] The forensic examiner found the outgoing copy of this email on Garza's personal computer, but Array was allowed to conduct its own investigation, and curiously Array failed to find the incoming copy on Garza's Array-issued laptop. This in spite of the fact that Garza had only been using the laptop for a very short period, a matter of weeks at most. *See* Ex. A-10.

3

**May 23–31, 2022:** Likely using his Array-issued laptop, Garza accesses at least twenty-seven of the confidential files he misappropriated from Varco. The vast majority of these are accessed on his first day of substantive work at Array, May 23, 2022.

**June 1–2, 2022:** Likely using his Array-issued laptop, Garza accesses at least an additional four misappropriated files.

*Varco files suit…*

**June 3, 2022:** Varco files suit against Garza and Array and secures a temporary restraining order prohibiting any further use of Varco's confidential information. The order is signed at 3:36 p.m. and is emailed to Garza and Array that evening at approximately 7:08 p.m.

**June 5, 2022:** Two days after the temporary restraining order was entered and received by Garza, someone accesses two highly confidential Varco documents concerning potential designs and design improvements to Varco's solar tracker system.

Together, this and the other confidential information misappropriated from Varco is enough to reverse engineer Varco's proprietary solar tracker system, identify product improvements and suppliers, and impair Varco's ability to patent its system in many strategically important jurisdictions around the globe.

### III. ARGUMENTS AND AUTHORITIES

3. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

4. Additionally, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 20(a)(2) further provides that "[p]ersons… may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly,

4

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series or transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

5.  Leave should be granted here. Justice requires that Array be joined as a party and there is otherwise no risk of undue prejudice to Garza in doing so. This case is still in its infancy. A scheduling order has yet to be entered and formal discovery has yet to begin.

6.  The only reason Array is not *already* a party is because Varco non-suited Array without prejudice while the investigation into Garza's misappropriation continued. However, now that Varco's investigation has revealed that, at the very least, Array has been provided with (and likely retained, used, and/or benefited from) Varco's confidential information, justice requires that Array be once again joined as a party. As reflected in Varco's attached proposed amended complaint, Varco's claims against Garza and Array each arise out of the same transaction or occurrence and involve common questions of law and fact. Leave to amend and join Array is therefore appropriate.

## IV. CONCLUSION AND PRAYER

Accordingly, Varco requests that the Court grant this motion and allow it leave to file the attached proposed amended complaint.[3] Additionally, Varco requests that it be awarded all other and further relief, general and specific, legal or equitable, to which it may justly be entitled.

[*Signature Page to Follow*]

---

[3] *See* Ex. B, Varco's proposed Third Amended Complaint.

DATED: September 12, 2022.

        Respectfully submitted,

        **STIBBS & CO., P.C.**

        */s/Stuart W. Lapp*
        Stuart W. Lapp
        State Bar No. 11946100
        slapp@stibbsco.com
        Bret W. Davis
        State Bar No. 05462100
        bdavis@stibbsco.com
        Joshua A. Redelman
        State Bar No. 24099269
        jredelman@stibbsco.com
        750 William D. Fitch, Suite 210
        College Station, Texas 77845
        Telephone: (979) 383-2270
        Facsimile: (979) 314-9790

        **STACY & BAKER, P.C.**

        Chris A. Stacy
        State Bar No. 18988700
        chris.stacy@stacybakerlaw.com
        Brian A. Baker
        State Bar No. 24082648
        brian.baker@stacybakerlaw.com
        Cynthia Castanon
        State Bar No. 24093492
        cynthia.castanon@stacybakerlaw.com
        5300 Memorial, Suite 270
        Houston, Texas 77007
        Ph: 713-527-9991 | Fx: 713-527-9992

        **ATTORNEYS FOR PLAINTIFF NATIONAL OILWELL VARCO, L.P.**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 12, 2022, Stuart Lapp, counsel for Varco, conferred with Audrey F. Momanaee, counsel for Garza, via telephone and email regarding the substance of this email. Ms. Momanaee reports that Garza is opposed to the relief requested. Court intervention is therefore necessary.

Brian A. Baker

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2022, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system and/or United States Mail, postage pre-paid, to the parties entitled to receive such notice.

Audrey F. Momanaee
amomanaee@balch.com
Balch & Bingham, LLP
811 Louisiana Street, Suite 1010
Houston, Texas 77002

*Attorneys for Defendant Julio Garza*

Rachel Powitzky Steely
rsteely@foley.com
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002

*Attorneys for Interested Party Array Technologies, Inc.*

Brian A. Baker