UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** *Plaintiff*, | § § § § § § § § § § | |
| vs. | | Civil Action No. 4:22-CV-02006 |
| **JULIO GARZA,** *Defendant.* | | |

### DEFENDANT JULIO GARZA'S PARTIAL MOTION TO DISMISS

Defendant Julio Garza ("Garza") hereby moves to dismiss National Oilwell Varco, LP's ("NOV") breach of fiduciary duty claim under Federal Rule of Civil Procedure 12(b)(6).

### I. BRIEF SUMMARY

1. Garza seeks dismissal of NOV's breach of fiduciary duty claim on the basis that it is preempted by NOV's trade secret misappropriation claim under the Texas Uniform Trade Secrets Act ("TUTSA").

### II. BACKGROUND

2. On August 23, 2022, NOV filed its Second Amended Original Complaint (the "Complaint") and alleged several claims against Garza, including breach of fiduciary duty and a claim arising under TUTSA.

3. Like its other claims, NOV's breach of fiduciary duty claim and its claim for injunctive and other relief arising thereunder, is based upon Garza's alleged misappropriation of NOV's confidential business information.

4. TUTSA's preemption provision precludes NOV's breach of fiduciary duty claim, as it falls squarely within the category of claims preempted by TUTSA. Such claim should thus be dismissed.

### III.    ARGUMENTS AND AUTHORITIES.

**A. Standard for Rule 12(b)(6) Motion to Dismiss**

5.      Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." When evaluating a motion to dismiss under Rule 12(b)(6) the "district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a cause of action cannot be maintained because it is statutorily preempted based on the face of the pleadings, dismissal is appropriate. *See Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 1:17-CV-444-RP, 2018 WL 315753, at *4 (W.D. Tex. Jan. 5, 2018)(dismissing breach of fiduciary duty claim where it was based on alleged taking of confidential information as preempted under TUTSA).

**B. TUTSA Preempts NOV's Breach of Fiduciary Duty Claim**

*i.    Preemption under TUTSA*

6.      The purpose of TUTSA is to make the law uniform in Texas. TEX. CIV. PRAC. & REM. CODE at §§ 134A.001, 134A.008. To effectuate this purpose, the Texas legislature expressly abolished all common law remedies for the misappropriation of trade secrets or misuse of business information, with limited exceptions[1] by providing a preemption provision:

> [T]his chapter displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.

---

[1] Subsection (b) states the exception that (a) does not affect (1) contractual remedies, whether or not based upon misappropriation of a trade secret; (2) other civil remedies that are not based upon misappropriation of a trade secret; or (3) criminal remedies, whether or not based upon misappropriation of a trade secret. *Id*. at § 134A.007(b).

2

> … To the extent that this chapter conflicts with the Texas Rules of Civil Procedure, this chapter controls.

*Id.* at § 134A.007(a).

7. This broad language does not just preempt claims requiring proof of a trade secret, but rather "TUTSA's preemption provision encompasses all claims based on the alleged improper taking of confidential business information." *Embarcadero* 2018 WL 315753, at *3 (citing *Super Starr Int'l, LLC v. Fresh Tex Produce, LLC*, 531 S.W.3d 829, 843 (Tex. App.—Corpus Christi 2017, no pet.); *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 3:16-CV-545, 2018 WL 1796293, at *14 (E.D. Va. Apr. 16, 2018)(applying Texas law)(holding that TUTSA preempts "all claims based upon the unauthorized use of information, whether or not that information constitutes a trade secret."); *Baxter & Associates, L.L.C. v. D & D Elevators, Inc.*, 05-16-00330-CV, 2017 WL 604043, at *9 (Tex. App.—Dallas Feb. 15, 2017, no pet.)("[W]e conclude the plain language of subsection 134A.007(a) makes it clear the common law rule has been displaced by TUTSA."). When the gravamen of a common law claim duplicates a TUTSA claim, the common law claim is preempted. *Super Starr Int'l,* 531 S.W.3d at 843. This occurs if the factual basis of the common law claim, as pleaded, would not exist "without the use of alleged trade secrets." *Id.* Here, NOV's breach of fiduciary duty claim is displaced and preempted by TUTSA because the underlying basis of NOV's claim is Garza's alleged unauthorized retention and alleged use of confidential information.

   ii. <u>NOV's breach of fiduciary duty claim is preempted</u>

8. NOV requests injunctive relief against Garza "based on Garza's misappropriation and subsequent use of NOV's proprietary and confidential and trade secret information." [Dkt 66]. NOV's breach of fiduciary duty claims against Garza are based on the alleged retention and use of confidential information. *See generally* [Dkt 66]. In particular, NOV asserts that Garza

3

breached his duty to NOV to "refrain from using or communicating NOV's confidential information to a third party," and that he "has disclosed and has used, and, if not enjoined, will disclose and is use (sic), NOV's Confidential Information and trade secrets with [a third party's] knowledge, aid, and encouragement," allegedly putting NOV's information at risk for Garza's "use and disclosure for his benefit and potentially [the third party's] benefit to NOV's detriment." [Dkt. 66] at p. 8. NOV's fiduciary duty claim is preempted by TUTSA because it is clearly based on the misappropriation of trade secrets. *Super Starr Int'l,* 531 S.W.3d at 843. In *Super Starr Int'l*, the court held:

> The gravamen of the Distributor's breach of fiduciary duty claim duplicates its claim based on the Texas Uniform Trade Secrets Act. . . Where a claim is based on a misappropriation of a trade secret, then it is preempted by the Texas Uniform Trade Secrets Act. In this case, the Distributor's breach of fiduciary duty claim duplicates its alleged violation of the Texas Uniform Trade Secrets Act. Appellants could not "divert [the LLC's] accounts and business" or "solicit [the LLC's] accounts and employees" without the use of alleged trade secrets. Accordingly, the preemption provision in the Texas Uniform Trade Secrets Act precludes the Distributor's breach of fiduciary duty claim from serving as a basis for temporary injunctive relief.

*Id.*

9. In *Embarcadero*, the court relied on *Super Starr Int'l* and reached the same result, holding that a breach of fiduciary duty claim and a Harmful Access by Computer Act ("HACA") claim were preempted by TUTSA. *See Embarcadero,* 2018 WL 315753, at *3. Similar to this case, in *Embarcadero*, the plaintiffs sued their former employees, who went to a new employer, asserting claims under TUTSA and HACA and a common law claim for breach of fiduciary duty. The parties' dispute centered on the meaning of "based upon misappropriation of a trade secret" in subsection (b)(2) of TUTSA. *Id.* The defendants argued that the breach of fiduciary duty and HACA claim were preempted by TUTSA because the claims were based on the same underlying facts as plaintiffs' TUTSA claim—the improper taking of confidential business information—and

4

were therefore "based upon misappropriation of a trade secret." *Id*. The plaintiffs contended that the HACA and breach of fiduciary duty claims were not preempted because the claims alleged the improper taking of "confidential information," and not just "trade secrets." *Id*. The court applied a broad interpretation to TUTSA's preemption provision to encompass any claim stemming from the taking of confidential information and not strictly the misappropriation of trade secrets. *See id.* (cataloging cases reaching similar result). The court held that plaintiffs' basis for their breach of fiduciary claim and TUTSA claim was the misappropriation of confidential business information, and therefore the TUTSA preemption clause applied to the breach of fiduciary claim. *Id.*

10. Like in *Super Starr Int'l* and *Embarcadero*, NOV's breach of fiduciary duty claim is preempted by TUTSA because the claim is based on the alleged improper retention and alleged use of confidential information and NOV seeks relief for the same alleged underlying harm in both its breach of fiduciary duty claim and its claim under TUTSA. *See Embarcadero,* 2018 WL 315753, at *3; *Super Starr Int'l*, 531 S.W.3d at 843. NOV's claim for breach of fiduciary duty should thus be dismissed as it is preempted by the TUTSA.

## PRAYER FOR RELIEF

Garza requests dismissal of NOV's breach of fiduciary duty claim (Count 2) asserted in NOV's Second Amended Original Complaint, and for any and all relief which he has shown himself to be entitled.

Dated: September 13, 2022.

**BALCH & BINGHAM LLP**

/s/ *Christopher W. Caudill*
Audrey F. Momanaee
amomanaee@balch.com

Texas Bar No. 24055993
Christopher W. Caudill
Texas Bar No. 24104717
ccaudill@balch.com
811 Louisiana Suite 1010
Houston, Texas 77002
Ph: 713-362-2560 | Fx: 866-783-2740

**ATTORNEYS FOR DEFENDANT
JULIO C. GARZA**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served pursuant to the Federal Rules of Civil Procedure on September 13, 2022, to the following counsel of record:

Stuart W. Lapp
Bret W. Davis
Joshua A. Redelman
STIBBS & CO., P.C.
750 William D. Fitch, Suite 210
College Station, Texas 77845
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com

Chris A. Stacy
Brian A. Baker
STACY & BAKER, P.C.
5300 Memorial Drive, Suite 270
Houston, Texas 77007
brian.baker@stacybakerlaw.com
chris.stacy@stacybakerlaw.com

*Attorneys for Plaintiff*
*National Oilwell Varco, L.P.*

Rachel Powitzky Steely
Michael Ryan
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
rsteely@foley.com
mryan@foley.com

*Attorneys for Interested Party Array Technologies, Inc.*

                                                                 /s/ *Christopher W. Caudill*
                                                                  Christopher W. Caudill

16843632.1