UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATIONAL OILWELL VARCO, L.P.** § <br> *Plaintiff*, § <br> § <br> vs. § <br> § <br> **JULIO GARZA,** § <br> § <br> *Defendant.* § | | Civil Action No. 4:22-CV-02006 |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Defendant Julio Garza ("Garza") files this response to National Oilwell Varco, L.P.'s ("Varco") motion for leave to file a third amended complaint asking for this Court, to, among other things, allow Array Tech, Inc. ("Array") to be added into the case ("Motion for Leave") [Dkt. 72].

### I.   BRIEF SUMMARY

1. This case has been on file for almost four months. In that time, despite Varco's clear awareness that Garza had gone to work for Array, and Array's willingness to provide information to Varco, Varco has conducted no legitimate discovery[1] to obtain information from Array relative to its allegations in this case. Despite this, now, months into the case, with the parties having completed the Forensic Protocol, which should allow them to move swiftly toward trial or resolution, Varco seeks to add Array into the case and asks for a trial date in June 2023, a year after this case was filed. In the meantime, Garza sits in a state of limbo, and as each day passes, is prejudiced by Varco's delay and lack of diligence. The Motion for Leave should be denied for many reasons, including:

    a. The addition of Array at this stage would prejudice Garza. Despite best efforts by Garza to move this case to resolution or trial, this case has remained hanging over

---

[1] Array complied with the searches and disclosures outlined in the Forensic Protocol.

16924052.2

Garza's head – and keeping him, his family, and his career in a state of limbo – for what is now almost four months. Despite Varco's opposition, this Court permitted remediation of information from devices and storage accounts in its ordered Forensic Protocol [Dkt. 62], bringing this matter closer to a final resolution. Now that the Forensic Protocol is complete, however, Varco wants to add a party that it previously non-suited, largely on the basis of facts that it plead in its original Petition, filed on June 3, 2022. *Compare* [Dkt. 72-13] with [Dkt. 1-1]. In the Report to the Court filed September 16, 2022, Varco requested this Court set a June 2023 trial date, seeking a further delay in the conclusion of the case, based no doubt on its hope that Array would be permitted to be made a party and that Varco could re-start the clock on discovery. [Dkt. 75]. The addition of Array, and the related delay in the conclusion of this case will inevitably increase the costs and expenses of this matter for Garza, prejudicing him and imposing an undue burden on both him and the Court in the process.

b. <u>Varco's delay in this case should not be rewarded by permission to add Array at this stage.</u> Varco should not be permitted to rely on its own lack of diligence to allow it to add a new party at this stage. As this Court is aware, Varco voluntarily non-suited Array on June 20, 2022, within weeks of filing suit and prior to the deadline for Array to serve its responses to expedited discovery. Since then, Varco has avoided obtaining any discovery from Array, serving (and withdrawing) a single invalid subpoena on Array, and ultimately informing the Court that it was not "seeking any relief" against Array with regard to the subpoena. [Dkt. 60]. Varco had a full opportunity to depose Garza months ago, request information from him through discovery, and otherwise investigate its claims. Allowing Varco to, months into this case, assert largely the same claims against Array which it voluntarily dismissed months ago would be to allow Varco to use its own delay to its benefit.

## II. PROCEDURAL BACKGROUND

2. On June 3, 2022, Varco filed its Original Petition and applications for a temporary restraining order, temporary injunction, and permanent injunction against Garza and Array in Grimes County. Varco alleged violations of the Texas Uniform Trade Secrets Act ("<u>TUTSA</u>"), as well as a tortious interference with contract claim and a conspiracy breach of fiduciary duty claim against Array. On that day, the Grimes County court granted a temporary restraining order, and entered other orders, including an order regarding forensics.

16924052.2

3. On June 20, 2022, Varco filed a motion to dismiss Array without prejudice from the case. That same day, Garza removed the case to this Court pursuant to 28 U.S.C. §1331 and 1446(a).

4. This Court issued an Order on Temporary Restraint on June 21, 2022 [Dkt. 8], which narrowed the scope of the temporary restraining order entered by the Grimes County court. It also reversed the Grimes County court's pending forensic order.

5. Varco filed its First Amended Original Complaint on July 12, 2022.

6. On July 27, 2022 Varco filed an Emergency Motion for Entry of Forensic Examination Protocol and Request for Status Conference. [Dkt. 49]. In its motion, Varco claimed that Array refused to comply with a subpoena requesting a forensic examination of devices owned by Array. *Id.* at p. 5. Array filed a response to Varco's motion on August 1, 2022 [Dkt. 57], and Varco withdrew its subpoena. On August 3, 2022, Varco filed a reply in support of its motion, specifically noting that "Varco is not seeking enforcement of a subpoena against Interested Party Array." [Dkt. 60].

7. On August 2, 2022, Garza filed his first Partial Motion to Dismiss Varco's damages claims asserted in its First Amended Original Complaint. [Dkt. 59]. In response, on August 23, 2022, Varco filed its Second Amended Original Complaint, pleading that it was not seeking damages from Garza in this matter. [Dkt. 66].

8. On August 4, 2022, after significant negotiation and discussion amongst counsel and briefing to the Court, the Court issued its Order on Inspection and attendant Forensic Protocol ("Forensic Protocol"). [Dkt. 62-1].

9. On August 12, 2022, the agreed-upon third party forensic consultant completed its search of data and information pursuant to the Forensic Protocol, and the results of the same were circulated to counsel for Varco on August 17, 2022.

10. On September 12, 2022, almost four weeks after having received the information provided pursuant to the Forensic Protocol, Varco filed its Motion for Leave seeking to bring Array into the case.

11. On September 13, 2022, Garza filed a second Partial Motion to Dismiss Varco's breach of fiduciary claim based on TUTSA preemption. This motion is pending.

### III.     ARGUMENTS AND AUTHORITIES.

**A. Legal Standard for Motion for Leave to Amend**

12. Decisions concerning motions to amend are "entrusted to the sound discretion of the district court." *Quintanilla v. Tex. Television, Inc.,* 139 F.3d 494, 499 (5th Cir. 1998). It is within a district court's discretion to deny leave to amend if there is "a substantial reason to do so." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). The considerations for determining whether leave should be granted for pleading amendment are "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.,* 393 F.3d 590, 595 (5th Cir. 2004). Issues of joinder (or re-joinder) are often addressed together with requests for leave to amend pleadings. *See, e.g. Bradley v. Petroleum Co.,* 527 F. Supp. 2d 661, 674 (S.D. Tex. 2007) (denying leave to amend complaint naming new defendants using Rule 15 considerations); *Williams v. Wilkinson,* 645 F. App'x 692, 709 (10th Cir. 2016) (denying motion for leave to amend "requesting leave to rejoin" previously dismissed Defendant and add other defendant applying Rule 15(a)(1) standards). Leave to amend should not be granted if such leave

would cause prejudice or where the amendment would unduly delay the resolution of the matter. *See EMC Corp.*, 393 F.3d at 595–96.

### B. Varco should not be permitted to amend due to its lack of diligence and undue delay.

13. Varco's consistent delay in this case should not be rewarded by allowing it to add Array and argue on that basis that it needs significant additional discovery and nine months to get ready for trial.

14. Although Rule 15(a) does not impose a time limit "for permissive amendment, 'at some point, time delay on the part of a plaintiff can be procedurally fatal.'" *Whitaker v. City of Houston,* 963 F.2d 831, 836 (5th Cir. 1992) (quoting *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir.1981)). Where there is an issue of delay, the party seeking amendment "must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect, a burden which properly shifts to the party seeking to amend where apparent lack of diligence exists." *Id.* (quoting *Gregory,* 634 F.2d at 203). While it seems improbable that Varco would be able to show oversight, inadvertence or excusable neglect to explain away its delay given that Varco sued Array and then non-suited Array, Varco fails to even attempt to meet its burden, putting forth no such evidence to support its request for leave. On this basis alone, the Motion for Leave may and should be denied. *Whitaker,* 963 F.2d at 836.

15. Further, the history of the case makes plain that Varco's delay has been anything but inadvertent. Varco has known the fact that Garza went to work for Array, and despite the fact that it sued and then non-suited Array, it failed – despite Array's willingness to reasonably cooperate – to validly seek or obtain any discovery from Array. Though it asks this Court for leave to add Array at this stage, Varco offers no explanation as to why it failed to issue valid

5

subpoenas[2] or otherwise engage in discovery in order to obtain information relative to its claims in this case, despite the fact that the claims relate to information which is purportedly "highly valuable,"[3] and "highly confidential."[4]  *See EMC Corp.,* 393 F.3d at 596 (finding that failure to pursue available claim due to lack of information was not considered oversight, inadvertence, or neglect justifying leave to amend a complaint).

16.     It is also telling that Varco's claims in this case are largely the same as those in its Original Petition filed almost four months ago (prior to the non-suit).  For example, Varco's TUTSA claim against Array plead in its state petition is nearly verbatim to the claim plead in its Third Amended Complaint.  *Compare* Varco's Original Petition [Dkt. 1-1], *with* proposed Third Amended Complaint [Dkt. 72-13].  For example, both include allegations that Garza and Array have "acquired" and "retained/disclosed" Varco's trade secrets without consent [Dkt. 72-13, p. 14] *and* [Dkt. 1-1, p. 14], and that they have "misappropriated [Varco]'s trade secrets through [Garza's] confidential relationship with [Varco]."  [Dkt. 72-13, p. 15] *and* [Dkt. 1-1, p. 15].  Varco's attempt to assert claims on issues which could have been addressed earlier – and which were, in fact dismissed by Varco – should be denied.  *See EMC Corp.,* 393 F.3d 590, 595 (holding that even a party's lack of information "does not excuse his delay in recognizing . . . a potential claim."); *see also Bradley,* 527 F. Supp. 2d at 674 ("[t]he Court is not willing to revisit this issue once again by allowing the Plaintiffs to assert new theories where no valid reason has been offered for their failure to present these theories at an earlier time.").

---

[2] As referenced, Varco's original subpoena to Array was deficient, voluntarily withdrawn, and not re-asserted. [Dkt. 60].  In fact, in its filing with the Court on August 3, 2022, Varco informed the Court that it was not "seeking any relief" against Array with regard to the invalid subpoena it issued. [Dkt. 60, p. 4, 8].  It never issued any other subpoena of which Garza was aware.
[3] *See* [Dkt. 72-3, p. 8].
[4] *See* [Dkt. 72-3, p. 9].

6

16924052.2

### C. Varco should not be permitted to amend because amendment will pose an undue burden on the Court and Garza and prejudice Garza.

17. In its Motion to Amend, Varco argues that the case is in its "infancy" and that "formal discovery has yet to begin." [Dkt. 72, p. 5]. This is wrong. The parties have exchanged significant discovery in this case, including propounding and responding to two sets of interrogatories each, multiple requests for production, producing over 4,500 pages of documents, conducting depositions, and engaging in and completing the Court-ordered Forensic Protocol. Substantial discovery has been conducted, and, without the addition of a new party and the re-start of discovery, this case could be ready for trial before the end of 2022. Varco, however, asks that the case be put off for nine months. [Dkt. 75]. It is essentially asking the Court for a do-over which – if this Court grants to the Motion for Leave – would result in significant burdens on both the Court and Garza and will significantly prejudice Garza. Because of the undue burden on both the Court and Garza, and the prejudice to Garza which will occur if the amendment is permitted, the Motion for Leave should be denied. *See Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

18. As this Court is aware, following significant negotiation and discussion amongst counsel and briefing to the Court, the Court issued its Forensic Protocol, which has been completed. [Dkt. 62-1]. All of such work was conducted without Array as a party in the case, and now it appears that Varco wants a re-start of discovery, stating in the Joint Report that it will seek, among other things, a "forensic examination of Array's computer system…"[5] should the Court permit Array be made a party. [Dkt. 75]. Should the Court permit such examination, Varco's

---

[5] It is noted that the Court's Forensic Protocol required Array to search Garza's Array-issued laptop for the file names agreed by the parties in the Forensic Protocol, and no such file names were located.

16924052.2

delay in requesting it will inevitably will result in the Court, and the parties, being burdened with yet another round of negotiations, discussion, and briefing relative to a new forensic protocol. All this despite the fact that – had Varco intended to seek it – such examination could have been requested, considered, and if ordered, completed already.

19. The delay of this case, including Varco's current efforts to add Array as a party, and set trial in June 2023 will prejudice Garza by increasing both the time and expense of this matter. Garza has worked to bring this case to conclusion, through full compliance with the Court's Forensic Protocol, the provision of testimony in deposition, and in responses to Varco's discovery requests. It is for this reason too that Garza – over the objections of Varco and despite disagreement with Varco regarding the nature of the information subject to the Forensic Protocol – argued for the remediation of information as part of the Forensic Protocol. The case, however, has languished – keeping him, his family, and his career in a state of limbo – for what is now almost four months. If the Motion to Amend is granted, Garza will be prejudiced by the significant cost, expense and delay associated with additional discovery, and more motion practice[6], all of which could have been accomplished over the past four months. As such, Varco's Motion for Leave should be denied.

**D. Varco's proffered declaration is defective and cannot support its requested relief.**

---

[6] Garza has filed two Motions to Dismiss on a number of Varco's claims which have yet to be ruled on and will be prejudiced by the addition of Array as a co-defendant. *Little v. Liquid Air Corp.,* 952 F.2d 841, 846 n.2 (5th Cir. 1992) (holding pendency of a motion for summary judgment is "significant" in determining motion to amend because allowing amendment would "dissipate" the value of summary judgment procedure). Permitting Varco to add Array as a co-defendant would undermine the significant and extensive briefing previously provided by Garza and delay resolution of such matters.

20. As an exhibit to Varco's Motion for Leave, Varco filed the declaration of Edward Whitnell, Jr., Vice President for Varco in its Renewables Division ("Whitnell Declaration"). [Dkt. 72-1]. Mr. Whitnell states that:

> "The facts I state herein are based either on personal knowledge; or on review of the depositions and exhibits in this case; or on my position with Varco and my review of Varco's records; or on investigative consultations with Varco employees and patent counsel."

Based on such statement, and the contents of the declaration itself, it is plain that the testimony provided by Mr. Whitnell includes inadmissible hearsay, conclusory statements about legal and fact issues, and statements that lack foundation.[7] Garza thus objects to the Court's consideration of the totality of the Whitnell Declaration, specifically objects to paragraphs 3–11 thereof, and asks that the same be stricken. *See* FED. R. EVID. 602; *see Burton v. Banta Global Turnkey Ltd.*, 170 F. App'x. 918, 923 (5th Cir. 2006) ("A district court cannot consider inadmissible evidence contained in affidavits"); *see Rx.com Inc. v. Hartford Fire Ins. Co.*, 426 F. Supp. 546, 555 (S.D. Tex. 2006) (striking segments of a fact witness affidavit based on improper legal conclusion).

21. Additionally, the Whitnell Declaration contains statements of fact which are at a minimum misleading. For example, paragraph 3.D. of the Declaration states: "[o]n June 5th, two days *after* the TRO was entered and received by Mr. Garza, someone used **the USB in question** to access two design and design improvement files between Varco and one of Varco's suppliers." *Id.* at p. 2 (emphasis added). Mr. Whitnell suggests the subject USB—the one at the center of the

---

[7] For example, Whitnell makes statements about what was allegedly "placed on the Array server" (he has no personal knowledge); whether there was a "technical" "public disclosure" of a photograph (an unfounded and unsupported legal conclusion); and argues that Garza allegedly "eliminated Varco's ability to seek patent protection…" (same). [Dkt. 72-1, p. 3]. *See* 35 U.S.C. 100(i)(1); 35 U.S.C. 184; 28 U.S.T. 7645; and 1160 U.N.T.S. 231. Stated simply, Whitnell offers no explanation for or basis of his many and far-reaching assertions in the Whitnell Declaration. *Id.*

9

case and which was collected by Array's counsel the day after the case was filed—was accessed after it was collected.[8] This is not true. In fact, Varco's counsel knows that the files it points to are on a different USB. *Compare* Exhibit A-5 to Motion for Leave [Dkt. 72-1, p. 2], *with* email from J. Myers (third-party forensic consultant) describing the naming conventions of the thumb drives, attached hereto as Exhibit A (USB identified on Exhibit A-5 to which Varco points to is identified as F10152-1-JT2-**E003**; the "subject device" is identified as F10152-1-JT2-**E004**).

22.   For all of these reasons, the Whitnell Declaration should be stricken.

## PRAYER FOR RELIEF

Julio C. Garza requests National Oilwell Varco, L.P.'s Motion for Leave to file Amended Complaint be denied, and for any and all relief which he has shown himself to be entitled.

Dated: September 23, 2022.

**BALCH & BINGHAM LLP**

*/s/ Audrey F. Momanaee*
Audrey F. Momanaee
amomanaee@balch.com
Texas Bar No. 24055993
Christopher W. Caudill
Texas Bar No. 24104717
ccaudill@balch.com
811 Louisiana Suite 1010
Houston, Texas 77002
Ph: 713-362-2560 | Fx: 866-783-2740

**ATTORNEYS FOR DEFENDANT
JULIO C. GARZA**

---

[8] In its proffered Third Amended Complaint, Varco asserts that as a result of such alleged access there was a violation of the temporary restraining order. [Dkt. 72-13, p. 11]. That is not true.

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of this document was served pursuant to the Federal Rules of Civil Procedure on September 23, 2022, to the following counsel of record:

Stuart W. Lapp
Bret W. Davis
Joshua A. Redelman
STIBBS & CO., P.C.
750 William D. Fitch, Suite 210
College Station, Texas 77845
slapp@stibbsco.com
bdavis@stibbsco.com
jredelman@stibbsco.com

Chris A. Stacy
Brian A. Baker
STACY & BAKER, P.C.
5300 Memorial Drive, Suite 270
Houston, Texas 77007
brian.baker@stacybakerlaw.com
chris.stacy@stacybakerlaw.com

*Attorneys for Plaintiff*
*National Oilwell Varco, L.P.*

Rachel Powitzky Steely
Michael Ryan
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
rsteely@foley.com
mryan@foley.com

*Attorneys for Interested Party Array Tech, Inc.*

                                                        /s/ *Christopher W. Caudill*
                                                        Christopher W. Caudill

16924052.2