IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATIONAL OILWELL VARCO, L.P., | § |
| Plaintiff, | § |
| v. | § Case No. 4:22-CV-02006 |
| JULIO GARZA, | § |
| Defendant. | § |

**PLAINTIFF'S REPLY POINTS IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT ADDING ARRAY TECH, INC.**

Plaintiff National Oilwell Varco, L.P. ("Varco") files this short reply to Garza's objections to Varco's motion to add Array Tech, Inc. f/k/a Array Technologies, Inc. ("Array").

1.      Contrary to the impression he is trying to leave with the Court, Mr. Garza is being paid his full salary by Array while this case is pending.[1] The turmoil he caused by stealing Varco property and forwarding a crucial piece of it to his Array email address apparently has not motivated Array to terminate his services. Adding Array as a defendant will not cause any further prejudice to Mr. Garza than that which he has already caused himself.

2.      The case Garza cites to support his assertion that Varco lacked diligence is inapposite. In that case, *Whitaker v. City of Houston, Tex.*, 963 F.2d 831, 836 (5th Cir. 1992), the Plaintiff did not seek to amend its pleading until more than 30 days *after* the court had granted the defendant's motion to dismiss. Here, as is evidenced by the numerous briefs Varco filed in June and July 2022

---

[1] "Q: I understand you're on paid administrative leave with Array, correct? A: Yes. Q: And you are receiving your full compensation, a full salary while on paid administrative leave? A: Correct, yes." *See* Exhibit A, Deposition of Julio Garza at 9:24-25 to 10:1-5.

"Q: Who's paying your attorney fees in this case? A: My company is. Q: Array Technologies? A: Yes, sir." *See* Exhibit A at 11:12-16.

to secure electronic discovery, Varco has exercised appropriate diligence[2] and timely sought Array's rejoinder to this lawsuit less than 30 days after gathering additional evidence that implicates Array in wrongdoing.

3. Varco has moved as fast as possible, given the following:

    a. Array negotiated and argued over its search obligations from June 5, 2022 to July 26, 2022;

    b. Garza negotiated and argued over search obligations from June 6, 2022 to July 26, 2022;

    c. On July 26, 2022, Varco was forced to seek an order from the Court compelling electronic discovery after months of negotiation[3]; and

    d. Varco obtained the evidence to implicate Array on August 17, 2022.

4. Further, it is not entirely true that Array has cooperated with discovery. After much negotiation Array was allowed to conduct its own search of Garza's Array issued laptop. Array then claimed to find none of the Court's listed "file names" on Garza's Array laptop[4], which was all Array was ordered to do. So technically Array complied with the strict letter of the Court's order. Still, even the most casual search of Garza's email account with Array would have quickly

---

[2] As is their *modus operandi*, prior to being non-suited, Array twice accused Varco of filing its claims in bad faith. To ensure Array did not, for a third time, accuse Varco of acting in bad faith, Varco waited until it had undeniable proof that Varco's trade secret information was in Array's system before seeking to rejoin Array as a party.

[3] On June 21, 2022, Varco notified the Court that it believed it needed a forensic examination to collect all relevant evidence. *See* Exhibit B, Transcript from June 21, 2022 Hearing at 3:4-16. At that time, Garza's counsel represented that she believed the parties could work together to agree on a forensic order. *See* Exhibit B at 6:7-10. This did not happen.

[4] *See* Exhibit C, August 23, 2022 Email from Array's counsel Jared Braithwaite.

unearthed the obvious and obviously important photo of VARCO's prototype,[5] which was being swept under the rug by Array's narrow blind-eye search.[6]

5.  While Garza makes it seem like Array has been cooperative, this has been true only in a passive-aggressive sense. When Varco non-suited Array or withdrew discovery efforts it was based on promises of cooperation by Array's counsel which never really materialized.[7] Behind the scenes, Array's counsel repeatedly threatened to move for sanctions.[8]

## PRAYER

Varco has been diligent. Varco respectfully prays the Court grant its Motion for Leave to Amend [Dkt. 72], allow Varco leave to file its proposed Third Amended Complaint [Dkt. 72-13], and award Varco all other relief to which it may be entitled.

[*Signature Page to Follow*]

---

[5] The email in question was sent from his personal computer to his Array email account. The third-party forensic examiner appointed by the Court found it outbound on Garza's personal computer, addressed to Garza's Array email address.

[6] Clearly no one at Array bothered to look in Garza's incoming emails for evidence of NOV property. Garza only had the Array laptop a matter of weeks, so a search would have been easy. In a search for such evidence an email account is usually the first place one would look.

[7] *See* Exhibit D, July 5, 2022 Email from Varco's counsel, Stuart Lapp.

[8] *See* Exhibit E, July 13, 2022 Letter from Jared Braithwaite threatening sanctions.

Respectfully submitted,

**STIBBS & CO., P.C.**

*/s/ Joshua A. Redelman*
Stuart W. Lapp
State Bar No. 11946100
slapp@stibbsco.com
Bret W. Davis
State Bar No. 05462100
bdavis@stibbsco.com
Joshua A. Redelman
State Bar No. 24099269
jredelman@stibbsco.com
750 William D. Fitch, Suite 210
College Station, Texas 77845
Telephone: (979) 383-2270
Facsimile: (979) 314-9790


**STACY & BAKER, P.C.**

*/s/Chris A. Stacy*
Chris A. Stacy
State Bar No. 18988700
chris.stacy@stacybakerlaw.com
Brian A. Baker
State Bar No. 24082648
brian.baker@stacybakerlaw.com
Cynthia Castanon
State Bar No. 24093492
cynthia.castanon@stacybakerlaw.com
5300 Memorial, Suite 270
Houston, Texas 77007
Ph: 713-527-9991 | Fx: 713-527-9992
**ATTORNEYS FOR PLAINTIFF
NATIONAL OILWELL VARCO, L.P.**

## **CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of *Plaintiff's Reply Points in Support of Its Motion for Leave to File Third Amended Complaint Adding Array Tech, Inc.* on counsel of record for all interested parties on September 29, 2022 through the ECF filing system, as follows:

Audrey F. Momanaee
amomanaee@balch.com
**BALCH & BINGHAM, LLP**
811 Louisiana St., Suite 1010
Houston, Texas 77002

**ATTORNEY FOR DEFENDANT JULIO GARZA**

Rachel Powitzky Steely
rsteely@foley.com
**FOLEY & LARDNER LLP**
1000 Louisiana St., Suite 2000
Houston, Texas 77002

**ATTORNEY FOR INTERESTED PARTY ARRAY TECHNOLOGIES**

*/s/ Joshua A. Redelman*
Joshua A. Redelman