# EXHIBIT E



**ATTORNEYS AT LAW**

299 SOUTH MAIN STREET, SUITE 2000
SALT LAKE CITY, UT  84111
801.401.8900 TEL
385.799.7576 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
801.401.8920
jbraithwaite@foley.com

CLIENT/MATTER NUMBER
120068-0130

July 13, 2022

*Via email only*

Stuart W. Lapp
  slapp@stibbsco.com
Josh Redelman
  jredelman@stibbsco.com
STIBBS & CO. P.C.
819 Crossbridge Dr.
Spring, Texas 77373

Re:     ***National Oilwell Varco, L.P. v. Garza*, Case No. 4:22-cv-02006**
        **U.S. District Court, Southern District of Texas, Houston Division**

Dear Stuart and Josh:

Your request, on behalf of National Oilwell Varco ("NOV"), that we accept service of a subpoena for Array Tech, Inc. for a deposition and production of documents—that are completely out of line with our discussion regarding cooperation in discovery—is just another entry in the growing list of NOV's improper litigation conduct. The Court's expedited Discovery Order does not allow for NOV's subpoena requests; NOV's requests go beyond the permissible scope and requirements for a subpoena under Rule 45; NOV ignored our communication that Array witnesses were not available on subpoena compliance date; NOV ignored its agreement to revisit the list of overly broad search terms; and the list goes on.

NOV should immediately withdraw it for at least the following, non-exhaustive list of reasons, which also constitute Array's Rule 45(d)(2)(B) objections to the subpoena. If NOV is unwilling to withdraw the subpoena we ask that you be available to immediately confer on a motion to quash the subpoena.

**1     NOV's subpoena fails to give Array a reasonable response time, allowing only three days for compliance.**

NOV's request to accept service of the subpoena was made on the afternoon of August 12, 2022, and its scope is far beyond what we had discussed earlier on Monday, August 11, 2022. The compliance date in NOV's subpoena is set for August 15, 2022—only three days after notice of the subpoena, which is completely unreasonable.

As set forth in our July 11 letter, your client, has known about the Court's Expedited Discovery Order, and upcoming hearing for over a week and yet chose to wait until this last weekend to make its request

AUSTIN        DETROIT        MEXICO CITY        SACRAMENTO        TALLAHASSEE
BOSTON        HOUSTON        MIAMI              SALT LAKE CITY     TAMPA
CHICAGO       JACKSONVILLE   MILWAUKEE          SAN DIEGO          WASHINGTON, D.C.
DALLAS        LOS ANGELES    NEW YORK           SAN FRANCISCO      BRUSSELS
DENVER        MADISON        ORLANDO            SILICON VALLEY     TOKYO

4872-7311-8504.1



**FOLEY & LARDNER LLP**

July 13, 2022
Page 2

and to demand an immediate response from Array. Any urgency to NOV's request is of NOV's own make because Array asked about NOV's intended discovery since early last week, and NOV waited until this last weekend to make its requests.

NOV hid the fact that it would be seeking a deposition from Array, and your belated request for a deposition for July 15, 2022 is unreasonable. Again, as set for in our July 11 letter, I contacted you about a week ago, on July 5th, stating that Array was willing to cooperate in reasonable discovery. I specifically asked whether NOV was asking for a deposition. Your response did not indicate that NOV would seek a deposition and that the only thing you were asking for was an inspection of Mr. Garza's Array-issued laptop. I responded the next day, asking for specifics regarding the proposed inspection. I did not hear back from you regarding the inspection proposal until the weekend, when you also send and overbroad list of potential 30(b)(6) topics. That same weekend, you also demanded that Array respond by noon Central Time on Monday, July 11th regarding NOV's demands—**just about two business hours later**.

NOV's unreasonable demands and timeframes are grounds for a motion to quash.

## 2   NOV's subpoena ignores our discussion to develop a reasonable list of search terms for Array to use to voluntarily produce documents and is unreasonable in procedure and scope.

The subpoena demands compliance with NOV's "forensic protocol," which is unreasonable, overly burdensome, fails to protect Array's confidential information, and purposefully requests privileged information. This "forensic protocol," which you first sent to us just a couple of days ago on Saturday. is entirely new and far beyond what we had been previously discussing.

We conferred about the unreasonableness of the protocol on Monday, and instead discussed Array using a reasonable list of search terms to provide documents, and you agreed to make another proposal along those lines. Instead, NOV ignored the issues that we were discussing and imported is unreasonable and overly broad protocol into the proposed subpoena to Array, which is entirely impermissible.

### 2.1   NOV's request for Array indefinitely surrender its computing devices and information to a third party is unreasonable and contrary to the Rules and orders regarding discovery.

Again, as we previously stated in our July 11 letter, and also discussed on our conference on July 11, NOV's new proposed protocol provides for a previously undisclosed vendor to get full access to Array's computers and information accessible by those computers. The protective order, that NOV itself drafted and had entered *ex parte*, mandates the disclosure of experts or consultants for at least seven days before any production by way of a signed confidentiality agreement and curriculum vitae. NOV still has not provided either to Array with respect to the proposed protocol—despite our identification of the issue days ago.



**FOLEY & LARDNER LLP**

July 13, 2022
Page 3

Back on July 5th, and even before, we asked NOV for particular document requests so that Array could cooperate and produce responsive documents. NOV stayed silent until this weekend when, instead of requesting particular documents, it asked Array to surrender its computing devices and all information accessible on them to an NOV vendor. This request goes far beyond and is much more invasive that our prior discussions regarding Array cooperation in producing requested documents.

NOV's request that Array indefinitely surrender its computing devices and information to a third party is unreasonable—especially where Array is willing to respond to reasonable document requests on its own.

NOV's unreasonable demands in this regard are also grounds for a motion to quash.

  2.2 ==Despite Array informing NOV multiple times regarding the privilege issues of NOV's requests, NOV's subpoena continues to request privileged and other protected matter.==

Back on July 6th, we also informed you that an unbounded request to all documents and information on or accessible by the laptop and phone (i.e., surrender of the laptop and phone) would likely include some privileged and otherwise protected information. We asked for particular document requests, which would likely avoid the privilege issue or for an alternative proposal from NOV with respect to an acceptable method of withholding the privileged information from production. We discussed this issue again during our conference early this week. NOV entirely ignored our request for cooperation on the issue, and has instead unreasonably sent the subpoena directed at production of Array's privileged information and otherwise protected information.

NOV's disregarding for Array's privilege and sending of a subpoena directed to Array's privileged information is grounds for a motion to quash.

  2.3 ==NOV's proposed search terms that it incorporated into the subpoena—and that NOV recognized were overbroad during our July 11 conference—remain unreasonable, disproportional, and overbroad.==

Our July 11 letter set forth the over breadth of NOV's list of proposed search terms, which in now incorporates into the subpoena. Some of the terms are likely to hit on *every* Array document or email and are not designed to particularly identify relevant information.

For example, one of the proposed search terms is "@arraytechinc.com." Array employees use email addresses with the domain name @arraytechinc.com. Thus, NOV's proposal would quite literally identify every email in a search of Array employee email, and NOV's proposal is tantamount to requesting every Array email regardless of its content.



**FOLEY & LARDNER LLP**

July 13, 2022
Page 4

Similarly, searches for the word "Array" on a computer with Array documents is likely to identify all Array documents.

Also, Array's business is solar trackers for solar panels such that a search for "tracker" is also likely to identify a massive amount of irrelevant Array information. Several other proposed search terms are similarly generic and likely to identify a large quantity of documents irrelevant to NOV's claims but that may also be highly confidential to Array. For example, the search terms "kn" and "ul" are likely to identify an overly expansive list of documents that contain any word with the letter combination "kn" or "ul" in them—the examples of which are too numerous to give here. The terms "tool"; "tracker"; "modify"; "change"; "weight"; "weights"; and "solar tracking" are similarly generic and over broad. Even the terms "confidential" and "propriety" are likely to hit on every email with the common disclaimer/footer requesting that an unintended recipient delete a misspent email because it "may contain confidential or proprietary information."

We identified these issued for you in our July 11 letter and then again on our conference on July 11th. You even admitted that some of those terms were included in error and were cut-and-paste artifacts from a request to search Garza's private email. Yet NOV's subpoena incorporates that over broad list of search terms in complete disregard of our prior communication on the issue.

**3   NOV's subpoena subject Array to an undue burden—especially where Array has been willing to voluntary produce documents according to a reasonable list of search terms.**

NOV dismissed Array as a defendant back on June 20, 2022. While NOV could have sought the discovery that is the subject of the subpoena before Array was dismissed, NOV chose not to. Instead, NOV has made unreasonable demands of Array as a non-party with tighter deadlines, and more overly broad scope than if Array were still a party.

> **3.1   Despite being given the opportunity to do so, NOV chose not to depose Array when it was a party to the lawsuit, and now seeks a deposition of Array as a non-party in a timeframe for which we stated Array witnesses were unavailable.**

The issue of an injunction hearing and information that NOV might need for it has been known to NOV since early June. The Court's June 13th order granting NOV's *ex parte* emergency motion for expedited discovery allowed scheduling of a deposition of the defendants (including Array at the time) on "5 calendar days" notice.

Despite the upcoming injunction hearing at the time while Array was still a defendant, NOV did not seek Array's deposition. Instead, NOV dismissed Array before the injunction hearing.

We also informed you that Array witnesses would not be available for any deposition this week. NOV's notice completely disregards Array's availability and seeks a deposition on a date for which Array previously disclosed its unavailability.



**FOLEY & LARDNER LLP**

July 13, 2022
Page 5

      **3.2**    <mark>**NOV has sought to impose increased burdens and broader discovery demands on Array as a non-party than before NOV dismissed Array as a defendant.**</mark>

NOV's subpoena to Array continues NOV's pattern of seeking to burden Array more as a non-party than if it were still a defendant.

For example, NOV's proposed protocol includes a more expansive list of search terms than similar requests to Array when it was still a party to the lawsuit. Before NOV dismissed Array as a defendant, NOV's list of proposed search terms was much less extensive and did not include many of the overly broad search terms that NOV now seeks from Array as a non-party.

NOV's subpoena requests that Array produce documents and information within *three days*. The Court's Expedited Discovery Order allows for *five days* for document requests between the actual parties. Again, NOV seeks to burden Array more as a non-party than if it were a party to the lawsuit.

Further, as previously set forth in our July 11 letter, despite the increased breadth of NOV's new list of search terms, NOV's proposal now asks that *Array be given less time* to review the search results for confidentiality than when it was a named party to the lawsuit.[1] NOV prior *ex parte* forensic order (that was indefensible by NOV as contrary to Texas law) provided *three business days* for Array to review search results. NOV's current proposal is now that Array only be given *two calendar days*.

With respect to the requested deposition on only three days' notice, NOV had a prior opportunity to depose Array—NOV chose not to. The Court's June 13th order granting NOV's *ex parte* emergency motion for expedited discovery allowed scheduling of a deposition of the defendants (including Array at the time) on "5 calendar days" notice. Now that Array is a non-party and all claims against it have been dismissed, NOV is inexplicably asserting that it may need Array's deposition—and on less notice to Array as a non-party than it would have received than when it was a named defendant.

NOV's unreasonable demands to Array as a non-party and efforts to cause more disruption to Array as a non-party than when it was a named defendant are also grounds for a motion to quash.

**4**    <mark>**The Court's Expedited Discovery Order does not permit NOV's subpoena, and service of the subpoena is impermissible under the discovery timing provided by Rule 26(d)(1).**</mark>

The Court's Expedited Discovery Order does not allow for subpoenas, neither deposition nor document subpoenas, to non-parties. It permits the deposition of Garza and NOV and permits written discovery only between the parties.

---

[1] As outlined above, any urgency in NOV's requests is a problem of NOV's own making because NOV has known about the upcoming deadlines for over a week and failed to respond to Array's proactive efforts to provide any necessary information.



**FOLEY & LARDNER LLP**

July 13, 2022
Page 6

And even with respect to the actual parties, the permitted corporate deposition is limited to the issues "to support a preliminary injunction." Your list of potential topics to Array is not so limited. NOV's list of topics appear accusatory against Array and direct to an injunction against Array—even though NOV dismissed Array as a party. Additionally, some of the topics do address the issues of an injunction at all.

The Rules do not provide for subpoenas to non-parties at this state of the case, and Court's Expedited Discovery Order does not provide for them either. Thus, NOV's proposed subpoena is improper and subject to a motion to quash.

**5** ==Notwithstanding all of the foregoing, Array has repeatedly asked NOV for a reasonable list of search terms and to produce specifically requested documents voluntarily—but NOV has ignored Array's efforts and corporation.==

In letters, emails, and our conferences with you, we have repeated asked for specific document requests to Array so that it can voluntarily produce requested information. NOV has still failed to do so—except for the two documents request on our July 11 call: (1) the job description for Garza's position and (2) the Confidential and Non-Solicitation Agreement signed by Garza.

Array, again, states that it will search for and produce documents in response to reasonable requests, including with respect to a reasonable modification to NOV's list of proposed search terms, and again requests NOV cooperation in developing that list.

Array, again, offers to provide a declaration regarding its search for NOV information and files and the fact that it did not find any NOV proprietary information on its systems. Array maintains that offer despite being under no obligation to do so.

Array's willingness to cooperation in voluntarily providing information in response to reasonable requests is a further reason NOV's proposed subpoena is disproportional, overly broad, and unduly burdensome.

**6** **NOV's has engaged in a pattern of unreasonable and vexatious litigation conduct.**

NOV has, to-date, not responded to Array's offers to cooperate and has instead only sought to push the boundaries of reason and burden to Array—the apparent purpose to get Array to not cooperate. ==Array maintains that NOV's conduct in this regard subjects it to sanctions== under the Texas Uniform Trade Secrets Act, 28 U.S.C. § 1927, and the Court's inherent authority sanction such conduct. And Array reserves it right to seek appropriate remedies from the Court for litigation misconduct, including, but not limited to, the following:

- ==NOV's unreasonable weekend demand that Array agree to discovery requests with only about *two business hours* to evaluate that and respond to NOV's demands.==



**FOLEY & LARDNER LLP**

July 13, 2022
Page 7

- Unreasonable 3-day compliance period for a subpoena to Array as a non-party.

- Purposefully delaying and hiding the fact that NOV would seek a deposition of Array.

- Purposefully setting the deposition subpoena compliance date for a time when Array informed NOV it was not available.

- Sending a subpoena to Array at an improper time under Rule 26(d) and when not authorized by any Court order.

- Incorporating surrender of property and an unordered forensic protocol in the subpoena with no authority to do so under the Rule or court order.

- Purportedly requiring surrender of confidential and privileged information to a third-party vendor that has not been properly disclosed or signed on to the NOV-drafted protective order in the case.

- Directly requesting non-party privileged information by the subpoena and making no effort to craft reasonable discovery requests to avoid it.

- Including a list of search terms in the subpoena to Array that NOV admits was erroneous and overbroad.

- NOV seeking to impose increased burdens and broader discovery demands on Array as a non-party than before NOV dismissed Array as a defendant.

- Bringing the action against Array and Garza in an improper venue—even according to NOV's own venue selection clause in its employment agreement with Garza

- Moving for improper orders *ex parte*, that would not be allowed in a Court of proper venue.

- Moving for the *ex parte* forensic order that so violated Texas law that not even NOV opposed its dissolution.

- Unreasonably delaying Array's dismissal until the eleventh hour before the scheduled injunction hearing after requiring Array to address extensive discovery requests and other case issues, even though Array quickly provided information that it was not in possession and had not used NOV trade secrets.



**FOLEY & LARDNER LLP**

July 13, 2022
Page 8

Sincerely,

Jared J. Braithwaite